1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

The Honorable Catherine Moore

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

ESTHER HOFFMAN; SARAH DOUGLASS;
ANTHONY KIM; and IL KIM and DARIA
KIM, husband and wife and the marital
community comprised thereof, on behalf of
themselves and on behalf of others similarly
situated,

                          Plaintiffs,

        vs.

TRANSWORLD SYSTEMS
INCORPORATED; PATENAUDE AND
FELIX, A.P.C.; MATTHEW CHEUNG, and the
marital community comprised of MATTHEW
CHEUNG and JANE DOE CHEUNG; and
DOES ONE THROUGH TEN,

                          Defendants.

NO. 18-2-15483-9 SEA

**AMENDED CLASS COMPLAINT FOR
INJUNCTIVE RELIEF AND
DAMAGES FOR VIOLATIONS OF
THE FAIR DEBT COLLECTION
PRACTICES ACT, THE
WASHINGTON COLLECTION
AGENCY ACT AND THE
WASHINGTON CONSUMER
PROTECTION ACT**

## I. INTRODUCTION

Plaintiffs are Washington consumers from whom Defendants Transworld Systems

Incorporated ("TSI"), Patenaude and Felix, A.P.C. ("P&F"), and Attorney Matthew Cheung

("Cheung"), collected or attempted to collect payment for alleged student loan debt, interest

and charges using affidavits signed by TSI employees (hereinafter collectively referred to as

"the Affidavits"). The Affidavits were used by the Defendants to obtain default judgments and

AMENDED CLASS COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT, THE
WASHINGTON COLLECTION AGENCY ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 1

Leonard Law
1001 4th Ave, Suite 3200
Seattle, Washington 98126
Phone: 206-486-1176
Fax: 206-458-6028

1  orders of summary judgment in Washington's Superior Courts. The Affidavits were false and

2  misleading, leading the Consumer Financial Protection Bureau ("CFPB") to issue a Consent

3  Order in *In the Matter of Transworld Systems, Inc.*, 2017-CFPB-0018 (Sept. 18, 2017).

4  Pursuant to the Consent Order, the terms of which were stipulated to by TSI,[1] TSI agreed to

5  cease all collection on alleged National Collegiate Master Student Loan Trust, National

6  Collegiate Student Loan Trust 2003-1, National Collegiate Student Loan Trust 2004-1,

7
8  National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-

9  1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust

10  2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan

11  Trust 2006-2, National Collegiate Student Loan Trust 2006-3, National Collegiate Student

12  Loan Trust 2006-4, National Collegiate Student Loan Trust 2007-1, National Collegiate

13  Student Loan Trust 2007-2, National Collegiate Student Loan Trust 2007-3, National

14  Collegiate Student Loan Trust 2007-4 (hereinafter the National Collegiate Student Loan Trusts

15
16  will be referred to collectively as "NCSLTs") accounts until such time that it can prove it is

17  entitled to collect on the alleged debts. Since entry of the Consent Order on September 18,

18  2017, Defendants, in violation of the Consent Order, have continued to attempt to collect on

19  alleged NCSLTs accounts in Washington State without submitting proper proof that they are

20  entitled to collect on the alleged debts.

21      Defendants' collection practices and the use of false and misleading statements made

22

23
_____

24  [1] TSI consented to the issuance of the Consent Order by the CFPB without admitting or denying any of the
findings of fact or conclusions of law, except as necessary to establish the CFPB's jurisdiction over TSI and the
25  subject matter of the Consent Order. *See In the Matter of Transworld Systems, Inc.*, 2017-CFPB-0018, at 2
(available online at: http://s3amazonaws.com/files.consumerfinance.gov/f/documents/201709_cfpb_transworld-
systems_stipulation.pdf.)

26

27  AMENDED CLASS COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT, THE
WASHINGTON COLLECTION AGENCY ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 2

1  under oath to obtain judgments are willful violations of law. Plaintiffs seek to enjoin

2  Defendants' unlawful collection practices, to vacate any unlawful judgments entered against

3  Plaintiffs and the Class, and to recover damages to which Plaintiffs and the Class are entitled.

4  ## II. JURISDICTION AND VENUE

5      1.    Defendants are within the jurisdiction of this Court. TSI is a Washington

6  licensed debt collector operating a collection business in Washington under UBI 600-169-996.

7
8  P&F is a Washington licensed debt collector operating a collection business in Washington

9  under UBI #602-953-078. Cheung does business in Washington by collecting or attempting to

10  collect debts from debtors who TSI alleges owe a debt on an NCSLT account. Cheung is also a

11  resident of Washington. Therefore, Defendants have obtained the benefits of the laws of

12  Washington, Cheung is a resident, and Defendants are subject to the jurisdiction of this Court.

13
14      2.    Venue is proper in King County Superior Court because many of the acts and

transactions occurred, and all Defendants transact business, in King County, Washington.

15
16  ## III. PARTIES

17      3.    Plaintiff Esther Hoffman ("Esther" or "Ms. Hoffman") is a person residing in

18  King County, Washington who is a "consumer" as that term is defined by 15 U.S.C.

19  § 1692a(3), and a "debtor" as defined in RCW 19.16.100(7).

20      4.    Plaintiff Sarah Douglass ("Ms. Douglass") is a person residing in King County,

21  Washington who is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and a

22
23  "debtor" as defined in RCW 19.16.100(7).

24      5.    Plaintiff Anthony Kim is a person residing in Snohomish County, Washington

25  who is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and a "debtor" as defined

26  in RCW 19.16.100(7).

27  AMENDED CLASS COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT, THE
WASHINGTON COLLECTION AGENCY ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 3

6.      Plaintiff Daria Kim is a person residing in Snohomish County, Washington who is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and a "debtor" as defined in RCW 19.16.100(7).

7.      Plaintiff Il Kim is a person residing in Snohomish County, Washington who is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and a "debtor" as defined in RCW 19.16.100(7).

8.      The NCSLTs, who are not Defendants herein, are fifteen separate Delaware statutory trusts which allegedly own student loan obligations purchased from banks or other financial institutions. The NCSLTs do not function with any employees, and the actions of the NCSLTs, whether through litigation or otherwise, are carried out by third parties. Since 2012, U.S. Bank has held the role of Successor Special Servicer to the NCSLTs and is responsible for collection activities for past-due and defaulted student loans. U.S. Bank uses special sub-servicers to conduct collections and oversee law firms that file collection lawsuits.

9.      TSI is a successor to NCO Financial Systems, Inc. (hereinafter "NCO"), which is located at 507 Prudential Road, Horsham, Pennsylvania 19044.

10.     NCO and TSI are related entities. *See United States v Expert Global Solutions, Inc., formerly known as NCO Group, Inc., NCO Financial Systems, Inc., NCO Financial Systems Inc., ALW Sourcing, LLC, Transworld Systems, Inc.*, 3:13cv2611 (N.D. Tex.).

11.     Among the debts that NCO collected and that TSI now collect are private student loan obligations allegedly owed to a large number of NCSLT trusts.

12.     Defendant TSI has been a successor sub-servicer to the successor special servicer of the NCSLTs since November 1, 2014. Since that time, TSI has been responsible for collecting on defaulted loans alleged to be in the NCSLTs. TSI also oversees various law firms

AMENDED CLASS COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT, THE
WASHINGTON COLLECTION AGENCY ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 4

1 that file collection lawsuits against debtors whose loans are allegedly included in the NCSLTs.

2 TSI oversees collection efforts against Washington consumers and oversees lawsuits filed in

3 Washington courts.

4       13.     Defendant TSI is incorporated under the laws of the State of California and

5 maintains a principal place of business in Fort Washington, Pennsylvania.

6       14.     TSI is a Washington licensed debt collection agency that operates in

7

8 Washington, collecting debts allegedly owed on student loans that are pooled into the NCSLTs.

9       15.     TSI is directly or indirectly engaged in soliciting claims for collection, or

10 collecting or attempting to collect claims owed or due or asserted to be owed or asserted to be

11 due to another person.

12       16.     TSI is a "collection agency" as defined in Washington's Collection Agency Act,

13 RCW 19.16., *et seq.* ("WCAA").

14       17.     TSI's activities in Washington are governed by the WCAA.

