# EXHIBIT 21

FILED

18 MAR 20 AM 11:01

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 17-2-10605-4 KNT

1

2

3

4

5

6

7               SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

8   NATIONAL COLLEGIATE STUDENT
    LOAN TRUST 2006-3, A DELAWARE
9   STATUTORY TRUST                          No. 17-2-10605-4 KNT

10                   Plaintiff,              PLAINTIFF NATIONAL COLLEGIATE
                                             STUDENT LOAN TRUST 2006-3
11        vs.                                MOTION TO DISMISS

12
    SARAH K DOUGLASS
13
                     Defendant.
14

15

16        The plaintiff, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3, A

17   DELAWARE STATUTORY TRUST, by and through their attorney of record, Patenaude &

18   Felix, A.P.C., respectfully moves the court for an order dismissing this action without prejudice

19   pursuant to CR 41(a)(1)(B).

20                              ARGUMENT OF LAW

21        CR 41(a)(1)(B), states, "Any action shall be dismissed by the court: By plaintiff

22
    before resting. Upon motion of the plaintiff at any time before plaintiff rests at the conclusion
23
    of plaintiff's opening case." Where a motion for voluntary nonsuit is filed and called to the
24
    attention of the trial court, the motion must be granted as a matter of right. *Greenlaw v. Renn*,
25

PLAINTIFF NATIONAL COLLEGIATE STUDENT            **PATENAUDE & FELIX, A.P.C.**
LOAN TRUST 2006-3 MOTION TO DISMISS - 1          19401 40th Ave W, Ste. 280 Lynnwood, WA 98036
                                                 Tel: (425) 361-1662  Toll Free: (800) 832-7675

64 Wn. App. 499, 503, 824 P.2d 1263 (1992). Additionally, prior written notice of the motion is not required. *Id*. at 504. In *Greenlaw*, the Court stated that "the fact that the motion can be made at any time before the plaintiff rests his or her case, and then must be granted by the court, indicates that prior written notice of the motion is not required." *Id*. Further, a dismissal without prejudice is not an adjudication on the merits. *Cork Insulation Sales Co. v. Torgeson*, 54 Wn. App. 702, 706, 775 P.2d 970 (1989). The Washington State Supreme Court has also held that under a voluntary dismissal, the defendant is not entitled to prevailing party attorney's fees. *Allianceone Receivables Management, Inc. v. Lewis*, 180 Wn.2d 389, 325 P.3d 904 (2014). Therefore, this Court should grant the plaintiff's Motion to Dismiss Without Prejudice pursuant to CR 41(a)(1)(B), and without an award of attorney's fees or costs to either party.

For these reasons, the plaintiff respectfully requests that this matter be dismissed without prejudice and without an award of attorney's fees or costs.

Dated this 14th day of March, 2018 at Lynnwood, WA

/s/ Matthew Cheung

Matthew Cheung, WSBA #43067
Attorney for Plaintiff
Patenaude & Felix, A.P.C.
19401 40th Ave W, Ste. 280
Lynnwood, WA 98036

# EXHIBIT 22

FILED

18 MAR 20 AM 11:41

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 17-2-10605-4 KNT

1

2

3

4

5

6

7                    SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

8    NATIONAL COLLEGIATE STUDENT
9    LOAN TRUST 2006-3, A DELAWARE          No. 17-2-10605-4 KNT
     STATUTORY TRUST
10                                          ORDER ON PLAINTIFF NATIONAL
                       Plaintiff,           COLLEGIATE STUDENT LOAN TRUST
11                                          2006-3 MOTION TO DISMISS
          vs.
12                                          [PROPOSED]
13   SARAH K DOUGLASS

14                     Defendant.

15

16          THIS MATTER, having come before the Court, and the plaintiff National Collegiate
17
     Student Loan Trust 2006-3, being represented by its attorney of record, Patenaude & Felix,
18
     A.P.C., and requesting a voluntary dismissal without prejudice pursuant to CR 41(a)(1)(B), the
19
     Court being fully advised, NOW, THEREFORE, it is hereby
20
            ORDERED that this matter is dismissed without prejudice and without an award of
21
     costs or attorney's fees to either party.
22
            There being no just reason for delay, the Clerk is instructed to enter this order.
23
     ///
24
     ///
25

ORDER ON PLAINTIFF NATIONAL COLLEGIATE        **PATENAUDE & FELIX, A.P.C.**
STUDENT LOAN TRUST 2006-3 MOTION TO          19401 40th Ave W, Ste. 280 Lynnwood, WA 98036
DISMISS - 1                                   Tel: (425) 361-1662   Toll Free: (800) 832-7675

King County Superior Court
Judicial Electronic Signature Page

Case Number:     17-2-10605-4
Case Title:      NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006 3 VS
                 DOUGLASS
Document Title:  Order

Signed by:       Julia Garratt
Date:            3/20/2018 11:41:26 AM

Judge/Commissioner: Julia Garratt

This document is signed in accordance with the provisions in GR 30.
Certificate Hash:          73E4EDB02B833CB13E2BE90DDA9A35D3969C76DA
Certificate effective date: 9/6/2013 3:33:55 PM
Certificate expiry date:    9/6/2018 3:33:55 PM
Certificate Issued by:      C=US, E=kcscefiling@kingcounty.gov, OU=KCDJA,
                            O=KCDJA, CN="Julia
                            Garratt:AN4IhXr44hGIFD84YYhwmw=="

# EXHIBIT 23

8/21/2018                                        Washington Courts - Search Case Records



**Courts Home** | **Search Case Records**



Search | Site Map | ☑ eService Center

Home   |   Summary Data & Reports   |   Resources & Links   |   Get Help

# Superior Court Case Summary

# About Dockets

**Court:** King Co Superior Ct
**Case Number:** 17-2-10604-6

| Sub | Docket Date | Docket Code | Docket Description | Misc Info |
|-----|-------------|-------------|-------------------|-----------|
| 1 | 04-24-2017 | COMPLAINT | Complaint | |
| 2 | 04-24-2017 | SET CASE SCHEDULE JDG0046 | Set Case Schedule Judge Judith H Ramseyer Dept 46 | 04-23-2018ST |
| 3 | 04-24-2017 | CASE INFORMATION COVER SHEET LOCK | Case Information Cover Sheet Original Location - Kent | |
| 4 | 04-24-2017 | SUMMONS | Summons | |
| 5 | 04-25-2017 | AFFIDAVIT/DCLR/CERT OF SERVICE | Affidavit/dclr/cert Of Service | |
| 6 | 04-25-2017 | COST BILL | Cost Bill | |
| 7 | 04-25-2017 | MOTION FOR DEFAULT JUDGMENT | Motion For Default Judgment /pla | |
| 8 | 04-25-2017 | DEFAULT JUDGMENT | Default Judgment | |
| 9 | 06-02-2017 | AFFIDAVIT FOR GARNISHMENT | Affidavit For Garnishment | |
| 10 | 07-07-2017 | AFFIDAVIT FOR GARNISHMENT | Affidavit For Garnishment | |
| 11 | 07-13-2017 | NOTICE OF APPEARANCE | Notice Of Appearance/def | |
| 12 | 09-05-2017 | ANSWER TO WRIT OF GARNISHMENT | Answer To Writ Of Garnishment | |
| 13 | 09-15-2017 | AFFIDAVIT FOR GARNISHMENT | Affidavit For Garnishment | |
| 14 | 10-19-2017 | MOTION FOR ORDER TO SHOW CAUSE | Motion For Order To Show Cause /def | |
| 15 | 10-19-2017 | MOTION | Motion To Set Aside Order/def | |
| 16 | 10-19-2017 | DECLARATION | Declaration Of Sarah Douglass | |
| 17 | 10-19-2017 | DECLARATION | Declaration Of Keith Douglass | |
| 18 | 10-19-2017 | DECLARATION | Declaration Of Joseph Wilde | |
| 19 | 10-19-2017 | DECLARATION | Declaration Of Amanda Martin | |
| 20 | 10-19-2017 | ORDER TO SHOW CAUSE | Order To Show Cause /set Aside Jdgt | 11-03-2017 |
| 21 | 10-20-2017 | NOTICE OF HEARING ACTION | Notice Of Hearing Set Aside Default & Judgment | 11-03-20171T |
| 22 | 10-23-2017 | AFFIDAVIT OF MAILING | Affidavit Of Mailing | |
| 23 | 11-01-2017 | NOTE FOR MOTION DOCKET-LATE FILING | Note For Motion Docket-late Filing | 11-02-2017 |
| 24 | 11-01-2017 | DECLARATION | Declaration Of Marco Ruisla | |
| 25 | 11-01-2017 | RESPONSE | Response /def | |
| 26 | 11-01-2017 | MOTION TO CONTINUE | Motion To Continue /pla | |
| 27 | 11-01-2017 | MOTION | Motion /pla | |
| 28 | 11-01-2017 | MOTION | Motion /pla | |

## About Dockets

You are viewing the case docket or case summary. Each Court level uses different terminology for this information, but for all court levels, it is a list of activities or documents related to the case. District and municipal court dockets tend to include many case details, while superior court dockets limit themselves to official documents and orders related to the case.

If you are viewing a district municipal, or appellate court docket, you may be able to see future court appearances or calendar dates if there are any. Since superior courts generally calendar their caseloads on local systems, this search tool cannot display superior court calendaring information.

### Directions

King Co Superior Ct
516 3rd Ave, Rm C-203
Seattle, WA 98104-2361
Map & Directions
206-477-1400[Phone]
206-296-0986[Fax]
☑[Office Email]
**Visit Website**

### Disclaimer

**What is this website?** It is a search engine of cases filed in the municipal, district, superior, and appellate courts of the state of Washington. The search results can point you to the official or complete court record.

**How can I obtain the complete court record?** You can contact the court in which the case was filed to view the court record or to order copies of court records.

**How can I contact the court?**

8/21/2018                                        Washington Courts - Search Case Records

| 29 | 11-01-2017 | NOTE FOR MOTION DOCKET-LATE FILING | Note For Motion Docket-late Filing | 11-02-2017 |
| 30 | 11-02-2017 | RESPONSE | Response /def | |
| 31 | 11-02-2017 | RESPONSE | Response /def | |
| 32 | 11-14-2017 | AFFIDAVIT/DCLR/CERT OF SERVICE | Affidavit/dclr/cert Of Service | |
| 33 | 11-14-2017 | DECLARATION | Declaration Of Sarah K Douglass | |
| 34 | 11-14-2017 | DECLARATION | Declaration Of Joseph Wilde | |
| 35 | 11-14-2017 | DECLARATION | Declaration Of Keith Douglass | |
| 36 | 11-14-2017 | MOTION HEARING JDG0034 | Motion Hearing Judge Aaron C. Allred, Dept 34 | |
| - | 11-14-2017 | AUDIO LOG | Audio Log Dr 4b | |
| 37 | 11-17-2017 | ORDER VACATING JUDGMENT | Order Vacating Judgment | |
| 38 | 03-20-2018 | MOTION TO DISMISS | Motion To Dismiss /pla | |
| 39 | 08-01-2018 | CLERK'S ORDER OF DISMISSAL | Clerk's Order Of Dismissal | |

**Click here** for a court directory with information on how to contact every court in the state.

**Can I find the outcome of a case on this website?**
No. You must consult the local or appeals court record.

**How do I verify the information contained in the search results?**
You must consult the court record to verify all information.

**Can I use the search results to find out someone's criminal record?**
No. The Washington State Patrol (WSP) maintains state criminal history record information. Click here to order criminal history information.

**Where does the information come from?**
Clerks at the municipal, district, superior, and appellate courts across the state enter information on the cases filed in their courts. The search engine will update approximately twenty-four hours from the time the clerks enter the information. This website is maintained by the Administrative Office of the Court for the State of Washington.

**Do the government agencies that provide the information for this site and maintain this site:**

▸ **Guarantee that the information is accurate or complete?**
NO
▸ **Guarantee that the information is in its most current form?**
NO
▸ **Guarantee the identity of any person whose name appears on these pages?**
NO
▸ **Assume any liability resulting from the release or use of the information?**
NO

Courts | Organizations | News | Opinions | Rules | Forms | Directory | Library
Back to Top | Privacy and Disclaimer Notices

S2

# EXHIBIT 24

06/15/2015 Filing Fee Received ▲

06/15/2015 Case Information Cover Sheet ▲

06/15/2015 Summons and Complaint ▼

Comment
2: SUMMONS & COMPLAINT;

06/15/2015 Affidavit Declaration Certificate Confirmation of Service ▼

Comment
3: AFFIDAVIT/DCLR/CERT OF SERVICE;

06/15/2015 Answer ▼

Comment
4: ANSWER; KIM, ANTHONY;

10/28/2015 Notice of Appearance ▼

Comment
5: NOTICE OF APPEARANCE; BOTH DFDTS;

10/28/2015 Notice of Appearance ▲

12/17/2015 Amended Answer ▼

Comment
7: AMENDED ANSWER; BOTH DFDTS;

04/25/2018 Clerks Notice for Dismissal for Want of Prosecution

07/10/2018 Clerks Order of Dismissal ▲

07/10/2018 Case Resolution Dismissal Closure by Clerk

07/10/2018 Ex Parte Action With Order

8/21/2018

Details

## Case Information

15-2-04465-4 | NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3 VS
KIM ET AL ***DISMISSED***

| Case Number | Court | |
|---|---|---|
| 15-2-04465-4 | Snohomish | |
| File Date | Case Type | Case Status |
| 06/15/2015 | COL Collection | Completed/Re-Completed |

## Party

Plaintiff
NATIONAL COLLEGIATE STUDENT LOAN TRUST
2006-3, NFN

Defendant                                    Active Attorneys ▾
KIM, TONY                                    Pro Se

Defendant                                    Active Attorneys ▾
KIM, IL                                      Pro Se

## Events and Hearings

# EXHIBIT 25

FILED

Snohomish County Superior Court
Sonya Kraski
County Clerk
Everett WA

15-2-04465-4

| Rcpt. Date | Acct. Date | Time |
|---|---|---|
| 06/15/2015 | 06/16/2015 | 02:26 PM |

Receipt/Item #   Tran-Code   Docket-Code
2015-01-12478/01   1100   $FFT
Cashier: KAA

Paid By: SPECIALIZED ATTORNEY, SERVICES
Transaction Amount:        $240.00

FILED

2015 JUN 15  PM 2: 39

SONYA KRASKI
COUNTY CLERK
SNOHOMISH CO. WASH

CL17327862

## IN THE SUPERIOR COURT OF STATE OF WASHINGTON
## FOR SNOHOMISH COUNTY

NATIONAL COLLEGIATE STUDENT
LOAN TRUST 2006-3, A DELAWARE
STATUTORY TRUST(S)

                           Plaintiff,

vs.

TONY KIM and
IL KIM,

                           Defendants.

No.  **15  2  04465  4**

**SUMMONS**

To The Defendant(s):

A lawsuit has been started against you in the above-entitled Court by NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3, A DELAWARE STATUTORY TRUST(S), the plaintiff.

The plaintiff's claim is stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and serve a copy upon the undersigned attorneys for the plaintiff within 20 days after the service of this Summons, excluding the day of service, or within 60 days after service of this Summons, excluding the day of service, if you are served outside the State of Washington, or a Default Judgment may be entered against you without notice.

///

-1-

ORIGINAL

PATENAUDE & FELIX, A.P.C.
19401 40th Avenue West, Suite 280, Lynnwood, WA 98036
Tel: (425) 361-1662  Toll Free: (800) 832-7675

2

A Default Judgment is where the plaintiff is entitled to what it asks for because you have not responded. If you serve a Notice of Appearance on the undersigned attorneys, you are entitled to notice before a Default Judgment may be entered.

You may demand that the plaintiff file this lawsuit with the Court. If you do so, the demand must be in writing and must be served upon the plaintiff. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the Court or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED: January 14, 2015, at Lynnwood, WA.

Presented by:

**PATENAUDE & FELIX, A.P.C.**

MATTHEW CHEUNG, WSBA #43067
Attorney for Plaintiff
19401 40th Avenue West, Suite 280
Lynnwood, WA 98036
Tel: (425) 361-1662

-2-

SUMMONS
P&F FILE# 14-51621
WA_80 Summons

**PATENAUDE & FELIX, A.P.C.**
19401 40th Avenue West, Suite 280, Lynnwood, WA 98036
Tel: (425) 361-1662  Toll Free: (800) 832-7675

**NOTICE:**   State and federal law provide protections to defendants who are in the military service, and to their dependents. Dependents of a service member are the service member's spouse, the service member's minor child, or an individual for whom the service member provided more than one-half of the individual's support for one hundred eighty days immediately preceding an application for relief.

One protection provided is the protection against the entry of a default judgment in certain circumstances. This notice pertains only to a defendant who is a dependent of a member of the national guard or a military reserve component under a call to active service, or a national guard member under a call to service authorized by the governor of the state of Washington, for a period of more than thirty consecutive days. Other defendants in military service also have protections against default judgments not covered by this notice. If you are the dependent of a member of the national guard or a military reserve component under a call to active service, or a national guard member under a call to service authorized by the governor of the state of Washington, for a period of more than thirty consecutive days, you should notify the plaintiff or the plaintiff's attorneys in writing of your status as such within twenty days of the receipt of this notice. If you fail to do so, then a court or an administrative tribunal may presume that you are not a dependent of an active duty member of the national guard or reserves, or a national guard member under a call to service authorized by the governor of the state of Washington, and proceed with the entry of an order of default and/or a default judgment without further proof of your status. Your response to the plaintiff or plaintiff's attorneys about your status does not constitute an appearance for jurisdictional purposes in any pending litigation nor a waiver of your rights. RCW 38.42.050.

The plaintiff's attorneys are debt collectors. This is an attempt to collect a debt, and any information obtained will be used for that purpose.

-3-

SUMMONS
P&F FILE# 14-51621
WA_80 Summons

**PATENAUDE & FELIX, A.P.C.**
19401 40th Avenue West, Suite 280, Lynnwood, WA 98036
Tel: (425) 361-1662  Toll Free: (800) 832-7675

**IN THE SUPERIOR COURT OF STATE OF WASHINGTON
FOR SNOHOMISH COUNTY**

NATIONAL COLLEGIATE STUDENT
LOAN TRUST 2006-3, A DELAWARE
STATUTORY TRUST(S)

                           Plaintiff,

vs.

TONY KIM and
IL KIM,

                         Defendants.

No. 85-2 04465 4

**COMPLAINT FOR MONIES DUE**

The plaintiff alleges as follow:

1.    The plaintiff NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3, A DELAWARE STATUTORY TRUST(S) is duly authorized to bring this action in the State of Washington.

2.    The defendant is believed to be a married individual and as such incurred the below-referenced separate and community obligation.

3.    The defendant is a resident of Snohomish County, Washington.

4.    The defendant entered into a loan agreement with the plaintiff or the plaintiff's assignor BANK OF AMERICA, NA.

5.    At all times relevant to this action, the plaintiff had in effect a loan agreement on which the defendant was and continues to be the primary obligor on that loan.

///

-1-

COMPLAINT FOR MONIES DUE
P&F FILE# 14-51621
WA_85 Complaint

ORIGINAL

PATENAUDE & FELIX, A.P.C.
19401 40th Avenue West, Suite 280, Lynnwood, WA 98036
Tel: (425) 361-1662  Toll Free: (800) 832-7675

6.    As a result of the terms of the agreement, the defendant is indebted to the plaintiff on said loan in the amount of $47,333.45.

7.    Although demand has repeatedly been made upon the defendant for the unpaid balance of $47,333.45 on said loan, the defendant is now in default under the terms and conditions of the agreement.

8.    The plaintiff's attorneys are debt collectors. This is an attempt to collect a debt and any information obtained will be used for that purpose.

WHEREFORE, the plaintiff prays for judgment against the defendant as follows:

1.    For the principal sum of $47,333.45.

2.    Its costs and disbursements incurred in this action.

3.    For Post Judgment interest to run at the rate of 12% per annum from the date of judgment.

4.    Such other further and equitable relief as the Court finds just and proper.

DATED: January 14, 2015

PATENAUDE & FELIX, A.P.C.

MATTHEW CHEUNG, WSBA #43067
Attorney for Plaintiff
19401 40th Avenue West, Suite 280
Lynnwood, WA 98036
Tel: (425) 361-1662

-2-

COMPLAINT FOR MONIES DUE
P&F FILE# 14-51621
WA_85 Complaint

PATENAUDE & FELIX, A.P.C.
19401 40th Avenue West, Suite 280, Lynnwood, WA 98036
Tel: (425) 361-1662  Toll Free: (800) 832-7675

# EXHIBIT 26

FILED

2015 JUN 15 PM 2: 39

SONYA KRASKI
SUPERIOR COURT, IN AND FOR THE COUNTY OF **SNOHOMISH**
SNOHOMISH STATE OF WASHINGTON


CL17243384

National Collegiate Student Loan Trust 2006-3 A
Delaware Statutory Trust(s)

          Plaintiff / Petitioner

vs.

# TONY KIM , ET AL.
                 Defendant / Respondent

Cause #:

# 15 2 04465 4

Declaration of Service of:
   SUMMONS AND COMPLAINT

Hearing Date:

Declaration:

The undersigned hereby declares: That s(he) is now and at all times herein mentioned, a citizen of the United States and a resident of the State of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and competent to be a witness therein.

