# EXHIBIT 1

```
                                                                    Page 1
 1   SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

 2   _____

 3   NATIONAL COLLEGIATE STUDENT    )

 4   LOAN TRUST 2005-1, a Delaware  )

 5   Statutory Trust,               )

 6              Plaintiff,          )

 7       vs.                        )   13-2-36081-1 KNT

 8   NAKIA SCOTT and TONYA SCOTT,   )

 9              Defendants.         )

10   _____

11               VERBATIM REPORT OF PROCEEDINGS

12                  BEFORE THE HONORABLE

13                     MARY ROBERTS

14   _____

15                   OCTOBER 24, 2014

16

17

18

19

20

21

22

23

24   TRANSCRIBED FROM RECORDING BY:

25   CHERYL J. HAMMER, RPR, CCR 2512
```



YAMAGUCHI OBIEN MANGIO
court reporting, video and videoconferencing
800.831.6973   206.622.6875
production@yomreporting.com
www.yomreporting.com

Page 2

```
 1           A P P E A R A N C E S
 2
 3   FOR THE PLAINTIFF:
             MATTHEW CHEUNG
 4           Patenaude & Felix
             19401 40th Ave West, Suite 280
 5           Lynnwood, Washington 98036
             800.832.7675
 6           matthew.cheung@pandf.us
 7
     FOR THE DEFENDANTS:
 8           SAMUEL R. LEONARD
             Robblee Detwiler & Black, PLLP
 9           2101 4th Avenue, Suite 1000
             Seattle, Washington 98121
10           206.467.6700
             sleonard@unionattorneysnw.com
11
12
...
25
```

Page 3

```
 1                 I N D E X
 2
 3  PROCEEDINGS:                            PAGE
 4  Argument by Mr. Cheung                    4
 5  Argument by Mr. Leonard                   8
 6  Rebuttal by Mr. Cheung                   11
 7  Rebuttal by Mr. Leonard                  16
 8  Court's ruling                           17
```

Page 4

                          --oOo--

                (BEGINNING OF TRANSCRIPTION)
                (Proceedings begin at 9:01 a.m.)
         THE COURT: Please be seated. Okay. We are here on National Collegiate Student Loan Trust versus Scott; Cause Number 13-2-36081-1. I have read everything. Let's start with introductions. Mr. Cheung, I know you. You've been here a few times.
         MR. CHEUNG: Matt Cheung, representing the plaintiffs.
         MR. LEONARD: Sam Leonard. And this is Tonya Scott.
         THE COURT: Okay. Good. As I said, I've read everything. I'm ready to hear from you when you're ready, Mr. Cheung.
         MR. CHEUNG: Thank you, Your Honor. The plaintiff is asking this court to grant its motion for summary judgment and mainly due in part to the request for admissions. She has admitted to the under -- both the defendants have admitted to the underlying debt. It was an educational loan. Both admit to they have not paid, having not paid the loan in full.
         They've both admitted to an account being established for payment of the loan. They both

Page 5

admitted to the account at issue in this complaint that was identified by the complaint and identified by the account number, that this account has not been paid in full.
         They've also admitted that they have not made payments for -- well, it was actually a partial admission -- have not made a payment since January 29th of 2010. It was admitted that there is a balance due and owing on the account, and the defendant has not provided anything to dispute the balance, has not provided any proof of payments, other than the fact that she's stated that she has made some payments.
         She has not provided proof that this account has been paid in full or that any other entity is attempting to collect this debt. She's simply speculating that our client does not have the right to collect this debt. She's already admitted that the account at issue in this complaint that was identified by the plaintiff is an account that was used to pay -- that was established for repayment of her student loan.
         THE COURT: Could you respond a little bit more specifically to the issue about whether or not your client is an appropriate party to collect on



YAMAGUCHI OBIEN MANGIO
court reporting, video and videoconferencing
800.831.6973   206.622.6875
production@yomreporting.com
www.yomreporting.com

