THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

ESTHER HOFFMAN and SARAH DOUGLASS, on behalf of themselves and on behalf of others similarly situated,

Plaintiffs,

vs.

TRANSWORLD SYSTEMS INCORPORATED; PATENAUDE AND FELIX, A.P.C.; MATTHEW CHEUNG, and the marital community comprised of MATTHEW CHEUNG and JANE DOE CHEUNG; and DOES ONE THROUGH TEN,

Defendants.

NO. 2:18-cv-01132 JCC

**PLAINTIFFS' MOTION FOR RECONSIDERATION/ CLARIFICATION OF NOVEMBER 2, 2018 ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT PATENAUDE & FELIX, APC's AND MATTHEW CHEUNG'S MOTION TO DISMISS AND DEFENDANT TRANSWORLD SYSTEM INC.'S JOINDER TO THE MOTION TO DISMISS**

NOTE ON MOTION CALENDAR: NOVEMBER 13, 2018

ORAL ARGUMENT REQUESTED

PLAINTIFFS' MOTION FOR RECONSIDERATION/CLARIFICATION OF NOVEMBER 2, 2018 ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT PATENAUDE & FELIX, APC's AND MATTHEW CHEUNG'S MOTION TO DISMISS AND DEFENDANT TRANSWORLD SYSTEM INC.'S JOINDER TO THE MOTION TO DISMISS [DKT. #29]
(2:18-cv-01132 JCC) - i

Leonard Law
1001 4th Ave, Suite 3200
Seattle, Washington 98126
Phone: 206-486-1176
Fax: 206-458-6028

# I. INTRODUCTION AND RELIEF REQUESTED

Plaintiffs move for reconsideration and clarification of the Court's November 2, 2018 Order Granting in Part and Denying in Part Patenuade & Felix, APC's ("P&F's") and Matthew Cheung's Motion to Dismiss (Dkt. #15) and Transworld System Inc.'s ("TSI's") Joinder to the Motion to Dismiss (Dkt. #17) Plaintiff's Amended Complaint (the "Order").

# II. ARGUMENT

**A.  Standard for Reconsideration.**

A motion for reconsideration should be granted when there is "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h). Plaintiffs file this motion for reconsideration and clarification asking the Court to (1) reconsider its holding that Ms. Hoffman's and the Kim's *per se* CPA claims fail as a matter of law, (2) reconsider its finding that Plaintiffs' claims under 15 U.S.C. § 1692e(5) and RCW 19.16.250(16), (21) fail, and (3) clarify whether Plaintiffs' private CPA claims against TSI are dismissed.

**B.  The Court Erred by Dismissing Plaintiffs' *Per Se* CPA Claims Arising Out of Defendants' Violations of the FDCPA**

Plaintiffs request that the Court clarify and reconsider its ruling dismissing Plaintiffs' *per se* CPA claims premised on Defendants' violations of the FDCPA. The Court ruled that plausible violations of the FDCPA occurred but held that Plaintiffs' *per se* CPA claims fail because Defendants' liability for their violations of the FDCPA is time barred.[1] Plaintiffs request the Court clarify whether it is ruling that *per se* CPA claims are dependent on Defendants' "liability" under the FDCPA and not Defendants' "violation" of the FDCPA, which are legally distinct. If the Court's holding is that *per se* violations of the CPA arising out of FDCPA violations are dependent on liability under the FDCPA, then Plaintiffs request the Court reconsider that holding. The statute of limitations applicable to *per se* CPA claims

---

[1] The Court held that Plaintiffs have stated plausible claims for violation of the FDCPA, but those claims are barred by the FDCPA's one-year statute of limitations. *See* Dkt. #29 at 9-11. The Court also held that all of Plaintiff's *per se* CPA violations premised on violations of the FDCPA are dismissed because Plaintiffs' FDCPA claims are dismissed. *Id.* at 15.

PLAINTIFFS' MOTION FOR RECONSIDERATION/CLARIFICATION OF NOVEMBER 2, 2018 ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT PATENAUDE & FELIX, APC's AND MATTHEW CHEUNG'S MOTION TO DISMISS AND DEFENDANT TRANSWORLD SYSTEM INC.'S JOINDER TO THE MOTION TO DISMISS [DKT. #29]
(2:18-cv-01132 JCC) - 1

Leonard Law
1001 4th Ave, Suite 3200
Seattle, Washington 98126
Phone: 206-486-1176
Fax: 206-458-6028

based on violations of the FDCPA is four years from the date the FDCPA was violated.

