Hon. John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ESTHER HOFFMAN; SARAH DOUGLASS; ANTHONY KIM; and IL KIM and DARIA KIM, husband and wife and the marital community comprised thereof, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRANSWORLD SYSTEMS INCORPORATED; PATENAUDE AND FELIX, APC; MATTHEW CHEUNG and the marital community comprised of MATTHEW CHEUNG and JANE DOE CHEUNG; and DOES ONE THROUGH TEN,<br><br>Defendants. | Case No.: 2:18-cv-01132 JCC<br><br>DEFENDANT TRANSWORLD SYSTEMS INC.'S MEMORANDUM IN RESPONSE TO MOTION FOR RECONSIDERATION |

Defendant Transworld Systems Inc. ("TSI") hereby submits its memorandum in response to the motion for reconsideration (Dkt. 33) as directed and limited by the Court. (Dkt. 37.) The Court's Order directs TSI to "only address whether Plaintiffs' private claim for a violation of Washington's Consumer Protection Act [("CPA")] against it should be dismissed. (*See* Dkt. No. 33 at 6-7.)" (Dkt. 37.)

## I.   **<u>INTRODUCTION AND PROCEDURAL POSTURE</u>**

At pages 6-7 of their Motion for Reconsideration, Plaintiffs argue that they have alleged a separate, private cause of action under the CPA, "regardless of whether their violations of the FDCPA and CAA constituted per se violations of the

MEMORANDUM IN RESPONSE TO MOTION FOR RECONSIDERATION

Page **1** of **7**

DAMIAN P. RICHARD, ESQ. (SBN 47837)
SESSIONS FISHMAN NATHAN & ISRAEL LLP
1545 Hotel Circle South, Suite 150
San Diego, CA 92108
Tel (619) 758-1891

CPA." (Dkt. No. 33, at 6-7.) They accurately summarize the relevant allegations in their operative complaint—alleging that TSI "violated the CPA by filing debt collection lawsuits *without proof* that the relevant NCSLTs owned the debts that TSI was attempting to collect for them; *without proof* as to how much was owed on the alleged student loan debts; *without any intention* to pursue the claims to judgment in the event defendants appeared in the legal actions and defended against the claims; and by *submitting* false *affidavits* in support of their motions for default judgments against defendants. (Dkt. #1-1, at ¶¶ 41-50, 59-67, 78-87, 95-100, 108-109, 119)." (emphasis added).

In its Joinder to the Motion to Dismiss ("Motion") TSI requested judicial notice of the actual "proof" and "affidavits" referenced and relied-upon by Plaintiffs, which this Court granted. (Dkt. 29 at 2.) In its Motion TSI set forth the elements required to be met in order to state a private CPA claim and demonstrated, based in part on the judicially-noticeable records, how Plaintiffs cannot state a claim upon which relief can be granted under the CPA. (Dkt. 17 at 13-15.)

In their Response to TSI's Motion, Plaintiff's submitted a state-court transcript for the Court's consideration a NCSLT motion for summary judgment where both the "proof" of assignment and the "affidavit[]" were analyzed by the court under the evidentiary standard of the business records exception to hearsay. (Dkt. 21-1.) Notably, nowhere in their Response did Plaintiffs assert or even discuss a private CPA claim independent from their *per se* claims based on the alleged FDCPA and CAA violations. (Dkt. 22.) Their Response *did* confirm that their grievance with the "affidavits" was one of "proof," "authenticat[ion]," "[]admissib[ility]," "insufficien[cy]" of evidence, and whether certain exhibits should have or could have been attached to the "affidavits." (Dkt. 22, at 2-4.)

TSI's Reply reminded the Court that Plaintiffs' allegations concerning whether the TSI's "affidavits" will constitute sufficient "proof" in state-court

MEMORANDUM IN RESPONSE TO MOTION FOR RECONSIDERATION

Page **2** of **7**

DAMIAN P. RICHARD, ESQ. (SBN 47837)
SESSIONS FISHMAN NATHAN & ISRAEL LLP
1545 Hotel Circle South, Suite 150
San Diego, CA 92108
Tel (619) 758-1891

proceedings (i) are all based only on "information and belief," (ii) are too speculative to survive dismissal, and (iii) impermissibly attempt to convert an evidentiary challenge into a CPA violation, thereby abrogating from the state-court its duty to rule on evidentiary matters. (Dkt. 27, 2-5.)

