Hon. John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ESTHER HOFFMAN; SARAH DOUGLASS; ANTHONY KIM; and IL KIM; and DARIA KIM, on behalf of themselves and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRANSWORLD SYSTEMS INCORPORATION; *et al.*,<br><br>Defendants. | No. 2:18 cv 1132-JCC<br><br>DEFENDANTS PATENAUDE AND FELIX, A.P.C. AND MATTHEW CHEUNG'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT<br><br>NOTED FOR HEARING:<br>DECEMBER 30, 2018 |

# I. INTRODUCTION

Defendants Patenaude & Felix, APC and Matthew Cheung (collectively "Patenaude") moved for summary judgment dismissal of the sole remaining claims alleged against them in Plaintiffs' Amended Complaint. (Dkt 30). The motion should be granted.

# II. ARGUMENT AND AUTHORITY

**A.     All of Ms. Douglass's FDCPA claims should be dismissed with prejudice.**

This Court left Ms. Douglass's § 1692e claims against Patenaude alive to the extent that the Court denied dismissal of § 1692e claims on a variety of grounds, and any dismissal under the statute of limitations was without prejudice. (Dkt 29 at 19-20). The Court held that it could not dismiss with prejudice because it did not know when Ms. Douglass received notice of the underlying claims against her.

DEFENDANTS' REPLY IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT - 1
2:18 cv 1132-JCC
6459698.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Patenaude has therefore provided the evidence that Ms. Douglass's claims are barred by the FDCPA's one-year statute of limitations, 15 U.S.C. § 1692k(d), as follows:

- On April 27, 2017, Patenaude mailed a letter to Ms. Douglass advising her that judgment had been entered against her in cause no. 17-2-10605-4-KNT. (Dkt 31 at ¶ 5); (Dkt 31-1, Ex. 1). Enclosed with the letter was a copy of the default judgment for this cause number. (*Id.*). The letter was sent to Ms. Douglass at 7950 Seward Park Ave. S., Seattle, WA 98118-4251. (*Id.*). The letter was not returned, and communications sent to that location are known to have been received. (*Id.*).

- On April 27, 2017, Patenaude mailed a letter to Ms. Douglass advising her that judgment had been entered against her in cause no. 17-2-10604-6-KNT. (Dkt 31 at ¶ 2); (Dkt 31-1, Ex. 2). Enclosed with the letter was a copy of the default judgment. (*Id.*). The letter was sent to Ms. Douglass at 7950 Seward Park Ave. S., Seattle, WA 98118-4251. (*Id.*). The letter was not returned, and communications sent to that location are known to have been received. (*Id.*).

- "The parties agree that the initial complaint in this case was filed on June 20, 2018." (Dkt 29 at 10), citing (Dkt. Nos. 22 at 11; 25 at 4).

As such, Ms. Douglass was provided notice of the default judgment by early May 2017, which is more than a year before the Complaint was filed in June 2018. All of Ms. Douglass's FDCPA claims are therefore barred. 15 U.S.C. § 1692k(d).

"Plaintiffs' time-barred FDCPA claims cannot be a basis for their claims of *per se* violations of the CPA." (Dkt 29 at 16, n10) (citing *Kotok v. Homecomings Fin.*, 2009 WL 2057046, slip op. at 4 (W.D. Wash. 2009) (dismissing per se CPA claim where predicated on time-barred Truth in Lending Act ("TILA") and Real Estate Settlement Procedures Act ("RESPA") claims); *Bednaruk v. NW Trustee Servs., Inc.*, 2010 WL 545643, slip op. at 3 (W.D. Wash. 2010) (dismissing per se CPA claim where predicated on time-barred TILA and RESPA claims, relying on *Kotok*); *Lyons v. Homecomings Fin. LLC*, 770 F. Supp. 2d 1163, 1167 (W.D. Wash. 2011) (dismissing per se CPA violation predicated on time-barred TILA claim, relying on *Kotok*). Like the Kims and Hoffman, the per se CPA claims that Ms. Douglass has premised on time-barred FDCPA claims should also be dismissed with prejudice.

