THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESTHER HOFFMAN, *et al.*, | CASE NO. C18-1132-JCC |
| Plaintiffs, | ORDER |
| v. | |
| TRANSWORLD SYSTEMS INCORPORATED, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Plaintiffs' motion for reconsideration or clarification (Dkt. No. 33) of the Court's order (Dkt. No. 29) granting in part and denying in part Defendants Patenaude & Felix, APC ("P&F") and Matthew Cheung's ("Cheung") motion to dismiss (Dkt. No. 15) and Defendant Transworld Systems Inc.'s ("TSI") joinder to the motion to dismiss (Dkt. No. 17). Having thoroughly considered the motion and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

**I.    BACKGROUND**

On November 2, 2018, the Court granted in part and denied in part Defendants' motion to dismiss Plaintiffs' complaint. (Dkt. No. 29.) Plaintiffs moved for reconsideration of the Court's November 2 order. (Dkt. No. 33.) The Court called for a limited response from Defendant TSI

and a reply from Plaintiffs, both of which were timely filed. (Dkt. Nos. 37, 39, 41.)

## II. DISCUSSION

### A. Motion for Reconsideration Legal Standard

"Motions for reconsideration are disfavored." W.D. Wash. Local Civ. R. 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*. "A motion for reconsideration should not be used to ask the court to rethink what the court had already thought through—rightly or wrongly." *Premier Harvest LLC v. AXIS Surplus Ins. Co.*, Case No. C17-0784-JCC, Dkt. No. 61 at 1 (W.D. Wash. 2017) (quoting *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998)).

### B. Dismissal of *Per Se* Consumer Protection Act Claims

Plaintiffs argue that the Court erred when it dismissed their claims of *per se* violations of Washington's Consumer Protection Act ("CPA"), Wash. Rev. Code § 19.86, predicated on their time-barred claims for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. (Dkt. No. 33 at 2.) Plaintiffs contend that time-barred FDCPA claims may still be a basis for *per se* CPA claims and that applying the FDCPA's one-year statute of limitations to Plaintiffs' *per se* CPA claims would improperly preempt the CPA. (*Id*. at 2–6.) Plaintiffs again ask the Court to reject the reasoning of prior decisions of other courts in this district that concluded that time-barred claims under other statutes cannot be a basis for a *per se* CPA claim. (*Id*.) Plaintiffs' arguments ask the Court to rethink matters it has already considered, and Plaintiffs have not presented new facts or relevant legal authority meriting reconsideration. (*See id*.; *cf*. Dkt. Nos. 20 at 18–19, 22 at 16–18); W.D. Wash. Local Civ. R. 7(h)(1); *Premier Harvest LLC*, Case No. C17-0784-JCC, Dkt. No. 61 at 1. Therefore, Plaintiffs' motion for reconsideration is DENIED on this ground.

//

//

### C. Dismissal of 15 U.S.C. § 1692e(5) and Wash. Rev. Code §§ 19.16.250(16), (21) Claims

Plaintiffs next argue that the Court erred in dismissing their claims for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(5) and Washington's Collection Agencies Act ("CAA"), Wash. Rev. Code §§ 19.16.250(16), (21). (Dkt. No. 33 at 6.) In arguing that the Court erred in dismissing their FDCPA claim, Plaintiffs do not address the Seventh Circuit decision discussed in the Court's November 2 order. (*See id.*; *cf.* Dkt. No. 29 at 14–15.) Further, the cases Plaintiffs cite in support of their argument do not address whether the filing of a lawsuit constitutes a threat to take action that cannot legally be taken in violation of the FDCPA. (*See* Dkt. No. 1-4 at 26); *cf. Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235, 1245–48 (W.D. Wash. 2006) (holding that defendants violated the FDCPA when they continued to advance garnishment proceedings in state court without filing required affidavit); *Marchant v. U.S. Collections W., Inc.*, 12 F. Supp. 2d 1001, 1004–06 (D. Ariz. 1998) (holding that non-lawyer's completion and filing of an application for a writ of garnishment was unauthorized practice of law and constituted a threat to take action that could not be legally taken in violation of the FDCPA); *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 535 (6th Cir. 2014) ("The alleged conduct of filing and maintaining an invalid lien for a month can also fairly be characterized as a threat to take an action that cannot legally be taken within the meaning of [the FDCPA].").

Plaintiffs rely on the same arguments and cases in support of their contention that the Court erred in dismissing their claims under the CAA. (*See* Dkt. No. 33 at 6.) Thus, Plaintiffs have neither shown that the Court committed manifest error nor presented new facts or relevant legal authority meriting reconsideration. W.D. Wash. Local Civ. R. 7(h)(1); *Premier Harvest LLC*, Case No. C17-0784-JCC, Dkt. No. 61 at 1. Therefore, Plaintiffs' motion for reconsideration is DENIED on this ground.

//

### D. Private CPA Claim Against Defendant TSI

Plaintiffs request clarification as to whether the Court intended to dismiss their private CPA claims against Defendant TSI, and if so, the basis for the dismissal. (Dkt. No. 33 at 6–7.) The Court will construe Plaintiffs' request as a motion for reconsideration, as they have cited only Local Civil Rule 7(h) as a basis for their motion. (*Id*. at 2.) The Court did not manifestly err in dismissing Plaintiffs' private CPA claims against Defendant TSI, and Plaintiffs have not presented new facts or relevant legal authority meriting reconsideration. W.D. Wash. Local Civ. R. 7(h)(1); *Premier Harvest LLC*, Case No. C17-0784-JCC, Dkt. No. 61 at 1. Therefore, Plaintiffs' motion for reconsideration is DENIED on this ground.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration (Dkt. No. 33) is DENIED.

DATED this 4th day of January 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE