**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESTHER HOFFMAN; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> TRANSWORLD SYSTEMS, INC.; et al., <br><br> Defendants-Appellees. | No. 19-35058 <br><br> D.C. No. 2:18-cv-01132-JCC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted March 2, 2020
Seattle, Washington

Before: IKUTA, R. NELSON, and HUNSAKER, Circuit Judges.

Esther Hoffman, Sarah Douglass, Anthony Kim, Daria Kim, and Il Kim (collectively, the "Plaintiffs") appeal the district court's dismissal of their claims under the Washington Consumer Protection Act ("CPA"), RCW 19.86 *et seq.*, against Transworld Systems, Inc. ("TSI"), Patenaude & Felix, LLC ("P&F"), and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Matthew Cheung (collectively, the "Defendants").  We have jurisdiction under 28

U.S.C. § 1291, and we affirm in part and reverse in part.[1]

    We reject the Defendants' argument that the Plaintiffs' complaint does not survive a motion to dismiss because it failed to make plausible allegations that the Defendants used false affidavits and did not possess assignment documentation to support their collection actions.  Reading the complaint in the light most favorable to the Plaintiffs, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the consent order that TSI entered into with the Consumer Financial Protection Bureau ("CFPB") makes it plausible that the affidavits filed by the Defendants in the collection actions against the Plaintiffs were false and that the supporting documentation was lost or missing.  We also reject the Defendants' argument that they are immune from liability for any court filing under Washington's litigation privilege, which protects witnesses from incurring liability for defamation.  *See Wynn v. Earin*, 181 P.3d 806, 810 (Wash. 2008) (en banc); *Twelker v. Shannon & Wilson, Inc.*, 564 P.2d 1131, 1133 (Wash. 1977).  Because the witnesses in this case were individual

---

[1] Because the district court granted the Defendants' motion to dismiss, its order "dispensed with all of [the Plaintiffs'] claims," and was a "full adjudication of the issues" that was "sufficiently final" for the panel's de novo review. *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 892 n. 5 (9th Cir. 2019) (citation omitted). Thus, the district court's subsequent order dismissing all claims with prejudice had no effect on the standard of review.  *See id.* at 890.

TSI employees who signed the allegedly false affidavits (rather than TSI itself), and the Defendants are not being sued for defamation, the privilege does not apply.

We disagree with the district court's conclusion that the Plaintiffs' per se CPA claims based on a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, are barred by the FDCPA's one-year statute of limitations.[2] Per se CPA claims are governed by the CPA statute of limitations. *See Walker v. Wenatchee Valley Truck & Auto Outlet, Inc.*, 229 P.3d 871, 877 (Wash. Ct. App. 2010); *Mackey v. Maurer*, 220 P.3d 1235, 1237–38 (Wash. Ct. App. 2009). Therefore, even though the Plaintiffs' FDCPA claims have become "stale," *Anderson v. Wells Fargo Home Mortg., Inc.*, 259 F. Supp. 2d 1143, 1147 n.3 (W.D. Wash. 2003), the Plaintiffs' per se CPA claims based on violations of the FDCPA are governed by the CPA's four-year statute of limitations, *see* RCW 19.86.120, and are not time-barred. We therefore reverse the district court's dismissal of the per se CPA claims based on violations of 15 U.S.C. §§ 1692e(2)(A), (10).

We also reverse the district court's dismissal of the Plaintiffs' CPA claims based on violations of 15 U.S.C. § 1692f. Taking the well-pleaded factual

---

[2] Because the parties do not dispute whether a violation of the FDCPA may satisfy the first three elements of the CPA, we assume without deciding that this is a correct statement of Washington law.

allegations of the complaint as true, *see Iqbal*, 556 U.S. at 678, the Defendants' attempts to collect debts with false affidavits and without the necessary documentation to prove their claims plausibly alleged the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

We affirm the district court's dismissal of the Plaintiffs' per se CPA claims asserting that the Defendants violated 15 U.S.C. § 1692e(5), because the Defendants did not make a "threat to take any action that cannot legally be taken or that is not intended to be taken," 15 U.S.C. § 1692e(5); rather, they filed a lawsuit.

