Hon. Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ESTHER HOFFMAN; SARAH DOUGLASS, ANTHONY KIM; IL KIM, and DARIA KIM,

Plaintiffs,

v.

TRANSWORLD SYSTEMS INC.; *et al.,*

Defendants.

Case No.:  2:18-cv-01132-TSZ

DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT

Noted Date: October 23, 2020

NOW COME defendants, Transworld Systems Inc. ("TSI"), Patenaude & Felix, A.P.C. ("P&F"), and Matthew Cheung ("Cheung"), through undersigned counsel and pursuant to Fed. R. Civ. P. 12(f), and hereby move to strike certain portions of plaintiffs' second amended complaint ("SAC").

The Court should strike plaintiffs' allegations that the NCSLT entities have agreed to enter a Proposed Consent Judgment ("PCJ") in separate litigation with the Consumer Financial Protection Bureau ("CFPB") pending in the United States District Court for the District of Delaware, because that misrepresentation is demonstrably false.  As plaintiffs are well aware, the CFPB's motion to enter the PCJ was denied by the Delaware court nearly 6 weeks before plaintiffs

SESSIONS FISHMAN NATHAN & ISRAEL
1545 Hotel Circle South, Suite 150
San Diego, CA 92108
Tel (619) 758-1891

filed their SAC because the PCJ was signed by individuals who lacked the authority to consent to the PCJ on behalf of NCSLT. *See Consumer Fin. Prot. Bureau v. Nat'l Collegiate Master Student Tr.*, No. 17-cv-1323, 2020 WL 2915759 (D. Del. May 31, 2020).

Where the Delaware District Court has denied the PCJ because it is *void ab initio*, entered without authority, this Court should strike the PCJ, any allegations that the contents of the PCJ were agreed to, or reliance on the contents of the PCJ to support any allegation in the current Amended Complaint in this case.

## I.      BACKGROUND AND PROCEDURAL HISTORY

On June 22, 2018, plaintiffs, Esther Hoffman, Sarah Douglass, Anthony Kim, Il Kim, and Daria Kim, filed their first amended class action complaint ("FAC") in King County, Washington Superior Court, alleging TSI, P&F, and Cheung violated the Fair Debt Collection Practices Act "(FDCPA"), 15 U.S.C. § 1692, *et seq.*, Washington Collection Agency Act ("WCAA"), R.C.W. § 19.16.100, *et seq.*, and Washington Consumer Protection Act ("CPA"), 19.86.020, by executing and filing affidavits in state collection lawsuits brought against them to collect unpaid student loan debt. Plaintiffs alleged the affidavits were executed without the affiants' personal knowledge and without the affiant reviewing or TSI possessing documents proving the NCSLT entities own their respective loans. *See* ECF 1-1. On August 2, 2018, defendants removed the case to this Court. On September 4, 2018, defendants filed a motion to dismiss the FAC.

On November 2, 2018, this Court granted defendants' motion to dismiss the FAC and, later on January 4, 2019, denied plaintiffs' motion for reconsideration. Plaintiffs appealed.

On March 19, 2020, the Ninth Circuit affirmed the Court's order dismissing plaintiffs' FDCPA and WCAA claims. In so doing, the appellate court noted that plaintiffs failed to state a

DEFENDANTS' MOTION TO STRIKE PORTIONS OF
PLAINTIFFS' SECOND AMENDED COMPLAINT
(2:18-cv-01132-TSZ) - 2

SESSIONS FISHMAN NATHAN & ISRAEL
1545 Hotel Circle South, Suite 150
San Diego, CA 92108
Tel (619) 758-1891

claim against defendants for attempting to collect an amount not legally owed in violation of the WCAA because, *inter alia*, the consent order between TSI and the CFPB "changed TSI's legal obligations only with respect to the CFPB," plaintiffs have no private right to enforce the consent order. *Id.* at 552. The Ninth Circuit also affirmed the Court's dismissal of plaintiffs' FDCPA claims under § 1692e(5), explaining plaintiffs failed to plausibly allege defendants threatened to take action they did not intend to take.

The Ninth Circuit reversed the Court's dismissal of plaintiffs' per se CPA claims based on alleged violations of the FDCPA §§ 1692e(2)(A) and 1692e(10), which this Court had dismissed as time-barred, concluding such claims are subject to the CPA's 4-year statute of limitations, and reversed the Court's dismissal of plaintiffs' per se CPA claim based on alleged violations of § 1692f. The Ninth Circuit also reversed dismissal of plaintiffs' stand-alone CPA claims, but instructed the Court to allow plaintiffs to file an amended complaint to more specifically allege whether P&F and Cheung's activities went beyond providing legal services and thus occur within trade or commerce for purposes of the CPA. The Ninth Circuit also instructed the Court to allow plaintiffs to amend their complaint to address "whether plaintiffs paid money to the Defendants and thus incurred an injury as a result of the default judgment obtained through the allegedly false affidavits." *Id.* at 553.