15

16       18.     P&F is a collection agency that also operates as a law firm.

17       19.     P&F sends collection letters to Washington consumers who allegedly have loans

18 included in the NCSLTs.

19       20.     P&F collects money from consumers and communicates with consumers prior to

20 filing suit.

21       21.     P&F is a licensed Washington collection agency whose activities in Washington

22 are governed by the WCAA.

23       22.     P&F is directly or indirectly engaged in soliciting claims for collection, or

24

25 collecting or attempting to collect claims owed or due or asserted to be owed or asserted to be

26 due to another person.

27
AMENDED CLASS COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT, THE
WASHINGTON COLLECTION AGENCY ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 5

Leonard Law
1001 4th Ave, Suite 3200
Seattle, Washington 98126
Phone: 206-486-1176
Fax: 206-458-6028

23. P&F is engaged in a business, the principal purpose of which is the collection of debts, and regularly collects and attempts to collect, directly or indirectly, debts alleged to be due another.

24. P&F is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). P&F is a "collection agency" as that term is defined in the WCAA. P&F is a "person" as that term is defined in the Washington Consumer Protection Act, RCW 19.86, *et seq*. ("WCPA") and engages in "trade" and "commerce" as those terms are defined in the WCPA.

25. P&F regularly uses the telephone in its attempts to collect debts.

26. P&F uses the instrumentalities of interstate commerce and the United States Postal Service ("mail") in its business.

27. P&F uses the "mail" in its attempts to collect debts.

28. Cheung is an attorney licensed to practice law in Washington. All actions taken by Cheung alleged herein were taken for his personal benefit, and for the benefit of his marital community.

29. In Washington, Cheung collects and attempts to collect debts referred to him by TSI and the NCSLTs, and he is engaged in a business in which he regularly collects and attempts to collect, directly or indirectly, debts alleged to be due another.

30. Cheung is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

31. When P&F and Cheung collect or attempt to collect debts referred to them by NCO, TSI and the NCSLTs, they act as the NCSLTs' agents.

32. On information and belief, P&F is one of the firms in the TSI/NCO Attorney Network, and was hired to collect the debts described herein as such.

33. On information and belief, Plaintiffs allege that TSI knows the collection

AMENDED CLASS COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT, THE
WASHINGTON COLLECTION AGENCY ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 6

Leonard Law
1001 4th Ave, Suite 3200
Seattle, Washington 98126
Phone: 206-486-1176
Fax: 206-458-6028

1  methods and procedures that P&F and Cheung use, that it has the right to control P&F's and

2  Cheung's collection activities, and that it exercises that right as it deems necessary.

3     34.    Plaintiffs are ignorant of the true names and capacities, whether individual,

4  corporate, or otherwise, of defendants sued herein as Does One through Ten. Plaintiffs will

5  seek leave to amend this complaint when the true names and capacities of said defendants are

6  ascertained. Plaintiffs allege on information and belief that each Defendant herein is acting in

7  concert with, and is the agent and/or employee of, each other Defendant. Plaintiffs also allege

8  on information and belief that the interests of all Defendants have been so unified that their

9

10  separate personalities no longer exist and that if the acts of the corporate Defendants are treated

11  as those of the corporation alone, an inequitable result will follow.

12                    **IV. FACTS**

13  **A. Plaintiff Esther Hoffman.**

14     35.    In 2004, Esther took out a student loan with Bank of America in the amount of

15  $6,000.00.

16

17     36.    Esther's mother, Pat Hoffman (hereinafter "Pat"), agreed at the time the loan

18  was taken out that she would make the payments on the student loan.

19     37.    Pat failed to make those payments.

20     38.    Nine years later, Esther found out that her mother was served with a summons

21  and complaint naming Esther as a defendant in an action brought by National Collegiate

22  Student Loan Trust 2004-2 (hereinafter referred to individually as "NCSLT 2004-2"). Esther

23  had not heard of NCSLT 2004-2, or P&F and Mr. Cheung who were listed as counsel for

24  NCSLT 2004-2 in the complaint. Esther began making small payments to P&F because she

25  could not afford to defend herself in court.

26

27  AMENDED CLASS COMPLAINT FOR INJUNCTIVE
   RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR
   DEBT COLLECTION PRACTICES ACT, THE
   WASHINGTON COLLECTION AGENCY ACT AND THE
   WASHINGTON CONSUMER PROTECTION ACT - 7

39.   Due to a serious physical injury, Esther became unable to continue making the agreed monthly payments.

40.   On June 8, 2016, P&F filed with the Snohomish County Superior Court the summons and complaint it had served on Esther's mother.

41.   On August 25, 2016, NCSLT 2004-2, through P&F, filed a Motion and Declaration for Default and Judgment signed by Cheung. The proposed Order of Default and Default Judgment, which was granted, included an award of $833.66 in interest and $337.50 in costs.

42.   In support of the Motion and Declaration for Default and Judgment, Defendants filed the "Affidavit and Verification of Account" of Dudley Turner ("Turner"), a TSI employee.

43.   In Turner's affidavit, he declared "under penalty of perjury under the laws of the forum" that:

    a.   He was "competent and authorized to testify relating to this action through personal knowledge of the business records, including the electronic data, sent to TSI that detail the education loan records"; and

    b.   He had "personal knowledge of the record management practices and procedures of [NCSLT 2004-2] and the practices and procedures [NCSLT 2004-2] requires of its loan servicers and other agents."

44.   Attached to Turner's affidavit was a "Pool Supplement" (hereinafter "2004-2 Pool Supplement") pulled from the Securities and Exchange Commission's ("SEC") online archives, "EDGAR." The Pool Supplement states,

    In consideration of the Minimum Purchase Price set forth in Schedule 1

AMENDED CLASS COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT, THE
WASHINGTON COLLECTION AGENCY ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 8

Leonard Law
1001 4th Ave, Suite 3200
Seattle, Washington 98126
Phone: 206-486-1176
Fax: 206-458-6028

attached hereto, [First Marblehead Corporation and Bank of America, N.A.] hereby sells, sets over and assigns to the National Collegiate Funding LLC [...] each student loan set forth on the attached Schedule 2....

[National Collegiate Funding LLC] in turn will sell the Transferred Bank of America Loans to the [NCSLT 2004-2].

45.    Attached to the 2004-2 Pool Supplement was a document titled "Schedule 2" (hereinafter "2004-2 Schedule 2"). It did not contain a list of loans. It stated: "On file with the Indenture Trustee."

46.    Also attached to the Turner Affidavit was a document titled "Deposit and Sale Agreement The National Collegiate Student Loan Trust 2004-2" (hereinafter "2004-2 Sale Agreement.")

47.    The Sale Agreement 2004-2 is between The National Collegiate Funding LLC as seller and NCSLT 2004-2 as purchaser. It states that "[2004-2] Sale Agreement sets forth the terms under which the Seller is selling and the Purchaser is purchasing the student loans listed on Schedule 2 to each of the Pool Supplements set forth on <u>Schedule A</u> attached hereto...." Schedules A and B are attached to the Sale Agreement, and they give descriptions of loan types that were being sold, but not the names of individual borrowers or loan account numbers. Schedule 2 is not attached to Schedule A or B.

48.    Neither the 2004-2 Pool Supplement nor the 2004-2 Sale Agreement are mentioned in Turner's affidavit.

49.    On information and belief, none of the defendants know the location of the 2004-2 Schedule 2.

50.    On information and belief, Defendants TSI, P&F, and Cheung have never seen or reviewed the 2004-2 Schedule 2, and they are aware that it is lost.

AMENDED CLASS COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT, THE
WASHINGTON COLLECTION AGENCY ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 9

Leonard Law
1001 4th Ave, Suite 3200
Seattle, Washington 98126
Phone: 206-486-1176
Fax: 206-458-6028

51.     NCSLT 2004-2, through P&F, filed Applications for Writs of Garnishment seeking to collect on the Hoffman judgment on November 29, 2016; February 10, 2017; March 21, 2017; May 23, 2017; August 1, 2017; and September 29, 2017. All were signed by Cheung, and all sought amounts in addition to the principal balance of the judgment.