On the date and time of: **01/23/15 1:04 PM**
at the address of:      **809 234TH ST SE**
                  **BOTHELL**          **WA**      **980216800**
within the County of   **SNOHOMISH**
State of WASHINGTON, the declarant duly served the above-described documents upon:
      **TONY KIM**
by then and there personally delivering 2 true and correct copy(ies) thereof, by then presenting to and leaving the same with: **DARIA KIM**
       **CO-RESIDENT, MOTHER**
       **ASIAN FEMALE 51-65 YRS. BLACK HAIR 5FT 4IN - 5FT 8IN 100-130 LBS**
A person of suitable age and discretion residing at the defendant's/respondent's usual place of abode listed above.

No information was provided that indicates that the subjects served are members of the U.S. military.

I hereby declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: 2015-01-23      Lynnwood  WA 98036

by _____
    MARCO A. RUISLA SR        2011-26

Service Fee Total: $67.50

Specialized Attorney Services

(206) 906-9694

**ORIGINAL**
**PROOF OF SERVICE**

14-51621
Patenaude & Felix, APC
4727 44th SW Ave, #103
Seattle, WA 98116
(206) 906-9694



3

FILED

2015 JUN 15 PM 2: 39

SONYA KRASKI
SUPERIOR COURT, IN AND FOR THE COUNTY OF **SNOHOMISH**
SNOHOMISH STATE OF WASHINGTON

National Collegiate Student Loan Trust 2006-3  A
Delaware Statutory Trust(s)

                         Plaintiff / Petitioner

Cause #:

**15  2  04465  4**

vs.

**IL KIM**          , ET AL.
              Defendant / Respondent

Declaration of Service of:
**SUMMONS AND COMPLAINT**

Hearing Date:

Declaration:

The undersigned hereby declares: That s(he) is now and at all times herein mentioned, a citizen of the United States and a resident of the State of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and competent to be a witness therein.

On the date and time of:  **01/23/15 1:12 PM**
at the address of:        **809 234TH ST SE**
                          **BOTHELL**          **WA**     **98021680**
within the County of      **SNOHOMISH**
State of WASHINGTON, the declarant duly served the above-described documents upon:
                          **IL KIM**
by then and there personally delivering 2 true and correct copy(ies) thereof, by then presenting to and leaving the same with: **DARIA KIM**
                          **CO-RESIDENT, SPOUSE**
                          **ASIAN FEMALE 51-65 YRS. BLACK HAIR 5FT 4IN - 5FT 8IN 100-130 LBS**
A person of suitable age and discretion residing at the defendant's/respondent's usual place of abode listed above.

No information was provided that indicates that the subjects served are members of the U.S. military.

I hereby declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: 2015-01-23        Lynnwood  WA 98036

by _____                    Service Fee Total: $67.50
     MARCO A. RUISLA SR              2011-26

Specialized Attorney Services

(206) 906-9694

**ORIGINAL**
**PROOF OF SERVICE**

14-51621
Patenaude & Felix, APC
4727 44th SW Ave, #103
Seattle, WA 98116
(206) 906-9694


ORIGINAL

# EXHIBIT 27

**CL17243385**

**FILED**

6/15/15

SONYA KRASKI
COUNTY CLERK
SNOHOMISH CO. WASH.

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR SNOHOMISH COUNTY**

NATIONAL COLLEGIATE STUDENT
LOAN TRUST 2006-3, A DELAWARE
STATUTORY TRUST(S)

                                   Plaintiff,

vs.

TONY KIM and
IL KIM,

                                   Defendants.

Case No.:   **15 2 04465 4**

**DEFENDANT'S RESPONSE TO
COMPLAINT**

The attached document was received by our office by:

[ ] Fax

[X] U.S. Mail

[ ] Email

[ ] Messenger or hand delivery

Dated at Lynnwood, Washington on June 11, 2015.

Matthew Cheung, WSBA #43067
Attorney for Plaintiff

-1-

**DEFENDANT'S RESPONSE TO COMPLAINT**



PATENAUDE & FELIX, A.P.C.
19401 40th Avenue West, Suite 280, Lynnwood, WA 98036
Tel: (206) 441-4065  Toll Free: (800) 832-7675

WA_74E Cover for Response                    P&F File No. 14-51621

14-51621

1  **SUPERIOR COURT OF WASHINGTON**
2  **IN AND FOR SNOHOMISH COUNTY**

3  Pat enaude & Felix APC                    | Cause No.
   _____
4  (Insert Petitioner's/Plaintiff's Name Above)
                    **Petitioner/Plaintiff,**

5  vs.

6  Anthony Kim                               | **NOTICE OF APPEARANCE PRO SE**
   _____
7  (Insert Respondent's/Defendant's Name Above)
                    **Respondent/Defendant**

8  I / We  Anthony Kim _____ hereby give notice of
                (Insert Your Name(s))
9  my / our appearance in the above entitled case and direct and request that all further papers

10 and pleadings herein, except original process, be served on me / us by leaving the same at or

11 mailing to the address stated below, pursuant to Civil Rule 5 (CR 5).

12 Dated: 1/31/15            Signed _____

13 Dated: _____   Signed _____

14

15

16

17 Name(Print):  _____

18 Address:      _____

19              _____

20 Phone:        (    ) _____

21

22

23 S:\FORMS\FCUSTSERVFINANCE\FCUSTSRV\Notice of Appearance PRO SE.doc

24

**SUPERIOR COURT OF WASHINGTON**
**COUNTY OF SNOHOMISH**

In re: National Collegiate Student
Loan Trust 2006-3.
P & F File # 14-5162

Petitioner(s),

and

_____
Respondent(s).

NO.

**DECLARATION OF**
_____ [NAME]

**(OPTIONAL USE)**
**(DCLR)**

This declaration is made by:

Name:   Anthony (Tony) Kim

Age:    30

Relationship to the parties in this action:   Son

I DECLARE that:

A lawsuit has been filed against me regarding
my student loans that has been in default.
I fully understand my obligation to pay back
these loans however I have not been steadily
working in a career in which I took these loans
out to pursue. I have also not been able to
track down all of my loans since they
have been changing hands with lenders during
this entire process. I have called Patenaude
& Felix, A.P.C. on January 29th 2015 at 12:30pm

*DECLARATION (DCLR) - Page 1 of ___*
*WPF DRPSCU 01.0100 (7/2003)*



RECEIVED
FEB - 3 2015
BY: _____

and spoke to a representative to make good faith payment arrangements but they will not accept my arrangement of $50.00 / month. This is all I can afford at this time. I just started a new job 2 weeks ago and have just started to make a career in marketing for r myself. My mother is retired and my father is about to retire as a janitor at the University of WA. I b Sung Kim & Doria Kim, I have obligations each month to help my parents with water, gas, mortgage, credit card payments, food, and other essential payments for us to survive. I will attach a good faith payment today with this letter and every month here on out until a settlement can be made. Thank you for your understanding of my current financial situation.

**(Attach Additional Pages if Necessary and Number Them.)**

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Signed at _____Bothell_____ , [City] __WA__ [State] on __1/31/15__ [Date].

_____          _____Tony Kim_____
**Signature**                              **Print or Type Name**

DO NOT ATTACH FINANCIAL RECORDS TO THIS DECLARATION. FINANCIAL RECORDS SHOULD BE SERVED ON THE OTHER PARTY AND FILED WITH THE COURT SEPARATELY USING THE SEALED FINANCIAL SOURCE DOCUMENTS COVER SHEET (WPF DRPSCU 09.0220). IF FILED SEPARATELY USING THE COVER SHEET, THE RECORDS WILL BE SEALED TO PROTECT YOUR PRIVACY (ALTHOUGH THEY WILL BE AVAILABLE TO THE OTHER PARTIES IN THE CASE, THEIR ATTORNEYS, AND CERTAIN OTHER INTERESTED PERSONS. SEE GR 22 (C)(2)).

*DECLARATION (DCLR) - Page 2 of ____*
*WPF DRPSCU 01.0100 (7/2003)*

# EXHIBIT 28

**CL17470655**

FILED

2015 OCT 28  PM 4: 40

SONYA KRASKI
COUNTY CLERK
SNOHOMISH CO. WASH

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-2, a Delaware Statutory Trust, | Case No. 15-2-04465-4 |
| Plaintiff, | NOTICE OF APPEARANCE |
| v. | |
| Tony Kim and Il Kim, | |
| Defendant(s). | |

To: The Clerk of the Court, and

AND TO: Matthew Cheung, Attorney for Plaintiffs

PLEASE TAKE NOTICE that Christina L Henry and Henry, DeGraaff & McCormick, P.S. hereby appear in this action as attorneys for defendants Tony Kim and Il Kim, all motions, papers and pleadings filed herein, exclusive of original process, are to be served upon the undersigned at the address below stated, reserving the statutory time within which to plead further.

Christina L Henry
Henry, DeGraaff & McCormick, P.S.
1833 N. 105th Street, Suite 203
Seattle, WA 98133
206/330-0595

NOTICE OF APPEARANCE - 1

HENRY, DeGRAAFF & McCORMICK, P.S.
1833 N. 105TH ST. SUITE 203
SEATTLE, WA 98133
telephone (206) 330-0595
fax 1 (206) 400-7609

All claims and defenses, including without limitation, those relating to service and jurisdiction are reserved.

DATED this October 28, 2015

HENRY, DEGRAAFF & MCCORMICK, P.S.

By: _____
Christina L Henry, WSBA #31273
Attorneys for Defendant(s)

## PROOF OF SERVICE

I, Christina L Henry, declare under penalty of perjury as follows:

I am over the age of eighteen years, a citizen of United States, not a party herein, and am competent to testify to the facts set forth in this Notice of Appearance.

That on October 28, 2015 I caused a copy of the foregoing document to be served via hand delivery to:

Matthew Cheung, WSB 43067
Attorney for Plaintiff
Patenaude & Felix, APC
19401 40th Ave West, Ste 280
Lynnwood, WA 98036

I CERTIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING STATEMENT IS BOTH TRUE AND CORRECT.

Executed this October 28, 2015 at Seattle, Washington.

_____
Christina L Henry

NOTICE OF APPEARANCE - 2

HENRY, DEGRAAFF & MCCORMICK, P.S.
1833 N. 105TH ST. SUITE 203
SEATTLE, WA 98133
telephone (206) 330-0595
fax 1 (206) 400-7609

EXHIBIT 29

FILED

2015 DEC 17  AM 10: 38

SONYA KRASKI
COUNTY CLERK
SNOHOMISH CO. WASH



**CL17700459**

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR SNOHOMISH COUNTY

NATIONAL COLLEGIATE STUDENT LOAN
TRUST 2006-3, A Delaware Statutory Trust,

              Plaintiff,

    v.

Tony Kim and Il Kim

              Defendant(s).

Case No. 15-2-04465-4

AMENDED ANSWER TO
COMPLAINT

COMES NOW Defendants Tony Kim and Il Kim who hereby file these Amended
Answers to the allegations in the Complaint as follows:

## I.    GENERAL DENIAL

1.    In answer to Paragraph 1, said paragraph requires a legal conclusion to which no
response is required and therefore, Defendants Tony Kim and Il Kim deny the same. Moreover,
Defendants deny that Plaintiff has standing to bring this action.

2.    In answer to Paragraph 2, Defendant Il Kim is a married individual, but he is not
married to the co-defendant in this Complaint.  Defendant Il Kim's marital community is also not
named in the complaint, thus, to the extent paragraph 2 refers to a marital community between
the defendants it is denied.  Additionally, Defendant Tony Kim is not married and thus all
allegations in paragraph 3 referring to him are denied.

AMENDED ANSWER TO COMPLAINT - 1

HENRY, DeGRAAFF & McCORMICK, P.S.
1833 N. 105TH ST. SUITE 203
SEATTLE, WA 98133
telephone (206) 330-0595
fax 1 (206) 400-7609

7

3.      In answer to Paragraph 3, both Defendant Tony Kim and Il Kim admit that they both reside in Snohomish County, WA.

4.      In answer to Paragraph 4, the document speaks for itself, and therefore, requires no response.  Furthermore, in answer to Paragraph 4, Defendants Tony Kim and Il Kim are without sufficient information with which to admit or deny said paragraph, and therefore, both Defendants deny the same.

5.      In answer to Paragraph 5, the document speaks for itself, and therefore, requires no response.  Furthermore, in answer to Paragraph 5, said paragraph requires a legal conclusion to which no response is required and therefore, Defendants Tony Kim and Il Kim deny the same. Also, in answer to Paragraph 5, Defendants Tony Kim and Il Kim are without sufficient information with which to admit or deny said paragraph, and therefore, Defendants Tony Kim and Il Kim deny the same.

6.      In answer to Paragraph 6, Defendants Tony Kim and Il Kim are without sufficient information with which to admit or deny said paragraph, and therefore, both Defendants Il Kim and Tony Kim deny the same.

7.      In answer to Paragraph 7, Defendant Tony Kim and Il Kim are without sufficient information with which to admit or deny said paragraph, and therefore, Defendants Tony Kim and Il Kim deny the same.

8.      In answer to Paragraph 8, said paragraph requires a legal conclusion to which no response is required and therefore, Defendant Tony Kim and Il Kim deny the same.

REGARDING PLAINTIFF'S PRAYER FOR RELIEF, Defendant Tony Kim and Il Kim deny that Plaintiff is entitled to relief.

AMENDED ANSWER TO COMPLAINT - 2

HELSBY, DeGRAAFF & McCORMICK, P.S.
1833 N. 105TH ST. SUITE 203
SEATTLE, WA 98133
telephone (206) 330-0595
fax 1 (206) 400-7609

## II.   **AFFIRMATIVE DEFENSES**

Having answered all the allegations in Plaintiff's Complaint, Defendants Tony Kim and Il Kim set forth the following by way of affirmative defenses:

1.      UNCLEAN HANDS - Plaintiff's claims are barred by the doctrine of unclean hands.

2.      FAILURE TO STATE A CLAIM - That the Plaintiff has failed to state a claim upon which relief may be granted where none of the alleged facts are sufficient to support a claim for breach of contract, and where the elements of an action sounding in tort are not presented.

3.      PARTY IN INTEREST - Plaintiff's claims are barred due to lack of standing because it is not the real party in Interest as required under CR 17.

4.      ASSIGNMENT – That Plaintiff has either failed or refused to produce a written assignment instrument. Plaintiff cannot prove that it is the real party in interest. As a result, Plaintiff never had the authority to file this lawsuit to begin with and Plaintiff certainly has no authority to maintain this lawsuit today.

5.      ASSENT – That Defendants never assented to the terms of the alleged contract. "Assent" is required to create a binding contract. Defendants deny that Assent is present in this case. Plaintiff has no proof that there was a contract, or assent thereto.

6.      MITIGATION OF DAMAGES - That if the Plaintiff suffered any damages, recovery therefore is barred by Plaintiff's failure to mitigate said damages.

7.      BALANCE INACCURATE AND SUM NOT CERTAIN – That Defendants dispute the balance as alleged, and the interest rate as alleged.

8.      VOID AND UNENFORCEABLE BASED ON UNCONSCIONABILITY – That the alleged contract at issue in this lawsuit is so overly one-sided and unfair as to be void and unenforceable due to unconscionability.

AMENDED ANSWER TO COMPLAINT - 3

HENRY, DeGRAAFF & McCORMICK, P.S.
1833 N. 105TH ST. SUITE 203
SEATTLE, WA 98133
telephone (206) 330-0595
fax 1 (206) 400-7609

9.      ILLUSORY – That because the alleged contract is only enforceable against Defendants, and because the illusory clauses are not distinguished through a severability clause, the entire contract is illusory and unenforceable.

10.     VOID AS AGAINST PUBLIC POLICY – That because the alleged contract is unconscionable and illusory and because it is presented to a substantial number of consumers on a take-it or leave-it basis, the alleged contract violates public policy.

11.     DAMAGES – That even if Plaintiff could establish assent, Plaintiff cannot prove that it suffered any damages as a result of the breach. "Damages" is an essential element to a breach of contract claim.

12.     MODIFICATION – That any and all claims alleged by Plaintiff are barred or unenforceable by the doctrine of modification.

13.     WAIVER – That any and all claims alleged by Plaintiff are barred or unenforceable by the doctrine of waiver.

14.     ESTOPPEL – That any and all claims alleged by Plaintiff are barred or unenforceable by the doctrine of estoppel.

15.     IN PARI DELICTO – That any and all claims alleged by Plaintiff are barred or unenforceable by the doctrine of In Pari Delicto.

## III.    PRAYER FOR RELIEF

WHEREFORE, Defendants pray the court will grant the following relief:

1.      Dismissal of all of Plaintiff's claims against Defendants Tony Kim and Il Kim with prejudice for the reasons listed above;

2.      For an award of attorney's fees and costs pursuant to RCW 4.84 et seq.;

3.      Attorney's fees and costs as allowed by any other applicable law;

4.      For leave to amend this answer as needed, including adding defenses and/or counterclaims;

AMENDED ANSWER TO COMPLAINT - 4

HENRY, DeGRAAFF & McCORMICK, P.S.
1833 N. 105TH ST. SUITE 203
SEATTLE, WA 98133
telephone (206) 330-0595
fax 1 (206) 400-7609

5.      Allow and enable Defendants Tony Kim and Il Kim to conduct discovery of facts and evidence that may be in the possession of the original creditor and drafter of the alleged contract at issue;

6.      Allow and enable Defendant to move for CR 23(b) status if/when Defendants determine that Plaintiff's and the original creditor's conduct rises to the numerosity requirement of said civil rule; and

7.      And for other relief as this Court deems just and equitable.

DATED this December 15th, 2015

HENRY, DEGRAAFF & MCCORMICK, P.S.

By: _____
Christina L Henry, WSBA #31273
Attorneys for Defendant
Henry, DeGraaff & McCormick, PS
1833 N 105th St, Ste 203
Seattle, WA 98133
Tel# 206-330-0595
Fax# +1-206-400-7609

AMENDED ANSWER TO COMPLAINT - 5

EXHIBIT 30

16-2-04465-4
CMDWP          8
Clerks Notice for Dismissal for Want of Prosecu
2987246

FILED

2018 APR 25  AM 7:22

SONYA KRASKI
COUNTY CLERK
SNOHOMISH CO. WASH

## SUPERIOR COURT OF THE STATE OF WASHINGTON
## COUNTY OF SNOHOMISH

| | |
|---|---|
| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3 <br><br> VS <br><br> KIM ET AL | Case No. 15-2-04465-4 <br><br> ☒ CLERK'S NOTICE FOR DISMISSAL FOR WANT OF PROSECUTION (CMDWP) <br><br> ☒ AFFIDAVIT OF MAILING |

1.  There has been no action on this case in the past twelve (12) months.

2.  Pursuant to Civil Rule 41(b)(2), this case will be closed by the Court for want of prosecution **unless within 30 days of the mailing of this notice**:

    a.  Action of record is made, or

    b.  Application is made to the court in writing and good cause shown why it should be continued as a pending Case.

3.  This notice was mailed on:

Dated:

APR 2 5 2018

SONYA KRASKI,
Snohomish County Clerk

Dena Marley
Deputy Clerk

AFFIDAVIT OF MAILING

MAILED TO:

MATTHEW CHEUNG
19401 40TH AVE W STE 280
LYNNWOOD WA  98036-5600


CHRISTINA LATTA HENRY
150 NICKERSON ST STE 311
SEATTLE WA  98109-1634

# EXHIBIT 31



15-2-04465-4
CLOD           9
Clerks Order of Dismissal
3182634

FILED

2018 JUL 10  AM 9:37

SONYA KRASKI
COUNTY CLERK
SNOHOMISH CO. WASH.

FILED

2018 MAY 29  AM 6:00

SONYA KRASKI
COUNTY CLERK
SNOHOMISH CO. WASH.

### SUPERIOR COURT OF THE STATE OF WASHINGTON
### COUNTY OF SNOHOMISH

| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3 | Case No. 15-2-04465-4 |
|---|---|
| VS | ORDER OF DISMISSAL FOR WANT OF PROSECUTION (CLOD) |
| KIM ET AL | |

## I. BASIS

Pursuant to Civil Rule 41(B)(2), no action of record has been taken on this case in the past twelve months.

## II. FINDINGS

The court finds:

2.1     Notice of Pending Clerk's Dismissal was mailed to the parties of record at their last known addresses not less than thirty days prior to the date of this order.

2.2     No good cause has been shown why a dismissal should not be entered.

## III. ORDER

IT IS ORDERED that this matter be dismissed without prejudice.