Page 6

1  this particular loan or whether you have proved that
2  your client is in that position.
3         MR. CHEUNG: Yes. Your Honor, in the
4  loan payment history it identifies the underlying
5  loan. This was provided and supported by an affidavit
6  of my client. The original contract, a copy of it was
7  provided by my client and the pool supplement showing
8  that the transfer of this loan went to my client.
9         THE COURT: So can you point to me
10 where in your paperwork that is clearly set forth that
11 the loan was one that was transferred to your client?
12        MR. CHEUNG: Yes. In the affidavit on
13 the loan payment history report has the date, the day
14 it was signed, it has the chargeoff, it has the
15 disbursement date and the disbursement amount.
16        THE COURT: I'm sorry. You have to be
17 a little bit more specific. What am I looking at? An
18 attachment to the exhibit, or...
19        MR. CHEUNG: Yes. May I approach?
20        THE COURT: Sure.
21        MR. CHEUNG: This identifies the
22 actual loan.
23        THE COURT: And how do we connect that
24 to the loans that your client is...
25        MR. CHEUNG: It provides a social

Page 7

1  security number. It provides -- most of the loans are
2  identified by the disbursement date and showed by the
3  original principal.
4         THE COURT: But again, where am I
5  seeing that connection? I'm just missing where in the
6  affidavit it says something about this telling me that
7  this particular loan is included.
8         MR. CHEUNG: On part number 6.
9         THE COURT: Paragraph 6. Okay.
10        MR. CHEUNG: Paragraph 6.
11        THE COURT: Which I have highlighted,
12 so... Okay. Again, I'm seeing that there's a
13 reference to that, but, but where in the declaration
14 does it say that National Collegiate Student Loan owns
15 that debt or has the authority over that debt, or...
16        MR. CHEUNG: So in paragraph 3 it
17 states that there is loans owed originally by Nakia
18 and Tonya.
19        THE COURT: Uh-huh.
20        MR. CHEUNG: Then in part paragraph 4
21 explains that these loans are part of my, my client's
22 business portfolio, and part 5, 6, that these loan
23 records were with the possession of the custodian of
24 the record are within my client's possession.
25        THE COURT: Okay. So am I missing,

Page 8

1  though, that there's -- here's what I'm looking for.
2  Your client or the aviant[phonetic] declares that
3  these records are in the hands of your client. What
4  it doesn't say is why. Am I not missing a link there?
5         MR. CHEUNG: Well, I guess I'm not
6  exactly sure what specifically language you would need
7  for this.
8         THE COURT: Something like, these are
9  our loans. Here's why.
10        MR. CHEUNG: I guess that's what I
11 think they intended to convey in paragraph 6, that
12 these were the loan records that are in their records
13 that they...
14        THE COURT: Okay. Mr. Leonard.
15        MR. LEONARD: Good morning, Your
16 Honor.
17        THE COURT: And that's what I want you
18 to focus on too.
19        MR. LEONARD: Yeah, no, that's...
20        THE COURT: And I'm asking the
21 question in a sincere manner.
22        MR. LEONARD: No, I think it's a good
23 question, and what we're asking here for today is not
24 only that their motion for summary judgment not be
25 granted, but they be required to provide proof within

Page 9

1  10 days that they actually have standing to bring the
2  suit.
3         Standing is not an issue that it
4  should be taken lightly, and it's within the court's
5  discretion to require them to prove that they are the
6  correct party.
7         To give you a little background,
8  there's actually suits across the nation right now
9  dealing with National Collegiate Student Loan Trust
10 and this very issue. I mean, that's how it came to my
11 attention.
12        Typically, when a debt is assigned to
13 a debt collector, there is a, you know, assignment
14 document. That document is not here. There's also
15 other issues. I mean, if you look at -- if you look
16 at the account statement, the history of account, it
17 says -- pull it up here real quick -- it says that
18 this was assigned in 2013.
19        THE COURT: Can you help me see where?
20        MR. LEONARD: Yeah.
21        THE COURT: Which...
22        MR. LEONARD: The loan payment
23 history.
24        THE COURT: Okay.
25        MR. LEONARD: If you go down the

YAMAGUCHI OBIEN MANGIO
court reporting, video and videoconferencing
800.831.6973   206.622.6875
production@yomreporting.com
www.yomreporting.com