"As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Linehan v. AllianceOne Receivables Mgmt.*, No. C15-1012-JCC, 2017 WL 3724816, at *6 (W.D. Wash. Jan. 27, 2017) (internal quotations removed).

    1.    <u>Plaintiffs' Asserted Plausible Prima Facie Claims That Defendants Committed *Per Se* Violations of the CPA Because the Facts Show Defendants Violated the FDCPA.</u>

Washington law proscribes that *per se* violations of the CPA based on debt collection abuse occur when an FDCPA <u>violation</u> occurs. In *Panag v. Farmers Insurance Co.*, 166 Wn.2d 27, 204 P.3d 885 (2009), Washington's Supreme Court explained that "<u>violations</u> of the regulations applicable to either [the debt collection or insurance] industry implicate the public interest and constitute a per se violation of the CPA." *Id.* at 43 (emphasis added).[2] It continues, "[<u>w]hen a violation</u> of debt collection regulation <u>occurs</u>, it constitutes a *per se* violation of the CPA and the FTCA under state and federal law, reflecting the public policy significance of this industry." *Id.* at 53 (emphasis added).

This Court and other district courts in this state, citing *Panag*, have also held numerous times that a "violation" of the FDCPA and "conduct" violative of the FDCPA is a *per se* violation of the CPA. *See Linehan*, 2017 WL 3724816, at *1 ("a <u>violation</u> of the FDCPA constitutes a violation of the WCPA." (emphasis added)); *Dibb v. AllianceOne Receivables Mgmt.*, No. 14-5835 RJB, 2014 WL 10987392, at *3 (W.D. Wash. Dec. 16, 2014) ("Under Washington law, a <u>violation</u> of the FDCPA is a per se violation of the CPA." *Id.* at *3 (emphasis added)); *Rose v. Bank of America, N.A.*, No. 2:16-cv-00122-SAB, 2017

---

[2] *Panag* is reinforced by subsequent Washington decisions. *See e.g. Evergreen Collectors v. Holt*, 60 Wn. App. 151, 154-55, 803 P.2d 10 (1991) (a "claimant asserting a per se violation [of the CPA] must establish that a statute has been <u>violated</u>, that the <u>violation</u> was the proximate cause of the damages, and that the plaintiff is within the class of persons the statute is intended to protect." (emphasis added). *Evergreen* explained that a violation of an underlying statute that results in a *per se* violation of the CPA only satisfies the first two or three elements, not all elements of the CPA, which indicates that the CPA remains a distinct violation from the underlying statute.

PLAINTIFFS' MOTION FOR RECONSIDERATION/CLARIFICATION OF NOVEMBER 2, 2018 ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT PATENAUDE & FELIX, APC's AND MATTHEW CHEUNG'S MOTION TO DISMISS AND DEFENDANT TRANSWORLD SYSTEM INC.'S JOINDER TO THE MOTION TO DISMISS [DKT. #29]
(2:18-cv-01132 JCC) - 2

Leonard Law
1001 4th Ave, Suite 3200
Seattle, Washington 98126
Phone: 206-486-1176
Fax: 206-458-6028

WL 1197822, at 4 (E.D. Wash. Mar. 30, 2017) ("<u>violations</u> of the FDCPA, DTA, and the CAA are per se public interest violations of the CPA." (emphasis added)). Plaintiffs can find no case where a court has ruled that a *per se* violation of the CPA based on violation of the FDCPA is dependent on there being liability under the FDCPA.