Indeed, a reading of the transcript which *Plaintiffs* ask this Court to consider establishes that TSI's affidavits could be, and often are, sufficient, and that the student loan schedules do indeed exist and can be provided. (*See* Dkt. 21-1.) *See also e.g. Nat'l Collegiate Student Loan Tr. 2005-3 v. Dunlap,* 2018-Ohio-2701, ¶¶ 12, 21, ___ N.E.3d ___, *available at* 2018 WL 3360825 (holding that NCSLT established standing in its action seeking to recover on a defaulted college loan from a borrower who challenged NCSLT's standing on the basis that it failed to establish a proper assignment from the original lender).[1]

On November 2, 2018, this Court correctly granted TSI's Motion to dismiss the private CPA claim. (Dkt. 29.) The Court should not deviate from this Order.

## II.   PRIVATE CPA CLAIM FAILS

To successfully bring an action under the CPA, a private plaintiff must prove five elements: (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; and (5) causation. *Panag v. Farmers Ins. Co.,* 166 Wn.2d 27, 37, 204 P.3d 885 (2009). "Failure to satisfy even one of the elements is fatal to a CPA

---

[1] For example, in upholding the grant of summary judgment in *Dunlap*, the Court of Appeals of Ohio, Fourth District, noted:
> NCSLT filed a motion for summary judgment, supported by an affidavit of an employee of the subservicer of the student loan, which is the designated custodian of records for the loan. NCSLT also included documentation attempting to establish NCSLT's standing to collect on the loan, the loan default, and the amount due on the loan. . . . The trial court granted NCSLT's motion for summary judgment . . . [a]ttached to and incorporated into the employee's affidavit were copies of other records, including: (1) a letter by the U.S. Bank National Association, in its capacity as the special servicer for various student loan trusts, including NCSLT, confirming that [TSI] is its subservicer for NCSLT and is the dedicated records custodian for all student loans owned by the trust . . . the pool supplement agreement . . . Schedule 1 of the pool supplement . . . Schedule 2 of the pool supplement . . . .

MEMORANDUM IN RESPONSE TO MOTION FOR RECONSIDERATION

Page **3** of **7**

DAMIAN P. RICHARD, ESQ. (SBN 47837)
SESSIONS FISHMAN NATHAN & ISRAEL LLP
1545 Hotel Circle South, Suite 150
San Diego, CA 92108
Tel (619) 758-1891

claim." *Adrain v. Wells Fargo Bank, N.A.,* No. 2:16-CV-00142-SAB, 2018 WL 4935439, at *2 (E.D. Wash. Oct. 11, 2018).

### A. <u>NOTHING UNFAIR OR DECEPTIVE</u>

There is no plausible allegation that TSI engaged in an "unfair or deceptive act or practice." (*See* Dkt. 1-1.) Plaintiffs' repeatedly *admit* that TSI was serving in its role as a witness, custodian, and "servicer" of the NCSLT loans (Dkt 1-1 ¶¶ 8-12, 90, Ex. A, at 1)—student loans which Plaintiff's admittedly obtained but refused to repay. (Dkt. 1-1 at 7 ¶¶ 35-37, 13 ¶ 72, 10 ¶¶ 54-56.) There is nothing "unfair or deceptive" about a student loan creditor, and its servicer, exercising their respective rights and obligations pursuant to a defaulted student loan. The allegations that TSI's "affidavits" are "unfair" or "deceptive" are entirely unsupported by any other factual allegations that save it from being a legal conclusion cast in the form of a factual allegation, which cannot defeat TSI's Motion. *See W. Min. Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981).

### B. <u>NOT IN TRADE OR COMMERCE</u>

The second element also fails because events occurring solely in litigation do not constitute "trade or commerce." *Blake v. Fed. Way Cycle Ctr.,* 40 Wn. App. 302, 312, 698 P.2d 578, 584 (1985) (citation omitted). *See also Medialdea v. Law Office of Evan L. Loeffler PLLC,* No. C09-55RSL, 2009 WL 1767185, at *8 (W.D. Wash. June 19, 2009) ("a court proceeding does not constitute "trade or commerce" under the CPA"). Here, Plaintiffs' allegations rely exclusively on the TSI "affidavits" filed in state-court proceedings.