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 2
2:18 cv 1132-JCC
6459698.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

**B.  The motion is not moot and should be granted.**

Plaintiffs do not dispute that Ms. Douglass brought her FDCPA claims after the one-year statute of limitation in 15 U.S.C. § 1692k(d) had run.  Plaintiffs only argue that the motion is moot.  However, this Court has not designated this case as being closed, and no final judgment has been entered in favor of Patenaude.  Until such time as this Court enters a final judgment, its orders are interlocutory, and subject to revision.  Fed.R.Civ.P. 54(b).  To make the status of this case more uncertain, there is a motion for reconsideration pending, and there is a question as to whether the court will permit amendment of the pleadings after the motion for reconsideration is decided.  Considering all of these things, this is an active controversy amenable to a final decision by this Court upon Patenaude's motion for summary judgment.

Plaintiffs argue that: "Because the Plaintiffs did not file an amended complaint within thirty days of November 2, 2018, no claims against P & F and Cheung will be asserted through amendment."  (Dkt 40 at 3).  However, when asked to stipulate to dismissal of all claims with prejudice, Plaintiffs refused to do so.  Declaration of Marc Rosenberg at ¶¶ 3-4, Ex. 1.  This suggests that Plaintiffs are, in fact, not done litigating their claims against Patenaude.

There is no genuine issue of material fact and Patenaude is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a).  Patenaude is entitled to a dismissal with prejudice so that it does not have to worry about these claims hanging over its head, and possibly being filed in state court or before a different federal judge.  The matter is before this Court, and this Court is already familiar with the facts of this case.

The Civil Rules are supposed to be construed to "secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1.  Entering a dismissal with prejudice, now that the Court has the evidence to do so, would secure the just, speedy, and inexpensive determination of this case that the rules contemplate.

DEFENDANTS' REPLY IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT - 3
2:18 cv 1132-JCC
6459698.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

### III.  CONCLUSION

This Court should dismiss with prejudice Mr. Douglass's FDCPA claim as time barred, and dismiss with prejudice Ms. Douglass's *per se* claim based on the time-barred FDCPA claim.  With these two claims dismissed with prejudice, the lawsuit against Patenaude should be dismissed in its entirety with prejudice, and a final judgment entered on behalf of Patenaude.

DATED this 26th day of December, 2018.

        LEE SMART, P.S., INC.

By: /s Marc Rosenberg
    Marc Rosenberg, WSBA No. 31034
    Jeffrey R. Kaatz, WSBA No. 49709
    Of Attorneys for Defendants
    Patenaude and Felix, A.P.C., and
    Matthew Cheung

1800 One Convention Place
701 Pike St.
Seattle, WA 98101-3929
(206) 624-7990
mr@leesmart.com

DEFENDANTS' REPLY IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT - 4
2:18 cv 1132-JCC
6459698.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

# CERTIFICATE OF SERVICE

I hereby certify that on the date provided at the signature below, I electronically filed the preceding document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following individuals:

| | |
|---|---|
| Mr. Sam Leonard | sam@seattledebtdefense.com |
| Ms. Christina L. Henry | chenry@hdm-legal.com |
| Mr. Guy W. Beckett | gbeckett@beckettlaw.com |
| Ms. Amanda Martin | amanda@nwclc.org |
| Mr. Damian P. Richard | drichard@sessions-law.biz |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct, to the best of my knowledge.

Dated this 26th day of December, 2018 at Seattle, Washington.

LEE SMART, P.S., INC.

By: /s Marc Rosenberg
Marc Rosenberg, WSBA No. 31034
Of Attorneys for Defendant
Patenaude and Felix, A.P.C., and
Matthew Cheung

1800 One Convention Place
701 Pike St.
Seattle, WA 98101-3929
(206) 624-7990
mr@leesmart.com

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 5
2:18 cv 1132-JCC
6459698.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944