We also affirm the district court's dismissal of the Plaintiffs' per se CPA claims based on violations of the Washington Collection Agency Act ("CAA"), RCW 19.16.100 *et seq.*, because the complaint does not allege conduct that violates the CAA. The Plaintiffs failed to state a CPA claim for violation of section 19.16.250(16) of the Revised Code of Washington because the Defendants filed a collection lawsuit rather than making a threat to take any further litigation action. The Plaintiffs' reliance on *Evergreen Collectors v. Holt* is misplaced because that case involved an express verbal threat in violation of a different provision of the CAA. 803 P.2d 10, 12 (Wash. Ct. App. 1991). The Plaintiffs' per se CPA claims based on the Defendants' attempts to collect an amount they were not legally allowed to collect in violation of section 19.16.250(21) of the Revised

Code of Washington also fail, both because the Plaintiffs failed to establish a predicate violation of section 19.16.250(16) of the Revised Code of Washington, and because the consent order with the CFPB changed TSI's legal obligations only with respect to the CFPB.

We reverse the dismissal of the Plaintiffs' stand-alone CPA claims against the Defendants.[3] The complaint alleges that TSI is a debt collection agency, so its activities occurred within trade or commerce for purposes of the CPA. *See Evergreen Collectors*, 803 P.2d at 13. The complaint does not make clear whether the Plaintiffs' claims against P&F and Cheung are based on the performance of legal services or debt collection activities. Although "the CPA has no application to the performance of legal services," *Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 899 n.14 (Wash. 2009) (en banc), and filing false affidavits is not an "entrepreneurial aspect[] of the practice of law," *Short v. Demopolis*, 691 P.2d 163,

---

[3] P&F and Cheung do not argue Plaintiffs' per se CPA claims based on the FDCPA fail because legal services do not satisfy the "trade or commerce" element of a CPA claim. To the extent an FDCPA violation may serve as the basis of a per se CPA claim, *see supra* at 3 n.2, then an FDCPA violation per se satisfies the "trade or commerce" element, along with the "unfair or deceptive" and "public interest" elements, of the CPA. Further, regardless whether P&F and Cheung engaged in entrepreneurial activities, they can be held liable for FDCPA violations because the Supreme Court has held that the FDCPA applies to "attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995).

168 (Wash. 1984) (en banc), law firms and attorneys may be liable under the CPA where they "go[] outside the practice of law and engage[] in a commercial enterprise" such as debt collection, *see Styrk v. Cornerstone Invs., Inc.*, 810 P.2d 1366, 1371 (Wash. Ct. App. 1991). Here, the complaint alleges that P&F is a licensed collection agency that is engaged in a business "the principal purpose of which is the collection of debts" and that Cheung is engaged in a business in which he regularly collects debts. But the complaint fails to make clear whether the stand-alone CPA claims are based on debt collection activity or solely on the performance of legal services. We instruct the district court to grant Plaintiffs leave to amend their complaint to give them the opportunity to address whether P&F's and Cheung's involvement in the alleged deceptive practices went beyond legal representation and included debt-collection activities.

We also instruct the district court to grant the Plaintiffs leave to amend their complaint to address whether they have paid money to the Defendants and thus incurred an injury as a result of the default judgment obtained through the allegedly false affidavits. Besides their statement at oral argument, the Plaintiffs have not alleged an injury to business or property resulting from the default judgments, as required to state a stand-alone CPA claim, *see* RCW 19.86.090; obtaining legal counsel to defend themselves against the collections actions filed

against them in state court is not an actionable injury, *see Sign-O-Lite Signs, Inc. v. DeLaurenti Florists, Inc.*, 825 P.2d 714, 720 (Wash. Ct. App. 1992), and the Plaintiffs have not alleged that any money has been collected from them through implementation of a writ of garnishment or otherwise.

**AFFIRMED IN PART AND REVERSED IN PART.**[4]

---

[4] Each party will bear its own costs on appeal.