Following remand, on June 15, 2020, this Court held a telephone status conference and, pursuant to the Ninth Circuit's opinion and mandate, ordered plaintiffs to file an amended complaint by July 7, 2020. *See* ECF 60.

On July 7, 2020, plaintiffs filed their SAC. *See* ECF 61. Like the FAC, plaintiffs' claims in the SAC are based in part on (1) a consent order between TSI and the Consumer Financial

Defendants' Motion To Strike Portions Of
Plaintiffs' Second Amended Complaint
(2:18-cv-01132-TSZ) - 3

Sessions Fishman Nathan & Israel
1545 Hotel Circle South, Suite 150
San Diego, CA 92108
Tel (619) 758-1891

Protection Bureau ("CFPB"), in which TSI did *not* admit liability and did *not* admit any findings of fact or conclusions or of law except as necessary for the CFPB to establish jurisdiction over TSI; and (2) the void PCJ involving the CFPB and the NCSLT entities which was denied by the Delaware court on May 31, 2020, nearly 6 weeks before plaintiffs in this case filed the SAC. *See CFPB v. Nat'l Collegiate Master Student Loan Tr.*, 2020 WL 2915759 at *5-6.  Notably, the Delaware court's holding was also discussed at the June 15, 2020 status conference, prior to plaintiffs' filing to SAC.

The Court should strike plaintiffs' scandalous misrepresentation that the NCSLT entities consented to entry of the PCJ, ¶¶ 137-146, along with Exhibit C to the SAC, because that allegations are demonstrably false and impertinent.  Plaintiffs' allegations the NCSLT entities "agreed" to certain facts, and the void PCJ, are false, immaterial, and inflammatory, and should be stricken from the SAC.

## II.   LAW AND ARGUMENT

### A.  *Standard of Review*

The federal rules of procedure authorize the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  A matter is immaterial when it has no essential or important relationship to the claim for relief.  *Cairns v. Franklin Mint Co.,* 24 F. Supp. 2d 1013 (C.D. Cal. 1998); *RSM Production Corp. v. Fridman,* 643 F. Supp. 2d 382 (S.D. N.Y. 2009) (copies of complaints filed in other actions that were never resolved on the merits, and therefore did not result in any findings of law or fact, were immaterial, and thus district court would strike copies of those complaints attached to the plaintiff's complaint).  Impertinent matters consist of allegations that do not pertain

DEFENDANTS' MOTION TO STRIKE PORTIONS OF
PLAINTIFFS' SECOND AMENDED COMPLAINT
(2:18-cv-01132-TSZ) - 4

SESSIONS FISHMAN NATHAN & ISRAEL
1545 Hotel Circle South, Suite 150
San Diego, CA 92108
Tel (619) 758-1891

to, and are not necessary for resolution of, the issues in question.  *Cairns*, 24 F. Supp. 2d at 1013. Scandalous matters are those that improperly cast a derogatory light on someone.  Misleading and false allegations related to unrelated prior actions or proceedings may be stricken as scandalous. *Fodor v. Eastern Shipbuilding Group*, 2014 WL 50783 (N.D. Fla. Jan. 7, 2014) (plaintiff's references to irrelevant criminal claims and penalties against defendant outside scope of civil cause of action and properly struck from defendant's complaint).

"'The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" *Whittlestone, Inc. v. HandiCraft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (*quoting  Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds, Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)).  A court may even grant a motion to strike pleadings that are not prejudicial to the moving party if granting the motion will make the trial less complicated or otherwise streamline the ultimate resolution of the case.  *State of Cal. ex rel. State Lands Comm'n v. U.S.*, 512 F. Supp. 36, 38 (N.D. Cal. 1981).

### B. *The Court Should Strike ¶¶ 137-146 and Exhibit C Because Those Allegations Are Demonstrably False, Inaccurate, and Inflammatory*

The Court should strike ¶¶ 137-146 of the SAC.  Those allegations are founded in the contention the NCSLT entities reached an agreement with the CFPB, which purportedly admit some conduct which forms the basis of plaintiffs' claims herein.   To the contrary, the Delaware court denied entry of the void PCJ on May 31, 2020.  *See CFPB v. Nat'l Collegiate Master Student Loan Tr., et al.*, 2020 WL 2915759 at *1 (concluding the PCJ was signed at the direction of certain NCSLT owners by attorneys that lacked authority to act on behalf of the NCLST entities).