52.     On October 5, 2017, Ms. Hoffman's attorney, Sam Leonard, sent Cheung a letter demanding that he cease all collection efforts against Ms. Hoffman, vacate the judgment against her and dismiss the action with prejudice. The letter explained that TSI had entered into a Consent Order with the Consumer Financial Protection Bureau ("CFPB") whereby it agreed that it would cease collection on loans allegedly owned by NCSLT in which it used a TSI employee declaration like Turners, because the CFPB found many of them to be not truthful. A copy of the Consent Order was attached to Sam Leonard's letter.

53.     Over two weeks later, Esther received a letter in the mail from P&F signed by Cheung dated October 20, 2017 that included copies of a Writ of Garnishment and Application for Writ of Garnishment to Umpqua Bank.

**B. Plaintiff Sarah Douglass.**

54.     Plaintiff Sarah Douglass ("Sarah") is a King County resident.

55.     In 2005, Sarah took out a student loan with Bank of America in the amount of $2,000.00.

56.     In 2006, Sarah took out a student loan with Bank of America in the amount of $2,500.00.

57.     Over ten years later, Sarah found out that National Collegiate Student Loan Trust 2006-3 (hereinafter referred to individually as "NCSLT 2006-3") had filed two separate lawsuits against her and had obtained default judgments against her in each case without first

AMENDED CLASS COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT, THE
WASHINGTON COLLECTION AGENCY ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 10

Leonard Law
1001 4th Ave, Suite 3200
Seattle, Washington 98126
Phone: 206-486-1176
Fax: 206-458-6028

properly serving her with copies of the summonses and complaints. Sarah found out about the default judgments after receiving copies in the mail from P&F and Cheung in June 2017.

58.     On April 24, 2017, P&F filed the summons and complaint in both cases with the King County, Washington, Superior Court.

59.     On April 25, 2017, NCSLT 2006-3, through P&F, filed Motions and Declarations for Default and Judgment signed by Cheung. In King County Superior Court Case No. 17-2-10604-6, the proposed Order of Default and Default Judgment, which was entered by the Court, included an award of $233.83 in interest and $395.80 in costs. In King County Superior Court Case No. 17-2-10605-4, the proposed Order of Default and Default Judgment, which was entered by the Court, included an award of $165.10 in interest and $395.80 in costs.

60.     In support of the Motions and Declarations for Default and Judgment, Defendants filed the "Affidavit and Verification of Account" of Brian Jackson ("Jackson").

61.     In Jackson's affidavit, he declared "under penalty of perjury under the laws of the forum" that:

    a.  He was "competent and authorized to testify regarding this educational loan
        through personal knowledge of the business records maintained by TSI as
        custodian of records, including the electronic data provided to TSI related to
        Defendant's educational loan, and the business records attached to this
        Affidavit...."

62.     Attached to Jackson's affidavit was a "Pool Supplement" (hereinafter "2006-3 Pool Supplement") pulled from the SEC's EDGAR online archives. The Pool Supplement states,

    In consideration of the Minimum Purchase Price set forth below, [First

AMENDED CLASS COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT, THE
WASHINGTON COLLECTION AGENCY ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 11

Leonard Law
1001 4th Ave, Suite 3200
Seattle, Washington 98126
Phone: 206-486-1176
Fax: 206-458-6028

Marblehead Corporation and Bank of America, N.A.] hereby transfers, sells, sets over, and assigns to The National Collegiate Funding LLC […] each student loan set forth on the attached Schedule 1….

[National Collegiate Funding LLC] in turn will sell the Transferred Bank of America Loans to the [NCSLT 2006-3].

63. Attached to the Jackson Affidavit was a document titled "Deposit and Sale Agreement The National Collegiate Student Loan Trust 2006-3" (hereinafter "2006-3 Sale Agreement.")

64. The Sale Agreement 2006-3 is between The National Collegiate Funding LLC as seller and NCSLT 2006-3 as purchaser. It states that "[2006-3] Sale Agreement sets forth the terms under which the Seller is selling and the Purchaser is purchasing the student loans listed on Schedule 2 to each of the Pool Supplements set forth on Schedule A attached hereto…." Schedules A and B are attached to the Sale Agreement and they give descriptions of loan types that were being sold, but not the names of individual borrowers or loan account numbers. Schedule 2 is not attached to Schedule A or B.

65. Neither the 2006-3 Pool Supplement nor the 2006-3 Sale Agreement are mentioned in Jackson's affidavit.

66. On information and belief, none of the defendants know the location of the 2006-3 Schedule 2.

67. On information and belief, Defendants TSI, P&F, and Cheung have never seen or reviewed the 2006-3 Schedule 2, and they are aware that it is lost.

68. On November 3, 2017, Sarah's attorney, Amanda N. Martin, filed a Motion to Set Aside Default Order and Judgment based on the improper service. The Motion states that the CFPB filed a complaint against Defendants NCSLTs and that TSI entered into the Consent

AMENDED CLASS COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT, THE
WASHINGTON COLLECTION AGENCY ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 12

Leonard Law
1001 4th Ave, Suite 3200
Seattle, Washington 98126
Phone: 206-486-1176
Fax: 206-458-6028

Order with the CFPB. A copy of the Motion with the Consent Order was served on NCSLT 2006-3, P&F, and Cheung.

69.     On November 17, 2017, the King County Superior Court entered an order vacating the default orders and judgments entered in both cases.

70.     On March 20, 2017, an Order Dismissing Case was entered in Case No. 17-2-10605-4 upon NCSLT 2006-3's Motion to Dismiss.

71.     Case No. 17-2-10604-6 is still pending.

**C. Plaintiffs Anthony Kim, Il Kim, and Daria Kim.**

72.     From 2005 to 2007, while enrolled in the business program at St. John's University in New York City, Anthony Kim ("Anthony") took out a number of federal and private student loans, including a total of six student loans from Bank One (which later merged with JP Morgan Chase Bank) and Bank of America in the amount of $76,500.00.

73.     Anthony graduated from St. John's in 2008.

74.     On January 23, 2015, Daria Kim ("Daria,") Anthony's mother, was served with a summons for a case filed by P&F on behalf of National Collegiate Student Loan Trust 2005-2 (Snohomish County Superior Court Case No. 15-2-04465-4) against Anthony Kim and Il Kim ("Il"), Anthony's father and Daria's husband. Daria immediately informed her husband and son about the summons when she received it.

75.     Daria Kim has declared under penalty of perjury that she did not receive any summonses related to the lawsuits initiated by the Defendants against the Kims individually or collectively (Snohomish County Superior Court Case No's. 15-2-03144-7, 15-2-03146-3, 15-2-04014-4, 15-2-04015-2, and 15-2-04016-1), despite the Defendants' claims to the contrary, and that she would have given all of the documents to her son if she had received any other

AMENDED CLASS COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT, THE
WASHINGTON COLLECTION AGENCY ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 13

Leonard Law
1001 4th Ave, Suite 3200
Seattle, Washington 98126
Phone: 206-486-1176
Fax: 206-458-6028

1  summonses.

2  76.   On January 31, 2015, Anthony Kim responded to the suit for which his mother

3  had been served by filing a Pro Se Notice of Appearance in Snohomish County Superior Court

4  Case No. 15-2-04465-4, and delivering a copy thereof to Defendants P&F and Cheung.

5  77.   In June 2015, Anthony received notification that P&F had initiated a

6  garnishment of his bank account on behalf of National Collegiate Student Loan Trusts 2005-2,

7  2005-3, 2006-1, and 2007-4. Although the Kims had been working with P&F on Snohomish

8  County Superior Court Case No. 15-2-04465-4 in good faith for half a year, it was only at this

9  time that Anthony and his parents learned of the existence of the four other lawsuits that P&F

10 had filed against them, and of the fact that P&F had obtained default judgments against them

11 individually and collectively for each student loan without first properly serving any of them

12 with copies of the summonses and complaints for the cases.

13 78.   In support of their Motions and Declarations for Default and Judgment,

14 Defendants filed five separate "Affidavit and Verification of Account" documents sworn to by

15 Dudley Turner.

16 79.   In these affidavits, Turner declares "under penalty of perjury under the laws of

17 the forum" that:

18     a.  He was "competent and authorized to testify relating to this action through

19         personal knowledge of the business records, including the electronic data, sent

20         to TSI that detail the education loan records"; and

21     b.  He had "personal knowledge of the record management practices and

22         procedures of [the NCSLTs] and the practices and procedures [the NCSLTs]

23         requires of its loan servicers and other agents."