Dated : 7/10/18

DATED: ___MAY 29 2018___

_Jaclyn D Brudwik_
COURT COMMISSIONER

PRESENTED BY: DENA MARLEY

ORIGINAL

_received in Case Management 7/10_

EXHIBIT 32

Details

## Case Information

15-2-03144-7 | NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-2 VS
KIM ET AL ***DISMISSED***

Case Number
15-2-03144-7

Court
Snohomish

File Date
03/31/2015

Case Type
COL Collection

Case Status
Completed/Re-
Completed

## Party

Plaintiff
NATIONAL COLLEGIATE STUDENT LOAN TRUST
2005-2, NFN

Defendant
KIM, TONY

Active Attorneys ▾
Pro Se

Defendant
KIM, DARIA

Active Attorneys ▾
Pro Se

## Disposition Events

8/21/2018                                                                              Details

04/02/2015 Judgment ▾

Judgment Type
General Recovery

Monetary/Property Award

Creditors: NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-2, NFN

Debtors: KIM, DARIA, KIM, TONY

Signed Date: 04/01/2015

Filed Date: 04/02/2015

Effective Date: 04/02/2015

Current Judgment Status:

Status: Vacated

Status Date: 12/01/2015

Comment: Judgments this case: 1 Signed by: COMMISSIONER LESTER H
STEWART 2015-04-02 DFJG DEFAULT JUDGMENT AGAINST DFTS
TONY & DARIA KIM IN FVR OF PLF PRINCIPAL 5,928.46. INT TO DATE
966.51. COSTS 405.00. (INT @ 12% PA) 2015-04-02 CB COST BILL 2015-
07-27 JDOAGD JDGMT ON ANSWER OF GARN DEF - $1045.32 GARN
COSTS 86.00. 2015-08-18 $TRG TRUST RCVD-GARNISHMENT -
$1045.32 2015-08-18 PRTSJG PARTIAL SATISFACTION OF JUDGMENT
($1045.32) 2015-08-19 NOTE FUNDS DISBURSED ($1045.32) 2015-12-01
ORVCJG ORDER VACATING JUDGMENT 2015-12-14 $TRT TRUST
RCVD-TENDER - $1035.32 2015-12-14 $TRT TRUST RCVD-TENDER -
$1146.76

# Events and Hearings

03/31/2015 Filing Fee Received ▲

03/31/2015 Case Information Cover Sheet ▲

03/31/2015 Summons and Complaint ▾

Comment
2: SUMMONS & COMPLAINT;

04/02/2015 Affidavit Declaration Certificate Confirmation of Service ▾

Comment
3: AFFIDAVIT/DCLR/CERT OF SERVICE;

04/02/2015 Motion for Default ▾

Comment
4: MOTION FOR DEFAULT;

04/02/2015 Default Judgment ▾

Comment
5: DEFAULT JUDGMENT;

04/02/2015 Order of Default ▲

04/02/2015 Ex Parte Action With Order ▲

04/02/2015 Cost Bill ▲

05/26/2015 Affidavit for Garnishment ▲

05/26/2015 Writ of Garnishment ▲

06/22/2015 Answer to Writ ▲

07/27/2015 Declaration of Mailing ▲

07/27/2015 Motion and Affidavit Declaration ▲

07/27/2015 Judgment on Answer of Garnishee Defendant ▲

07/27/2015 Ex Parte Action With Order ▲

09/09/2015 Affidavit for Garnishment ▲

09/09/2015 Writ of Garnishment ▲

09/25/2015 Exemption Claim ▲

09/25/2015 Answer and Affirmative Defense ▲

10/13/2015 Affidavit for Garnishment ▲

Details

10/13/2015 Writ of Garnishment ▲

10/28/2015 Notice of Appearance ▼

Comment
16: NOTICE OF APPEARANCE; BOTH DFDTS;

10/28/2015 Motion for Order to Show Cause ▼

Comment
17: MOTION FOR ORDER TO SHOW CAUSE;

10/28/2015 Declaration Affidavit ▼

Comment
18: DECLARATION OF DARIA KIM;

10/28/2015 Declaration Affidavit ▲

10/28/2015 Declaration Affidavit ▲

10/28/2015 Note for Calendar ▲

11/03/2015 Declaration Affidavit ▼

Comment
22: DECLARATION OF MARCO RUISLA;

11/03/2015 Declaration Affidavit ▲

11/03/2015 Objection Opposition ▼

Comment
24: OPPOSITION TO DFDT'S MOTION TO; VACATE;

11/04/2015 Continuance Agreement ▲

11/04/2015 Note for Calendar ▲

11/05/2015 CM Commissioners' Civil Motions ▲

11/05/2015 Hearing Continued Defense Respondent Requested ▲

11/12/2015 Order to Show Cause ▲

11/12/2015 Ex Parte Action With Order ▲

11/19/2015 CM Commissioners' Civil Motions ▲

11/19/2015 CM Commissioners' Civil Motions ▲

11/19/2015 Hearing Stricken Not Confirmed and Not Heard ▲

11/19/2015 Note for Calendar ▲

11/19/2015 Order to Show Cause ▲

11/19/2015 Ex Parte Action With Order ▲

11/30/2015 Reply ▼

Comment
29: REPLY IN SUPPORT OF MOTION;

12/01/2015 CM Commissioners' Civil Motions ▲

12/01/2015 Void Sub Number Voided ▲

12/01/2015 Motion Hearing ▲

12/01/2015 Order Vacating Judgment ▼

Comment
32: ORDER VACATING DEFAULT JUDGMENT;

12/01/2015 Order Quashing ▲

12/17/2015 Answer ▼

Comment
33: ANSWER; BOTH DFDTS;

04/25/2018 Clerks Notice for Dismissal for Want of Prosecution

07/10/2018 Clerks Order of Dismissal ▼

| Judicial Officer Brudvik, Jacalyn D | Comment *************************************************** |
|---|---|

07/10/2018 Case Resolution Dismissal Closure by Clerk

07/10/2018 Ex Parte Action With Order

08/06/2018 Letter ▲

08/06/2018 Letter ▲

08/17/2018 Motion ▲

08/17/2018 Declaration Affidavit

08/17/2018 Note for Calendar

08/24/2018 Motion to Disburse ▼

Hearing Time
10:30 AM

# EXHIBIT 33

1
2
3
4
5
6
7
8

**IN THE SUPERIOR COURT OF STATE OF WASHINGTON**
**FOR SNOHOMISH COUNTY**

NATIONAL COLLEGIATE STUDENT
LOAN TRUST 2005-2, A DELAWARE
STATUTORY TRUST

No. **15  2  03144  7**

**COMPLAINT FOR MONIES DUE**

Plaintiff,

vs.

TONY KIM and
DARIA KIM,

Defendants.

The plaintiff alleges as follow:

1.     The plaintiff NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-2, A

DELAWARE STATUTORY TRUST is duly authorized to bring this action in the State of

Washington.

2.     The defendant is believed to be a married individual and as such incurred the

below-referenced separate and community obligation.

3.     The defendant is a resident of Snohomish County, Washington.

4.     The defendant entered into a loan agreement with the plaintiff or the plaintiff's

assignor BANK ONE.

5.     At all times relevant to this action, the plaintiff had in effect a loan agreement on

which the defendant was and continues to be the primary obligor on that loan.

/ / /

-1-

**COMPLAINT FOR MONIES DUE**
P&F FILE# 14-51604
WA_85 Complaint

**PATENAUDE & FELIX, A.P.C.**
9401 Ninth Avenue West, Suite 280, Lynnwood, WA 98036
(425) 361-1662  Toll Free: (800) 832-7675

ORIGINAL

6.   As a result of the terms of the agreement, the defendant is indebted to the plaintiff on said loan in the amount of $6,894.97.

7.   Although demand has repeatedly been made upon the defendant for the unpaid balance of $6,894.97 on said loan, the defendant is now in default under the terms and conditions of the agreement.

8.   The plaintiff's attorneys are debt collectors. This is an attempt to collect a debt and any information obtained will be used for that purpose.

WHEREFORE, the plaintiff prays for judgment against the defendant as follows:

1.   For the principal sum of $6,894.97.

2.   Its costs and disbursements incurred in this action.

3.   For Post Judgment interest to run at the rate of 12% per annum from the date of judgment.

4.   Such other further and equitable relief as the Court finds just and proper.

DATED: January 14, 2015

PATENAUDE & FELIX, A.P.C.

MATTHEW CHEUNG, WSBA #43067
Attorney for Plaintiff
19401 40th Avenue West, Suite 280
Lynnwood, WA 98036
Tel: (425) 361-1662

-2-

COMPLAINT FOR MONIES DUE
P&F FILE# 14-51604
WA_85 Complaint

PATENAUDE & FELIX, A.P.C.
19401 40th Avenue West, Suite 280, Lynnwood, WA 98036
Tel: (425) 361-1662  Toll Free: (800) 832-7675

EXHIBIT 34



CL16797706

FILED

2015 APR -2 PM 2:08

SONYA KRASKI
COUNTY CLERK
SNOHOMISH CO. WASH

SUPERIOR COURT IN AND FOR THE COUNTY OF **SNOHOMISH**
STATE OF WASHINGTON

National Collegiate Student Loan Trust 2005-2 A
Delaware Statutory Trust

Plaintiff / Petitioner

vs.

**TONY KIM** , ET AL.

Defendant / Respondent

Cause #:

**15-2 03144 7**

Declaration of Service of:
SUMMONS AND COMPLAINT

Hearing Date:

Declaration:

The undersigned hereby declares: That s(he) is now and at all times herein mentioned, a citizen of the United States and a resident of the State of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and competent to be a witness therein.

On the date and time of: 01/23/15 12:55 PM
at the address of:       809 234TH ST SE
                         BOTHELL              WA       980216800
within the County of     SNOHOMISH
State of WASHINGTON, the declarant duly served the above-described documents upon:
                         TONY KIM
by then and there personally delivering 2 true and correct copy(ies) thereof, by then presenting to and leaving the same with: DARIA KIM
                         CO-RESIDENT, MOTHER
            **ASIAN FEMALE 51-65 YRS. BLACK HAIR 5FT 4IN - 5FT 8IN 100-130 LBS**
A person of suitable age and discretion residing at the defendant's/respondent's usual place of abode listed above.

No information was provided that indicates that the subjects served are members of the U.S. military.

I hereby declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: 2015-01-23       Lynnwood WA 98036

by _____                    Service Fee Total: $67.50

      MARCO A. RUISLA SR              2011-26

Specialized Attorney Services                                              14-51604

(206) 906-9694                **ORIGINAL**          Patenaude & Felix, APC
                              **PROOF OF SERVICE**   4727 44th SW Ave. #103
                                                    Seattle, WA 98116
                                                    (206) 906-9694

3

# EXHIBIT 35

FILED

2015 APR -2 PM 2: 08

SONYA KRASKI
COUNTY CLERK
SNOHOMISH CO. WASH

**CL17181178**

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## FOR SNOHOMISH COUNTY

| | |
|---|---|
| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-2, A DELAWARE STATUTORY TRUST<br><br>Plaintiff,<br><br>vs.<br><br>TONY  KIM and<br>DARIA  KIM,<br><br>Defendants. | Case No.: **1 5   2   0 3 1 4 4   7**<br><br>**MOTION & DECLARATION FOR DEFAULT AND JUDGMENT** |

### I. MOTION

The plaintiff, by and through its attorneys, Patenaude & Felix, A.P.C., respectfully moves the Court for an Order of Default and Judgment against the defendant, TONY  KIM and DARIA  KIM, in the principal sum of $6,894.97, together with costs, as requested in the judgment.

This Motion is based on the affidavits or declarations in support of entry of judgment submitted herewith and the subjoined declaration of counsel.

### II. DECLARATION

The undersigned declares under penalty of perjury under the laws of the State of Washington that the following is true and correct:

1.      I am the attorney of record for the plaintiff herein. I base this declaration on my review of the file maintained by this law firm with regard to this matter.

///

-1-

MOTION & DECLARATION FOR DEFAULT JUDGMENT

ORIGINAL

PATENAUDE & FELIX, A.P.C.
19401 40th Avenue West, Suite 280, Lynnwood, WA 98036
Tel: (425) 361-1662  Toll Free: (800) 832-7675

WA_90 Mtn and Dec DJ

P&F File No. 14-51664

2.     That on 1/23/2015, in Snohomish County, Washington, the defendant, TONY KIM and DARIA KIM, was served with a Summons and Complaint in the above referenced action. The Affidavit of such service is filed herein. More than 20 days have elapsed since the date of service.

3.     The defendants have failed to serve an appearance/answer or otherwise defend, in accordance with CR55 within the time permitted by law.

4.     Venue is appropriate under R.C.W. 4.28, because Snohomish County is the county in which the defendant resides.

5.     The defendant is not a person in the Military Service of the United States, as defined in the Soldier's and Sailor's Civil Relief Act of 1940 as amended by the The Service member's Civil Relief Act of 2003. The declarant's staff has checked the U.S. Department of Defense Manpower Date Center, and the report provided and attached states that the Department of Defense does not possess any information indicating the defendant is on Military Duty. Attached as an addendum is the information that the above statement if based upon. The declarant is unable to determine whether the defendant is a dependent of a service member.

I declare under penalty of perjury of the laws of the State of Washington that the foregoing is true and correct.

DATED: March 17, 2015, at Lynnwood, WA.

Presented by:

**PATENAUDE & FELIX, A.P.C.**

MATTHEW CHEUNG, WSBA #43067
Attorney for Plaintiff
Patenaude & Felix, A.P.C.
19401 40th Avenue West, Suite 280
Lynnwood, WA 98036
(425) 361-1662

-2-

**MOTION & DECLARATION FOR DEFAULT JUDGMENT**

PATENAUDE & FELIX, A.P.C.
19401 40th Avenue West, Suite 280, Lynnwood, WA 98036
Tel: (425) 361-1662  Toll Free: (800) 832-7675

WA_90 Mtn and Dec DJ                    P&F File No. 14-51604

EXHIBIT 36

14-51604 NTI

NATIONAL COLLEGIATE STUDENT
LOAN TRUST 2005-2
A Delaware Statutory Trust(s)                    )
                                                 )
                                                 )
Plaintiff                                        )        Docket #
                                                 )
v.                                               )
                                                 )
TONY KIM                                         )
DARIA KIM                                        )
                                                 )
Defendant(s)                                     )

### AFFIDAVIT AND VERIFICATION OF ACCOUNT

STATE OF GEORGIA                                 )
                                                 )
COUNTY OF GWINNETT                               )

BEFORE ME, the undersigned authority, personally appeared Affiant _____Dudley Turner_____,

who being first duly sworn, deposes and states:

    1.    I am employed by Transworld Systems Inc. (hereinafter TSI), the designated

Custodian of Records for Plaintiff pertaining to the Defendants' education loan(s) forming the

subject matter of the above-captioned Complaint.   I am duly authorized by Plaintiff to make the

representations contained in this Affidavit and I am over the age of 18 and competent to testify to

the matters stated in this Affidavit.

    2.    I am competent and authorized to testify relating to this action through personal

knowledge of the business records, including the electronic data, sent to TSI that detail the

education loan records. I also have personal knowledge of the record management practices and

procedures of Plaintiff and the practices and procedures Plaintiff requires of its loan servicers and other agents.

3.     This lawsuit arose out of an unpaid loan or loans owed by defendant TONY KIM and defendant DARIA KIM to Plaintiff.  Specifically Defendants entered into an education loan agreement at Defendants' special instance and request.  A loan was extended for Defendants' to use pursuant to the terms of the loan agreements.  Defendants have failed, refused, and/or neglected to pay the balance or balances pursuant to the agreed repayment schedule or schedules.

4.     Education loan account records are compiled and recorded as part of Plaintiff's regularly conducted business activity at or near the time of the event and from information transmitted from a person with knowledge of said event, by or from information transmitted by a person with knowledge of the accounts or events described within the business record.  Such records are kept, maintained, and relied upon in the course of ordinary and regularly conducted business activity.

5.     I am familiar with the education loan records within my possession as custodian of records related to this matter.  I have been authorized by Plaintiff to make this certification on behalf of Plaintiff for this case.

6.     I have reviewed the education loan records as business records described in this affidavit regarding account number xxxxx7207/001-001000.  No payment has been made on this account.  After all payments, credits and offsets have been applied, defendant TONY KIM and defendant DARIA KIM owe the principal sum of  $5,928.46, together with accrued interest in the amount of  $966.51, totaling the sum of $6,894.97 as of 2/18/2015.  Attached hereto and incorporated as Exhibit "A" is a true copy of the underlying Credit Agreement/Promissory Note.

In the event the Defendant(s) faxed the executed Credit Agreement/Promissory Note, per its terms they agreed their facsimile/electronic signature is deemed to be an original. Under applicable federal and state law, all copies of signatures executed via facsimile or electronic email are considered to be legal, binding agreement.

7.     Based on records maintained by Plaintiff, the Defendants are not minors or incompetent. A reasonable inquiry has been made to determine if the Defendants are in the military service of the United States of America, and to the best of my knowledge, Defendants are not in such military services and are therefore not entitled to the rights and privileges provided under the Soldiers and Sailors Civil Relief Act of 1940, as amended.

8.     I declare under the penalty of perjury under the laws of the forum state that the foregoing is true and correct to the best of my knowledge, information and belief.

FURTHER AFFIANT SAYETH NAUGHT.

AFFIANT

Print Name: _____ Dudley Turner

Title: _____ Legal Case Manager

SWORN AND SUBSCRIBED to before me this ___ 19th ___ day of ___ February ___, 20 15



NOTARY PUBLIC

My Commission Expires on    November 14, 2017

# EXHIBIT A

## NOTE DISCLOSURE STATEMENT

$ __3,743.32__
__02833386__
Loan No.

Borrower(s)   TONY KIM
              DARIA KIM

Student:      TONY KIM
Date:         April 8, 2005

TONY KIM
809234 TH ST S EAST
BOTHELL, WA 98021

Lender Name and Address:
BANK ONE (JP MORGAN CHASE BANK, N.A.)
100 EAST BROAD STREET
COLUMBUS, OH 43125

This disclosure statement relates to your Loan Note disbursed on          April 8, 2005
Because your Loan is either being disbursed or entering repayment, or the repayment terms are being modified, the following
information about your Loan is being given to you.

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments scheduled. |
|---|---|---|---|
| 7.873        % | $   5,068.00 | $   3,500.00 | $   8,568.00 |

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments are due |
|---|---|---|
| 240 | $   35.70 | On the  2nd  day of each month beginning on  1/2008 |
|  |  |  |
|  |  |  |
|  |  |  |

**VARIABLE RATE:** The Annual Percentage Rate, which is based on an index plus a margin, may increase during the term of
the loan if the index rate increases. The index is (check one):
☐ **Prime Rate Index Adjusted Monthly** - The highest U.S. bank prime rate published in the "Money Rates" section of
   The Wall Street Journal on the last business day of each calendar month.
☐ **Prime Rate Index Adjusted Quarterly** - The highest U.S. bank prime rate published in the "Money Rates" section of
   The Wall Street Journal on the last business day of each calendar quarter.
☒ **LIBOR Index Adjusted Quarterly** - The average of the one-month London Interbank Offered Rates published in the
   "Money Rates" section of The Wall Street Journal on the first business day of each of the three (3) calendar months
   immediately preceding the first day of each calendar quarter.

Any increase in the index and the Annual Percentage Rate which occurs while principal payments are deferred will increase
the amount of any current and all future payments. Any increase in the index and the Annual Percentage Rate which occurs while
principal and interest payments are deferred will increase the amount of all future payments. Any increase in the index and the
Annual Percentage Rate which occurs after you have begun to make principal and interest payments on your loan will increase the
amount of your future principal and interest payments beginning with your next annual payment adjustment date. For example,
assume you obtain a loan in your junior year, in the amount of $10,000, at an interest rate of 11%, and you defer principal and
interest payments until after your graduation, and the repayment term of the loan is 20 years. If the interest rate increased to 12%
on January 1st of your senior year, the interest which accrues while principal and interest payments are deferred will increase by
$ 91.01, and your monthly principal and interest payments would increase by $ 9.37.

**SECURITY:** You have given a security interest in all refunds or amounts owed to you at any time by the student's educational
institution. Collateral securing other loans with the Lender may also secure this Loan.
**LATE CHARGES:** If a payment is more than 15 days late, you may be charged $5.00 or 5% of the payment, whichever is less. If
you default, Lender (or any subsequent holder or any subsequent holder of your Loan Note) may increase the margin used to
compute the Annual Percentage Rate by two percentage points (2%).
**PREPAYMENT:** If you pay off early, you will not have to pay a penalty.

See your contract documents for any additional information about non-payment, default, any required repayment in full before the
scheduled date, any security interest and prepayment refunds and penalties.