Page 10

1 left-hand side it says date of assignment.
2  THE COURT: Uh-huh.
3  MR. LEONARD: And that says it was in
4 August 6, 2013, and yet we're dealing with a pool that
5 was created in 2005. And if you look at the pooling
6 and supplement agreement -- you'll have to excuse me.
7 The exact area I don't know if I highlighted, which I
8 probably should have, but...
9  This is a 2005 pool. The loan was
10 entered into in 2004. If you go through the pooling
11 and supplement agreement -- unfortunately, I don't
12 have the exact paragraph here -- it says that it was
13 assigned in 2005.
14  And so we have contradictory
15 statements about assignment and then, you know, the
16 only proof that they do provide on this assignment is
17 the declaration. And if you look at paragraph 4 it
18 says, and this is hearsay, education loan accounts
19 records are compiled and recorded as part of
20 plaintiff's regularly conducted business activity at
21 or near the time of the event and from information
22 transmitted from a person with knowledge of said
23 event, by or from information transmitted by a person
24 with knowledge of accounts or events described within
25 the business record.

Page 11

1  We need that person. That person
2 needs to be before us. This person doesn't even know,
3 they can't even give us the name of that person that
4 transferred it, allegedly transferred it. And, you
5 know, like I said, this came to my attention. There's
6 a class action suit against plaintiff's counsel for
7 this exact issue down in California, in Texas.
8  You know, I'm a member of the national
9 association of consumer advocates. There's a guy down
10 there that every single one of these cases that comes
11 before him is dismissed.
12  Now, we haven't asked for summary
13 judgment because I don't think we have to. I mean,
14 this is a standing issue. They need to provide us
15 with some proof that they have standing to bring this
16 suit, and unless they can then we have a serious
17 issue, I think, and that's why we're asking this court
18 to demand proof of assignment within 10 days.
19  You know, we're not asking for it to
20 be dismissed immediately. We just want to see actual
21 proof that this was assigned.
22  Thank you, Your Honor.
23  THE COURT: Mr. Cheung.
24  MR. CHEUNG: I guess, you know, I'm
25 not exactly sure what the court would feel would be

Page 12

1 satisfactory to show that this account has been
2 assigned.
3  THE COURT: I'd like somebody to say
4 it who has knowledge of it.
5  MR. CHEUNG: Well, so...
6  THE COURT: Just that clearly.
7  MR. CHEUNG: Yes.
8  THE COURT: It's not in here.
9  MR. CHEUNG: And it's something I've
10 been trying to work with my client exactly.
11  THE COURT: Yeah.
12  MR. CHEUNG: National Collegiate
13 funding, they essentially take over ownership of the
14 loan immediately after the check is disbursed. They
15 take ownership of just about all the loans for Bank
16 America or Capital One -- not Capital. Sorry. --
17 Credit One or Chase. They are assigned the debt
18 immediately. It's before the account has ever been
19 even gone into default.
20  THE COURT: Uh-huh.
21  MR. CHEUNG: The date it is signed
22 later in there is actually when it gets transferred
23 from National Collegiate funding to the individual
24 trust, and that's the simple thing about when
25 (inaudible) the trust.

Page 13

1  THE COURT: Uh-huh.
2  MR. CHEUNG: NCO isn't the servicer.
3 There's been other servicers. The National Collegiate
4 Student Loan Tryst is simply just a holding place for
5 the money until it goes into default.
6  So that's where the NCO is. It is
7 simply saying that these are part of our business
8 records because it's always been a part of their
9 records, that this loan has always been -- immediately
10 after it was disbursed it was in my client's hands.
11  THE COURT: And I can sort of infer
12 that from a lot of what I'm seeing, but no one is
13 actually stating that under penalty of perjury, as far
14 as I can tell.
15  MR. CHEUNG: So if they were to
16 declare under penalty of perjury that this loan is
17 owned by them, would that be sufficient?
18  THE COURT: Somebody with personal
19 knowledge, who can explain that this is what happened
20 and this is now our loan and we're the ones who get to
21 enforce it. That's what I'm looking for.
22  MR. CHEUNG: We can provide that.
23  THE COURT: And I guess, Mr. Cheung,
24 you've heard me go on and on about these kinds of
25 things in the past.