  2. <u>A Statute of Limitations Affirmative Defense to a FDCPA Claim Does Not Affect Whether a Violation of the FDCPA Occurred; Therefore, CPA Liability is Unaffected by the FDCPA's Statute of Limitation.</u>

The very definition of "affirmative defense" indicates that affirmative defenses do not go to whether a violation occurred but instead to whether liability attaches for that violation.[3] "An affirmative defense is one that … seeks to avoid liability, in whole or in part, by new allegations of excuse, justification, or other negating matter." Hon. Amy St. Eve & Michael A Zuckerman, THE FORGOTTEN PLEADING, Fed. Cts. L. Rev. 7 [III.B.1] (August 2013).[4] "An affirmative defense stems from the common law pleading of 'confession and avoidance' pursuant to which the defendants would admit the plaintiff's prima facie case and allege new material that would defeat the plaintiff's case and excuse the defendant's conduct." Lydia Pallas Loren, FAIR USE: AN AFFIRMATIVE DEFENSE?, 90 Wash. L. Rev. 685 [I.B] (June 2015). Hence, a CPA violation exists independent of FDCPA liability.

That the statute of limitations defense to an underlying violation of a statute does not bar a CPA claim based on the same facts was explained in *Anderson v. Wells Fargo Home Mortg., Inc.*, 259 F. Supp. 2d 1143, (W.D. Wash. 2003). *Anderson* dealt with alleged violations of the CPA stemming from alleged violations of TILA and RESPA. Judge Leighton reasoned that the CPA claims would not be barred by the statute of limitations defense to the TILA claims:

> Anderson's claim that the TILA was also violated, as a basis for both a TILA claim and a separate CPA claim, is more difficult. If the only flaw in the TILA claim was that it was time barred, that would not mean that she could not assert the violation as a basis for her (timely) CPA claim. The successful

---

[3] "The statute of limitations is an affirmative defense and, generally, is waived if not raised in the trial court." *United States v. Wilbur*, 674 F.3d 1160, 1177 (9th Cir. 2012).

[4] Conversely, "[a] negative defense is an attack on the plaintiff's prima facie case," and "is the equivalent of a defendant saying, 'I did not do it.'" *Id*. (internal citations omitted). *Id*. (internal citations omitted).

PLAINTIFFS' MOTION FOR RECONSIDERATION/CLARIFICATION OF NOVEMBER 2, 2018 ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT PATENAUDE & FELIX, APC's AND MATTHEW CHEUNG'S MOTION TO DISMISS AND DEFENDANT TRANSWORLD SYSTEM INC.'S JOINDER TO THE MOTION TO DISMISS [DKT. #29]
(2:18-cv-01132 JCC) - 3

Leonard Law
1001 4th Ave, Suite 3200
Seattle, Washington 98126
Phone: 206-486-1176
Fax: 206-458-6028

assertion of a statute of limitations <u>does not mean that the violation did not occur</u>, it means that the claim based on it is stale. Where, as here, the actual claim asserted -- the CPA -- has a longer limitations period, the violation may still be used to support the timely claim."

*Id.* at 1147 (emphasis added).

    3.    <u>Cases Dealing With Other *Per Se* Violations of the CPA Indicate That the CPA Does Not Adopt An Underlying Statute's Statute of Limitations and Cases Cited By The Court Are Not Dispositive Here.</u>

In cases where there were *per se* CPA claims based on the violation of statutes other than the FDCPA, courts did not adopt the underlying statute's statute of limitations. In both *Mackey v. Maurer*, 153 Wn. App. 107, 114, 220 P.3d 1235 (2009) and *Bryce v. Lawrence (In re Bryce)*, 491 B.R. 157, 186 (Bankr. W.D. Wash. 2013) the Courts held that the plaintiffs' CPA claims were not barred by the usury statute's statute of limitations. Plaintiffs found no cases others than those district court cases cited in the Court's opinion that hold otherwise.

The cases the Court cited to support its holding are not relevant here. In *Kotok v. Homecomings Fin.*, 2009 WL 2057046, slip op. at 4 (W.D. Wash. 2009); *Bednaruk v. NW Trustee Servs., Inc.*, 2010 WL 545643, slip op. at 3 (W.D. Wash. 2010); and *Lyons v. Homecomings Fin. LLC*, 770 F. Supp. 2d 1163, 1167 (W.D. Wash. 2011), the courts addressed whether *per se* CPA claims premised on violations of RESPA and TILA were time barred if the underlying TILA and RESPA claims were time barred. None of these cases dealt with the FDCPA; therefore, *Panag* was not controlling, as it is here. *Panag* is specific to debt collection abuses and debt collection statutes and holds that "violation" of the FDCPA is a *per se* violations of the CPA. These cases also contradict *Anderson*, and no Court in this jurisdiction has ever held that RESPA and TILA violations constitute *per se* CPA violations.