### C. <u>NO PUBLIC INTEREST IMPACT</u>

As to the third element of a CPA claim, Plaintiffs cannot show the required connection between their personal loan defaults and the public interest. "Ordinarily, a breach of a private contract affecting no one but the parties to the contract is not an act or practice affecting the public interest." *Hangman Ridge Training Stables,*

MEMORANDUM IN RESPONSE TO MOTION FOR RECONSIDERATION

Page **4** of **7**

DAMIAN P. RICHARD, ESQ. (SBN 47837)
SESSIONS FISHMAN NATHAN & ISRAEL LLP
1545 Hotel Circle South, Suite 150
San Diego, CA 92108
Tel (619) 758-1891

*Inc. v. Safeco Title Ins. Co.,* 105 Wn.2d 778, 790 (1986).  The purported dispute here involves each Plaintiffs personal, individual and unique student loans, each with its own payment history, unpaid balance, and events leading up to the default. Plaintiffs' allegations present nothing more than a contractual dispute between debtor and creditor, and Plaintiffs offer no plausible allegations that other borrowers were similarly situated.

### D. <u>NO INJURY, NO STANDING, AND NO CAUSATION</u>

Regarding the fourth and fifth elements, Plaintiffs lack standing because they have not suffered any injury, and the state-court proceedings were caused by their own default under the student loan agreements.  To determine standing under the CPA, courts consider (1) whether the asserted interest is "within the zone of interests" that are protected by the statute; and (2) whether the Plaintiff has suffered an "injury in fact."  *Save A Valuable Env't (SAVE) v. City of Bothell,* 576 P.2d 401 (1978) (quoting *Ass'n of Data Processing Serv. Orgs. v. Camp,* 397 U.S. 150, 153, 152 (1970)).  To satisfy a standing requirement, a Plaintiff must show a personal injury fairly traceable to the challenged conduct and likely to be redressed by the requested relief.  *Id.*  Under the CPA specifically, the Plaintiff must have been "injured in his or her business or property" by the deceptive act to bring a claim. *See* RCW 19.86.090.  The deceptive act or practice must have "proximately caused" injury to the Plaintiff's "business or property."  *Panag,* 204 P.3d at 902; *Carlile v. Harbour Homes, Inc.,* 147 Wash. App. 193, 213, 194 P.3d 280, 290 (2008*)* ("To establish the causation element in a CPA claim, a Plaintiff must show that, but for the defendant's unfair or deceptive practice, the Plaintiff would not have suffered an injury.").  Here, there is no deceptive act or practice.  Moreover, Plaintiffs received the benefit of loans for college but did not pay as agreed.  It is hard to conceive of a theory in which Plaintiffs have been damaged by their own failure to pay, and not the other way around.

MEMORANDUM IN RESPONSE TO MOTION FOR RECONSIDERATION

Page **5** of **7**

DAMIAN P. RICHARD, ESQ. (SBN 47837)
SESSIONS FISHMAN NATHAN & ISRAEL LLP
1545 Hotel Circle South, Suite 150
San Diego, CA 92108
Tel (619) 758-1891

Similarly, Plaintiffs allege no actual injury. (*See* Dkt. 1-1.) Attorney's fees and costs of litigation are not sufficient. It is well-settled that retaining counsel to institute a CPA claim does not constitute injury. *Panag,* 204 P.3d at 902. "Attorney fees divorced from a deceptive business practices do not constitute injury under the CPA." *Thomas v. Specialized Loan Servicing, LLC,* No. 76644-9-I, 2018 WL 3853877, at *4 (Wash. Ct. App. Aug. 13, 2018). In order to proceed on a free-standing CPA claim, a plaintiff must allege actual harm to her business or property in order to recover actual damages for such harm. *See* RCW 19.86.090; *Gordon v. BAC Home Loans Servicing, LP,* No. CV-10-5140-LRS, 2011 WL 13228393, at *2 (E.D. Wash. Feb. 11, 2011). Here, Plaintiffs FAC does not allege any actual harm. (*See* Dkt. 1-1.)