DEFENDANTS' MOTION TO STRIKE PORTIONS OF
PLAINTIFFS' SECOND AMENDED COMPLAINT
(2:18-cv-01132-TSZ) - 5

SESSIONS FISHMAN NATHAN & ISRAEL
1545 Hotel Circle South, Suite 150
San Diego, CA 92108
Tel (619) 758-1891

The PCJ has been held invalid and therefore simply does not exist.  Plaintiffs thus cannot rely on it for their allegations.  But despite the court's May 31, 2020 decision denying the void PCJ, plaintiffs nevertheless filed the SAC on July 7, 2020 in which they continue to improperly allege "[t]he NCSLTs and the CFPB reached an agreement to enter a Consent Judgment[,]" and list numerous "facts" with which plaintiffs allege NCSLT purportedly agreed; for example, that its subservicers executed and filed affidavits that falsely claimed the affiant had personal knowledge of the account records and filed collection lawsuits without documentation proving NCSLT's ownership of the debt.  *See* ECF 61, ¶¶ 137-146.   Exhibit C to the second amended complaint is a copy of the void PCJ.  *See* ECF 61, pgs. 78-117.  However, as the Delaware court explained, the PCJ was signed by attorneys purporting to represent NCSLT without authority to enter into such an agreement.  *See CFPB v. Nat'l Collegiate Master Student Loan Tr., et al.*, 2020 WL 2915759 at *5-6.  The allegations in the SAC relating to the void PCJ, and Exhibit C, a copy of the void PCJ, are therefore immaterial, impertinent, and prejudicial, as they add no value to the complaint or claims and can only serve as an attempt to confuse or prejudice the Court and jury.  *See Fridman,* 643 F. Supp. 2d at 382 (striking as immaterial copies of complaints filed in other actions that were never resolved on the merits); *Schultz v. Braga*, 290 F. Supp. 2d 637 (D. Md. 2003) (striking allegations relating to prior acts of defendant as irrelevant to case at bar and prejudicial to defendant); *Lipsky v. Commonwealth*, 551 F.2d 887 (2d Cir. 1976) (court should strike allegations referencing administrative proceedings which do not result in an adjudication on the merits); *Smith v. Kentucky Fried Chicken*, 2007 WL 162831 (D. Ky. Jan. 18, 2007) (striking demeaning and unsubstantiated allegations).  For the same reasons here, the Court should strike ¶¶ 137-146 and Exhibit C from plaintiffs' SAC.

DEFENDANTS' MOTION TO STRIKE PORTIONS OF
PLAINTIFFS' SECOND AMENDED COMPLAINT
(2:18-cv-01132-TSZ) - 6

SESSIONS FISHMAN NATHAN & ISRAEL
1545 Hotel Circle South, Suite 150
San Diego, CA 92108
Tel (619) 758-1891

### III.     <u>CONCLUSION</u>

The Court should strike plaintiffs' allegations relating to the void PCJ, which was denied by the Delaware court nearly 6 weeks before plaintiffs filed their SAC, as immaterial, impertinent, and only serve to prejudice defendants.  TSI, P&F, and Cheung therefore respectfully move the Court to strike ¶¶ 137-146 and Exhibit C from the SAC.


Dated: September 11, 2020            By  *s/ Stephen G. Skinner*
                                     STEPHEN G. SKINNER, WSBA #17317
                                     ANDREWS SKINNER, P.S.
                                     645 Elliott Ave. W., Suite 350
                                     Seattle, WA 98119
                                     Phone: 206-223-9248
                                     Email: stephen.skinner@andrews-skinner.com


                                     */s/ James K. Schultz*
                                     SESSIONS FISHMAN, NATHAN & ISRAEL
                                     James K. Schultz (*pro hac vice*)
                                     Attorneys for Defendant Transworld Systems Inc.

                                     */s/ Marc Rosenberg*
                                     Marc Rosenberg, WSBA No. 31034
                                     Attorney for Defendants
                                     Matthew Cheung and Patenaude & Felix, APC

DEFENDANTS' MOTION TO STRIKE PORTIONS OF
PLAINTIFFS' SECOND AMENDED COMPLAINT
(2:18-cv-01132-TSZ) - 7

SESSIONS FISHMAN NATHAN & ISRAEL
1545 Hotel Circle South, Suite 150
San Diego, CA 92108
Tel (619) 758-1891

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 11, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

By  *s/ Stephen G. Skinner*
     STEPHEN G. SKINNER, WSBA #17317
     645 Elliott Ave. W., Suite 350
     Seattle, WA 98119
     Phone: 206-223-9248 | Fax: 206-623-9050
     Email: stephen.skinner@andrews-skinner.com
Attorneys for Defendant Transworld Systems Inc.

DEFENDANTS' MOTION TO STRIKE PORTIONS OF
PLAINTIFFS' SECOND AMENDED COMPLAINT
(2:18-cv-01132-TSZ) - 8

SESSIONS FISHMAN NATHAN & ISRAEL
1545 Hotel Circle South, Suite 150
San Diego, CA 92108
Tel (619) 758-1891