AMENDED CLASS COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT, THE
WASHINGTON COLLECTION AGENCY ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 14

Leonard Law
1001 4th Ave, Suite 3200
Seattle, Washington 98126
Phone: 206-486-1176
Fax: 206-458-6028

80.     Attached to Turner's affidavits for Snohomish County Superior Case No's. 15-2-04015-2 and 15-2-040161 were documents titled "Pool Supplement," which purport to document the transfer of student loans from Bank One to NCSLT Trusts 2006-1 and 2005-3, respectively, pulled from the SEC's EDGAR online archives. Both Pool Supplements state,

> In consideration of the Minimum Purchase Price, the Program Lender hereby transfers, sells, sets over and assigns to the National Collegiate Funding, LLC (the "Depositor") ... each student loan set forth on the amended Schedule.... The Depositor in turn will sell the Transferred Bank One Loans to the National Collegiate Student Loan Trust ....

81.     The Pool Supplements included attachments titled "Schedule 2" and "Schedule 1," respectively. They did not contain lists of loans. They both state: "On file with the Indenture Trustee."

82.     For the other cases, Snohomish County Superior Court Case No.'s 15-2-03144-7, 15-2-03146-3, and 15-2-04014-4, the affidavits contained pool supplements for Bank One that were sold to the respective NCLST Trusts 2005-2 and 2007-4. Those pool supplements all contained references to "Schedules" for related loans, but no schedules were attached.

83.     Also attached to each of the Turner affidavits was a document titled "Deposit and Sale Agreement" for the relevant NCSLT trust (hereinafter the "Deposit and Sale Agreements").

84.     The Deposit and Sale Agreements set forth the terms under which the Seller was selling and the Purchaser was purchasing the student loans listed on the relevant numeric schedule (variously Schedule 1, Schedule 2, Schedule 3, or combinations thereof) as set forth in Schedule A of the Deposit and Sale Agreement. For each Deposit and Sale Agreement, Schedule A gave descriptions of loan types that were being sold, but not the names of individual borrowers or loan account numbers.

AMENDED CLASS COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT, THE
WASHINGTON COLLECTION AGENCY ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 15

Leonard Law
1001 4th Ave, Suite 3200
Seattle, Washington 98126
Phone: 206-486-1176
Fax: 206-458-6028

85.    Neither the Pool Supplements nor the Deposit Sale Agreements are mentioned in Turner's affidavits.

86.    On information and belief, none of the defendants know the location of the relevant Schedules 1 and 2 that are referred to in the Pool Supplements.

87.    On information and belief, Defendants TSI, P&F, and Cheung have never seen or reviewed any of the Schedules and they are aware that they are lost.

**D. NCSLTs Collection History.**

88.    On information and belief, P&F and Cheung have been suing Washington consumers in Washington's courts on behalf of the NCSLTs since at least 2006.

89.    P&F, Cheung, and the NCSLTs have obtained hundreds of judgments against Washington consumers in Washington courts.

90.    In November 2014, TSI became the sub-servicer of the NCSLTs' accounts.

91.    On information and belief, since November 1, 2014, Defendants initiated over 37,698 collection lawsuits across the nation on behalf of the NCSLTs. Many of those lawsuits were initiated in Washington against Washington consumers.

92.    TSI, P&F, and Cheung acted as servicer providers to the NCSLTs and acted as agents of the NCSLTs.

93.    TSI, P&F, and Cheung only collected on those accounts believed to be in default.

94.    After November 2014, Defendants filed numerous motions for default and motions for summary judgment that included affidavits and/or declarations from TSI employees made under penalty of perjury (hereinafter "TSI Affidavits.")

95.    On information and belief, the TSI affiants in the TSI Affidavits falsely stated

AMENDED CLASS COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT, THE
WASHINGTON COLLECTION AGENCY ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 16

Leonard Law
1001 4th Ave, Suite 3200
Seattle, Washington 98126
Phone: 206-486-1176
Fax: 206-458-6028

under penalty of perjury:

a. They had personal knowledge of the educational loan records evidencing the alleged student loan debt;

b. They were authorized and competent to testify about the alleged student loan debt through review of and "personal knowledge" of the business records, including electronic data in their possession; and

c. They had "personal knowledge of the record management practices and procedures of the NCSLTs and the practices and procedures the NCSLTs requires of its loan servicers and other agents."

96. On information and belief, in some instances, the affiants claimed in the TSI Affidavits to have reviewed the chain of title records as business records regarding the relevant account, when in fact they had only reviewed the online records of the Securities and Exchange Commission, which did not include the schedule of the individual accounts assigned to the NCSLTs.

97. On information and belief, Defendants, at the time of filing suit and at the time of filing motions for default against Washington consumers, did not have in their possession the schedule of loans sold to them by the original creditor and knew they did not have this information in their possession.

98. On information and belief, Defendants filed lawsuits against Washington consumers without the intent or ability to prove the claims if contested.

99. On information and belief, Defendants filed affidavits in Washington courts attached to motions for default and motions for summary judgment that were notarized by Defendants despite the notaries not having witnessed the affiants signing the affidavits.

AMENDED CLASS COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT, THE
WASHINGTON COLLECTION AGENCY ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 17

Leonard Law
1001 4th Ave, Suite 3200
Seattle, Washington 98126
Phone: 206-486-1176
Fax: 206-458-6028

100. Defendant Cheung was told numerous times by at least one King County Superior Court judge that affidavits submitted by the NCSLTs along with motions for summary judgment and motions for default to prove assignment of accounts were not sufficient to prove the NCSLTs were the real party in interest on the specific loans that the NCSLTs sued upon. Despite being told by the judge that the affidavits submitted were insufficient proof of assignment, Cheung continued to file the same form affidavits with the same information as those the court deemed unacceptable.

**E. Consumer Financial Protection Bureau's TSI Consent Order.**

101. The CFPB investigated the debt collections litigation practices of the attorney network business unit of TSI.

102. Through its investigation, the CFPB identified violations of the federal Consumer Financial Protection Act of 2010 ("CFPA"), and TSI and the CFPB stipulated to the entry of a Consent Order that was filed on September 18, 2017 (hereinafter the "Consent Order"), in the administrative proceeding *In the Matter of Transworld Systems, Inc.*, 2017-CFPB-0018.

103. The Consent Order is attached hereto as Exhibit A, and is incorporated herein by this reference.

104. The Consent Order made numerous findings of fact. *See* Consent Order pgs. 5-9, ¶¶ 4-29.

105. Under the CFPA, 12 U.S.C. §§ 5531(a), 5536(a)(1)(B), covered persons are prohibited from engaging "in any unfair, deceptive, or abusive act or practice" in violation of the CFPA.

106. An act or practice is deceptive under the CFPA if it involves a material

AMENDED CLASS COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT, THE
WASHINGTON COLLECTION AGENCY ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 18

Leonard Law
1001 4th Ave, Suite 3200
Seattle, Washington 98126
Phone: 206-486-1176
Fax: 206-458-6028

1   representation or omission that misleads, or is likely to mislead, a consumer acting reasonably

2   under the circumstances.

3       107.    Pursuant to 12 U.S.C. § 5531(c)(1), an act or practice is unfair if "(A) the act or

4   practice causes or is likely to cause substantial injury to consumers which is not reasonably

5   avoidable by consumers; and (B) such substantial injury is not outweighed by countervailing

6   benefits to consumers or competition."