**Estimates:** All numerical disclosures except the late payment disclosure are estimates.

Principal Amount of Note (Amount Financed plus Prepaid Finance Charge)              $ _____3,743.32___

Itemization of Amount Financed
Amount paid to  TONY KIM  and                    $ _____
Amount paid to  DARIA KIM                        $ _____3,500.00___
Total Amount Financed                                                               $ _____3,500.00___

Itemization of Prepaid Finance Charge
Origination Fee                                  $ _____243.32___
Total Prepaid Finance Charge(s)                                                     $ _____243.32___

56205 046575

## * Cosigned *   Loan Request/Credit Agreement – Signature Page

### NON-NEGOTIABLE CREDIT AGREEMENT – THIS IS A CONSUMER CREDIT TRANSACTION

**LOAN PROGRAM INFORMATION**

Education One® Education One Undergraduate Loan                    Academic Period: 04/2005-06/2005

Lender: Bank One (JP Morgan Chase Bank, N.A.)        School: EDMONDS COMMUNITY COLLEGE

Loan Amount Requested: $3500.00     Repayment Option: Deferred Principal and Interest

Deferral Period Margin: 4.65         Repayment Period Margin: 4.65        Loan Origination Fee Percentage: 6.50

**STUDENT BORROWER INFORMATION (Must be at least 18 years of age)**

Borrower Name: Tony Kim          Home Address: 809234 Th St S East        Bothell, WA 98021
Social Security # ████-7207        Date of Birth: ████ 1984      Home Telephone: 4244869414 (425) 498-9414
Student Citizenship (check one box):    ☒ U.S. Citizen    ☐ Eligible Non-Citizen (Attach front & back copy of INS or student visa card)
Note:  Personal reference name and address cannot match that of the Cosigner.
Personal Reference Name:  June Presto                          Reference Home Te #: (425) 488-0554              Work Tel #:
Reference Street Address:    234 Street S East
Reference City/State/Zip:    Bothell, WA 98021

**COSIGNER INFORMATION (Must be at least 18 years of age)**

Cosigner Name: Daria Kim          Home Address: 809 234 Th St S east        Bothell, WA 98021
Social Security # ████-8775        Date of Birth: ████ 1948      Home Telephone: 4254889414
Have you ever defaulted on a student loan or declared bankruptcy?    ☒ No    ☐ Yes
Current Employer: NORTH SHORE SCHOOL DISTRCT                                       Employer Telephone: 4524025537
Current Position:  Other                    Years There: 6 Years
Years at Previous Employment:
Alimony, child support, or separate maintenance incomes do not have to be revealed if you do not want them considered for repaying this
obligation.  If you are relying on such additional income, please provide details on a separate sheet of paper.

Cosigner Citizenship (check one box):    ☒ U.S. Citizen    ☐ Eligible Non-Citizen (Attach front & back copy of INS)
Note:  Personal reference name and address cannot match that of the Borrower.
Personal Reference Name:  Young Lee                          Reference Home Te #: (425) 778-7311              Work Tel #:
Reference Street Address:    2300 55 Th Ave West 303
Reference City/State/Zip:    Mt Lobster, WA 98043

By my signature, I certify that I have read, understand and agree to the terms of and undertake the obligations set forth on all four (4) pages of this Loan Request/Credit Agreement EO.04-05.CSX1.20.0904 ("Credit Agreement"). I understand that any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties, which may include fines or imprisonment. This Credit Agreement is signed under seal. I understand that I am not required to fax my signature on this Credit Agreement and any related notices that require signature.  If I choose to fax my signature on this Credit Agreement and any related notices that require signature, I intend: (i) my fax signature to be an electronic signature under applicable federal and state law, (ii) any fax printout of this Credit Agreement and related notices to be an original document, (iii) to conduct business with the Lender by electronic records and electronic signatures, and (iv) that this Credit Agreement will not be governed by Article 3 of the Uniform Commercial Code, and my obligations under this Credit Agreement will not be subject to, but any transfer of my obligations will be subject to, Article 9 of the Uniform Commercial Code. I, the Cosigner, have read the applicable cosigner notice(s).

FOR ALABAMA RESIDENTS: CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.
FOR WISCONSIN RESIDENTS : NOTICE TO CUSTOMER:
(a)  DO NOT SIGN THIS CREDIT AGREEMENT BEFORE YOU READ THE WRITING ON THE FOLLOWING PAGES, EVEN IF OTHERWISE ADVISED.
(b)  DO NOT SIGN THIS CREDIT AGREEMENT IF IT CONTAINS ANY BLANK SPACES.
(c)  YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN.
(d)  YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE UNDER THIS AGREEMENT AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.

PLEASE SIGN BELOW – RETURN This Page With Proof of Income and Other Information (if applicable) –
FAX TO: 800-704-9407

Signature of Borrower _____                    Date 3/30/05

BY SIGNING THIS CREDIT AGREEMENT BELOW, I CERTIFY THAT I INTEND TO (i) APPLY FOR JOINT CREDIT AND
(ii) BE JOINTLY LIABLE WITH THE BORROWER FOR THIS LOAN.

Signature of Cosigner _____                    Date 3/30/05

EO.04-05.CSX1.20.0904
PN03_EO_04-05_CSX1_P_X_J0M_A102835386.pdf                    LENDER COPY                    EOTUDP

in this Credit Agreement, the words "I", "me", "my", and "mine" mean each and every Borrower and Cosigner, individually and collectively, who signed this Credit Agreement. The words "you", "your", "yours", and "Lender" mean the Lender named at the top of the first page of this Credit Agreement, its successors and assigns, and any other holder of this Credit Agreement. "School" means the school named at the top of the first page of this Credit Agreement.

A. PROMISE TO PAY: I promise to pay to your order, upon the terms and conditions of this Credit Agreement, all principal, interest and other charges set forth herein.

B. LOAN; DISCLOSURE STATEMENT:

1. By signing this Credit Agreement, and submitting it to you, I am requesting that you make this loan to me in an amount equal to the Loan Amount Requested plus any Loan Origination Fee described in Paragraph F of this Credit Agreement. When you receive my signed Application, you are not agreeing to lend me money. You have the right not to make a loan or to lend an amount less than I am requesting. I agree to accept an amount less than the Loan Amount Requested and to repay that portion of the Loan Amount Requested that you actually lend to me.

2. If you decide to make a loan to me, you will mail me the disbursement check (the "Disbursement Check") and a statement disclosing certain information about the loan in accordance with the federal Truth-in-Lending Act (the "Disclosure Statement"). You have the right to disburse my Disbursement Check through an agent. At your option, you may also make any Disbursement Check co-payable to me and the Cosigner or to me and the School. In addition to other information, the Disclosure Statement will tell me the amount of my disbursement and the amount of the Loan Origination Fee. The Disclosure Statement is part of this Credit Agreement. Upon receipt of the Disclosure Statement, I will review the Disclosure Statement and notify you in writing if I have any questions. My endorsement of the Disbursement Check or allowing the loan proceeds to be used by or on behalf of the Student without objection will acknowledge receipt of the Disclosure Statement and my agreement to be legally bound by this Credit Agreement.

3. If I am not satisfied with the terms of my loan as disclosed in the Disclosure Statement, I may cancel my loan. To cancel my loan, I will give you a written cancellation notice, together with my unused Disbursement Check or, if I have already endorsed and delivered the Disbursement Check to the School, a good check, payable to you, in the full amount of the Disbursement Check. In any event, I cannot cancel more than ten (10) days after I receive the Disclosure Statement. If I give notice of cancellation but do not comply with the requirements of this Paragraph B.3, this Credit Agreement will not be canceled and I will be in default of this Credit Agreement. (See Paragraph I.)

C. DEFINITIONS:

1. "Disbursement Date" means the date shown on any Disbursement Check you prepare for me (not the date I endorse or negotiate my check).

2. The "Deferment Period" will begin on the Disbursement Date and end on the Deferment End Date.

3. "Deferment End Date" means the date specified below for the applicable loan program (the applicable loan program is stated on the first page of this Credit Agreement).

(a) *Education One Undergraduate Alternative Loan Program:* If I have elected the "Immediate Repayment" option (the applicable repayment option is stated on the first page of this Credit Agreement), there is no Deferment Period, and my first payment will be 30-60 days after the disbursement of my loan. If I have elected the "Interest Only" repayment option (the applicable repayment option is stated on the first page of this Credit Agreement), then interest payments will begin 30-60 days after the disbursement of my loan, the "Deferment End Date" will be the date the Student graduates or ceases to be enrolled at least half-time in the School (or another school participating in this Loan program), and principal and interest payments will begin 30-60 days after that date. In any event, if I have elected the "Interest Only" repayment option, the Deferment End Date will be no more than 5 years after the Disbursement Date. If I have elected the "Full Deferral" repayment option (the applicable repayment option is stated on the first page of this Credit Agreement), then the "Deferment End Date" will be 180 days after the Student graduates or ceases to be enrolled at least half-time in the School (or another school participating in this Loan Program). In any event, if I have elected the "Full Deferral" repayment option, the Deferment End Date will be no more than 5¼ years after the Disbursement Date.

(b) *Education One Graduate Professional Education Loan Program:* 180 days after the Student graduates or ceases for any other reason to be enrolled at least half-time in the School (or another school participating in this Loan Program), but no more than 4½ years after the Disbursement Date; provided, however, that if the Student begins a medical residency or internship during the Deferment Period, then the Deferment Period will end 180 days after the day the residency or internship ends, but no more than 8½ years after the Disbursement Date.

4. The "Repayment Period" begins the day after the Deferment Period ends, (or, if there is no Deferment Period, the day after the Disbursement Date). The Repayment Period is 20 years, unless monthly payments equal to the minimum monthly payment amount (See Paragraph E.4) will repay all amounts owed in less than 20 years, in which case the Repayment Period will be the number of months necessary to pay in full the amount I owe at the minimum payment.

D. INTEREST:

1. Accrual-- Beginning on the Disbursement Date, interest on the outstanding balance of this Credit Agreement will accrue each day (including holidays and other days you

are closed) at the Variable Rate (Paragraph D.2) divided by the number of days in that calendar year.

2. Variable Rate – The "Variable Rate" is equal to the Current Index plus a Margin. The Margins for both the Deferment Period and the Repayment Period are shown on the first page of this Credit Agreement. In no event will the Variable Rate exceed the maximum interest rate allowed by the laws of the State of Ohio. The Variable Rate will change quarterly on the first day of each January, April, July and October (the "Change Date(s)") if the Current Index changes. The "Current Index" for any calendar quarter beginning on a Change Date (or for any shorter period beginning on the Disbursement Date and ending on the last day of a calendar quarter) is based on the London Interbank Offered Rate ("LIBOR") as published in the "Money Rates" section of *The Wall Street Journal*. Each calendar quarter, the Index will equal the average of the LIBOR rates published on the first business day of each of the three (3) calendar months immediately preceding such calendar quarter, rounded to the nearest one-hundredth percent (0.01%). If *The Wall Street Journal* was not published or if the LIBOR rate was not published on any one or more of the first business days of each of the three calendar months immediately preceding the calendar quarter, then the Current Index will be determined by using the immediately preceding Current Index. If on any first business day of a calendar month more than one LIBOR rate is published, then the highest rate published will be used to calculate the Current Index. If the LIBOR rate is no longer available, you will choose a comparable index.

3. Capitalization – If I have elected the "Full Deferral" repayment option (the applicable repayment option is stated on the first page of this Credit Agreement), I am not obligated to make any payments until the loan enters the Repayment Period. You will add unpaid accrued interest to the principal loan balance as of the last day of each calendar quarter (the last day of December, March, June and September) during the Deferment Period and at the end of my Deferment Period. Interest that is added to principal is called "Capitalized" interest. Capitalized interest will be treated as principal. In addition, if I am in default and the loan has been sold to TERI (see Section L.12), TERI may capitalize accrued and unpaid interest as of the date it purchases my loan. I understand that you will add all accrued and unpaid interest to the principal balance of my loan on the last day of the Deferment Period and at the end of any forbearance period.

E. TERMS OF REPAYMENT:

1. Deferment Period – If I have elected either the "Interest Only" repayment option or the "Full Deferral" repayment option (the applicable repayment option is stated on the first page of this Credit Agreement), you will send me statements during the Deferment Period (showing the total outstanding principal balance of my loan and the interest that has accrued on my loan). You reserve the right to send statements or notices to either the Borrower or the Cosigner. Statements will be sent to the address shown on your records. If I have elected the "Interest Only" repayment option, I agree to make payments each month during the Deferment Period equal to the accrued interest on the outstanding balance of this Credit Agreement. If I have elected the "Full Deferral" repayment option I may, but am not required to make payments during the Deferment Period. You will add any interest that I do not pay during the Deferment Period to the principal balance, as described in Paragraph D.3.

2. Repayment Period – During the Repayment Period, you will send me monthly statements that show the amounts of minimum monthly payments and the payment due dates. You reserve the right to send monthly statements or coupon books to either the Borrower or the Cosigner. I will make consecutive monthly payments in amounts at least equal to such minimum monthly payments by the applicable payment due dates until I have paid all of the principal and interest and any other charges I may owe under this Credit Agreement. If my loan is in paid-ahead status, I may, but will not be required to make monthly payments.

3. Repayment Terms – My monthly payment will be established based on the rules in this Credit Agreement when my Repayment Period begins. My monthly payment amount will be calculated as of the day the Repayment Period begins ("Repayment Date"). It will be recalculated (a) once each year after the anniversary of the Repayment Date, (b) if the Variable Rate changes between anniversaries of the Repayment Date to the extent that the amount of my monthly payment would not pay in full the accrued monthly interest on my loan, (c) following any subsequent deferment or forbearance period and (d) following any request by the Borrower to the servicer to change the monthly payment due date (each of which events is a new "Repayment Date"). As of any Repayment Date, my monthly payment will be recalculated. My new monthly payment amount will be disclosed to me by the servicer. The new monthly repayment amount will equal the amount necessary to pay in full, over the number of months remaining in the Repayment Period, the amount I owe in equal monthly installments of principal and interest at the Variable Rate in effect at the time of the calculation. I understand that this may result in a reduction or increase in my monthly payment as calculated as of each Repayment Date. I understand that during the Repayment Period (and, if I have elected the "Interest Only" repayment option, during the period of interest payments) the servicer may change the monthly payment due date of future payments to a later date for the convenience of the servicer in processing payments or in order to coordinate the due dates of all of my loans processed by the servicer. This change in monthly payment due date may result in the charging of additional interest in the month of the change, which I agree to pay.

4. Minimum Repayment – During the Repayment Period, my minimum payment will be at least $25 each month or the entire unpaid loan balance, whichever is less. I understand that I may pay more than my monthly payment at any time without penalty

or charge. If my loan is in paid-ahead status, I may, but will not be required to make monthly payments.

5. Amounts Owing at the End of the Repayment Period – Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional principal, interest, and/or late fees at the end of the Repayment Period. If I have not paid any late fees, I will also owe additional amounts for those late fees. In such cases you will increase the amount of my last monthly payment to the amount necessary to repay my loan in full in a single payment.

6. Payments – Payments will be applied first to late fees and other fees and charges, then accrued interest, and the remainder to principal. If I have multiple loans processed by the servicer, and I submit a single payment that is not sufficient to pay all of the amounts I owe, such payment will be divided between or among the loans in accordance with applicable law and the servicer's customary procedures.

7. Other Charges - If any part of a monthly payment remains unpaid for a period of more than 15 days after the payment due date, I will pay a late fee not exceeding $5.00 or 5% of the overdue payment amount, whichever is less. I will pay only one late fee for any payment, regardless of the number of days it is late. To the extent permitted by law, I agree to pay you all amounts you incur in enforcing the terms of this Credit Agreement, including reasonable collection agency and attorney's fees and court costs and other collection costs.

F. LOAN ORIGINATION FEE: You may charge me an Origination Fee. If you charge me, at the time you issue any disbursement to me, or on my behalf, you may add the Origination Fee to my loan amount. The dollar amount of any Loan Origination Fee will be determined by multiplying the sum of the Loan Origination Fee and the Loan Amount Requested, to the extent advanced to me, times the Loan Origination Fee Percentage shown on the first page of this Credit Agreement. The percentage would be higher if computed only on the amount advanced rather than the entire principal amount (Loan Origination Fee plus Loan Amount Requested). For example, a nominal Loan Origination Fee of 6.5% on the entire principal amount would equal 6.9519% of the amount advanced. The Loan Origination Fee I will pay, if any, will be shown on my Disclosure Statement and will be added to the principal amount of my loan. To the extent permitted by law, and unless I timely cancel this Credit Agreement (see Paragraph B.3), I will not be entitled to a refund of any Loan Origination Fee after my Disbursement Check has been negotiated.

G. RIGHT TO PREPAY: I have the right to prepay all or any part of my loan at any time without penalty or charge.

H. FORBEARANCE: If I am unable to repay my loan in accordance with the terms established under this Credit Agreement, I may request that you modify these terms. I understand that such modification would be at your option. I understand that I will remain responsible for all interest accruing during any period of forbearance and that you will add any interest that I do not pay during any forbearance period to the principal balance, as described in Paragraph D.3.

I. WHOLE LOAN DUE: To the extent permitted by applicable law, I will be in default if: (1) I fail to make any monthly payment to you when due, (2) I die, (3) I break any of my other promises in this Credit Agreement, (4) Any bankruptcy proceeding is begun by or against me, or I assign any of my assets for the benefits of my creditors, or (5) I make any false written statement in applying for this loan or any other student or education loan or at any time during the Deferment or Repayment Periods. I understand that if I default on my loan, disclosure of my loan information to consumer reporting agencies may adversely affect my credit rating. If I default, I will be required to pay interest on this loan accruing after default. The interest rate after default will be subject to adjustment in the same manner as before default. To the extent permitted by law, upon default, you will have the right to give me notice that the whole outstanding principal balance, accrued interest, and all other amounts payable to you under the terms of under this Credit Agreement are due and payable at once. Upon default, you may also capitalize any interest and fees (i.e., add accrued and unpaid interest and fees to the principal balance), and increase the Margin used to compute the Variable Rate by two percentage points (2%).

J. NOTICES:

1. I will send written notice to the servicer authorized by you to service my loan account, or any subsequent holder of this Credit Agreement, within ten days after any change in my name, address, or enrollment status at the School (for example, if I withdraw from the School or transfer to another school participating in this loan program). I will send any notice that I give under this Credit Agreement to the servicer authorized by you (or authorized by any subsequent holder of this Credit Agreement) to service my loan account to the address the servicer provides.

2. Any notice required to be given to me by you will be effective when mailed by first class mail to the latest address you have for me. Unless required by applicable law, you need not give a separate notice to the Cosigner, if any.

K. INFORMATION:

1. I must update any and all information related to this Credit Agreement or my loan application whenever you ask me to do so.

2. I authorize you from time to time to request and receive from others credit related information about me (and about my spouse if I live in a community property state).

L. ADDITIONAL AGREEMENTS:

1. I understand that you are located in OHIO and that this Credit Agreement will be entered into in the same state. CONSEQUENTLY, THE PROVISIONS OF THIS CREDIT AGREEMENT WILL BE GOVERNED BY FEDERAL LAW AND THE LAWS OF THE STATE OF OHIO, WITHOUT REGARD TO CONFLICT OF LAW RULES.

2. The proceeds of this loan will be used only for my educational expenses at the School. The Cosigner will not receive any of the loan proceeds.

3. My responsibility for paying the loan evidenced by this Credit Agreement is unaffected by the liability of any other person to me or by your failure to notify me that a required payment has not been made. Without losing any of your rights under this Credit Agreement you may accept (a) late payments, (b) partial payments or (c) payments marked "paid in full" or with other restrictions. You may delay, fail to exercise, or waive any of your rights on any occasion without losing your entitlement to exercise the right at any future time, or on any future occasion. You will not be obligated to make any demand upon me, send me any notice, present this Credit Agreement to me for payment or make protest of non-payment to me before suing to collect on this Credit Agreement if I am in default, and to the extent permitted by applicable law, I hereby waive any right I might otherwise have to require such actions. I WILL NOT SEND YOU PAYMENTS MARKED "PAID IN FULL", "WITHOUT RECOURSE" OR WITH OTHER SIMILAR LANGUAGE UNLESS THOSE PAYMENTS ARE MARKED FOR SPECIAL HANDLING AND SENT TO THE ADDRESS IDENTIFIED FOR SUCH PAYMENTS ON MY BILLING STATEMENT, OR TO SUCH OTHER ADDRESS AS I MAY BE GIVEN IN THE FUTURE.

4. I may not assign this Credit Agreement or any of its benefits or obligations. You may assign this Credit Agreement at any time.

5. The terms and conditions set forth in this Credit Agreement and Instructions and the Disclosure Statement constitute the entire agreement between you and me.

6. If any provision of this Credit Agreement is held invalid or unenforceable, that provision shall be considered omitted from this Credit Agreement without affecting the validity or enforceability of the remainder of this Credit Agreement.

7. A provision of this Credit Agreement may only be modified if jointly agreed upon in writing by you and me. Any modification will not affect the validity or enforceability of the remainder of this Credit Agreement. If I fax my Credit Agreement, I have read and understand the prohibition regarding changes in Paragraph L.16.

8. To the extent permitted by law, you have the right to apply money from any of my deposit account(s) with you to pay all or a portion of any amount overdue under this Credit Agreement. If I am in default at any time (including but not limited to a situation where I give an improper cancellation notice), you may exercise on my behalf any right that I may have to receive a full or partial refund of payments made to the School. I authorize the School to pay any or all of such amounts directly to you upon receipt of notice from you that I am in default under this Credit Agreement.

9. The Borrower and the Cosigner each agrees that any communication between you and the Borrower or the Cosigner will be binding on the Borrower and the Cosigner. The Borrower and Cosigner intend to be treated as principals of this Credit Agreement and not as sureties. To the extent the Borrower or the Cosigner may be treated as a surety, the Borrower and the Cosigner waive all notices otherwise required or available by law, and all suretyship defenses that might be available (including, without limitation, contribution, subrogation and exoneration). The Cosigner agrees that the Borrower may agree to any forbearance or other modification of the repayment schedule and that such agreement will be binding on the Cosigner. It shall not be necessary for you to resort to or exhaust your remedies against the Borrower before calling upon the Cosigner to make repayment.