YAMAGUCHI OBIEN MANGIO
court reporting, video and videoconferencing
800.831.6973   206.622.6875
production@yomreporting.com
www.yomreporting.com

Page 14

1  　　　　MR. CHEUNG:  Yeah.
2  　　　　THE COURT:  And I don't mean to pick
3  just on you and it's not like all of your cases come
4  to this, but some of them do.  You know, the type of
5  declaration where there's no -- there's very little
6  about it that is specific to the case.  It's just that
7  the paragraph 4, the language in 4 is so -- I guess it
8  raises red flags about what really happened, because
9  it's such general language and it to me demonstrates a
10 lack of personal knowledge of the person signing the
11 declaration.
12 　　　　You know, education loan account
13 records are compiled and recorded as part of
14 plaintiff's regularly conducted business activity at
15 or near the time of the event and from information
16 transmitted from a person with knowledge of said
17 event, by or from information transmitted by a person
18 with knowledge of the accounts.
19 　　　　I would expect to say, I'm the
20 custodian of records.  I've looked through my records.
21 We bought a loan back in 2005 that had the Scott's
22 name on it.  Here's -- and we keep records and this is
23 what we do and I know this is what we do, not I know
24 there's a person who might know something that
25 happened near in time to an event that I'm not

Page 15

1  actually talking about.
2  　　　　I mean, that's what's wrong with it.
3  You know, it's the same paragraph in each and every
4  case.  It bears no relationship to the specific case.
5  It makes someone like me look at it and think, this is
6  not -- no one has taken a careful look to see whether
7  this is actually the case in this case.  No one who
8  actually knows.  It's just too general.
9  　　　　Even though I'm not saying I don't
10 think it's true.  It's just not specific enough to
11 even support a claim that it's a business record that
12 the person can declare is true.
13 　　　　MR. CHEUNG:  If Your Honor would grant
14 me, I can provide that information.  If we could
15 continue this hearing for --
16 　　　　THE COURT:  Yeah.
17 　　　　MR. CHEUNG:  -- six weeks, so I could
18 have it within two weeks, but I want to give him at
19 least 28 days to review it.
20 　　　　THE COURT:  Yeah.
21 　　　　MR. CHEUNG:  I can have the deposit
22 sale agreement with the schedule attached to it
23 identifying this loan.  My client has -- is more than
24 willing -- so one of the issues why this affidavit is
25 not the standard for which I can provide for my other

Page 16

1  summary judgements is because at the time that we were
2  noted this motion for summary judgment she wasn't
3  represented by counsel.  She's simply admitted that
4  she owed the debt.
5  　　　　So we were just -- you know, I had
6  used the basic affidavit for my client.
7  　　　　THE COURT:  Uh-huh.  I understand.
8  　　　　MR. CHEUNG:  Which has been
9  sufficient.  But I can provide -- but now that she's
10 actually raising issues of standing, this is the first
11 time that she's raised it since we noted.  We ask tht
12 this court grant our motion for summary judgment.  We
13 certainly provide a deposit sale agreement --
14 　　　　THE COURT:  Good.
15 　　　　MR. CHEUNG:  -- with the schedule in
16 supplementing this pool supplement that shows that the
17 overall and their affidavit will actually identify the
18 disbursement day in the actual language.
19 　　　　THE COURT:  Sounds good.  Sounds like
20 it'll almost certainly solve the problem.  Mr.
21 Leonard.
22 　　　　MR. LEONARD:  It will half solve the
23 problem.  If you notice in that statement, we talked
24 about NCO Financial Services.  That's not who brought
25 this suit.

Page 17

1  　　　　THE COURT:  Right.
2  　　　　MR. LEONARD:  Not a party to this
3  suit.  The person who brought this -- or the entity
4  that brought this suit is National Collegiate Student
5  Loan Trust.  Typically trustees bring suits on behalf
6  of trusts, not the trusts as themselves.
7  　　　　THE COURT:  Uh-huh.
8  　　　　MR. LEONARD:  We also need to see some
9  sort of affidavit that it's the trust, not NCO
10 Financial Services, not the trustee, not the
11 beneficiary that's supposed to bring the suit.
12 　　　　THE COURT:  Uh-huh.
13 　　　　MR. LEONARD:  That has to be provided.
14 Otherwise, you know, there's not standing.  We run the
15 risk of somebody else coming along later --
16 　　　　THE COURT:  Right.
17 　　　　MR. LEONARD:  -- and suing them again.
18 　　　　THE COURT:  Understood.  Okay.  So Mr.
19 Cheung, you know what you need to do.  Why don't I
20 just -- let's see.  If you will prepare an order that
21 denies the motion without prejudice, that requires a
22 new motion with proof of standing within, I think, six
23 weeks, that's fine.
24 　　　　If you want to actually pick another
25 date, I mean, another hearing date, that's fine too.