    4.    <u>Limiting the CPA's Protections by Limiting Plaintiffs' *Per Se* Claims to the FDCPA's One-Year Statute of Limitations Is Not Allowed Under 1692n.</u>

Finally, applying the FDCPA's one-year statute of limitations to Plaintiffs' *per se* CPA claims would require a finding that the CPA's four-year statute of limitations is pre-empted by the FDCPA. The FDCPA expressly prohibits such a finding in 15 U.S.C. § 1692n.

PLAINTIFFS' MOTION FOR RECONSIDERATION/CLARIFICATION OF NOVEMBER 2, 2018 ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT PATENAUDE & FELIX, APC's AND MATTHEW CHEUNG'S MOTION TO DISMISS AND DEFENDANT TRANSWORLD SYSTEM INC.'S JOINDER TO THE MOTION TO DISMISS [DKT. #29]
(2:18-cv-01132 JCC) - 4

Leonard Law
1001 4th Ave, Suite 3200
Seattle, Washington 98126
Phone: 206-486-1176
Fax: 206-458-6028

Application of the FDCPA's one-year statute of limitations to Plaintiffs' CPA claims thus violates the FDCPA. For these reasons, the Court should reconsider its ruling dismissing Plaintiffs' *per se* CPA claims based on Defendants' violations of the FDCPA.

**C.    The Court Erred by Dismissing Plaintiffs' Claims for Violation of Section 1692e(5) and RCW 19.16.250(16), (21)**

Plaintiffs request that the Court clarify and reconsider its ruling dismissing Plaintiffs' claims for violation of 15 U.S.C. §1692e(5) and RCW 19.16.250(16), (21). This Court has previously ruled that § 1692e(5)'s prohibition on threats also encompasses taking actions that cannot legally be taken. *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235, 1246 (W.D. Wash. 2006); *see also Marchant v. U.S. Collections W., Inc.*, 12 F. Supp. 2d 1001, 1006 (D. Ariz. 1998) ("To argue that a collection agency can avoid the strictures of the FDCPA simply by acting where it has no legal authority, as opposed to threatening to act where it has no legal authority, would defy the very purposes of the section"), *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014) ("[c]ourt filings can be a threat under the FDCPA"). Therefore, *Sprinkle* requires that the Plaintiffs must prevail on their § 1692e(5) claim.

This Court should restore the Plaintiffs' CAA claim for the same reason. "The CAA is our state's counterpart to the FDCPA." *Panag*, 166 Wn.2d at 53–54. The language of RCW 19.16.250(16) is substantially identical to § 1692e(5); both statutes dictate that creditors may not "threat[en] to take any action" that "cannot legally" be taken. This Court's determination in *Sprinkle* was based not on the particulars of federal law, but on fundamental logic and underlying intent: the law cannot reasonably be thought to provide more protection to a creditor that actually commits a violation than to one that merely threatens to commit a violation. *Sprinkle*, 472 F. Supp. 2d at 1247. This conclusion is as inescapable under the CAA as it is under the FDCPA.

**D.    Plaintiffs Request Clarification Whether Plaintiffs' Private CPA Claims Against TSI are Dismissed.**

The Plaintiffs alleged that each of the Defendants violated the CPA by filing debt

PLAINTIFFS' MOTION FOR RECONSIDERATION/CLARIFICATION OF NOVEMBER 2, 2018 ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT PATENAUDE & FELIX, APC's AND MATTHEW CHEUNG'S MOTION TO DISMISS AND DEFENDANT TRANSWORLD SYSTEM INC.'S JOINDER TO THE MOTION TO DISMISS [DKT. #29]
(2:18-cv-01132 JCC) - 5

Leonard Law
1001 4th Ave, Suite 3200
Seattle, Washington 98126
Phone: 206-486-1176
Fax: 206-458-6028

collection lawsuits without proof that the relevant NCSLTs owned the debts that TSI was attempting to collect for them; without proof as to how much was owed on the alleged student loan debts; without any intention to pursue the claims to judgment in the event defendants appeared in the legal actions and defended against the claims; and by submitting false affidavits in support of their motions for default judgments against defendants. (Dkt. #1-1, at ¶¶ 41-50, 59-67, 78-87, 95-100, 108-109, 119). The Plaintiffs alleged that this conduct violated the CPA regardless of whether their violations of the FDCPA and CAA constituted *per se* violations of the CPA. *Id*. at ¶¶ 135(o), 179-182.