The causation prong requires that TSI's act be the proximate cause of the plaintiffs' injury, meaning a cause which in a direct sequence unbroken by any superseding cause, produces the injury event complained of and without which such injury event would not have happened." *Allstate Ins. Co. v. Lighthouse Law P.S., Inc.,* No. C15-1976RSL, 2017 WL 347081, at *2 (W.D. Wash. Jan. 24, 2017) (internal citations and quotations omitted). Here, Plaintiffs repeatedly concede that TSI is a "servicer," "agent and Service Provider" for the fifteen NCSLT trusts. (Dkt. 1-1 ¶¶ 8-12, 90, Ex. A, at 1). Plaintiffs further *admit* to their own default and refusal to pay as agreed. (Dkt. 1-1 at 7 ¶¶ 35-37, 13 ¶ 72, 10 ¶¶ 54-56.) The state-court breach of contract proceedings were precipitated by Plaintiffs' default and refusal to pay. Plaintiffs cannot plausibly allege causation beyond the speculative level.

### III. LITIGATION PRIVILEGE BARS THE PRIVATE CPA CLAIM

This Court has already taken judicial notice of the underlying state-court pleadings, to which TSI was not a party. (Dkts. 16, 29 at 2.) TSI did not bring suit in state court. Plaintiffs repeatedly concede that TSI is a "servicer," "agent and

MEMORANDUM IN RESPONSE TO MOTION FOR RECONSIDERATION

Page **6** of 7

DAMIAN P. RICHARD, ESQ. (SBN 47837)
SESSIONS FISHMAN NATHAN & ISRAEL LLP
1545 Hotel Circle South, Suite 150
San Diego, CA 92108
Tel (619) 758-1891

Service Provider" for the fifteen NCSLT trusts.  (Dkt. 1-1 ¶¶ 8-12, 90, Ex. A, at 1).

As it relates to the "affidavits" in question, TSI is a *witness*, and a custodian of records. (*Id.*) Under Washington law, witnesses participating in the legal process are immune from civil liability for claims based on their testimony. *Wynn v. Earin,* 181 P.3d 806, 810 (Wash. 2008); *Twelker v. Shannon & Wilson, Inc.,* 564 P.2d 1131, 1133 (Wash. 1977). An absolute privilege applies to statements made in the course of judicial proceedings and bars civil liability. *Deatherage v. State, Examining Bd. of Psychology,* 134 Wn. 2d 131, 135, 948 P.2d 828, 830 (1997). *See also Gustafson v. Mazer,* 113 Wn. App. 770, 775, 54 P.3d 743 (2002). "The loser in one forum will frequently seek another . . . Absolute immunity is thus necessary to assure that judges, advocates, *and witnesses* can perform their respective functions without harassment or intimidation." *Butz v. Economou,* 438 U.S. 478, 512, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978) (emphasis added). *See also Paine v. City of Lompoc,* 265 F.3d 975, 981-82 (9th Cir. 2001).

## IV.   CONCLUSION

Plaintiffs' private CPA claim fails as a matter of law, as set forth above, and the Court should not deviate from its Order dismissing the claim, *with prejudice,* and without leave to amend, as any amendment would be futile. (Dkt. 29.) In the event the Court is inclined to deviate from its Order, it should only deviate so much as to decline supplemental jurisdiction over any private CPA claim, dismissing any private CPA claim without prejudice, but also without leave to amend, as it would not be exercising jurisdiction over such claim.

Dated: 12/14/18        SESSIONS FISHMAN, NATHAN & ISRAEL, L.L.P.
                       */s/Damian P. Richard*
                       Damian P. Richard
                       Attorney for Defendant Transworld Systems Inc.

MEMORANDUM IN RESPONSE TO MOTION FOR RECONSIDERATION

Page **7** of 7

DAMIAN P. RICHARD, ESQ. (SBN 47837)
SESSIONS FISHMAN NATHAN & ISRAEL LLP
1545 Hotel Circle South, Suite 150
San Diego, CA 92108
Tel (619) 758-1891