7
        108.    The CFPB found, through its investigation, that the TSI Affidavits violated the
8
9   CFPA:

10              33. In numerous instances, in connection with collecting or attempting to
            collect Debt from Consumers, [TSI] executed [TSI] Affidavits that were used by
11          Law Firms with many of the Collections Lawsuits filed by Law Firms on behalf
            of the [NCSLTs] in courts across the country, and in live testimony, [TSI]
12          represented, directly or indirectly, expressly or by implication, that:

13              a. Affiants had personal knowledge of the account records and the Debt;
14
                b. Affiants had personal knowledge of the chain of assignment records
15          evidencing [NCSLT] ownership of the subject loan; and

16              c. Affiants had personal knowledge of the record management practices
            and procedures of the [NCSLTs] and all prior servicers.
17
18              34. In fact, ... , in numerous instances, these representations were either
            false or the Affiant did not have a basis for making the representation.
19
                35. The representations are material because they are likely to affect a
20          Consumer's choice or conduct regarding how to respond to a Collections
            Lawsuit and are likely to mislead a Consumer acting reasonably under the
21          circumstances.

22              36. Thus, representations by Respondent, as described in Paragraphs 18-
23          24, constitute deceptive acts or practices in violation of sections 1031(a) and
            1036(a)(1)(B) of the CFPA, 12 U.S.C. §§ 5531(a), 5536(a)(1)(B).
24
25  Consent Order pgs. 10-11, ¶¶ 33-36.

26      109.    The CFPB found, through its investigation, violations of the CFPA relating to

27  AMENDED CLASS COMPLAINT FOR INJUNCTIVE                     Leonard Law
    RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR         1001 4th Ave, Suite 3200
    DEBT COLLECTION PRACTICES ACT, THE                   Seattle, Washington 98126
    WASHINGTON COLLECTION AGENCY ACT AND THE               Phone: 206-486-1176
    WASHINGTON CONSUMER PROTECTION ACT - 19                 Fax: 206-458-6028

TSI and its attorney network's other litigation practices:

37. In numerous instances, in connection with collecting or attempting to collect Debt from Consumers, [TSI], acting through the Law Firms hired by [TSI] on behalf of the [NCSLTs], represented, directly or indirectly, expressly or by implication, that it could be proven in the Collections Lawsuits that the [NCSLTs] owned the loans in question and that the Consumers in question owed Debts to the [NCSLTs], if contested.

38. In fact, in numerous instances, [TSI] lacked the complete chain of assignment documentation needed to prove [NCSLT] ownership of the subject loans and the promissory note needed to prove the existence of certain loans.

39. The representations are material because they are likely to affect a Consumer's choice or conduct regarding how to respond to a lawsuit and are likely to mislead a Consumer acting reasonably under the circumstances.

40. Thus, [TSI]'s representations, as described in [the facts section of the Consent Order], constitute deceptive acts or practices in violation of sections 1031(a) and 1036(a)(1)(B) of the CFPA, 12 U.S.C. §§ 5531(a), 5536(a)(1)(B).

41. In addition, [TSI]'s acts and practices, caused or were likely to cause substantial injuries to consumers.

42. The injuries to consumers included, but were not limited to, all payments made, including garnishments of wages and bank accounts, to settle Debts not enforceable.

43. The injuries to consumers were not reasonably avoidable by consumers and were not outweighed by any countervailing benefits to consumers or to competition.

44. Thus, Respondent's conduct, as described in [the fact section of the Consent Order], constitutes unfair acts or practices in violation of sections 1031(c) and 1036(a)(1)(B) of the CFPA, 12 U.S.C. §§ 5531(c)(1), 5536(a)(1)(B).

Consent Order pgs. 11-12, ¶¶ 37-44.

110. TSI stipulated to the issuance of the Consent Order in a Stipulation and Consent to the Issuance of a Consent Order (hereinafter the "TSI Stipulation") filed in *In the Matter of: Transworld Systems, Inc.*, 2017-CFBP-0018, Dkt. #2.

AMENDED CLASS COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT, THE
WASHINGTON COLLECTION AGENCY ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 20

111. A copy of the TSI Stipulation is attached hereto as Exhibit B, and is incorporated herein by this reference.

112. TSI agreed to the issuance of the Consent Order and admits in the TSI Stipulation to "the facts necessary to establish the [CFPB]'s jurisdiction over [TSI] and the subject matter of the [Consent Order]." TSI Stipulation pg. 2, ¶ 2.

113. TSI agreed in the Consent Order "that the facts described in Section V of the Consent Order will be taken as true and be given collateral estoppel effect, without further proof, in any proceeding before the [CFPB] to enforce the Consent Order, or in any subsequent civil litigation by the [CFPB] to enforce the Consent Order...." TSI Stipulation pg. 2, ¶ 6.

114. Through the TSI Stipulation, TSI waived any "right to challenge or contest the validity of the Consent Order." TSI Stipulation pg. 3-4, ¶ 9.

115. It is a violation of the Consent Order for:

a. TSI or any agent, service provider or attorneys that have notice of the Consent Order to cause law firms hired by TSI on behalf of the NCSLTs "to collect any Debt through Collection Lawsuits that [TSI] or its agents have any reason to believe may be unenforceable." Consent Order pgs. 14-15, ¶ 45.k.

b. TSI, P&F, or Cheung to continue pending NCSLT lawsuits in which a false TSI Affidavit was filed after receiving notice of the Consent Order until TSI, P&F, or Cheung provides the court with a copy of the Consent Order and submits a notice to the court stating "Plaintiff withdraws the affidavit of [name of affiant] pursuant to Consent Order entered into by the Consumer Financial Protection Bureau and Transworld Systems, Inc."

c. TSI, P&F, and Cheung to continue garnishment, or fail to quash or withdraw a pending garnishment, in any case in which the NCSLTs obtained a judgment where

AMENDED CLASS COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT, THE
WASHINGTON COLLECTION AGENCY ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 21

Leonard Law
1001 4th Ave, Suite 3200
Seattle, Washington 98126
Phone: 206-486-1176
Fax: 206-458-6028

1 a TSI Affidavit with misrepresentations was filed.

2              d.     TSI, P&F, and Cheung to accept any settlement payments relating to any

3 such collection lawsuits in which a TSI Affidavit with misrepresentations was filed.

4      **F. NCSLTs Agreed to a Consent Judgment with the CFPB Whereby They Would**
          **Cease Litigation and All Collection Until They Verified They Had**
5           **Documentation Proving The Right to Collect on Accounts.**

6      116.    On September 18, 2017, the same day the Consent Order was filed, the CFPB

7
8 filed a civil action for injunctive relief against the NCSLTs in the United State District Court

9 for the District of Delaware. *Consumer Financial Protection Bureau v. The National Collegiate*

10 *Master Student Loan Trust et al.*, Cs. No. 17-cv-01323-GMS (D. Del Sep. 18, 2017)

11 (hereinafter the "CFPB Trust Action").

12      117.    The NCSLTs and the CFPB reached an agreement to enter a Consent Judgment

13 in the CFPB Trust Action (hereinafter the "Trust Consent Judgment").

14
15      118.    A copy of the Trust Consent Judgment is attached hereto as Exhibit C, and is

16 incorporated herein by this reference.

17      119.    The Trust Consent Judgment include the following findings of fact:

18           a.    "Since at least November 1, 2012, in order to collect on defaulted private

19 student loans, Defendants' Servicers filed Collections Lawsuits on behalf of Defendants in state

20 courts across the country."

21           b.    "In support of these lawsuits, Subservicers on behalf of Defendants

22 executed and filed affidavits that falsely claimed personal knowledge of the account records

23 and the consumer's debt, and in in many cases, personal knowledge of the chain of assignments

24 establishing ownership of the loans."

25
26           c.    "[NCSLT]s' Servicers on behalf of [NCSLTs] filed more than 2,000 debt

27
AMENDED CLASS COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT, THE
WASHINGTON COLLECTION.AGENCY ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 22

Leonard Law
1001 4th Ave, Suite 3200
Seattle, Washington 98126
Phone: 206-486-1176
Fax: 206-458-6028

collections lawsuits without the documentation necessary to prove [a NCSLT's] ownership of the loans or on debt that was time-barred."

       d.    "Notaries for [NCSLT]s' Servicers notarized over 25,000 affidavits even though they did not witness the affiants' signatures."

       e.    Entry of the "Order is in the public interest."

    120.    NCSLTs waived any rights to seek judicial review or otherwise challenge or contest the validity of this Order.

    121.    NCSLTs also agreed to provide to all NCSLTs servicers copies of the Trust Consent Judgment within 30 days of the Trust Consent Judgment being entered on the Docket of the CFPB Trust Action.