10. All dollar amounts stated in this Credit Agreement are in United States dollars. I will make all payments in United States Dollars with no deduction for currency exchange.

11. The Student's failure to complete the education program paid for with this loan will not relieve any Borrower of any obligation under this Credit Agreement.

12. I acknowledge that the requested loan is subject to the limitations on dischargeability in bankruptcy contained in Section 523 (a) (8) of the United States Bankruptcy Code. Specifically, I understand that you have purchased a guaranty of this loan, and that this loan is guaranteed by The Education Resources Institute, Inc. ("TERI"), a non-profit institution.

13. I authorize any School that I may attend to release to you, and any other persons designated by you, any requested information pertinent to this loan (e.g., enrollment status, prior loan history, and current address).

14. I authorize the Lender, any subsequent holder of this Credit Agreement, and their agents to: (1) advise the School of the status of my application and my loan, (2) respond to inquiries from prior or subsequent lenders or holders with respect to my Credit Agreement and related documents, (3) release information and make inquiries to the persons I have given you as references, for the purposes of learning my current address and telephone number, (4) check my credit and employment history and to answer questions about their credit experience with me, and (5) disclose to TERI, the Borrower, and/or the Cosigner either in connection with this transaction or any future transaction all information (including status information and non-public personal information) of the Borrower and/or the Cosigner provided in connection with this Credit Agreement.

15. Waiver by Lender. You waive (give up) any right to claim a security interest in any property to secure this Credit Agreement. This does not affect any right to offset as a matter of law.

16. If I fax my signature(s) on the first page of this Credit Agreement back to you and keep the copy I signed, I understand that under federal law the fax you receive will be an original of the first page of this Credit Agreement and I will refax the first page upon request by Lender. I may NOT amend the Credit Agreement by making changes to the Signature Page, which are then faxed to Lender. If the Borrower faxes the Signature Page, and the Lender approves the application, you and I agree that all copies of this

Credit Agreement (including the fax you receive and the copy I retain), taken together, shall constitute a single original agreement.

**M. DISCLOSURE NOTICES**

**ALL APPLICANTS:**
**IMPORTANT FEDERAL LAW NOTICE—**

*Important information about procedures for opening a new account:*
To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account.

*What this means for you:*
When you open an account, we will ask for your name, address, date of birth, and other information that will allow us to identify you. We may also ask to see your driver's license or other identifying documents.

CALIFORNIA RESIDENTS ONLY: I have the right to prohibit the use of information contained in my credit file in connection with transactions not initiated by me. I may exercise this right by notifying the consumer credit reporting agency. A married applicant may apply for a separate account. If you take any adverse action as defined by Section 1785.3 of the California Civil Code and the adverse action is based, in whole or in part, on any information contained in a consumer credit report, I have the right to obtain within 60 days a free copy of my consumer credit report from the consumer reporting agency that furnished you my consumer credit report and from any other consumer credit reporting agency which compiles and maintains files on consumers on a nationwide basis. I have the right as described by Section 1785.16 of the California Civil Code to dispute the accuracy or completeness of any information in a consumer credit report furnished by the consumer credit reporting agency.

CALIFORNIA and UTAH RESIDENTS ONLY: As required by California and Utah law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations. (For purposes of the following two notices, the word "you" refers to the Borrower and the Cosigner, not the Lender.)

IOWA RESIDENTS ONLY: If you are an Iowa resident and your amount financed is $25,000 or less, this is a consumer credit transaction.

IOWA, KANSAS and NEBRASKA RESIDENTS: (For purposes of the following notice, the word "you" refers to the Borrower and the Cosigner, not the Lender.) NOTICE TO CONSUMER 1. Do not sign this Credit Agreement before you read it. 2. You are entitled to a copy of this Credit Agreement. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law.

MARYLAND RESIDENTS ONLY: You elect to make this loan pursuant to Subtitle 10 (Credit Grantor Closed End Credit provisions) of Title 12 of the Maryland Commercial Law Article only to the extent that such provisions are not inconsistent with your authority under 12 U.S.C. §85 and related regulations and interpretations, which authority you expressly reserve.

MISSOURI RESIDENTS ONLY: ORAL AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR FORBEAR FROM ENFORCING REPAYMENT OF DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE. TO PROTECT YOU (BORROWER(S)) AND US (CREDITOR) FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.

NEVADA RESIDENTS: This is a loan for study.

NEW YORK, RHODE ISLAND, and VERMONT RESIDENTS: I understand and agree that you may obtain a consumer credit report in connection with updates, renewals or extensions of any credit as a result of this application. If I ask, I will be informed whether or not such a report was obtained and, if so, the name and address of the agency that furnished the report. I also understand and agree that you may obtain a consumer credit report in connection with the review or collection of any loan made to me as a result of this application or for other legitimate purposes related to such loans.

NEW JERSEY RESIDENTS ONLY: The section headings of this Note are a table of contents and not contract terms. Portions of this Note with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Note, acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law.

OHIO RESIDENTS ONLY: The Ohio laws against discrimination require that all creditors make credit equally available to all credit-worthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.

OKLAHOMA RESIDENTS ONLY: If I am in default and only if the total amount disbursed under this Note is greater than $3,600 (or any higher dollar amount established by law for the payment of such fees), I agree to pay the Lender's attorney's fees and court costs up to 15% of the unpaid debt.

WISCONSIN RESIDENTS ONLY: For married Wisconsin residents, my signature confirms that this loan obligation is being incurred in the interest of my marriage or family. No provision of any marital property agreement (pre-marital agreement), unilateral statement under Section 766.59 of the Wisconsin Statutes or court decree under Section 766.70 adversely affects your interest unless, prior to the time that the loan is approved, you are furnished with a copy of the marital property agreement, a statement or a decree or have actual knowledge of the adverse provision. If the loan for which I am applying is granted, I will notify you if I have a spouse who needs to receive notification that credit has been extended to me.

N. BORROWER'S CERTIFICATION: I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I certify that all information I provided to you in connection with this loan, including without limitation the information contained in this Credit Agreement, is true, complete and correct to the best of my knowledge and belief and is made in good faith. I understand that I am responsible for repaying immediately any funds that I receive which are not to be used or are not used for educational expenses related to attendance at the School for the academic period stated. I certify that I am not now in default on a Federal Perkins Loan, a Federal Stafford Loan, a Federally Insured Student Loan, a Federal Supplemental Loan for Students (SLS), a Federal PLUS Loan, an Income Contingent Loan, a Federal Consolidation Loan, a Federal Ford Direct Loan, or any other education loan received for attendance at any school.

O. STATE-SPECIFIC COSIGNER NOTICES: For the purposes of the following notices only, the words "you" and "your" refer to the Cosigner, where applicable, not to the Lender.

**FOR OBLIGORS COSIGNING IN VERMONT:** For purposes of the following notice, the words "you" and "your" refer to any Cosigner, not to the Lender. "Note" means this Credit Agreement.

*NOTICE TO COSIGNER:*
YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.

# Loan Payment History Report
## Date: 2014-12-09

| | | | |
|---|---|---|---|
| Account Number: | ⬛1000 | | |
| Social Security Number: | ⬛7207 | Product: | EOU EDUCATION ONE UNDERGRAD |
| Name: | KIM, TONY | Officer Code: | 777052 |
| Birth Date: | 1984-05-⬛ | School: | EDMONDS COMMUNITY COLLEGE |
| Address 1: | 809 234TH ST SE | Program Year: | |
| Address 2: | | | |
| City: | BOTHELL | Variable Rate Code: | FU LIBOR |
| State: | WA | Interest Rate: | 4.81% |
| Zip Code: | 98021-6800 | Last Payment Date: | |
| Cosigner Name: | KIM, DARIA | | |
| Social Security Number: | ⬛8775 | | |
| Address 1: | 809 234TH ST SE | | |
| Address 2: | | | |
| City: | BOTHELL | | |
| State: | WA | | |
| Zip Code: | 98021-6800 | | |
| | | Last Payment Amount: | |
| | | Payment Due Date: | 2011-07-03 |
| Contract Date: | 2005-04-08 | Last Interest Date: | 2014-12-09 |
| Date Assigned: | 2014-12-04 | Accrued Interest: | $969.63 |
| Charge Off Date: | 2011-08-01 | Recovered Interest: | $0.00 |
| Charge Off Amount: | $5,928.46 | Net Interest: | $969.63 |
| Recovered Principal: | $0.00 | Associated Costs: | $0.00 |
| Net Charge Off: | $5,928.46 | Recovered Costs: | $0.00 |
| Disbursement Date: | 2005-04-08 | Net Costs: | $0.00 |
| Disbursement Amount: | $3,743.32 | | |

## Transaction History

| | | | | | |
|---|---|---|---|---|---|
| System | 2011-08-31 | 00:01 | 82 | $5,928.46 @ 4.860 / 08/01/2011 - 08/31/2011 | $23.68 |
| System | 2011-09-01 | 00:01 | 82 | $5,928.46 @ 4.860 / 08/31/2011 - 09/01/2011 | $0.79 |
| System | 2011-09-30 | 00:01 | 82 | $5,928.46 @ 4.860 / 09/01/2011 - 09/30/2011 | $22.89 |
| System | 2011-10-03 | 00:01 | 82 | $5,928.46 @ 4.860 / 09/30/2011 - 10/03/2011 | $2.37 |
| System | 2011-10-31 | 00:01 | 82 | $5,928.46 @ 4.850 / 10/03/2011 - 10/31/2011 | $22.06 |
| System | 2011-11-01 | 00:01 | 82 | $5,928.46 @ 4.850 / 10/31/2011 - 11/01/2011 | $0.79 |
| System | 2011-11-30 | 00:01 | 82 | $5,928.46 @ 4.850 / 11/01/2011 - 11/30/2011 | $22.84 |
| System | 2011-12-01 | 00:01 | 82 | $5,928.46 @ 4.850 / 11/30/2011 - 12/01/2011 | $0.79 |
| System | 2011-12-31 | 00:01 | 82 | $5,928.46 @ 4.850 / 12/01/2011 - 12/31/2011 | $23.63 |
| System | 2012-01-03 | 00:01 | 82 | $5,928.46 @ 4.900 / 12/31/2011 - 01/03/2012 | $2.38 |
| System | 2012-01-31 | 00:01 | 82 | $5,928.46 @ 4.900 / 01/03/2012 - 01/31/2012 | $22.22 |

| System | 2012-02-01 | 00:01 | 82 | $5,928.46 @ 4.900 / 01/31/2012 - 02/01/2012 | $0.79 |
| System | 2012-02-29 | 00:01 | 82 | $5,928.46 @ 4.900 / 02/01/2012 - 02/29/2012 | $22.22 |
| System | 2012-03-01 | 00:01 | 82 | $5,928.46 @ 4.900 / 02/29/2012 - 03/01/2012 | $0.79 |
| System | 2012-03-31 | 00:01 | 82 | $5,928.46 @ 4.900 / 03/01/2012 - 03/31/2012 | $23.81 |
| System | 2012-04-02 | 00:01 | 82 | $5,928.46 @ 4.900 / 03/31/2012 - 04/02/2012 | $1.59 |
| System | 2012-04-30 | 00:01 | 82 | $5,928.46 @ 4.920 / 04/02/2012 - 04/30/2012 | $22.31 |
| System | 2012-05-02 | 00:01 | 82 | $5,928.46 @ 4.920 / 04/30/2012 - 05/02/2012 | $1.59 |
| System | 2012-05-31 | 00:01 | 82 | $5,928.46 @ 4.920 / 05/02/2012 - 05/31/2012 | $23.11 |
| System | 2012-06-01 | 00:01 | 82 | $5,928.46 @ 4.920 / 05/31/2012 - 06/01/2012 | $0.80 |
| System | 2012-06-30 | 00:01 | 82 | $5,928.46 @ 4.920 / 06/01/2012 - 06/30/2012 | $23.11 |
| System | 2012-07-01 | 00:01 | 82 | $5,928.46 @ 4.920 / 06/30/2012 - 07/01/2012 | $0.80 |
| System | 2012-07-02 | 00:01 | 82 | $5,928.46 @ 4.890 / 07/01/2012 - 07/02/2012 | $0.79 |
| System | 2012-07-31 | 00:01 | 82 | $5,928.46 @ 4.890 / 07/02/2012 - 07/31/2012 | $22.97 |
| System | 2012-08-01 | 00:01 | 82 | $5,928.46 @ 4.890 / 07/31/2012 - 08/01/2012 | $0.79 |
| System | 2012-08-31 | 00:01 | 82 | $5,928.46 @ 4.890 / 08/01/2012 - 08/31/2012 | $23.76 |
| System | 2012-09-04 | 00:01 | 82 | $5,928.46 @ 4.890 / 08/31/2012 - 09/04/2012 | $3.17 |
| System | 2012-09-30 | 00:01 | 82 | $5,928.46 @ 4.890 / 09/04/2012 - 09/30/2012 | $20.59 |
| System | 2012-10-01 | 00:01 | 82 | $5,928.46 @ 4.890 / 09/30/2012 - 10/01/2012 | $0.79 |
| System | 2012-10-31 | 00:01 | 82 | $5,928.46 @ 4.890 / 10/01/2012 - 10/31/2012 | $23.76 |
| System | 2012-11-09 | 00:01 | 82 | $5,928.46 @ 4.890 / 10/31/2012 - 11/09/2012 | $7.13 |
| System | 2012-11-12 | 00:01 | 82 | $5,928.46 @ 4.890 / 11/09/2012 - 11/12/2012 | $2.38 |
| System | 2012-11-21 | 00:01 | 82 | $5,928.46 @ 4.890 / 11/12/2012 - 11/21/2012 | $7.13 |
| System | 2012-12-03 | 00:01 | 82 | $5,928.46 @ 4.890 / 11/21/2012 - 12/03/2012 | $9.50 |
| System | 2012-12-17 | 00:01 | 82 | $5,928.46 @ 4.890 / 12/03/2012 - 12/17/2012 | $11.09 |
| System | 2012-12-31 | 00:01 | 82 | $5,928.46 @ 4.890 / 12/17/2012 - 12/31/2012 | $11.09 |
| System | 2013-01-03 | 00:01 | 82 | $5,928.46 @ 4.890 / 12/31/2012 - 01/03/2013 | $2.38 |
| System | 2013-01-10 | 00:01 | 82 | $5,928.46 @ 4.860 / 01/03/2013 - 01/10/2013 | $5.53 |
| System | 2013-01-31 | 00:01 | 82 | $5,928.46 @ 4.860 / 01/10/2013 - 01/31/2013 | $16.58 |
| System | 2013-02-07 | 00:01 | 82 | $5,928.46 @ 4.860 / 01/31/2013 - 02/07/2013 | $5.53 |
| System | 2013-02-08 | 00:01 | 82 | $5,928.46 @ 4.860 / 02/07/2013 - 02/08/2013 | $0.79 |
| System | 2013-02-11 | 00:01 | 82 | $5,928.46 @ 4.860 / 02/08/2013 - 02/11/2013 | $2.37 |
| System | 2013-02-12 | 00:01 | 82 | $5,928.46 @ 4.860 / 02/11/2013 - 02/12/2013 | $0.79 |
| System | 2013-02-13 | 00:01 | 82 | $5,928.46 @ 4.860 / 02/12/2013 - 02/13/2013 | $0.79 |
| System | 2013-02-14 | 00:01 | 82 | $5,928.46 @ 4.860 / 02/13/2013 - 02/14/2013 | $0.79 |
| System | 2013-02-18 | 00:01 | 82 | $5,928.46 @ 4.860 / 02/14/2013 - 02/18/2013 | $3.16 |
| System | 2013-02-28 | 00:01 | 82 | $5,928.46 @ 4.860 / 02/18/2013 - 02/28/2013 | $7.89 |
| System | 2013-03-31 | 00:01 | 82 | $5,928.46 @ 4.860 / 02/28/2013 - 03/31/2013 | $24.47 |
| System | 2013-04-09 | 00:01 | 82 | $5,928.46 @ 4.860 / 03/31/2013 - 04/09/2013 | $7.10 |
| System | 2013-04-30 | 00:01 | 82 | $5,928.46 @ 4.850 / 04/09/2013 - 04/30/2013 | $16.54 |
| System | 2013-05-31 | 00:01 | 82 | $5,928.46 @ 4.850 / 04/30/2013 - 05/31/2013 | $24.42 |
| System | 2013-06-30 | 00:01 | 82 | $5,928.46 @ 4.850 / 05/31/2013 - 06/30/2013 | $23.63 |
| System | 2013-07-31 | 00:01 | 82 | $5,928.46 @ 4.850 / 06/30/2013 - 07/31/2013 | $24.42 |
| System | 2013-08-31 | 00:01 | 82 | $5,928.46 @ 4.850 / 07/31/2013 - 08/31/2013 | $24.42 |
| System | 2013-09-30 | 00:01 | 82 | $5,928.46 @ 4.850 / 08/31/2013 - 09/30/2013 | $23.63 |
| System | 2013-10-09 | 00:01 | 82 | $5,928.46 @ 4.850 / 09/30/2013 - 10/09/2013 | $7.09 |
| System | 2013-10-31 | 00:01 | 82 | $5,928.46 @ 4.840 / 10/09/2013 - 10/31/2013 | $17.29 |
| System | 2013-11-30 | 00:01 | 82 | $5,928.46 @ 4.840 / 10/31/2013 - 11/30/2013 | $23.58 |
| System | 2013-12-31 | 00:01 | 82 | $5,928.46 @ 4.840 / 11/30/2013 - 12/31/2013 | $24.37 |

| System | 2014-01-06 | 00:01 | 82 | $5,928.46 @ 4.840 / 12/31/2013 - 01/06/2014 | $4.72 |
|--------|-----------|-------|----|----|----|
| System | 2014-01-31 | 00:01 | 82 | $5,928.46 @ 4.820 / 01/06/2014 - 01/31/2014 | $19.57 |
| System | 2014-02-28 | 00:01 | 82 | $5,928.46 @ 4.820 / 01/31/2014 - 02/28/2014 | $21.92 |
| System | 2014-04-03 | 00:01 | 82 | $5,928.46 @ 4.820 / 02/28/2014 - 04/03/2014 | $26.62 |
| System | 2014-05-21 | 00:01 | 82 | $5,928.46 @ 4.810 / 04/03/2014 - 05/21/2014 | $37.50 |
| System | 2014-06-05 | 00:01 | 82 | $5,928.46 @ 4.810 / 05/21/2014 - 06/05/2014 | $11.72 |
| System | 2014-07-03 | 00:01 | 82 | $5,928.46 @ 4.810 / 06/05/2014 - 07/03/2014 | $21.88 |
| System | 2014-07-31 | 00:01 | 82 | $5,928.46 @ 4.800 / 07/03/2014 - 07/31/2014 | $21.83 |
| System | 2014-08-01 | 00:01 | 82 | $5,928.46 @ 4.800 / 07/31/2014 - 08/01/2014 | $0.78 |
| System | 2014-08-31 | 00:01 | 82 | $5,928.46 @ 4.805 / 08/01/2014 - 08/31/2014 | $23.41 |
| System | 2014-09-02 | 00:01 | 82 | $5,928.46 @ 4.805 / 08/31/2014 - 09/02/2014 | $1.56 |
| System | 2014-09-30 | 00:01 | 82 | $5,928.46 @ 4.800 / 09/02/2014 - 09/30/2014 | $21.83 |
| System | 2014-10-31 | 00:01 | 82 | $5,928.46 @ 4.800 / 09/30/2014 - 10/31/2014 | $24.17 |
| System | 2014-11-04 | 00:01 | 82 | $5,928.46 @ 4.800 / 10/31/2014 - 11/04/2014 | $3.12 |
| System | 2014-11-30 | 00:01 | 82 | $5,928.46 @ 4.810 / 11/04/2014 - 11/30/2014 | $20.31 |
| System | 2014-12-04 | 00:01 | 82 | $5,928.46 @ 4.810 / 11/30/2014 - 12/04/2014 | $3.13 |
| System | 2014-12-09 | 00:01 | 82 | $5,928.46 @ 4.810 / 12/04/2014 - 12/09/2014 | $3.91 |

## DEPOSIT AND SALE AGREEMENT
## THE NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-2

This Deposit and Sale Agreement (the "Sale Agreement"), dated as of June 9, 2005, between The National Collegiate Funding LLC, in its capacity as seller (in such capacity, the "Seller"), and The National Collegiate Student Loan Trust 2005-2, as purchaser (the "Purchaser"), shall be effective upon execution by the parties hereto.

WHEREAS, the Seller is the owner of certain student loans; and

WHEREAS, the Seller desires to sell its interest in such student loans and the Purchaser desires to purchase such loans from the Seller.

NOW, THEREFORE, in connection with the mutual promises contained herein, the parties hereto agree as follows:

### ARTICLE I
### TERMS

This Sale Agreement sets forth the terms under which the Seller is selling and the Purchaser is purchasing the student loans listed on Schedule 2 to each of the Pool Supplements set forth on Schedule A attached hereto (the "Transferred Student Loans").