YAMAGUCHI OBIEN MANGIO
court reporting, video and videoconferencing
800.831.6973   206.622.6875
production@yomreporting.com
www.yomreporting.com

Page 18

```
 1  I'm willing to be a little bit flexible on that.
 2  Whatever works for the parties.  So why don't the two
 3  of you work out an order.  If you want an actual date,
 4  talk to Mr. Walzer and then he can bring it back to me
 5  to sign.
 6                MR. CHEUNG:  Okay.
 7                MR. LEONARD:  Okay.
 8                MALE VOICE:  All rise.
 9       (End of proceedings at 9:18 a.m.)
10            (END OF TRANSCRIPTION)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 19

```
 1                TRANSCRIPTION CERTIFICATE
 2
 3            I, CHERYL J. HAMMER, the undersigned
 4  Certified Court Reporter in and for the state of
 5  Washington, do hereby certify:
 6            That the foregoing transcript was
 7  transcribed under my direction; that the transcript is
 8  true and accurate to the best of my knowledge and
 9  ability to hear the audio; that I am not a relative or
10  employee of any attorney or counsel employed by the
11  parties hereto; nor am I financially interested in the
12  event of the cause.
13
14            WITNESS MY HAND this 8th day of January
15  2015.
16
17
18
19  [signature: Cheryl J. Hammer]
20
21  CHERYL J. HAMMER
    Certified Court Reporter
22  CCR No. 2512
    chammer@yomreporting.com
23
24
25
```



YAMAGUCHI OBIEN MANGIO
court reporting, video and videoconferencing
800.831.6973   206.622.6875
production@yomreporting.com
www.yomreporting.com

VERBATIM REPORT OF PROCEEDINGS; October 24, 2014

Index: --ooo--..collect

| - | 6 | advocates | aviant[ | C |
|---|---|---|---|---|
| --ooo-- | 6 | 11:9 | phonetic | |
| 4:1 | 7:8,9,10,22 | affidavit | 8:2 | California |
| | 8:11 10:4 | 6:5,12 7:6 | | 11:7 |
| 1 | | 15:24 16:6,17 | B | Capital |
| | 9 | 17:9 | | 12:16 |
| 10 | | agreement | back | careful |
| 9:1 11:18 | 9:01 | 10:6,11 15:22 | 14:21 18:4 | 15:6 |
| 13-2-36081-1 | 4:4 | 16:13 | background | case |
| 4:7 | 9:18 | allegedly | 9:7 | 14:6 15:4,7 |
| | 18:9 | 11:4 | balance | cases |
| 2 | | America | 5:9,11 | 11:10 14:3 |
| | A | 12:16 | Bank | chargeoff |
| 2004 | | amount | 12:15 | 6:14 |
| 10:10 | a.m. | 6:15 | basic | Chase |
| 2005 | 4:4 18:9 | approach | 16:6 | 12:17 |
| 10:5,9,13 | account | 6:19 | bears | check |
| 14:21 | 4:24 5:1,3,9, | area | 15:4 | 12:14 |
| 2010 | 15,19,20 9:16 | 10:7 | begin | Cheung |
| 5:8 | 12:1,18 14:12 | assigned | 4:4 | 4:9,10,16,17 |
| 2013 | accounts | 9:12,18 10:13 | BEGINNING | 6:3,12,19,21, |
| 9:18 10:4 | 10:18,24 | 11:21 12:2,17 | 4:3 | 25 7:8,10,16, |
| 28 | 14:18 | assignment | behalf | 20 8:5,10 |
| 15:19 | action | 9:13 10:1,15, | 17:5 | 11:23,24 12:5, |
| 29th | 11:6 | 16 11:18 | beneficiary | 7,9,12,21 |
| 5:8 | activity | association | 17:11 | 13:2,15,22,23 |
| | 10:20 14:14 | 11:9 | bit | 14:1 15:13,17, |