In their response to TSI's joinder in P&F's and Cheung's Motion to Dismiss, the Plaintiffs discussed the facts and law supporting their CPA claims. (Dkt. #20 at 3-4, 18-23). In its reply, TSI did not address whether its conduct violated the CPA, but instead focused on technical and procedural arguments, such as whether the Plaintiffs had standing to question the validity of the alleged assignments of the debts and whether TSI is a debt collector. (Dkt. #27 at 4-6). TSI did not argue that it could not be held liable for its violations of the CPA because its conduct did not constitute part of the entrepreneurial aspects of law practice.

In its Order, the Court dismissed Plaintiffs' private CPA claims (*i.e.*, those that were not asserted as *per se* violations of the FDCPA and/or CAA) solely because the Defendants' alleged conduct did not "implicate the entrepreneurial or commercial aspects of Defendants' [legal] services." (Dkt. #29 at 18). But while this basis for dismissal applies to P&F and Cheung, TSI is not an attorney or a law firm, and it enjoys no immunity from liability under a privilege that applies only to lawyers and law firms. Therefore, Plaintiffs request the Court to clarify whether it intended to dismiss the private CPA claims against TSI, and if so, the basis for such dismissal.

I. **CONCLUSION**

Plaintiffs respectfully request that this Court reconsider and clarify its Order as discussed in this motion.

PLAINTIFFS' MOTION FOR RECONSIDERATION/CLARIFICATION OF NOVEMBER 2, 2018 ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT PATENAUDE & FELIX, APC's AND MATTHEW CHEUNG'S MOTION TO DISMISS AND DEFENDANT TRANSWORLD SYSTEM INC.'S JOINDER TO THE MOTION TO DISMISS [DKT. #29]
(2:18-cv-01132 JCC) - 6

Leonard Law
1001 4th Ave, Suite 3200
Seattle, Washington 98126
Phone: 206-486-1176
Fax: 206-458-6028

DATED this 13th day of November, 2018.

*Attorneys for Plaintiffs*:

| LEONARD LAW | BERRY & BECKETT, PLLP |
|---|---|
| */s/ Sam Leonard* | */s/ Guy Beckett* |
| Sam Leonard, WSBA #46498 | Guy W. Beckett, WSBA #14939 |
| 1001 4th Ave, Suite 3200 | 1708 Bellevue Avenue |
| Seattle, Washington 98154 | Seattle, WA 98122 |
| Telephone: (206) 486-1176 | Telephone: (206) 441-5444 |
| Facsimile: (206) 458-6028 | Facsimile: (206) 838-6346 |
| E-mail: sam@seattledebtdefense.com | E-mail: gbeckett@beckettlaw.com |
| HENRY & DeGRAAF, P.S. | NORTHWEST CONSUMER LAW CENTER |
| */s/ Christina Henry* | */s/ Amanda N. Martin* |
| Christina L. Henry, WSBA # 31273 | Amanda N. Martin, WSBA #49581 |
| 150 Nickerson St., Ste. 311 | 214 East Galer St., Ste. 100 |
| Seattle, WA 98109 | Seattle, WA 98102 |
| Telephone: (206) 330-0595 | Telephone: (206) 805-0989 |
| Facsimile: (206) 400-7609 | Facsimile: (206) 805-1716 |
| E-mail: chenry@HDM-legal.com | E-mail: Amanda@NWCLC.org |

PLAINTIFFS' MOTION FOR RECONSIDERATION/CLARIFICATION OF NOVEMBER 2, 2018 ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT PATENAUDE & FELIX, APC's AND MATTHEW CHEUNG'S MOTION TO DISMISS AND DEFENDANT TRANSWORLD SYSTEM INC.'S JOINDER TO THE MOTION TO DISMISS [DKT. #29]
(2:18-cv-01132 JCC) - 7

Leonard Law
1001 4th Ave, Suite 3200
Seattle, Washington 98126
Phone: 206-486-1176
Fax: 206-458-6028