    122.    Upon the NCSLTs' delivery of the Trust Consent Judgment to the servicers of the NCSLTs, the NCSLTs were to require and ensure that all servicers and law firms acting on the NCSLTs' behalf cease initiation of collection lawsuits to collect on accounts unless:

       a.    They possessed a record of the complete chain of assignment from the original creditor to the specific trust claiming ownership;

       b.    They possessed a signed copy of the student loan contract;

       c.    The statute of limitations on enforcement of the loan has not expired; and

       d.    They have no reason to believe the debt may be unenforceable.

    123.    Upon the NCSLTs' delivery of the Trust Consent Judgment to the servicers of the NCSLTs, the NCSLTs were to require and ensure that all servicers and law firms acting on the NCSLTs' behalf dismiss all pending collection lawsuit to collect on accounts unless:

       a.    They possessed a record of the complete chain of assignment from the original creditor to the specific trust claiming ownership;

AMENDED CLASS COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT, THE
WASHINGTON COLLECTION AGENCY ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 23

Leonard Law
1001 4th Ave, Suite 3200
Seattle, Washington 98126
Phone: 206-486-1176
Fax: 206-458-6028

b. They possessed a signed copy of the student loan contract;

c. The statute of limitations on enforcement of the loan has not expired; and

d. They have no reason to believe the debt may be unenforceable.

124. Upon the NCSLTs' delivery of the Trust Consent Judgment to the servicers of the NCSLTs, the NCSLTs were to require and ensure that all servicers and law firms acting on the NCSLTs' behalf cease enforcement of any judgment obtained in a collection lawsuit to collect on accounts unless:

a. They possessed a record of the complete chain of assignment from the original creditor to the specific trust claiming ownership;

b. They possessed a signed copy of the student loan contract;

c. The statute of limitations on enforcement of the loan has not expired; and

d. They have no reason to believe the debt may be unenforceable.

125. The NCSLTs, their servicers, and the law firms representing the NCSLTs would also be barred under the Trust Consent Judgment from filing any false affidavits, and would be required to withdraw any affidavits they determined were false or were notarized when the notary had not witnessed the signing of the affidavit.

126. As of the date of the filing of this Class Complaint, the Trust Consent Judgment has not been entered and multiple entities have sought to intervene in the CFPB Trust Action. Included in the list of intervenors is TSI, which has received and reviewed the proposed Trust Consent Judgment.

**G. TSI and Attorney Networks.**

127. TSI manages an Attorney Network that utilizes outside law firms to collect on defaulted private student loans.

AMENDED CLASS COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT, THE
WASHINGTON COLLECTION AGENCY ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 24

Leonard Law
1001 4th Ave, Suite 3200
Seattle, Washington 98126
Phone: 206-486-1176
Fax: 206-458-6028

128.    On information and belief, the collection attorneys filing collection cases, including Defendant P&F, are part of TSI's Attorney Networks, and the alleged debts of Plaintiffs were handled through the "Attorney Network."

129.    Network firms are expressly informed that they are required to follow Network Attorney Standard Operating Procedures.

**H. Defendant's Current Collection Actions In Washington.**

130.    Since entry of the TSI Consent Order on September 18, 2017, Defendants have continued filing collection lawsuits in Washington on accounts they allege are owned by the NCSLTs.

131.    Since entry of the TSI Consent Order on September 18, 2017, Defendants have not voluntarily dismissed all NCSLT collection actions in Washington in which they have not verified that: (1) they have a record of the complete chain of assignment; (2) they have a copy of the signed student loan agreement; (3) the action was not time barred at the time of suit; and (4) a TSI Affidavit filed in the lawsuit was not false or misleading and was properly notarized.

132.    Since entry of the TSI Consent Order on September 18, 2017, Defendants have continued to seek to enforce judgments obtained in NCSLTs suits when they have not verified that: (1) they have a record of the complete chain of assignment; (2) they have a copy of the signed student loan agreement; (3) the action was not time barred at the time of suit; and (4) a TSI Affidavit filed in the lawsuit was not false or misleading and was properly notarized.

**V. CLASS ALLEGATIONS**

133.    **Class Definition.** Pursuant to CR 23(b)(2) and 23(b)(3), Plaintiffs bring this case as a class action on behalf of the following "Class," who are

All persons residing in Washington against whom Defendants

AMENDED CLASS COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT, THE
WASHINGTON COLLECTION AGENCY ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 25

sought to collect on an alleged NCSLT loan debt, on or after four
years prior to the filing of this action,

and four Subclasses thereof, defined as:

> **Litigation FDCPA Subclass:** All persons in the Class against
> whom Defendants maintained a lawsuit in Washington, on or
> after one year prior to the filing of this action.

> **CPA Judgment Subclass:** All persons in the Class against
> whom Defendants obtained a judgment in any Washington Court
> where a NCSLT was a Plaintiff and the judgment was obtained
> using a declaration of a TSI employee.

> **FDCPA Judgment Subclass:** All persons in the Class against
> whom Defendants obtained a judgment in any court in
> Washington where a NCSLT was a Plaintiff and the judgment
> was obtained using a declaration of a TSI employee, on or after
> one year prior to the filing of this action.

> **Post CFPB Consent Order Subclass:** All persons in the Class
> against whom Defendants maintained or filed a lawsuit to collect
> an alleged debt owed to the NCSLTs after the CFPB Consent
> Order was entered.

134. **Numerosity.** The Class and Subclasses are so numerous that joinder of all
members is impracticable. On information and belief, there are over 300 people in the Class.

135. **Commonality.** There exist questions of law and fact common to Plaintiffs and
the proposed Class and Subclasses, including but not limited to:

a.      Whether Defendants have a standard practice of filing and maintaining
lawsuits, and obtaining judgments in favor of the NCSLTs and against Washington residents
without proof that the loan they are suing on was assigned to or owned by the NCSLTs;

b.      Whether Defendants sue Washington residents without standing or proof
of ownership or assignment of ownership of the specific debt each Washington consumer is
being sued upon;

AMENDED CLASS COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT, THE
WASHINGTON COLLECTION AGENCY ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 26

Leonard Law
1001 4th Ave, Suite 3200
Seattle, Washington 98126
Phone: 206-486-1176
Fax: 206-458-6028

1    c.    Whether Defendants have sufficient evidence of the existence of the

2  alleged NCSLT education debts when they negotiated settlements or obtained default

3  judgments against Washington consumers;

4    d.    Whether Defendants engaged in unfair or deceptive business practices

5  when they filed lawsuits without proof that the NCSLTs they were representing had proof of

6  assignment entitling them to collect on the alleged debts;

7    e.    Whether Defendants are filing lawsuits on behalf of NCSLTs knowing

8  that they lack the necessary paperwork and proof to complete or try the case and are filing the

9  
10  lawsuits to obtain defaults on or settlements of the claims;

11    f.    Whether Defendants have a standard practice of filing affidavits they

12  know or believe to be false and misleading in an attempt to obtain judgments against

13  Washington residents;

14    g.    Whether the Defendants maintaining collection lawsuits in Washington

15  when they did not have both complete chain of title and a signed copy of the loan agreement is

16  
17  an unfair or deceptive practice in trade or commerce that affects the public interest and causes

18  injury to Washington consumers' personal property or business and therefore violates the

19  WCPA;

20    h.    Whether Defendants violated the FDCPA by filing false or misleading

21  affidavits in Washington courts;

22    i.    Whether Defendants violated the WCPA by filing false or misleading

23  affidavits in Washington courts;

24  
25    j.    Whether Defendants P&F and Cheung violated their duty of candor to

26  the tribunal when they filed lawsuits on behalf of NCSLTs knowing that the NCSLTs did not

27  AMENDED CLASS COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT, THE
WASHINGTON COLLECTION AGENCY ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 27

have the schedule of loans transferred to the NCSLTs and therefore could not prove the loans sued upon were owned by the NCSLTs;

k.  Whether Defendant P&F and Cheung violated the FDCPA by violating their duty of candor to the Court;

l.  Whether Defendants violated the CAA, RCW 19.16.250(16) and (21), by failing to dismiss without prejudice all NCSLT lawsuits after the Consent Order was entered on September 18, 2017;

m.  Whether Defendants violated the CAA, RCW 19.16.250(16) and (21), where they had already obtained a judgment after the Consent Order was entered on September 18, 2017, by failing to quash all garnishments and cease of collection activities in all NCSLT lawsuits;

n.  Whether Defendants' violations of the CAA constitute *per se* violations of the WCPA;

o.  Whether Defendants engaged in unfair or deceptive practices in violation of the WCPA;

p.  Whether Defendants' violations of other statutory provisions subject them to the mandatory penalty provisions set forth in RCW 19.16.450; and

q.  The nature and extent of class wide injury and the measure of compensation for such injury.