### ARTICLE II
### DEFINITIONS

Capitalized terms used but not otherwise defined herein shall have the definitions set forth in Appendix A of the Indenture dated as of June 1, 2005 between U.S. Bank National Association (the "Indenture Trustee") and the Purchaser.

### ARTICLE III
### SALE AND PURCHASE

Section 3.01.  Sale of Loans.  The Seller hereby sells and the Purchaser hereby purchases the Transferred Student Loans.

Section 3.02.  Assignment of Rights.  The Seller hereby assigns to the Purchaser and the Purchaser hereby accepts all of the Seller's rights and interests under each of the Pool Supplements listed on Schedule A attached hereto and the related Student Loan Purchase Agreements listed on Schedule B attached hereto.

Section 3.03.  Settlement of the Payment.  The Purchaser shall pay the Seller the purchase price set forth in Schedule 1 of each of the Pool Supplements by wire transfer in immediately available funds to the account specified by the Seller.  In addition, the Purchaser will also issue the Class A-5 Notes and Class A-IO Notes to the Seller pursuant to the Indenture.

Section 3.04.  Assistance by Seller.  Following the execution of this Sale Agreement, the Seller shall provide any reasonable assistance requested by the Purchaser in determining that all required documentation on the Transferred Student Loans is present and correct.

## ARTICLE IV
## REPRESENTATIONS, WARRANTIES AND COVENANTS OF SELLER

Section 4.01.  General.  The Seller represents and warrants to the Purchaser that as of the date of this Sale Agreement:

(a)    The Seller is duly organized and existing under the laws of the State of Delaware; and

(b)    The Seller has all requisite power and authority to enter into and to perform the terms of this Sale Agreement.

Section 4.02.  Loan Representations.  The Seller represents and warrants to the Purchaser that with respect to each Transferred Student Loan purchased by the Purchaser pursuant to this Sale Agreement, the Seller is making the same representations and warranties made by the respective program lender with respect to each Transferred Student Loan pursuant to the respective Student Loan Purchase Agreement listed on Schedule B attached hereto.

Section 4.03.  Covenants.  The Seller, in its capacity as purchaser of the Transferred Student Loans pursuant to the Pool Supplements, hereby covenants that it will enforce the covenants and agreements of each program lender in the respective Student Loan Purchase Agreement and related Pool Supplement.  The Seller further covenants that it will not waive, amend, modify, supplement or terminate any Student Loan Purchase Agreement or Pool Supplement or any provision thereof without the consent of the Purchaser, which consent the Purchaser hereby agrees not to provide without the prior written consent of the Indenture Trustee and the Interested Noteholders in accordance with the Purchaser's covenant in Section 3.07(c) of the Indenture.

## ARTICLE V
## PURCHASE OF LOANS; REIMBURSEMENT

Each party to this Sale Agreement shall give notice to the other such parties and to the Servicers, First Marblehead Data Services, Inc. and Delaware Trust Company, National Association (the "Owner Trustee") promptly, in writing, upon the discovery of any breach of the Seller's representations and warranties made pursuant to this Sale Agreement which has a materially adverse effect on the interest of the Purchaser in any Transferred Student Loan.  In the event of such a material breach, the Seller shall cure or repurchase the Transferred Student Loan in accordance with the remedies set forth in the respective Student Loan Purchase Agreement.

## ARTICLE VI
## LIABILITY OF SELLER; INDEMNITIES

The Seller shall be liable in accordance herewith only to the extent of the obligations specifically undertaken by the Seller under this Sale Agreement.

2

(a)    The Seller shall indemnify, defend and hold harmless the Purchaser and the Owner Trustee in its individual capacity and their officers, directors, employees and agents from and against any taxes that may at any time be asserted against any such Person with respect to the transactions contemplated herein and in the other Basic Documents (except any such income taxes arising out of fees paid to the Owner Trustee), including any sales, gross receipts, general corporation, tangible and intangible personal property, privilege or license taxes and costs and expenses in defending against the same.

(b)    The Seller shall indemnify, defend and hold harmless the Purchaser and the Owner Trustee in its individual capacity and their officers, directors, employees and agents of the Purchaser and the Owner Trustee from and against any and all costs, expenses, losses, claims, damages and liabilities arising out of, or imposed upon such Person through, the Seller's willful misfeasance, bad faith or gross negligence in the performance of its duties under this Sale Agreement, or by reason of reckless disregard of its obligations and duties under this Sale Agreement.

Indemnification under this Section shall survive the termination of this Sale Agreement and shall include reasonable fees and expenses of counsel and expenses of litigation.  If the Seller shall have made any indemnity payments pursuant to this Section and the Person to or for the benefit of whom such payments are made thereafter shall collect any of such amounts from others, such Person shall promptly repay such amounts to the Seller, without interest.

## ARTICLE VII
## MERGER OR CONSOLIDATION OF, OR ASSUMPTION
## OF THE OBLIGATIONS OF SELLER

Any Person (a) into which the Seller may be merged or consolidated, (b) which may result from any merger or consolidation to which the Seller shall be a party or (c) which may succeed to the properties and assets of the Seller substantially as a whole, shall be the successor to the Seller without the execution or filing of any document or any further act by any of the parties to this Sale Agreement; provided, however, that the Seller hereby covenants that it will not consummate any of the foregoing transactions except upon satisfaction of the following: (i) the surviving Person, if other than the Seller, executes an agreement of assumption to perform every obligation of the Seller under this Sale Agreement, (ii) immediately after giving effect to such transaction, no representation or warranty made pursuant to this Sale Agreement shall have been breached, (iii) the surviving Person, if other than the Seller, shall have delivered an Officers' Certificate and an opinion of counsel each stating that such consolidation, merger or succession and such agreement of assumption comply with this Section and that all conditions precedent, if any, provided for in this Sale Agreement relating to such transaction have been complied with, and that the Rating Agency Condition shall have been satisfied with respect to such transaction, (iv) if the Seller is not the surviving entity, such transaction will not result in a material adverse federal or state tax consequence to the Purchaser or the Noteholders and holders of the grantor trust certificates (the "Certificates") (the "Certificateholders", together with the Noteholders, the "Securityholders") and (v) if the Seller is not the surviving entity, the Seller shall have delivered an opinion of counsel either (A) stating that, in the opinion of such counsel, all financing statements and continuation statements and amendments thereto have been executed and filed that are necessary fully to preserve and protect the interest of the Purchaser in

3

the Transferred Student Loans and reciting the details of such filings, or (B) stating that, in the opinion of such counsel, no such action shall be necessary to preserve and protect such interests.

## ARTICLE VIII
## LIMITATION ON LIABILITY OF SELLER AND OTHERS

The Seller and any director or officer or employee or agent thereof may rely in good faith on the advice of counsel or on any document of any kind, prima facie properly executed and submitted by any Person respecting any matters arising hereunder (provided that such reliance shall not limit in any way the Seller's obligations under this Sale Agreement). The Seller shall not be under any obligation to appear in, prosecute or defend any legal action that shall not be incidental to its obligations under this Sale Agreement or the Student Loan Purchase Agreements, and that in its opinion may involve it in any expense or liability.

## ARTICLE IX
## SURVIVAL OF COVENANTS

All covenants, agreements, representations and warranties made herein shall survive the consummation of the purchase of the Transferred Student Loans; provided, however, that to the extent any of the same relate to a corresponding covenant, agreement, representation or warranty contained in a Student Loan Purchase Agreement, the same shall survive to the extent that such corresponding covenant, agreement, representation or warranty survives the applicable Student Loan Purchase Agreement. All covenants, agreements, representations and warranties made or furnished pursuant hereto by or for the benefit of the Seller shall bind and inure to the benefit of any successors or assigns of the Purchaser, including the Indenture Trustee and the Grantor Trustee. This Sale Agreement may be changed, modified or discharged, and any rights or obligations hereunder may be waived, only by a written instrument signed by a duly authorized officer of the party against whom enforcement of any such waiver, change, modification or discharge is sought. The waiver by the Indenture Trustee, at the direction of the Noteholders (pursuant to the Indenture), and the Grantor Trustee, at the direction of the Certificateholders (pursuant to the Grantor Trust Agreement), of any covenant, agreement, representation or warranty required to be made or furnished by the Seller or the waiver by the Indenture Trustee, at the direction of the Noteholders (pursuant to the Indenture), and the Grantor Trustee, at the direction of the Certificateholders (pursuant to the Grantor Trust Agreement), of any provision herein contained shall not be deemed to be a waiver of any breach of any other covenant, agreement, representation, warranty or provision herein contained, nor shall any waiver or any custom or practice which may evolve between the parties in the administration of the terms hereof, be construed to lessen the right of the Indenture Trustee, at the direction of the Noteholders (pursuant to the Indenture), and the Grantor Trustee, at the direction of the Certificateholders (pursuant to the Grantor Trust Agreement), to insist upon the performance by the Seller in strict accordance with said terms.

## ARTICLE X
## COMMUNICATION AND NOTICE REQUIREMENTS

All communications, notices and approvals provided for hereunder shall be in writing and mailed or delivered to the Seller or the Purchaser, as the case may be. Notice given in any such

communication, mailed to the Seller or the Purchaser by appropriately addressed registered mail, shall be deemed to have been given on the day following the date of such mailing and shall be addressed as follows:

If to the Purchaser, to:

> The National Collegiate Student Loan Trust 2005-2
> c/o Delaware Trust Company, National Association, as Owner Trustee
> 300 Delaware Avenue, 9th Floor
> Wilmington, Delaware 19801
> Attention: Mr. Sterling C. Correia

If to the Seller, to:

> The National Collegiate Funding LLC
> c/o First Marblehead Data Services, Inc.
> 230 Park Avenue, 10th Floor
> New York, NY 10169
> Attention: Mr. Rob Baron

with a copy to:

> First Marblehead Corporation
> The Prudential Tower
> 800 Boylston Street - 34th Floor
> Boston, MA 02199-8157
> Attention: Mr. Richard P. Zermani

or to such other address as either party shall have provided to the other parties in writing. Any notice required to be in writing hereunder shall be deemed given if such notice is mailed by certified mail, postage prepaid, or hand-delivered to the address of such party as provided above.

## ARTICLE XI
## AMENDMENT

This Sale Agreement may be amended by the parties hereto without the consent of the related Securityholders for the purpose of adding any provisions to or changing in any manner or eliminating any of the provisions of the Sale Agreement or of modifying in any manner the rights of such Securityholders; provided that such action will not, in the opinion of counsel satisfactory to the Indenture Trustee and the Grantor Trustee, materially affect the interest of any such Securityholder.

In addition, this Sale Agreement may also be amended from time to time by the Seller and the Purchaser, with the consent of the Noteholders of the Notes evidencing a majority of the Outstanding Amount of the Notes and the consent of the Certificateholders of the Certificates evidencing a majority of the outstanding principal amount of the Certificates, for the purpose of adding any provisions to or changing in any manner or eliminating any of the provisions of this

5

Sale Agreement or of modifying in any manner the rights of the Noteholders or the Certificateholders, respectively; provided, however, that no such amendment shall (a) increase or reduce in any manner the amount of, or accelerate or delay the time of, collections of payments with respect to Transferred Student Loans or distributions that shall be required to be made for the benefit of the Securityholders or (b) reduce the aforesaid percentage of the Outstanding Amount of the Notes or the Certificates, the Noteholders or the Certificateholders of which are required to consent to any such amendment, without the consent of all outstanding Noteholders or Certificateholders, respectively.

Promptly after the execution of any such amendment or consent (or, in the case of the Rating Agencies, five Business Days prior thereto), the Purchaser shall furnish written notification of the substance of such amendment or consent to the Indenture Trustee, the Grantor Trustee and each of the Rating Agencies.

It shall not be necessary for the consent of Securityholders pursuant to this Section to approve the particular form of any proposed amendment or consent, but it shall be sufficient if such consent shall approve the substance thereof.

Prior to the execution of any amendment to this Sale Agreement, the Owner Trustee shall be entitled to receive and rely upon an opinion of counsel stating that execution of such amendment is authorized or permitted by this Sale Agreement, the Owner Trustee may, but shall not be obligated to, enter into any such amendment which affects the Owner Trustee's own rights, duties or immunities under this Sale Agreement or otherwise.

## ARTICLE XII
## ASSIGNMENT

The Seller hereby assigns its entire right, title and interest as purchaser under this Sale Agreement and the Student Loan Purchase Agreement thereunder to the Purchaser as of the date hereof and acknowledges that the Purchaser will assign the same, together with the right, title and interest of the Purchaser hereunder, to the Indenture Trustee under the Indenture.

## ARTICLE XIII
## GOVERNING LAW

THIS SALE AGREEMENT SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK, INCLUDING SECTIONS 5-1401 AND 5-1402 OF THE NEW YORK GENERAL OBLIGATIONS LAW, BUT OTHERWISE WITHOUT REGARD TO CONFLICT OF LAW PRINCIPLES, AND THE OBLIGATIONS, RIGHTS AND REMEDIES OF THE PARTIES, HEREUNDER SHALL BE DETERMINED IN ACCORDANCE WITH SUCH LAWS.

## ARTICLE XIV
## LIMITATION OF LIABILITY OF OWNER TRUSTEE

Notwithstanding anything contained herein to the contrary, this instrument has been executed by Delaware Trust Company, National Association, not in its individual capacity but solely in its capacity as Owner Trustee of the Purchaser, and in no event shall Delaware Trust

Company, National Association in its individual capacity or any beneficial owner of the Purchaser have any liability for the representations, warranties, covenants, agreements or other obligations of the Purchaser hereunder, as to all of which recourse shall be had solely to the assets of the Purchaser. For all purposes of this Sale Agreement, in the performance of any duties or obligations of the Purchaser hereunder, the Owner Trustee shall be subject to, and entitled to the benefits of, the terms and provisions of Articles VIII, IX and X of the Trust Agreement.

[Signature Pages Follow]

IN WITNESS WHEREOF, the parties hereto have caused this Sale Agreement to be duly executed by their respective officers hereunto duly authorized, as of the day and year first above written.

THE NATIONAL COLLEGIATE FUNDING LLC, as Seller

By: GATE Holdings, Inc., Member

By:_____

Name: Stephen Anbinder
Title: President


THE NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-2, as Purchaser

By:     Delaware Trust Company, National Association, not in its individual capacity but solely as Owner Trustee


By:_____

Name: Sterling C. Correia
Title: Vice President

IN WITNESS WHEREOF, the parties hereto have caused this Sale Agreement to be duly executed by their respective officers hereunto duly authorized, as of the day and year first above written.

THE NATIONAL COLLEGIATE FUNDING LLC, as Seller

By: GATE Holdings, Inc., Member

By: _____
    Name: Stephen Anbinder
    Title: President


THE NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-2, as Purchaser

By:    Delaware Trust Company, National Association, not in its individual capacity but solely as Owner Trustee

By: _____
    Name: Sterling C. Correia
    Title: Vice President

Deposit and Sale Agreement

## SCHEDULE A
*Pool Supplements*

Each of the following Pool Supplements was entered into by and among The First Marblehead Corporation, The National Collegiate Funding LLC and:

- Bank of America, N.A., dated June 9, 2005, for loans that were originated under Bank of America's BAGEL Loan Program, CEDU Loan Program, Direct to Consumer Loan Program and ISLP Loan Program.
- Bank One, N.A., dated June 9, 2005, for loans that were originated under Bank One's CORPORATE ADVANTAGE Loan Program, EDUCATION ONE Loan Program and M&T REFERRAL Loan Program.
- Charter One Bank, N.A., dated June 9, 2005, for loans that were originated under the following Charter One programs: AAA Southern New England Bank, AES EducationGAIN Loan Program, (AMS) TuitionPay Diploma Loan Program, Brazos Alternative Loan Program, CFS Direct to Consumer Loan Program, Citibank Flexible Education Loan Program, College Loan Corporation Loan Program, Comerica Alternative Loan Program, Custom Educredit Loan Program, Edfinancial Loan Program, Education Assistance Services Loan Program, ESF Alternative Loan Program, Extra Credit II Loan Program (North Texas Higher Education), M&I Alternative Loan Program, National Education Loan Program, Navy Federal Alternative Loan Program, NextStudent Alternative Loan Program, NextStudent Private Consolidation Loan Program, PNC Bank Resource Loan Program, SAF Alternative Loan Program, START Education Loan Program, Southwest Loan Program, WAMU Alternative Student Loan Program, Charter One Referral Loan Program and Axiom Alternative Loan Program.
- Chase Manhattan Bank USA, N.A., dated June 9 2005, for loans that were originated under Chase's Chase Extra Loan Program.
- Citizens Bank of Rhode Island, dated June 9, 2005, for loans that were originated under Citizens Bank of Rhode Island's Compass Bank Loan Program, DTC Loan Program, Navy Federal Referral Loan Program and Xanthus Loan Program.
- First National Bank Northeast, dated June 9, 2005, for loans that were originated under First National Bank Northeast's CASL Undergraduate Loan Program.
- GMAC Bank, dated June 9, 2005, for loans that were originated under GMAC Bank's GMAC Alternative Loan Program.
- HSBC Bank USA, National Association, dated June 9, 2005, for loans that were originated under the HSBC Loan Program.
- The Huntington National Bank, dated June 9, 2005, for loans that were originated under The Huntington National Bank's Huntington National Bank Education Loan Program.
- Manufacturers and Traders Trust Company, dated June 9, 2005, for loans that were originated under Manufacturers and Traders Trust Company's M&T Alternative Loan Program.
- PNC Bank, N.A., dated June 9, 2005, for loans that were originated under PNC Bank's PNC Bank Alternative Loan Program.
- Sovereign Bank, dated June 9, 2005, for loans that were originated under Sovereign Bank's Alternative Loan Program.

- SunTrust Bank, dated June 9, 2005, for loans that were originated under SunTrust Bank's SunTrust Alternative Loan Program.

## SCHEDULE B
### Student Loan Purchase Agreements

Each of the Note Purchase Agreements, as amended or supplemented, was entered into by and between The First Marblehead Corporation and:

- Bank of America, N.A., dated April 30, 2001, for loans that were originated under Bank of America's BAGEL Loan Program, CEDU Loan Program and ISLP Loan Program.
- Bank of America, N.A., dated June 30, 2003, for loans that were originated under Bank of America's Direct to Consumer Loan Program.
- Bank One, N.A., dated May 1, 2002, for loans that were originated under Bank One's CORPORATE ADVANTAGE Loan Program and EDUCATION ONE Loan Program.
- Bank One, N.A., dated July 26, 2002, for loans that were originated under Bank One's M&T REFERRAL Loan Program
- Charter One Bank, N.A., dated as of December 29, 2003 for loans that were originated under Charter One's AAA Southern New England Bank Loan Program.
- Charter One Bank, N.A., dated October 31, 2003, for loans that were originated under Charter One's AES EducationGAIN Loan Program.
- Charter One Bank, N.A., dated May 15, 2002, for loans that were originated under Charter One's (AMS) TuitionPay Diploma Loan Program.
- Charter One Bank, N.A., dated July 15, 2003, for loans that were originated under Charter One's Brazos Alternative Loan Program.
- Charter One Bank, N.A., dated May 15, 2002, for loans that were originated under Charter One's CFS Direct to Consumer Loan Program.
- Charter One Bank, N.A., dated June 30, 2003, for loans that were originated under Charter One's Citibank Flexible Education Loan Program.
- Charter One Bank, N.A., dated July 1, 2002, for loans that were originated under Charter One's College Loan Corporation Loan Program.
- Charter One Bank, N.A., dated December 4, 2002, for loans that were originated under Charter One's Comerica Alternative Loan Program.
- Charter One Bank, N.A., dated December 1, 2003, for loans that were originated under Charter One's Custom Educredit Loan Program.
- Charter One Bank, N.A., dated May 10, 2004, for loans that were originated under Charter One's Edfinancial Loan Program.
- Charter One Bank, N.A., dated May 15, 2002, for loans that were originated under Charter One's Education Assistance Services Loan Program.
- Charter One Bank, N.A., dated May 15, 2003, for loans that were originated under Charter One's ESF Alternative Loan Program.
- Charter One Bank, N.A., dated September 15, 2003, for loans that were originated under Charter One's Extra Credit II Loan Program (North Texas Higher Education).
- Charter One Bank, N.A., dated September 20, 2003, for loans that were originated under Charter One's M&I Alternative Loan Program.
- Charter One Bank, N.A., dated November 17, 2003, for loans that were originated under Charter One's National Education Loan Program.