| 3 | actual | attached | 5:24 6:17 18:1 | 21 16:8,15 |
| | 6:22 11:20 | 15:22 | bought | 17:19 18:6 |
| 3 | 16:18 18:3 | attachment | 14:21 | claim |
| 7:16 | admission | 6:18 | bring | 15:11 |
| | 5:7 | attempting | 9:1 11:15 | class |
| 4 | admissions | 5:16 | 17:5,11 18:4 | 11:6 |
| | 4:20 | attention | brought | client |
| 4 | admit | 9:11 11:5 | 16:24 17:3,4 | 5:17,25 6:2,6, |
| 7:20 10:17 | 4:22 | August | business | 7,8,11,24 8:2, |
| 14:7 | admitted | 10:4 | 7:22 10:20,25 | 3 12:10 15:23 |
| | 4:20,21,24 | authority | 13:7 14:14 | 16:6 |
| 5 | 5:1,5,8,18 | 7:15 | 15:11 | client's |
| | 16:3 | | | 7:21,24 13:10 |
| 5 | | | | collect |
| 7:22 | | | | |



YAMAGUCHI OBIEN MANGIO
court reporting, video and videoconferencing
800.831.6973   206.622.6875
production@yomreporting.com
www.yomreporting.com

VERBATIM REPORT OF PROCEEDINGS; October 24, 2014

Index: collector..hearsay

5:16,18,25
**collector**
9:13
**Collegiate**
4:6 7:14 9:9
12:12,23 13:3
17:4
**compiled**
10:19 14:13
**complaint**
5:1,2,19
**conducted**
10:20 14:14
**connect**
6:23
**connection**
7:5
**consumer**
11:9
**continue**
15:15
**contract**
6:6
**contradictory**
10:14
**convey**
8:11
**copy**
6:6
**correct**
9:6
**counsel**
11:6 16:3
**court**
4:5,14,18 5:23
6:9,16,20,23
7:4,9,11,19,25
8:8,14,17,20
9:19,21,24
10:2 11:17,23,

25 12:3,6,8,
11,20 13:1,11,
18,23 14:2
15:16,20 16:7,
12,14,19 17:1,
7,12,16,18
**court's**
9:4
**created**
10:5
**Credit**
12:17
**custodian**
7:23 14:20

**D**

**date**
6:13,15 7:2
10:1 12:21
17:25 18:3
**day**
6:13 16:18
**days**
9:1 11:18
15:19
**dealing**
9:9 10:4
**debt**
4:22 5:16,18
7:15 9:12,13
12:17 16:4
**declaration**
7:13 10:17
14:5,11
**declare**
13:16 15:12
**declares**
8:2
**default**
12:19 13:5

**defendant**
5:10
**defendants**
4:21
**demand**
11:18
**demonstrates**
14:9
**denies**
17:21
**deposit**
15:21 16:13
**disbursed**
12:14 13:10
**disbursement**
6:15 7:2 16:18
**discretion**
9:5
**dismissed**
11:11,20
**dispute**
5:10
**document**
9:14
**due**
4:19 5:9

**E**

**education**
10:18 14:12
**educational**
4:22
**end**
18:9,10
**enforce**
13:21
**entered**
10:10

**entity**
5:15 17:3
**essentially**
12:13
**established**
4:25 5:21
**event**
10:21,23
14:15,17,25
**events**
10:24
**exact**
10:7,12 11:7
**excuse**
10:6
**exhibit**
6:18
**expect**
14:19
**explain**
13:19
**explains**
7:21

**F**

**fact**
5:12
**feel**
11:25
**Financial**
16:24 17:10
**fine**
17:23,25
**flags**
14:8
**flexible**
18:1
**focus**
8:18

**full**
4:23 5:4,15
**funding**
12:13,23

**G**

**general**
14:9 15:8
**give**
9:7 11:3 15:18
**good**
4:14 8:15,22
16:14,19
**grant**
4:18 15:13
16:12
**granted**
8:25
**guess**
8:5,10 11:24
13:23 14:7
**guy**
11:9

**H**

**half**
16:22
**hands**
8:3 13:10
**happened**
13:19 14:8,25
**hear**
4:15
**heard**
13:24
**hearing**
15:15 17:25
**hearsay**
10:18


YAMAGUCHI OBIEN MANGIO