136.  **Typicality**. The claims of Plaintiffs are typical of the claims of the Class and Subclasses. They arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories. The collection actions that Defendants engaged in against Washington consumers that make up the Class and Subclasses are the same collection

AMENDED CLASS COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT, THE
WASHINGTON COLLECTION AGENCY ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 28

Leonard Law
1001 4th Ave, Suite 3200
Seattle, Washington 98126
Phone: 206-486-1176
Fax: 206-458-6028

actions Defendant engaged in against the Plaintiffs. Defendants maintained NCSLT collection lawsuits or sought to enforce judgments obtained in NCSLT lawsuits from all Plaintiffs and Class members. Defendants filed a TSI Affidavit in each and every action it maintained against Plaintiffs and Class members during the Class period.

137. **Adequacy of Representation.** Plaintiffs are appropriate representatives for the Class and Subclasses and will fairly and adequately protect the interests of the Class and Subclasses. Plaintiffs understand and are willing to undertake the responsibilities of acting in a representative capacity on behalf of the proposed Class and Subclasses. Plaintiffs will fairly and adequately protect the interests of the Class and Subclasses and have no interests that directly conflict with interests of the Classes. Plaintiffs have retained competent and capable attorneys who are experienced trial lawyers with experience in complex and class action litigation, including consumer class actions. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Class and Subclasses and have the financial resources to do so.

138. **Predominance.** Defendants have a standard practice of maintaining lawsuits like those maintained against the Plaintiffs and the Class, and Defendants have a standard practice of filing TSI Affidavits like the ones filed in cases against the Plaintiffs and the Class. The common issues arising from this conduct predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

139. **Superiority.** Plaintiffs and members of the Class and Subclasses have suffered harm and damages as a result of Defendants' unlawful and wrongful conduct. Absent a class action, however, most Class members likely would find the cost of litigating their claims

AMENDED CLASS COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT, THE
WASHINGTON COLLECTION AGENCY ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 29

Leonard Law
1001 4th Ave, Suite 3200
Seattle, Washington 98126
Phone: 206-486-1176
Fax: 206-458-6028

prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. The members of the Class and Subclasses are readily identifiable from Defendants' records, and there will be no significant difficulty in the management of this case as a class action.

140.   **Injunctive Relief.** Defendants' conduct is uniform to all members of the Class and Subclasses. Defendants have acted or refused to act on grounds that apply generally to the Class and Subclasses, so that final injunctive relief or declaratory relief is appropriate with respect to the Class and Subclasses as a whole.

141.   Accordingly, class certification of the Class and Subclasses is appropriate pursuant to CR 23(b)(2) and 23(b)(3).

## VI.  CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*

142.   Plaintiffs re-allege and incorporate by reference all of the paragraphs of this complaint as though fully stated herein.

143.   Defendants' violations of the FDCPA include, but are not necessarily limited to, the following:

**A.   False, Deceptive, or Misleading Representations.**

144.   Pursuant to 15 U.S.C. §§ 1692e(2)(a), and 1692e(10), the FDCPA prohibits debt collectors from making false representations of the character, amount, or legal status of any debt and from using any false representation or deceptive means to collect or attempt to collect

AMENDED CLASS COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT, THE
WASHINGTON COLLECTION AGENCY ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 30

Leonard Law
1001 4th Ave, Suite 3200
Seattle, Washington 98126
Phone: 206-486-1176
Fax: 206-458-6028

any debt or obtain information concerning a consumer.

145. Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10) by making false, deceptive, and misleading representations to debtors and Washington courts concerning the documents they possessed or reviewed that allegedly showed that the NCSLTs were entitled to collect on student loan debt.

146. Pursuant to 15 U.S.C. § 1692e(5), the FDCPA specifically prohibits debt collectors from threatening to take any action that cannot be taken or that is not intended to be taken.

147. Defendants violated 15 U.S.C. § 1692e(5) when they filed lawsuits knowing that they could not prove chain of title and knowing that they would not take the cases they filed to trial.

148. Defendants violated 15 U.S.C. § 1692e(5) when they continued to collect and attempt to collect on NCSLT debt after they entered into a consent order with the CFPB agreeing to stop all collection efforts until they audited the NCSLT accounts and verified they had proof of assignment.

**B.  Unfair or Unconscionable Means to Collect or Attempt to Collect on a Debt.**

149. Pursuant to 15 U.S.C. § 1692f, the FDCPA generally prohibits debt collectors from engaging in "any unfair or unconscionable means to collect or attempt to collect the alleged debt."

150. Defendants violated 15 U.S.C. § 1692f by filing and sending as verification of debt TSI employee affidavits that were misleading or false in order to obtain debt settlements, default judgments and summary judgments;

151. Defendants' conduct in violation of the FDCPA caused and proximately caused

AMENDED CLASS COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT, THE
WASHINGTON COLLECTION AGENCY ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 31

Leonard Law
1001 4th Ave, Suite 3200
Seattle, Washington 98126
Phone: 206-486-1176
Fax: 206-458-6028

1    injury and damages to plaintiffs and Class members.

2        152.    Plaintiffs and the class are entitled to compensatory, special, and general

3    damages as allowed by law.

4        153.    Plaintiffs and the Class are also entitled to statutory damages, attorneys' fees,

5    and costs pursuant to 15 U.S.C. § 1692k.

6                        **SECOND CLAIM FOR RELIEF**

7              **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:**
8         **PER SE VIOLATION OF WASHINGTON'S CONSUMER PROTECTION ACT**

9        154.    Plaintiffs re-allege and incorporate by reference the allegations set forth in each

10   of the preceding paragraphs of this complaint.

11
12       155.    In RCW 19.86.020, the WCPA provides that "unfair methods of competition

13   and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby

14   declared unlawful."

15       156.    A WCPA claim consists of the following elements: (1) an unfair or deceptive act

16   or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff

17   in his or her business or property; and (5) causation.

18
19       157.    Violations of the FDCPA are *per se* violations of the WCPA.

20       158.    Defendants violated the FDCPA through their conduct described herein and as

21   detailed in Plaintiffs' first claim for relief.

22       159.    The FDCPA violations are *per se* violations of the WCPA. Defendants' unfair

23   and deceptive acts and practices repeatedly occurred in their trade and commerce, were capable

24   of deceiving a substantial portion of the public, and have already injured many hundreds, if not

25   thousands, of Washington residents.

26

27   AMENDED CLASS COMPLAINT FOR INJUNCTIVE                    Leonard Law
     RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR        1001 4th Ave, Suite 3200
     DEBT COLLECTION PRACTICES ACT, THE                   Seattle, Washington 98126
     WASHINGTON COLLECTION AGENCY ACT AND THE               Phone: 206-486-1176
     WASHINGTON CONSUMER PROTECTION ACT - 32                 Fax: 206-458-6028

160. Defendants' wrongdoing is continuing in nature and represents an ongoing threat to Plaintiffs and Class members.

161. Class members generally are unaware that Defendants' collection practices are unlawful, and that Defendants are using false declarations to obtain judgments.

162. Plaintiffs and Class members will suffer continuing, immediate, and irreparable injury absent the issuance of injunctive and equitable relief.

163. Plaintiffs and Class members do not individually have a complete, speedy, and adequate remedy at law with respect to Defendants' continuing misconduct.

164. Preliminary and injunctive relief is necessary to prevent further injury to Plaintiffs and Class members.

165. Defendants' conduct in violation of the WCPA has proximately caused and continues to cause injury to Plaintiffs and Class members in their business or property.