- Charter One Bank, N.A., dated May 15, 2003, for loans that were originated under Charter One's Navy Federal Alternative Loan Program.
- Charter One Bank, N.A., dated May 15, 2002, for loans that were originated under Charter One's NextStudent Alternative Loan Program.
- Charter One Bank, N.A., dated March 26, 2004, for loans that were originated under Charter One's NextStudent Private Consolidation Loan Program.
- Charter One Bank, N.A., dated March 17, 2003, for loans that were originated under Charter One's PNC Bank Resource Loan Program.
- Charter One Bank, N.A., dated May 1, 2003, for loans that were originated under Charter One's SAF Alternative Loan Program.
- Charter One Bank, N.A., dated September 20, 2002, for loans that were originated under Charter One's Southwest Loan Program.
- Charter One Bank, N.A., dated March 25, 2004, for loans that were originated under Charter One's START Education Loan Program.
- Charter One Bank, N.A., dated May 15, 2003, for loans that were originated under Charter One's WAMU Alternative Student Loan Program.
- Charter One Bank, N.A., dated February 15, 2005, for loans that were originated under Charter One's Referral Loan Program and Axiom Alternative Loan Program.
- Chase Manhattan Bank USA, N.A., dated September 30, 2003, as amended on March 1, 2004, September 8, 2004 and February 25, 2005, for loans that were originated under Chase's Chase Extra Loan Program.
- Citizens Bank of Rhode Island, dated April 30, 2004, for loans that were originated under Citizens Bank of Rhode Island's Compass Bank Loan Program.
- Citizens Bank of Rhode Island, dated April 30, 2004, for loans that were originated under Citizens Bank of Rhode Island's DTC Alternative Loan Program.
- Citizens Bank of Rhode Island, dated April 30, 2004, for loans that were originated under Citizens Bank of Rhode Island's Navy Federal Referral Loan Program.
- Citizens Bank of Rhode Island, dated April 30, 2004, for loans that were originated under Citizens Bank of Rhode Island's Xanthus Loan Program.
- First National Bank Northeast, dated August 1, 2001, for loans that were originated under First National Bank Northeast's CASL Undergraduate Loan Program.
- GMAC Bank, dated May 30, 2003, as amended on March 1, 2005, for loans that were originated under GMAC Bank's GMAC Alternative Loan Program.
- HSBC Bank USA, National Association, dated April 17, 2002, as amended on June 2, 2003 and August 1, 2003, for loans that were originated under the HSBC Loan Program.
- The Huntington National Bank, dated May 20, 2003, for loans that were originated under The Huntington National Bank's Huntington Bank Education Loan Program.
- Manufacturers and Traders Trust Company, dated April 29, 2004, for loans that were originated under Manufacturers and Traders Trust Company's Alternative Loan Program.
- PNC Bank, N.A., dated April 22, 2004, for loans that were originated under PNC Bank's Alternative Conforming Loan Program.
- Sovereign Bank, dated April 30, 2004, for loans that were originated under Sovereign Bank's Alternative Loan Program.
- SunTrust Bank, dated March 1, 2002, for loans that were originated under SunTrust Bank's SunTrust Alternative Loan Program.

EX-10.14 15 nationalcollegiate_ex10-14.htm POOL SUPPLEMENT
**POOL SUPPLEMENT**
**BANK ONE, N.A.**

This Pool Supplement (the "Supplement") is entered into pursuant to and forms a part of that certain (i) Amended and Restated Note Purchase Agreement dated as of May 1, 2002 and (ii) Amended and Restated Note Purchase Agreement dated as of July 26, 2002, each as amended or supplemented from the date of execution of the Agreement through the date of this Supplement (together, the "Agreement"), by and between The First Marblehead Corporation ("FMC") and Bank One, N.A. (Columbus, Ohio) by its successor by merger, JPMorgan Chase Bank, N.A. (the "Program Lender"). This Supplement is dated as of June 9, 2005. Capitalized terms used in this Supplement without definitions have the meanings set forth in the Agreement.

### Article 1: Purchase and Sale.

In consideration of the Minimum Purchase Price set forth in Schedule 1 attached hereto, the Program Lender hereby transfers, sells, sets over and assigns to The National Collegiate Funding LLC (the "Depositor"), upon the terms and conditions set forth in the Agreement (which are incorporated herein by reference with the same force and effect as if set forth in full herein), each student loan set forth on the attached Schedule 2 (the "Transferred Bank One Loans") along with all of the Program Lender's rights under the Guaranty Agreement relating to the Transferred Bank One Loans. The Depositor in turn will sell the Transferred Bank One Loans to The National Collegiate Student Loan Trust 2005-2 (the "Trust"). The Program Lender hereby transfers and delivers to the Depositor each Note evidencing such Transferred Bank One Loan and all Origination Records relating thereto, in accordance with the terms of the Agreement. The Depositor hereby purchases said Notes on said terms and conditions.

### Article 2: Price.

The amount paid pursuant to this Supplement is the Minimum Purchase Price, as that term is defined in Section 2.04 of the Agreement.

### Article 3: Representations and Warranties.

3.01.  **By Program Lender.**

The Program Lender repeats the representations and warranties contained in Section 5.02 of the Agreement for the benefit of each of the Depositor and the Trust and confirms the same are true and correct as of the date hereof with respect to the Agreement and to this Supplement.

3.02.  **By Depositor.**

The Depositor hereby represents and warrants to the Program Lender that at the date of execution and delivery of this Supplement by the Depositor:

(a)  The Depositor is duly organized and validly existing as a limited liability company under the laws of the State of Delaware with the due power and authority to own its properties and to conduct its business as such properties are currently owned and such business is presently conducted, and had at all relevant times, and has, the power, authority and legal right to acquire and own the Transferred Bank One Loans.

---

(b)     The Depositor is duly qualified to do business and has obtained all necessary licenses and approvals in all jurisdictions in which the ownership or lease of property or the conduct of its business shall require such qualifications.

(c)     The Depositor has the power and authority to execute and deliver this Supplement and to carry out its respective terms; the Depositor has the power and authority to purchase the Transferred Bank One Loans and rights relating thereto as provided herein from the Program Lender, and the Depositor has duly authorized such purchase from the Program Lender by all necessary action; and the execution, delivery and performance of this Supplement has been duly authorized by the Depositor by all necessary action on the part of the Depositor.

(d)     This Supplement, together with the Agreement of which this Supplement forms a part, constitutes a legal, valid and binding obligation of the Depositor, enforceable in accordance with its terms.

(e)     The consummation of the transactions contemplated by the Agreement and this Supplement and the fulfillment of the terms hereof do not conflict with, result in any breach of any of the terms and provisions of, or constitute (with or without notice or lapse of time) a default under, the governing instruments of the Depositor or any indenture, agreement or other instrument to which the Depositor is a party or by which it is bound; or result in the creation or imposition of any lien upon any of its properties pursuant to the terms of any such indenture, agreement or other instrument; or violate any law or any order, rule or regulation applicable to the Depositor of any court or of any federal or state regulatory body, administrative agency or other governmental instrumentality having jurisdiction over the Depositor or its properties.

(f)     There are no proceedings or investigations pending, or threatened, before any court, regulatory body, administrative agency or other governmental instrumentality having jurisdiction over the Depositor or its properties: (i) asserting the invalidity of the Agreement or this Supplement, (ii) seeking to prevent the consummation of any of the transactions contemplated by the Agreement or this Supplement, or (iii) seeking any determination or ruling that is likely to materially or adversely affect the performance by the Depositor of its obligations under, or the validity or enforceability of the Agreement or this Supplement.

Article 4: Cross Receipt.

The Program Lender hereby acknowledges receipt of the Minimum Purchase Price. The Depositor hereby acknowledges receipt of the Transferred Bank One Loans included in the Pool.

Article 5: Assignment of Origination, Guaranty and Servicing Rights.

The Program Lender hereby assigns and sets over to the Depositor any claims it may now or hereafter have under the Guaranty Agreement, the Origination Agreement and the Servicing Agreement to the extent the same relate to the Transferred Bank One Loans described in Schedule 2, other than any right to obtain servicing after the date hereof. It is the intent of this provision to vest in the Depositor any claim of the Program Lender relating to defects in origination, guaranty or servicing of the loans purchased hereunder in order to permit the Depositor to assert such claims directly and obviate any need to make the same claims against the Program Lender under this Supplement.

IN WITNESS WHEREOF, the parties have caused this Supplement to be executed as of the date set forth above.

THE FIRST MARBLEHEAD CORPORATION

By:      /s/ John A. Hupalo
Name:    John A. Hupalo
Title:   Executive Vice President

BANK ONE, N.A. (Columbus, Ohio)
by its successor by merger, JPMorgan
Chase Bank, N.A

By:      /s/ Joseph F. Sergi
Name:    Joseph F. Sergi
Title:   First Vice President

THE NATIONAL COLLEGIATE
FUNDING LLC

By: GATE Holdings, Inc., Member

By:      /s/ Stephen Anbinder
Name:    Stephen Anbinder
Title:   President

# EXHIBIT 37

FILED

2015 APR -2 PM 2: 08

SONYA KRASKI
COUNTY CLERK
SNOHOMISH CO. WASH

CL17181177

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR SNOHOMISH COUNTY**

| | |
|---|---|
| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-2, A DELAWARE STATUTORY TRUST | Case No.: **15 2 03144 7** |
| Plaintiff, | **ORDER OF DEFAULT AND DEFAULT JUDGMENT** |
| vs. | **(CLERK'S ACTION REQUIRED)** |
| TONY KIM and DARIA KIM, Defendants. | |

## I. JUDGMENT SUMMARY

| | |
|---|---|
| Judgment Creditor: | NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-2, A DELAWARE STATUTORY TRUST |
| Attorney for Judgment Creditor: | MATTHEW CHEUNG; PATENAUDE & FELIX, A.P.C. |
| Judgment Debtor: | TONY KIM and DARIA KIM |
| Principal Amount: | $5,928.46 |
| Interest to Date of Judgment: | $966.51 |
| Costs: | $405.00 |
| Principal Total: | $7,299.97 |
| Attorney's Fee: | $0.00 |
| Less: Credit of | $0.00 |
| TOTAL JUDGMENT: | $7,299.97 |

For Post Judgment interest to run at the rate of 12% per annum from the date of judgment.

ORDER OF DEFAULT AND DEFAULT JUDGMENT

ORIGINAL

Ex parte

PATENAUDE & FELIX, A.P.C.
4025 190th Avenue West, Suite 280, Lynnwood, WA 98036
Tel: (425) 361-1662 Toll Free: (800) 832-7675

WA_91 Ord of Def Jg

P&F File No. 14-51604

*5*

## II. ORDER AND JUDGMENT

The plaintiff's motion for an Order of Default and Default Judgment against the above named defendant came before the undersigned judge/court commissioner of this Court. The Court, having found that: (1) the defendant was duly served with a Summons and Complaint and has failed to appear, answer, or otherwise defend within the time provided by law; (2) finds that the venue is proper; and (3) the defendant is justly indebted to the plaintiff, as evidence by the proof presented herewith, now, therefore, it is hereby ORDERED, ADJUDGED, AND DECREED that the defendant, TONY  KIM and DARIA  KIM, is hereby in default.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff shall have judgment against the defendant, TONY  KIM and DARIA  KIM, for the principal amount of $5,928.46, together with the plaintiff's costs of $405.00 and interest in the amount of $966.51, and less credits of 0.00, for a total Judgment of $7,299.97, and said Judgment shall bear interest at the highest legal rate.

ENTERED this_____ day of _____, 20___.

APR 0 1 2015

_____
JUDGE/COURT COMMISSIONER

Presented by:

**PATENAUDE & FELIX, A.P.C.**

_____
MATTHEW CHEUNG, WSBA #43067
Attorney for Plaintiff
19401 40th Avenue West, Suite 280
Lynnwood, WA 98036
Tel: (425) 361-1662

-2-

**ORDER OF DEFAULT AND DEFAULT JUDGMENT**

PATENAUDE & FELIX, A.P.C.
19401 40th Avenue West, Suite 280, Lynnwood, WA 98036
Tel: (425) 361-1662  Toll Free: (800) 832-7675

WA_91 Ord of Def Jg                    P&F File No. 14-51604

# EXHIBIT 38

CL17470653

FILED

2015 OCT 28  PM 4: 40

SONYA KRASKI
COUNTY CLERK
SNOHOMISH CO. WASH

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SNOHOMISH

NATIONAL COLLEGIATE STUDENT LOAN
TRUST 2005-2, a Delaware Statutory Trust,

        Plaintiff,

    v.

Tony Kim and Daria Kim,

        Defendant(s).

Case No. 15-2-03144-7

NOTICE OF APPEARANCE

To: The Clerk of the Court, and

AND TO: Matthew Cheung, Attorney for Plaintiffs

PLEASE TAKE NOTICE that Christina L Henry and Henry, DeGraaff & McCormick,
P.S. hereby appear in this action as attorneys for defendants Tony Kim and Daria Kim, all
motions, papers and pleadings filed herein, exclusive of original process, are to be served upon
the undersigned at the address below stated, reserving the statutory time within which to plead
further.

Christina L Henry
Henry, DeGraaff & McCormick, P.S.
1833 N. 105th Street, Suite 203
Seattle, WA 98133
206/330-0595

NOTICE OF APPEARANCE - 1



All claims and defenses, including without limitation, those relating to service and jurisdiction are reserved.

DATED this October 13, 2015

HENRY, DEGRAAFF & MCCORMICK, P.S.

By: _____
Christina L Henry, WSBA #31273
Attorneys for Defendant(s)

PROOF OF SERVICE

I, Christina L Henry, declare under penalty of perjury as follows:

I am over the age of eighteen years, a citizen of United States, not a party herein, and am competent to testify to the facts set forth in this Notice of Appearance.

That on October 13, 2015 I caused a copy of the foregoing document to be served via hand delivery to:

> Matthew Cheung, WSB 43067
> Attorney for Plaintiff
> Patenaude & Felix, APC
> 19401 40th Ave West, Ste 280
> Lynnwood, WA 98036

I CERTIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING STATEMENT IS BOTH TRUE AND CORRECT.

Executed this October 13, 2015 at Seattle, Washington.

_____
Christina L Henry

NOTICE OF APPEARANCE - 2

HENRY, DEGRAAFF & McCORMICK, P.S.
1833 N. 105TH ST. SUITE 203
SEATTLE, WA 98133
telephone (206) 330-0595
fax 1 (206) 400-7609

# EXHIBIT 39



**CL17470659**

FILED

2015 OCT 28  PM 4:40

SONYA KRASKI
COUNTY CLERK
SNOHOMISH CO. WASH

COURT COMMISSIONER
CIVIL CALENDAR
Hearing Date: November 5, 2015
Location: Department A – 1ˢᵗ Floor

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SNOHOMISH

NATIONAL COLLEGIATE STUDENT LOAN
TRUST 2005-2, a Delaware Statutory Trust,

        Plaintiff,

    v.

Tony Kim and Daria Kim,

        Defendant(s).

Case No. 15-2-03144-7

MOTION FOR ORDER TO SHOW
CAUSE WHY DEFAULT JUDGMENT
SHOULD NOT BE VACATED AND
WRIT OF GARNISHMENT QUASHED

I.     RELIEF REQUESTED

COMES NOW, Tony Kim and Daria Kim, by and through their attorney, Christina L

Henry of Henry, DeGraaff & McCormick, PS, and moves the Court for an Order to Show Cause

Why Default Judgment Should not be Vacated because the default judgment entered on April 2,

2015 was obtained as a result of excusable neglect, Tony Kim and Daria Kim have meritorious

defenses to the lawsuit, and the interests of justice will be served by allowing Tony Kim and

Daria Kim to defend themselves on the merits. Tony Kim and Daria Kim were not properly

served with the summons and complaint, and thus, did not have proper notice of this lawsuit.  As

a result, Defendants have been precluded from tendering any defense and Plaintiff has refused to

voluntarily vacate the default judgment without this Court's intervention, thereby denying

MOTION FOR ORDER TO SHOW CAUSE WHY DEFAULT
JUDGMENT SHOULD NOT BE VACATED AND WRIT OF
GARNISHMENT QUASHED - 1

HENRY, DeGRAAFF & McCORMICK, P.S.
1833 N. 105ᵀᴴ ST. SUITE 203
SEATTLE, WA 98133
telephone (206) 330-0595
fax 1 (206) 400-7609

Defendants their fundamental right to Due Process.  Furthermore, Defendants request attorneys' fees and costs for being forced to bring this motion.

## II.   STATEMENT OF FACTS RELEVANT TO MOTION

On March 31, 2015, Plaintiff filed with this Court the underlying Summons and Complaint. *See* Docket## 1-2. On April 2, 2015, Plaintiff filed an *Ex-Parte* Motion for Default Judgment and obtained a default judgment with no notice to the defendants. *See* Docket## 3-6. To obtain the default judgment, Plaintiff relied upon an affidavit that claims service was accomplished upon Tony Kim and his mother Daria Kim on January 23, 2015 at an address in Bothell, WA. *See* Docket# 3. The affidavit states that service was made upon Daria Kim, one of the defendants, and resident of the property. *Id.* However, Daria Kim was not personally served with a summons and complaint for this lawsuit. . *See* Declaration of Daria Kim in Support of Motion to Vacate, ¶ 3-5. (hereinafter "Daria Kim's Declaration"). On January 23, 2015 Daria Kim received only one summons and complaint for National Collegiate Student Loan Trust 2006-3 v. Il Kim, Case# 15-2-04465-4 in Snohomish County Superior Court for process service on behalf defendants Il Kim and Tony Kim who live at the same residence. *See* Daria Kim Declaration, ¶ 3.

After receiving the unfiled summons and complaint, defendant Tony Kim called the Plaintiff's law firm, Patenaude & Felix, APC (hereinafter "Patenaude & Felix"), on January 29, 2015 at 2:30pm regarding the matter now known as National Collegiate Student Loan Trust 2006-3 v. Il Kim, Case# 15-2-04465-4. *See* the Declaration of Tony Kim in Support of Motion to Vacate, ¶ 3. (hereinafter "Tony Kim's Declaration"). His conversation with the attorneys for the plaintiff indicate that he was having trouble finding all his student loans since he did not recognize the lenders and they kept changing hands since he originally took out the loans. *See*

HENRY, DEGRAAFF & McCORMICK, P.S.
1833 N. 105TH ST. SUITE 203
SEATTLE, WA 98133
telephone (206) 330-0595
fax 1 (206) 400-7609

Tony Kim's Declaration, ¶ 4. Shortly thereafter, Tony Kim mailed a notice of appearance and a declaration in response to the lawsuit National Collegiate Student Loan Trust 2006-3 v. Il Kim, Case# 15-2-04465-4, to plaintiff's attorneys. *See* Exhibit A to Tony Kim's Declaration, ¶ 5. They received it on February 3, 2015. *Id.* Additionally, defendant Tony Kim sent a $50.00 payment to plaintiff's attorneys in an effort to work out a payment plan in lieu of prolonged litigation with the plaintiff. Defendant Tony Kim continued to send $50.00 a month for the months of February, March, April and May 2015. *See* Tony Kim Declaration, ¶ 7. During conversations with Tony Kim regarding National Collegiate Student Loan Trust 2006-3 v. Il Kim, Case# 15-2-04465-4, Plaintiff's attorneys failed to mention any other lawsuits against him and his family members that were also handled by their office. *See* Tony Kim Declaration, ¶ 6. Additionally, the plaintiff failed to formally give written notice of a noticed hearing on the motion for default and default judgment to defendants Tony Kim or Daria Kim even though Tony Kim arguably made at least an informal appearance through his regular communication with plaintiff's attorneys regarding the only lawsuit to which he and his family had actual notice. *See* Tony Kim Declaration, ¶ 9.

In June, 2015, the Plaintiff initiated a garnishment of defendant Tony Kim's bank account and later in August and September 2015 against his parents Daria Kim and Il Kim for various lawsuits filed against them. *See* Tony Kim Declaration, ¶ 10. When he realized that trying to work something out with the opposing counsel was not working, he sought the assistance of an attorney. *See* Tony Kim Declaration, ¶ 9-11. It was not until September 2015 after speaking with an attorney that Tony Kim finally discovered that were six separate lawsuits against him and his parents. *See* Tony Kim Declaration, ¶ 13. The amount of debt for all six lawsuits exceeds $100,000.00 and after the confusion of so many different lenders regarding

MOTION FOR ORDER TO SHOW CAUSE WHY DEFAULT
JUDGMENT SHOULD NOT BE VACATED AND WRIT OF
GARNISHMENT QUASHED - 3

HENRY, DEGRAAFF & MCCORMICK, P.S.
1833 N. 105TH ST, SUITE 203
SEATTLE, WA 98133
telephone (206) 330-0595
fax 1 (206) 400-7609

student loans over the years, he does not believe he actually owes any debt to National Collegiate Student Loan Trust 2005-2. *See* Tony Kim Declaration, ¶ 15.  The defendants only want an opportunity to defend against this allegations in the six lawsuits since they feel victimized and unable to address the issues of a debt that is so great and non-dischargeable in bankruptcy. Additionally, defendants counsel contacted plaintiff's counsel on October 13, 2015 with a request to voluntarily vacate the default judgment here and on October 20, 2015 that the plaintiff declined to voluntarily vacate. *See* Exhibit A and B to the Declaration of Christina L Henry in Support of Motion to Vacate, ¶ 2-3.

## II.   STATEMENT OF ISSUES

1.     Whether this Court should vacate the Order of Default and Default Judgment obtained by Plaintiff pursuant to CR 60(b)(1) because of excusable neglect?

2.     Whether this Court should vacate the Order of Default and Default Judgment obtained by Plaintiff pursuant to CR 60(b)(11) because there are compelling reasons justifying relief from the operation of this judgment?