court reporting, video and videoconferencing
800.831.6973   206.622.6875
production@yomreporting.com
www.yomreporting.com

VERBATIM REPORT OF PROCEEDINGS; October 24, 2014

Index: highlighted..personal

**highlighted**
7:11 10:7
**history**
6:4,13 9:16,23
**holding**
13:4
**Honor**
4:17 6:3 8:16
11:22 15:13

**I**

**identified**
5:2,19 7:2
**identifies**
6:4,21
**identify**
16:17
**identifying**
15:23
**immediately**
11:20 12:14,
18 13:9
**inaudible**
12:25
**included**
7:7
**individual**
12:23
**infer**
13:11
**information**
10:21,23
14:15,17
15:14
**intended**
8:11
**introductions**
4:8
**issue**
5:1,19,24 9:3,

10 11:7,14,17
**issues**
9:15 15:24
16:10

**J**

**January**
5:8
**judgements**
16:1
**judgment**
4:19 8:24
11:13 16:2,12

**K**

**kinds**
13:24
**knowledge**
10:22,24 12:4
13:19 14:10,
16,18

**L**

**lack**
14:10
**language**
8:6 14:7,9
16:18
**left-hand**
10:1
**Leonard**
4:12 8:14,15,
19,22 9:20,22,
25 10:3 16:21,
22 17:2,8,13,
17 18:7
**lightly**
9:4
**link**
8:4

**loan**
4:6,22,23,25
5:22 6:1,4,5,8,
11,13,22 7:7,
14,22 8:12
9:9,22 10:9,18
12:14 13:4,9,
16,20 14:12,
21 15:23 17:5
**loans**
6:24 7:1,17,21
8:9 12:15
**looked**
14:20
**lot**
13:12

**M**

**made**
5:6,7,12
**makes**
15:5
**MALE**
18:8
**manner**
8:21
**Matt**
4:10
**member**
11:8
**missing**
7:5,25 8:4
**money**
13:5
**morning**
8:15
**motion**
4:18 8:24
16:2,12 17:21,
22

**N**

**Nakia**
7:17
**nation**
9:8
**national**
4:6 7:14 9:9
11:8 12:12,23
13:3 17:4
**NCO**
13:2,6 16:24
17:9
**noted**
16:2,11
**notice**
16:23
**number**
4:7 5:3 7:1,8

**O**

**order**
17:20 18:3
**original**
6:6 7:3
**originally**
7:17
**owed**
7:17 16:4
**owing**
5:9
**owned**
13:17
**ownership**
12:13,15
**owns**
7:14

**P**

**paid**
4:23 5:4,15
**paperwork**
6:10
**paragraph**
7:9,10,16,20
8:11 10:12,17
14:7 15:3
**part**
4:19 7:8,20,
21,22 10:19
13:7,8 14:13
**partial**
5:7
**parties**
18:2
**party**
5:25 9:6 17:2
**past**
13:25
**pay**
5:20
**payment**
4:25 5:7 6:4,
13 9:22
**payments**
5:6,11,13
**penalty**
13:13,16
**perjury**
13:13,16
**person**
10:22,23 11:1,
2,3 14:10,16,
17,24 15:12
17:3
**personal**
13:18 14:10



VERBATIM REPORT OF PROCEEDINGS; October 24, 2014

Index: pick..states

| | | | | |
|---|---|---|---|---|
| **pick** 14:2 17:24 | **proved** 6:1 | 14:13,20,22 | **Sam** 4:12 | 12:24 |
| **place** 13:4 | **provide** 8:25 10:16 11:14 13:22 15:14,25 16:9,13 | **red** 14:8 | **satisfactory** 12:1 | **simply** 5:16 13:4,7 16:3 |
| **plaintiff** 4:18 5:20 | | **reference** 7:13 | **schedule** 15:22 16:15 | **sincere** 8:21 |
| **plaintiff's** 10:20 11:6 14:14 | **provided** 5:10,11,14 6:5,7 17:13 | **regularly** 10:20 14:14 | **Scott** 4:7,13 | **single** 11:10 |
| **plaintiffs** 4:11 | | **relationship** 15:4 | **Scott's** 14:21 | **social** 6:25 |
| **point** 6:9 | **pull** 9:17 | **repayment** 5:21 | **seated** 4:5 | **solve** 16:20,22 |
| **pool** 6:7 10:4,9 16:16 | **Q** | **report** 6:13 | **security** 7:1 | **sort** 13:11 17:9 |