166. Plaintiffs and Class members are entitled to recover compensatory, special, and general damages as allowed by law.

167. Plaintiffs and the Class are entitled to recover treble damages, attorneys' fees, and costs pursuant to RCW 19.86.090.

### THIRD CLAIM FOR RELIEF

### VIOLATIONS OF WASHINGTON'S COLLECTION AGENCY ACT:
*PER SE* VIOLATION OF WASHINGTON'S CONSUMER PROTECTION ACT,
RCW 19.86 *et seq.*

168. Plaintiffs re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

169. Pursuant to RCW 19.16.440, a collection agency that violates the Prohibited Practices section of the WCAA, RCW 19.16.250, commits unfair and deceptive trade practices

AMENDED CLASS COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT, THE
WASHINGTON COLLECTION AGENCY ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 33

Leonard Law
1001 4th Ave, Suite 3200
Seattle, Washington 98126
Phone: 206-486-1176
Fax: 206-458-6028

1 | for the purposes of application of the WCPA.

2 |       170. The WCAA, in RCW 19.16.250(16), prohibits a collection agency from

3 | threatening to take any action against a debtor that the licensee cannot legally take at the time

4 | the threat is made.

5 |       171. Defendants violated RCW 19.16.250(16) when they continued litigation and

6 | collection against Washington consumers after they had agreed with the CFPB to cease

7 | collection on NCSLT accounts until they verified that NCSLT was actually assigned the

8 | accounts they were collecting on or attempting to collect on.

9 |       172. Pursuant to RCW 19.16.450, if an act or practice of a collection agency violates

10 | RCW 19.16.250, neither the licensee nor any other entity can ever collect anything other than

11 | the principal amount of the debt owed.

12 |       173. Because Defendants violated RCW 19.16.250, they are never entitled to collect

13 | anything other than the principal amount of the debts owed by Class members against whom

14 | they sought to collect after the CFPB Consent Order was entered.

15 |       174. RCW 19.16.250(21) prohibits debt collectors from collecting or seeking to

16 | collect in addition to the principal amount of any claim, any sum other than allowable interest,

17 | collection costs or handling fees, and in the case of suit attorney's fees and taxable court costs.

18 |       175. Defendants violated and continue to violate RCW 19.16.250(21) by seeking to

19 | collect amounts other than principal from Washington consumers after the entry of the CFPB

20 | consent order.

21 |       176. Defendants' violations of the WCAA affect the public interest and are the direct

22 | and proximate cause of injuries to the business or property of Plaintiffs and the Class.

23 |       177. Defendants' violations of the WCAA and WCPA have damaged Plaintiffs and

24 | the Class in an amount to be proven at trial, in an amount no less than all sums collected by

25 | Defendants in excess of principal on Plaintiffs' and the Classes' alleged student loan

26 |

27 | AMENDED CLASS COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT, THE
WASHINGTON COLLECTION AGENCY ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 34

1    obligations.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   AMENDED CLASS COMPLAINT FOR INJUNCTIVE          Leonard Law
     RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR   1001 4th Ave, Suite 3200
     DEBT COLLECTION PRACTICES ACT, THE              Seattle, Washington 98126
     WASHINGTON COLLECTION AGENCY ACT AND THE        Phone: 206-486-1176
     WASHINGTON CONSUMER PROTECTION ACT - 35         Fax: 206-458-6028

# FOURTH CLAIM FOR RELIEF

## VIOLATIONS OF WASHINGTON'S CONSUMER PROTECTION ACT, RCW 19.86 *et seq.*

178. Plaintiffs re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

179. Defendants are "persons" within the meaning of the WCPA, RCW 19.86.010(1) and conduct "trade" and "commerce" within the meaning of the WCPA, RCW 19.86.010(2).

180. Plaintiffs and Class members are "persons" within the meaning of the WCPA. RCW 19.86.010(1).

181. Defendants' actions described herein were unfair or deceptive acts or practices occurring in trade or commerce, and were capable of injuring a substantial number of Washington consumers. The unfair and deceptive acts include the following:

   a. Filing or sending Class members, including Plaintiffs, false and misleading affidavits in the attempted collection of debts;

   b. Entering into a consent order with the CFPB whereby Defendants agreed to discontinue collection on NCSLT accounts until which time Defendants could audit their records to determine collectability of accounts, but nevertheless continuing to collect on NCSLT accounts without performing the audit or determining the collectability of accounts;

   c. Knowingly filing false affidavits in Washington courts; and

   d. Taking all other actions described herein that violate applicable collection laws.

182. Defendants' actions proximately caused and continue to cause injury to Plaintiffs and Class members in their business or property.

AMENDED CLASS COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, THE WASHINGTON COLLECTION AGENCY ACT AND THE WASHINGTON CONSUMER PROTECTION ACT - 36

Leonard Law
1001 4th Ave, Suite 3200
Seattle, Washington 98126
Phone: 206-486-1176
Fax: 206-458-6028

183.     Defendants' actions warrant an injunction to protect Plaintiffs and other Washington consumers from similar harm.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendants:

1.     For an order certifying the identified Class and Subclasses pursuant to CR 23(b)(2) and/or 23(b)(3), with Plaintiffs as the Class representatives and the undersigned as Class Counsel;

2.     For an injunction preventing Defendants from all future collection attempts upon the alleged NCSLT loan debts of Plaintiffs and Class members, pursuant to RCW 19.86.090;

3.     For actual and compensatory damages pursuant to RCW 19.86, *et seq.* and 15 U.S.C. §1692 *et seq.*, in an amount to be proven at trial, but no less than the sum of all amounts that Defendants have collected on judgments or claims against Class and Subclass members in excess of the principal amount of the alleged obligations that were/are the subject of the Defendants' collection efforts;

4.     For statutory damages in the amount of $1,000 for each violation of the FDCPA, pursuant to 15 U.S.C. §1692 *et seq.*;

5.     For treble damages, pursuant to RCW 19.86 *et. seq.*;

6.     For costs and reasonable attorney's fees in an amount to be proven at trial, pursuant to RCW 19.86.090, 15 U.S.C. §1692 *et seq.*, and as otherwise allowed by law;

7.     For an award of pre-judgment and post-judgment interest at the rate of 12% per annum on all liquidated sums awarded to Plaintiffs and the Class and Subclasses as damages;

8.     For leave to conform the pleadings to the proof presented at trial; and

9.     For such other relief as the Court deems justice and equitable.

AMENDED CLASS COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT, THE
WASHINGTON COLLECTION AGENCY ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 37

Leonard Law
1001 4th Ave, Suite 3200
Seattle, Washington 98126
Phone: 206-486-1176
Fax: 206-458-6028

DATED this 26th day of July, 2018

*Attorneys for Plaintiffs*:

LEONARD LAW

*/s/ Sam Leonard*
Sam Leonard, WSBA #46498
1001 4th Ave, Suite 3200
Seattle, Washington 98154
Telephone: (206) 486-1176
Facsimile: (206) 458-6028
E-mail: sam@seattledebtdefense.com

HENRY & DeGRAAF, P.S.

*/s/ Christina Henry*
Christina L. Henry, WSBA #31273
150 Nickerson St., Ste. 311
Seattle, WA 98109
Telephone: (206) 330-0595
Facsimile: (206) 400-7609
E-mail: chenry@HDM-legal.com

BERRY & BECKETT, PLLP

*/s/ Guy Beckett*
Guy W. Beckett, WSBA #14939
1708 Bellevue Avenue
Seattle, WA 98122
Telephone: (206) 441-5444
Facsimile: (206) 838-6346
E-mail: gbeckett@beckettlaw.com

NORTHWEST CONSUMER LAW CENTER

*/s/ Amanda Martin*
Amanda Martin, WSBA #49581
214 East Galer St., Ste. 100
Seattle, WA 98102
Telephone: (206) 805-0989
Facsimile: (206) 805-1716
E-mail: Amanda@NWCLC.org

AMENDED CLASS COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT, THE
WASHINGTON COLLECTION AGENCY ACT AND THE
WASHINGTON CONSUMER PROTECTION ACT - 38

Leonard Law
1001 4th Ave, Suite 3200
Seattle, Washington 98126
Phone: 206-486-1176
Fax: 206-458-6028