3.     Whether this Court should vacate the Order of Default and Default Judgment obtained by Plaintiff, where Defendants were not served with a copy of the Summons and Complaint.

4.     Whether this Court should vacate the Order of Default and Default Judgment obtained by Plaintiff where Defendants failed to receive notice of a hearing on a motion for default and default judgment when defendants arguably made an informal appearance in the case through communications with Plaintiff's attorneys regarding the only case for which they were received actual notice.

## III.   EVIDENCE RELIED UPON

This motion relies upon the Declaration of Tony Kim, the Declaration of Daria Kim and the Declaration of Christina L Henry, with exhibits attached thereto, along with the files and records of the Court herein.

/ /

/ /

HENRY, DEGRAAFF & McCORMICK, P.S.
1833 N. 105TH ST. SUITE 203
SEATTLE, WA 98133
telephone (206) 330-0595
fax 1 (206) 400-7609

IV.   ARGUMENT

A. The Order of Default and Default Judgment entered should be vacated pursuant to CR 60(b)(1) because of excusable neglect.

i.   *Washington Courts Disfavor Default Judgments*

Default judgments are disfavored in the law and because "[i]t is the policy of the law that controversies be determined on the merits rather than by default." *Griggs v. Averback Realty*, 92 Wn.2d 576, 581, 599 P.2d 1289 (1979). The law favors a determination of controversies on their merits. *Morin v Burris,* 161 P.3d 956, 160 Wn.2d 745, 749 (2007).

Default judgments should be set aside liberally pursuant to both CR 55(c and 60(b), as well as for equitable reasons so that substantial rights be preserved and justice between the parties be fairly and judiciously done. *Griggs,* 92 Wn.2d at 599. Any doubts should be resolved in favor of allowing trial on the merits. *Little v. King,* 160 Wn.2d 696, 703-04, 161 P.3d 345 (2007). The trial court must balance the requirement that each party follow procedural rules with a party's interest in a trial on the merits. *See Johnson v. Cash Store*, 116 Wn.App. 833, 841, 68 P.3d 1099, review denied, 150 Wn.2d 1020, 81 P.3d 120 (2003) ("Justice is not done if hurried defaults are allowed, but neither is it done if continuing delays are permitted."). Thus, a trial court's decision is evaluated by considering the unique facts and circumstances of the case. *See Calhoun v. Merritt,* 46 Wn.App. 616, 619, 716 P.2d 1094 (1986). A trial court decision that sets aside a default judgment is less likely to be reversed than a decision which does not. *See Colacurio v. Burger,* 110 Wn.App. 488, 494-95, 41 P.3d 506 (2002), *review denied,* 148 @n.2d 1003, 60 P.3d 1211 (2003) (relying on *Griggs,* 92 Wn,2d at 58.

In *White v. Holm*, 73 Wash.2d 348, 352, 438 P.2d 581 (1968), the Washington Supreme Court delineated a four-part test for a moving party to satisfy in a motion to vacate a default judgment based on mistake, inadvertence, surprise or excusable neglect:

MOTION FOR ORDER TO SHOW CAUSE WHY DEFAULT
JUDGMENT SHOULD NOT BE VACATED AND WRIT OF
GARNISHMENT QUASHED - 5

HENRY, DeGraaff & McCormick, p.s.
1833 N. 105TH ST. SUITE 203
SEATTLE, WA 98133
telephone (206) 330-0595
fax 1 (206) 400-7609

(1) That there is substantial evidence extant to support, at least prima facie, a defense to the claim asserted by the opposing party; (2) that the moving party's failure to timely appear in the action, and answer the opponent's claim, was occasioned by mistake, inadvertence, surprise or excusable neglect; (3) that the moving party acted with due diligence after notice of entry of the default judgment; and (4) that no substantial hardship will result to the opposing party.

*Id.* The test is not a "mechanical" one, as the decision about "whether or not a default judgment should be set aside is a matter of equity." *Little*, 160 Wash.2d at 704. The first two factors are primary, while the last two factors are secondary. *Id.* As set forth below, defendants Tony Kim and Daria Kim can satisfy all four *White v. Holm* factors.

*ii.   Defendants have a Strong Defense on the Merits*

To determine the first prong of the *White v Holm* test, the trial court examines the evidence and reasonable inferences in the light most favorable to the moving party to determine whether there is substantial evidence of a prima facie defense. *See Pfaff v. State Farm Mut. Auto. Ins. Co.*, 103 Wn.App. 829, 834, 14 P.3d 837 (2000). If a "strong or virtually conclusive defense is demonstrated, the court will spend little time inquiring into the reasons for the failure to appear and answer, provided the moving party timely moved to vacate and the failure to appear was not willful." *White*, 73 Wn.2d at 352.

Here defendants can present a prima facie defense against the Complaint allegations based on the documents attached to the Plaintiff National Collegiate Student Loan Trust 2005-3's ("NCSLT") default motion, Plaintiff cannot prove the existence of its debt because its documents do not prove it has the legal right under applicable substantive law to enforce the loan obligation. NCSLT's documentation in support of its default judgment indicate no legal basis for which it is entitled to collection on this debt because it has failed to show that it is the only real party in interest as required by CR 17. Upon information and belief, NCSLT is a trust, not the trustee or an investor in the pool of notes that the plaintiff claims in the lawsuit. The

MOTION FOR ORDER TO SHOW CAUSE WHY DEFAULT
JUDGMENT SHOULD NOT BE VACATED AND WRIT OF
GARNISHMENT QUASHED - 6

HENRY, DeGRAAFF & McCORMICK, P.S.
1833 N. 105TH ST. SUITE 203
SEATTLE, WA 98133
telephone (206) 330-0595
fax 1 (206) 400-7609

particulars of which loans are included in the trust and who is entitled to collect on those loans are wholly missing from the documentation NCSLT provided. Other documentation is contradictory. The issue has been addressed previously litigated in separate legal matters filed by this Plaintiff and their attorneys but when pushed to produce evidence of an assignment allowing collections and imposition of liability, Plaintiff NCSLT routinely dismisses the lawsuit without prejudice pursuant to CR 41 as opposed to allowing the matter to be decided by the Court on the merits. *See* Declaration of Christina L Henry in Support of Motion to Vacate, ¶ 4. The defendants here should have an opportunity to bring this issues to the court and allow them to defend on the merits.

       *iii.*   *Tony Kim and Daria Kim's Failure to Timely Answer the Lawsuit Was*
                *Excusable Neglect*

      Under CR 60(b)(1), a court "may relieve a party or his legal representative from a final judgment, order, or proceeding" for "mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order."  A court should give weigh the plausibility and excusibility of a defendants' failure to timely appear in the action before the default in light of the substantial damages and the presence of a prima facie defense that is promptly submitted. *White*, 73 Wn.2d at 353-54. Tony Kim acted on behalf of himself and his mother when he promptly contacted Patenaude & Felix, APC after Daria Kim was served on January 23, 2015 with the lawsuit known as National Collegiate Student Loan Trust 2006-3 v. Il Kim, Case# 15-2-04465-4. At the time of service for that summons and complaint, there was no case number on the lawsuit and Tony Kim's contact with the plaintiff's attorneys initiated with his social security number and address information. He promptly entered into negotiations with plaintiff's attorneys, sending in a $50 check for the months of February, March, April and May 2015 and

HENRY, DeGRAAFF & McCORMICK, P.S.
1833 N. 105TH ST. SUITE 203
SEATTLE, WA 98133
telephone (206) 330-0595
fax 1 (206) 400-7609

he served a notice of appearance and response in the one case he was aware of. The defendants had no knowledge of this lawsuit, but once they were made aware of the judgment and underlying suit, they acted swiftly to get legal assistance. It is evident from Tony Kim's actions throughout his dealings with Patenaude & Felix, APC that he believed he had answered the only lawsuit he was aware of and since he was in communication with plaintiff's attorneys to avoid further litigation, he had no reason to believe they would seek a default judgment against him and his mother without notice and a hearing. Had the defendants known about the lawsuit they would have responded.

   *iv.*   *Tony Kim and Daria Kim' Acted with Due Diligence After Notice of Entry of the Default Judgment*

  The defendants' diligence is demonstrated by their contacting an attorney for assistance after receiving a garnishment of a bank account and a writ of garnishment when it finally became clear that they would not be able to work out the issues with plaintiff's attorneys. The defendants did not willfully fail to answer the lawsuit; his failure to respond is attributable to excusable neglect.

   *v.*   *Vacating the Default Judgment Will Not Cause a Substantial Hardship to the Plaintiff.*

  The prospect of going to trial alone is not a substantial hardship, *Pfaff v. State Farm Mut. Auto Ins. Co.*, 103 Wn.App. 829, 836, 14 P.2d 837 (2000), and Plaintiff cannot show that any other factor will create a substantial hardship if this case proceeds to trial.

  Thus, since all four *White* factors are satisfied, the defendants' motion to vacate the default judgment should be granted.

HENRY, DeGraaff & McCormick, P.S.
1833 N. 105TH ST. SUITE 203
SEATTLE, WA 98133
telephone (206) 330-0595
fax 1 (206) 400-7609

B. The Order of Default and Default Judgment should be vacated because there are compelling reasons justifying relief from operation of the order pursuant to CR 60(b)(11).

The Order of Default and Default Judgment should be vacated pursuant to Civil Rule 60(b)(11), which states that "on motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding" for "any other reason justifying relief from the operation of the judgment." "What is just and proper must be determined by the facts of each case, not by a hard and fast rule applicable to all situations regardless of the outcome," *Griggs*, 92 Wn.2d at 582.

This case presents a compelling example of circumstances that necessitate relief from final orders. As noted above, the defendants were confused by the documents served upon them and attempted to work with the opposing counsel to rectify the situation before any further litigation was initiated. The defendants filed an appearance and response in the only lawsuit they were aware of and thought they would receive notice of any further actions in any cases against them because they were regularly communicating with the opposing counsel and making regular monthly payments of $50 in good faith. The defendant have a numerous meritorious defense to the alleged debts and they should be permitted to properly defend themselves in this lawsuit. Moreover, the garnishment of his wages and the total of over $100,000 in non-dischargeable student loan debt is a severe economic hardship under the circumstances. The facts and law related to the instant case necessitate that the default judgment obtained by the Plaintiff be vacated. Relief from this judgment pursuant to CR 60(b)(11) is justified in this case.

C. The Order of Default and Default Judgment should be vacated pursuant to CR 60(b)(5) because Defendants were not served with the Summons and Complaint.

For a summons to be effective it has to be served "to the defendant personally, or by leaving a copy of the summons at the house of his or her usual abode with some person of

MOTION FOR ORDER TO SHOW CAUSE WHY DEFAULT
JUDGMENT SHOULD NOT BE VACATED AND WRIT OF
GARNISHMENT QUASHED - 9

HENRY, DEGRAAFF & MCCORMICK, P.S.
1833 N. 105TH ST. SUITE 203
SEATTLE, WA 98133
telephone (206) 330-0595
fax 1 (206) 400-7609

1  suitable age and discretion then resident therein." RCW 4.28.080. Neither the Summons nor the

2  Complaint was served on the defendants and they were unaware of the lawsuit or judgment until

3  after receiving notice of the garnishment. The Declaration of Service in the court file asserts that

4  a Daria Kim, a defendant here and co-resident of defendant Tony Kim accepted service of the

5  Summons and Complaint, but Daria Kim states that she never received this summons and

6  complaint on that day. Plaintiff's attorney claims in six separate lawsuits that Daria Kim was

7  served with twelve sets of summons and complaints on January 23, 2015 when she only received

8
9  one set for National Collegiate Student Loan Trust 2006-3 v. Il Kim, Case# 15-2-04465-4, the

10  lawsuit that her Tony Kim appeared in served a response.

11      Personal jurisdiction was therefore not exercised over the defendants in this lawsuit.

12  Service of the Summons and Complaint must be perfected in order to invoke personal

13  jurisdiction over an opposing party. *Allstate Insurance Company v. Khani*, 75 Wn. App. 317,

14  324 (1994); *In re Marriage of Markowski*, 50 Wn. App. 633, 635-36, 749 P.2d 754 (1988). A

15  court cannot enter a default judgment absent proper jurisdiction; such a default judgment is void.

16
17  *Id.* CR 60(b)(5). When a judgment is void, a court must vacate the judgment regardless of how

18  much time has lapsed between the entry of the judgment and the motion to vacate the judgment.

19  *Allstate*, 75 Wn. App. at 323, 326 (1994); *In re Marriage of Leslie*, 112 Wn.2d 612, 618-19, 772

20  P.2d 1013 (1989).

21      D. Attorney's Fees & Costs Should be Allowed.

22      Defendants respectfully request the Court allow recovery of fees & costs related to the

23  process of vacating the default and default judgment. A court may impose reasonable terms as a

24  condition of vacating a judgment. *See Hous. Auth. Of Grant County v Newbigging*, 105

25  Wn.App. 178, 192, 19 P.3d 1081 (2001). This policy is consistent with the notion that once a

26

27

MOTION FOR ORDER TO SHOW CAUSE WHY DEFAULT
JUDGMENT SHOULD NOT BE VACATED AND WRIT OF
GARNISHMENT QUASHED - 10

HENRY, DEGRAAFF & McCORMICK, P.S.
1833 N. 105TH ST. SUITE 203
SEATTLE, WA 98133
telephone (206) 330-0595
fax 1 (206) 400-7609

judgment has been vacated, the parties should be returned to the position they were in had the

judgment never been entered.  See In re Marriage of Leslie, 112 Wn.2d 612, 618, 772 P.2d 1013

(1989). In this case, once Defendant became aware of the default judgment, he requested through

counsel that Plaintiff vacate it; however, Plaintiff has refused. As a result, Defendant was forced

to bring this motion, incurring unnecessary attorneys' fees and costs. Thus, attorneys' fees and

costs should be granted.

### V.     RELIEF REQUESTED

Based on the foregoing, the defendants Tony Kim and Daria Kim request an Order that:

(1) vacates the Order of Default and Default Judgment entered on April 2, 2015; (2) quashes the

Writ of Garnishment; and (3) provides that all of the garnished monies be returned to defendants

within two days of entry of the Order Vacating the Order of Default and Default Judgment.

DATED this October 28, 2015

HENRY, DEGRAAFF & MCCORMICK, P.S.

By: _____
Christina L Henry, WSBA #31273
Attorneys for Defendant(s)

### PROOF OF SERVICE

I, Christina L Henry, declare under penalty of perjury as follows:

I am over the age of eighteen years, a citizen of United States, not a party herein, and am

competent to testify to the facts set forth in this

1) Motion For Order to Show Cause Why Default Judgment Should Not Be Vacated and

   Writ Of Garnishment Quashed,

2) Declaration of Tony Kim,

MOTION FOR ORDER TO SHOW CAUSE WHY DEFAULT
JUDGMENT SHOULD NOT BE VACATED AND WRIT OF
GARNISHMENT QUASHED - 11

3)  Declaration of Daria Kim,

4)  Declaration of Christina L Henry and,

5)  Proposed Order.

That on October 28, 2015 I caused a copy of the foregoing document to be served via hand delivery to:

Matthew Cheung, WSBA# 43067
Attorney for Plaintiff
Patenaude & Felix, APC
19401 40th Ave West, Ste 280
Lynnwood, WA 98036

I CERTIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING STATEMENT IS BOTH TRUE AND CORRECT.

Executed this October 28, 2015 at Seattle, Washington.

Christina L Henry

MOTION FOR ORDER TO SHOW CAUSE WHY DEFAULT
JUDGMENT SHOULD NOT BE VACATED AND WRIT OF
GARNISHMENT QUASHED - 12

HENRY, DEGRAAFF & MCCORMICK, P.S.
1833 N. 105TH ST. SUITE 203
SEATTLE, WA 98133
telephone (206) 330-0595
fax 1 (206) 400-7609

CL17470653

FILED

2015 OCT 28  PM 4:40

SONYA KRASKI
COUNTY CLERK
SNOHOMISH CO. WASH

1

2

3

4

5

6

7

8    IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
     IN AND FOR THE COUNTY OF SNOHOMISH

9   NATIONAL COLLEGIATE STUDENT LOAN
    TRUST 2005-2, a Delaware Statutory Trust,      Case No. 15-2-03144-7
10
                    Plaintiff,                     NOTICE OF APPEARANCE
11
            v.
12
    Tony Kim and Daria Kim,
13
                    Defendant(s).
14

15       To: The Clerk of the Court, and

16       AND TO: Matthew Cheung, Attorney for Plaintiffs

17       PLEASE TAKE NOTICE that Christina L Henry and Henry, DeGraaff & McCormick,

18   P.S. hereby appear in this action as attorneys for defendants Tony Kim and Daria Kim, all

19   motions, papers and pleadings filed herein, exclusive of original process, are to be served upon

20   the undersigned at the address below stated, reserving the statutory time within which to plead

21   further.

22

23                          Christina L Henry
                       Henry, DeGraaff & McCormick, P.S.
24                        1833 N. 105th Street, Suite 203
                              Seattle, WA 98133
25                              206/330-0595

26

27

NOTICE OF APPEARANCE - 1

HENRY, DEGRAAFF & MCCORMICK, P.S.
1833 N. 105TH ST. SUITE 203
SEATTLE, WA 98133
telephone (206) 330-0595
fax 1 (206) 400-7609

16

All claims and defenses, including without limitation, those relating to service and jurisdiction are reserved.

DATED this October 13, 2015

HENRY, DEGRAAFF & MCCORMICK, P.S.

By:  _____
Christina L Henry, WSBA #31273
Attorneys for Defendant(s)

PROOF OF SERVICE

I, Christina L Henry, declare under penalty of perjury as follows:

I am over the age of eighteen years, a citizen of United States, not a party herein, and am competent to testify to the facts set forth in this Notice of Appearance.

That on October 13, 2015 I caused a copy of the foregoing document to be served via hand delivery to:

Matthew Cheung, WSB 43067
Attorney for Plaintiff
Patenaude & Felix, APC
19401 40th Ave West, Ste 280
Lynnwood, WA 98036

I CERTIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING STATEMENT IS BOTH TRUE AND CORRECT.

Executed this October 13, 2015 at Seattle, Washington.

_____
Christina L Henry

NOTICE OF APPEARANCE - 2

# EXHIBIT 40

CL17470656

FILED

2015 OCT 28  PM 4: 40

SONYA KRASKI
COUNTY CLERK
SNOHOMISH CO. WASH

COURT COMMISSIONER
CIVIL CALENDAR
Hearing Date: November 5, 2015
Location: Department A – 1st Floor

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SNOHOMISH

NATIONAL COLLEGIATE STUDENT LOAN
TRUST 2005-2, a Delaware Statutory Trust,

                Plaintiff,

    v.

Tony Kim and Daria Kim,

                Defendant(s).

Case No. 15-2-03144-7

DECLARATION OF DARIA KIM IN
SUPPORT OF MOTION FOR ORDER
TO SHOW CAUSE WHY DEFAULT
JUDGMENT SHOULD NOT BE
VACATED AND WRIT OF
GARNISHMENT QUASHED

I, Daria Kim, declare as follows:

    1.    I am over 18 years old, competent to testify, and have personal knowledge of the facts contained in this declaration.

    2.    I reside at 809 234th St SE, Bothell, WA 98021 and I was at home on January 23, 2015, the date of the alleged process service of the summons and complaint in the above referenced cause of action.

    3.    I was only served with one set of documents, a summons and complaint regarding National Collegiate Student Loan Trust 2006-3 v. H Kim, Case# 15-2-04465-4 in Snohomish County Superior Court which did not have a case number at the time I was served.

DECLARATION OF DARIA KIM- 1

HENRY, DeGRAAFF & McCORMICK, P.S.
1833 N. 105TH ST. SUITE 203
SEATTLE, WA 98133
telephone (206) 330-0595
fax 1 (206) 400-7609

18

4.      I am not a native English speaker and I did not know what I was served with on January 23, 2015 but I promptly gave all the documents I received to my son Tony Kim that evening when he came home from work.

5.      I understand now that the documents filed in various cases say that I was served with six separate lawsuits consisting of two sets of summons and complaints per lawsuit, for a total of twelve documents on January 23, 2015. I certainly would have remembered if I was served with such a large stack of documents by the process server on the same day and I would have also given those additional documents to my son, but I was not served with these other lawsuits.

6.      My son, my husband and I were all very stressed and worried about these legal papers when I was served on January 23, 2015 and we would have filed answers and appearances in all the cases had we known that there were six separate lawsuits against my son with either myself or my husband as the co-obligor.

7.      I am a 67 year old retired woman and my husband is 68 years old and about a year away from retirement. We were not aware of any debt owing to National Collegiate Student Loan Trust 2005-2.

8.      If I were properly served, I would have given all the documents to my son who would have promptly filed a notice of appearance and an answer in this case just like he did in the one case that he did file paperwork in.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THAT THE ABOVE IS TRUE AND CORRECT.

EXECUTED this 26th day of October, 2015 in Seattle, Washington.

Daria Kim

DECLARATION OF DARIA KIM- 2

HENRY, DeGRAAFF & McCORMICK, P.S.
1833 N, 105TH ST. SUITE 203
SEATTLE, WA 98133
telephone (206) 330-0595
fax 1 (206) 400-7609