| | **question** 8:21,23 | **represented** 16:3 | **servicer** 13:2 | **Sounds** 16:19 |
| **pooling** 10:5,10 | **quick** 9:17 | **representing** 4:10 | **servicers** 13:3 | **specific** 6:17 14:6 15:4,10 |
| **portfolio** 7:22 | **R** | **request** 4:20 | **Services** 16:24 17:10 | **specifically** 5:24 8:6 |
| **position** 6:2 | **raised** 16:11 | **require** 9:5 | **set** 6:10 | **speculating** 5:17 |
| **possession** 7:23,24 | **raises** 14:8 | **required** 8:25 | **show** 12:1 | **standard** 15:25 |
| **prejudice** 17:21 | **raising** 16:10 | **requires** 17:21 | **showed** 7:2 | **standing** 9:1,3 11:14,15 16:10 17:14,22 |
| **prepare** 17:20 | **read** 4:7,15 | **respond** 5:23 | **showing** 6:7 | |
| **principal** 7:3 | **ready** 4:15,16 | **review** 15:19 | **shows** 16:16 | **start** 4:8 |
| **problem** 16:20,23 | **real** 9:17 | **rise** 18:8 | **side** 10:1 | **stated** 5:12 |
| **proceedings** 4:4 18:9 | **record** 7:24 10:25 15:11 | **risk** 17:15 | **sign** 18:5 | **statement** 9:16 16:23 |
| **proof** 5:11,14 8:25 10:16 11:15,18,21 17:22 | **recorded** 10:19 14:13 | **run** 17:14 | **signed** 6:14 12:21 | **statements** 10:15 |
| | **records** 7:23 8:3,12 10:19 13:8,9 | **S** | **signing** 14:10 | **states** 7:17 |
| **prove** 9:5 | | **sale** 15:22 16:13 | **simple** | |



YAMAGUCHI OBIEN MANGIO
court reporting, video and videoconferencing
800.831.6973   206.622.6875
production@yomreporting.com
www.yomreporting.com

VERBATIM REPORT OF PROCEEDINGS; October 24, 2014

Index: stating..wrong

**stating**
  13:13
**student**
  4:6 5:21 7:14
  9:9 13:4 17:4
**sufficient**
  13:17 16:9
**suing**
  17:17
**suit**
  9:2 11:6,16
  16:25 17:3,4,
  11
**suits**
  9:8 17:5
**summary**
  4:19 8:24
  11:12 16:1,2,
  12
**supplement**
  6:7 10:6,11
  16:16
**supplementing**
  16:16
**support**
  15:11
**supported**
  6:5
**supposed**
  17:11

**T**

**talk**
  18:4
**talked**
  16:23
**talking**
  15:1
**telling**
  7:6

**Texas**
  11:7
**thing**
  12:24
**things**
  13:25
**tht**
  16:11
**time**
  10:21 14:15,
  25 16:1,11
**times**
  4:9
**today**
  8:23
**Tonya**
  4:13 7:18
**TRANSCRIPTION**
  4:3 18:10
**transfer**
  6:8
**transferred**
  6:11 11:4
  12:22
**transmitted**
  10:22,23
  14:16,17
**true**
  15:10,12
**trust**
  4:6 9:9 12:24,
  25 17:5,9
**trustee**
  17:10
**trustees**
  17:5
**trusts**
  17:6
**Tryst**

  13:4
**type**
  14:4
**Typically**
  9:12 17:5

**U**

**Uh-huh**
  7:19 10:2
  12:20 13:1
  16:7 17:7,12
**underlying**
  4:21 6:4
**understand**
  16:7
**Understood**
  17:18

**V**

**versus**
  4:7
**VOICE**
  18:8

**W**

**Walzer**
  18:4
**weeks**
  15:17,18
  17:23
**work**
  12:10 18:3
**works**
  18:2
**wrong**
  15:2


YAMAGUCHI OBIEN MANGIO
court reporting, video and videoconferencing
800.831.6973   206.622.6875
production@yomreporting.com
www.yomreporting.com