The Hon. Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESTHER HOFFMAN; SARAH DOUGLASS; ANTHONY KIM; and IL KIM and DARIA KIM, husband and wife and the marital community comprised thereof, on behalf of themselves and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRANSWORLD SYSTEMS INCORPORATED; PATENAUDE AND FELIX, A.P.C.; MATTHEW CHEUNG, and the marital community comprised of MATTHEW CHEUNG and JANE DOE CHEUNG, National Collegiate Student Loan Trust 2003-1; National Collegiate Student Loan Trust 2004-1; National Collegiate Student Loan Trust 2004-2; National Collegiate Student Loan Trust 2005-1; National Collegiate Student Loan Trust 2005-2; National Collegiate Student Loan Trust 2005-3; National Collegiate Student Loan Trust 2006-1; National Collegiate Student Loan Trust 2006-2; National Collegiate Student Loan Trust 2006-3; National Collegiate Student Loan Trust 2006-4; National Collegiate Student Loan Trust 2007-1; National Collegiate Student Loan Trust 2007-2; National Collegiate Student Loan Trust 2007-3; National Collegiate Student Loan Trust 2007-4; National Collegiate Master Student Loan Trust; and DOES ONE THROUGH TEN,<br><br>Defendants. | Case No. C18-1132 TSZ<br><br>**AMENDED** PLAINTIFFS' MOTION FOR ORDER REQUIRING NCSLT DEFENDANTS' ATTORNEYS TO SHOW AUTHORITYS TO REPRESENT NCSLT DEFENDANTS<br><br>NOTED FOR CONSIDERATION:<br>October 9, 2020 |

PLAINTIFFS' MOTION FOR ORDER REQUIRING
NCSLT DEFENDANTS' ATTORNEYS TO SHOW
AUTHORITY TO REPRESENT DEFENDANTS - 1
(Case No. C18-1132 TSZ)

Berry&Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

## I. INTRODUCTION AND RELIEF REQUESTED

Attorneys Bryan Shartle and Justin Homes of Session, Fishman, Nathan & Israel applied for leave to appear pro hac vice on behalf of all of the National Collegiate Student Loan Trust ("NCSLT") defendants (the "Trusts"). Andrews Skinner, P.S. ("Andrews Skinner") has also appeared as counsel for the Trusts and was local counsel on Mr. Shartle's and Mr. Homes' applications to appear pro hac vice. Mr. Shartle's application was granted, Mr. Homes' application is still pending. Recent decisions from courts in other jurisdictions in the United States have demonstrated that there have been significant issues concerning the retention of attorneys purportedly representing the Trusts; indeed, one court has determined that an agreement entered into between the United States Consumer Financial Protection Bureau ("CFPB") and the Trusts is invalid because the attorneys who supposedly represented the Trusts during the agreement's negotiation and execution were not in fact retained by the Trusts. In order for Plaintiffs, the Court, and the other defendants to be able to have assurance that the Trusts have indeed properly and legally retained Mr. Shartle, Mr. Homes, and Andrews Skinner to represent them in this action, the Plaintiffs move for an order requiring Mr. Shartle, Mr. Homes, and Andrews Skinner to provide to the Court, the Plaintiffs, and the other defendants evidence that they have been properly, validly, and legally retained to represent the Trusts in this action.

## II. RELEVANT FACTS

In 2017, following an investigation, the CFPB brought an action against the Trusts in Delaware federal court to obtain permanent injunctive relief, restitution, refunds, disgorgement, damages, civil money penalties, and other relief for the Trusts' violations of federal consumer financial laws in connection with the servicing and collection of private student loan debt. *Consumer Financial Protection Bureau v. National Collegiate Master Student Trust,* C.A. No. 17-1323 (MN), 2020 WL 2915759, at *2 (D. Del. May 31, 2020).

PLAINTIFFS' MOTION FOR ORDER REQUIRING
NCSLT DEFENDANTS' ATTORNEYS TO SHOW
AUTHORITY TO REPRESENT DEFENDANTS - 2
(Case No. C18-1132 TSZ)

Berry & Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

The same day, the CFPB filed a motion in the same court for approval of a proposed Consent Judgment purportedly entered into between the CFPB and the Trusts. *Id.* The purported attorneys for the Trusts, with whom the CFPB had been dealing, signed the proposed Consent Judgment, purportedly on behalf of the Trusts. *Id.* The attorneys were instructed to sign the proposed Consent Judgment by the equity owners of the Trusts. *Id.*

Several interested parties intervened in the federal court action to contest the validity of the Consent Judgment, including Defendant Transworld Systems, Inc. ("TSI"). *Id*. at *1. The intervenors argued that the attorneys purportedly representing the Trusts had not been validly retained and that therefore, the proposed Consent Judgment was invalid and ineffective, and should not be approved by the court. *Id., passim.* The court concluded that the attorneys that executed the proposed Consent Judgment on behalf of the Trusts were not validly retained by the Trusts and did not validly represent them, and therefore denied the motion to approve the CFPB's motion to approve the proposed Consent Judgment. *Id.*, at *6.

Several NCSLTs are defendants in this case, having been added as additional parties by the Plaintiffs' Second Amended Complaint. Dkt. #61. Mr. Shartle and Mr. Homes applied to this court for leave to appear pro hac vice as counsel for the NCSLTs. Dkt. ## 66-67. Andrews Skinner, who appeared in this action as local counsel for TSI (Dkt. #58), also appeared on behalf of the Trusts. Dkt. #69.[1] Andrews Skinner provided the statement of local counsel in Mr. Shartle's and Mr. Homes' applications to appear pro hac vice. Dkt. ## 66-67. Andrews Skinner recently filed a motion ostensibly on behalf of the Trusts. Dkt. #77. Plaintiffs filed a motion asking the Court to require Andrews Skinner to show authority to represent the Trusts. Dkt. #78. That motion was renoted to October 9, 2020. Dkt. #81. Plaintiffs now amend their Motion for Order Requiring NCSLT Defendants' Attorneys to

---

[1] TSI is currently represented by Andrews Skinner and James K. Schultz, who is from the same firm as Mr. Shartle and Mr. Homes: Sessions, Fishman, Nathan & Israel. Dkt. #58.

PLAINTIFFS' MOTION FOR ORDER REQUIRING
NCSLT DEFENDANTS' ATTORNEYS TO SHOW
AUTHORITY TO REPRESENT DEFENDANTS - 3
(Case No. C18-1132 TSZ)

Berry & Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

Show Authority to Represent NCSLT Defendants to request the Court also require Mr. Shartle and Mr. Homes, in addition to Andrews Skinner, to show authority to represent the Trusts.

### III.  ARGUMENT

So the Court and all the parties can avoid the potential that any acts undertaken by Andrews Skinner, Mr. Shartle and Mr. Homes purportedly on behalf of the Trusts in this action are later to be determined to be not in fact binding on the Trusts, the Court should require Andrews Skinner, Mr. Shartle and Mr. Homes to produce evidence that they have been validly and legally retained by the Trusts as their attorneys.

**A.    The Court has the Inherent Authority to Manage its Own Proceedings and to Control the Conduct of Those That Appear Before It.**

"Federal courts have inherent powers to manage their own proceedings and to control the conduct of those who appear before them[.]" *Erickson v. Newmar Corp.*, 87 F.3d 298, 303 (9th Cir. 1996); *see also Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 367 (9th Cir. 1992) (federal courts have inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Brumfield v. City of Seattle,* No. C10-01247-JCC, 2011 WL 13127184, at *2 (W.D. Wash. June 14, 2011) ("[T]he Court has inherent power to manage attorney conduct and protect the integrity of its processes."); *Greenfield MHP Associates, L.P. v. Ametek, Inc.*, No. 3:15-cv-01525-GPC-AGS, 2018 WL 538961, at *2 (S.D. Cal. Jan. 24, 2018) (federal courts have "inherent power to preserve the integrity of the adversary process"); *Ballew v. City of Pasadena*, No. CV 18-0712 FMO (ASX), 2020 WL 4919384, at *2 (C.D. Cal. Apr. 13, 2000) (federal courts have the obligation "to manage the conduct of attorneys who appear before it and to ensure the fair administration of justice").

As part of its inherent power to manage their own proceedings, federal trial courts

PLAINTIFFS' MOTION FOR ORDER REQUIRING NCSLT DEFENDANTS' ATTORNEYS TO SHOW AUTHORITY TO REPRESENT DEFENDANTS - 4
(Case No. C18-1132 TSZ)

Berry & Beckett PLLP
1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

have "power, at any stage of the case, to require an attorney, one of its officers, to show his authority to appear" for a party to an action. *Pueblo of Santa Rosa v. Fall*, 273 US. 315, 319, 47 S.Ct. 361 (1927). Thus, in *Pueblo of Santa Rosa,* an attorney brought an action to prevent the United States Secretary of the Interior from offering, listing, or disposing of land in Arizona as public lands of the United States. The plaintiff's attorney was purportedly acting on behalf of a purported assignee of land owned by Native Americans; however, the assignee had little proof of ownership of some of the property, and no proof as to some of it. The Native Americans who supposedly had conveyed their interest to this assignee made it known to the District Court that they did not approve of the action. The Supreme Court held that the attorney representing the purported assignee did not have authority to bring the action and remanded the case to the trial court for dismissal without prejudice. *Id.* at 321.

As illustrated by the facts in *Consumer Financial Protection Bureau v. National Collegiate Master Student Trust* discussed above, there is a very real possibility that Andrews Skinner, Mr. Shartle and Mr. Homes may not have been validly and legally retained to represent the Trusts. As noted in a very recent decision in Delaware state court in another case inquiring into who or what entities have the authority to govern the Trusts and act for them, "The key constituents of [the Trusts] cannot agree on how the [T]rusts should be governed or how they should operate," which has "left the Trusts in a state of near paralysis," resulting in the present situation where "[t]hird parties interacting with the Trusts cannot determine who actually speaks for the Trusts and who has authority to bind the Trusts." *In re Nat'l Collegiate Student Loan Trusts Litig.*, No. CV 12111-VCS, 2020 WL 5049402, at *1-3 (Del. Ch. Aug. 27, 2020).

As made clear in *In re Nat'l Collegiate Loan Trusts Litig.*, TSI is not authorized to govern, manage, act on behalf of, or bind the Trusts. *Id.* at *1-2, 5, 39 (only "Owner Trustee"

PLAINTIFFS' MOTION FOR ORDER REQUIRING
NCSLT DEFENDANTS' ATTORNEYS TO SHOW
AUTHORITY TO REPRESENT DEFENDANTS - 5
(Case No. C18-1132 TSZ)



1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

of the Trusts, Wilmington Trust Company, has right to "act on behalf of" and/or manage business and affairs of the Trusts, unless Wilmington Trust Company delegated authority in an Administration Agreement to GSS Data Services, Inc. to perform its duties for the Trusts, in which case GSS Data Services, Inc. had authority to act on behalf of Trusts). Thus, TSI had and has no authority to retain Andrews Skinner, Mr. Shartle or Mr. Homes to represent the Trusts. To ensure the legitimacy of the litigation process and procedures in this case with the Trusts, the Court should require Andrews Skinner, Mr. Shartle and Mr. Homes to produce the evidence to show that they have been validly, properly, and legally retained by the Trusts to represent them in this action, and to bind the Trusts by their conduct.

**B.     RCW 2.44.030 Authorizes the Court to Require Andrews Skinner, Mr. Shartle, and Mr. Homes to Produce or Prove the Authority Under Which They Appear for the Trusts.**

While the Court originally obtained jurisdiction of this case through federal question jurisdiction, the federal causes of action were dismissed through a Fed. R. Civ. P. 12(b)(6) motion. Dkt. #'s 29, 44, 45. After the Trusts were then added as defendants, Plaintiffs moved for remand to state court, on the grounds that there were no federal questions remaining. Dkt. #64. In their opposition to the Motion for Remand, the defendants, including the Trusts, argued that the Second Amended Complaint conferred diversity jurisdiction upon the Court through the Class Action Fairness Act, 28 U.S.C. §1332(d). Dkt. #70, at 20-21.[2]

Because the Court now has diversity jurisdiction in addition to the original grounds for federal jurisdiction, the Court is bound to apply state substantive law, which includes state statutes, to the disputes between the parties. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817 (1938); *Byrd v. Blue Ridge Electric Cooperative*, 356 U.S. 525, 535, 78 S.Ct. 893 (1958) ("[F]ederal courts in diversity cases must respect the definition of state

---

[2] Upon the filing of the defendants' response to the Motion for Remand, the Plaintiffs withdrew the motion. Dkt. #71.

PLAINTIFFS' MOTION FOR ORDER REQUIRING
NCSLT DEFENDANTS' ATTORNEYS TO SHOW
AUTHORITY TO REPRESENT DEFENDANTS - 6
(Case No. C18-1132 TSZ)

Berry&Beckett PLLP
1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

created rights[.]"); *King v. Order of United Commercial Travelers of America*, 333 U.S. 153, 167, 68 S.Ct. 488 (1948) (substantive laws of the state include state statutes and the common law of the state).

RCW 2.44.030 provides as follows:

> The court, or a judge, may, on motion of either party, and on showing reasonable grounds therefor, require the attorney for the adverse party, or for any one of several adverse parties, to produce or prove the authority under which he or she appears, and until he or she does so, may stay all proceedings by him or her on behalf of the party for whom he or she assumes to appear.

It was the intent of the legislature in passing this statute that a party opposing the party whose attorney's authority is questioned has the right to request a court to invoke the requirements of RCW 2.44.030 to show the authority under which he or she acts. *Johnsen v. Petersen,* 43 Wn. App. 801, 806, 719 P.2d 607 (1986).

Here, the Plaintiffs have made a showing of "reasonable grounds" for the Court to require Andrews Skinner, Mr. Shartle and Mr. Homes to produce the evidence of their authority to represent the Trusts. Based on the outcome of *Consumer Financial Protection Bureau v. National Collegiate Master Student Trust* and the discussion in *In re Nat'l Collegiate Student Loan Trusts Litig.* of the disputes between those with interests in the Trusts concerning who has the authority to govern the Trusts and to act for them, the Court and the other parties to this action are entitled to have assurance that Andrews Skinner, Mr. Shartle and Mr. Homes have been properly retained by the Trusts to represent them. Accordingly, the Court should apply RCW 2.44.030 and require Andrews Skinner, Mr. Shartle and Mr. Homes to produce their authority to represent the Trusts. Further, pursuant to RCW 2.44.030, the Court should stay proceedings in this action until Andrews Skinner, Mr. Shartle and Mr. Homes have produced the evidence showing its proper retention.

PLAINTIFFS' MOTION FOR ORDER REQUIRING
NCSLT DEFENDANTS' ATTORNEYS TO SHOW
AUTHORITY TO REPRESENT DEFENDANTS - 7
(Case No. C18-1132 TSZ)



1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

## VII.  CONCLUSION

For the reasons discussed in this motion, the Court should require Andrews Skinner, Mr. Shartle and Mr. Homes to produce to the Court and the parties the evidence of their authority to represent the Trusts in this action, within fourteen (14) days, and should stay proceedings until it is confirmed that Andrews Skinner, Mr. Shartle and Mr. Homes have been properly retained. A proposed order is submitted with this motion.

DATED: September 24, 2020.

*Attorneys for Plaintiffs*:

| | |
|---|---|
| LEONARD LAW | BERRY & BECKETT, PLLP |
| __/s/ Sam Leonard_____ | _/s/ Guy Beckett_____ |
| Sam Leonard, WSBA #46498 | Guy W. Beckett, WSBA #14939 |
| 3614 California Ave, SW, #151 | 1708 Bellevue Avenue |
| Seattle, WA 98116 | Seattle, WA 98122 |
| Telephone: (206) 486-1176 | Telephone: (206) 441-5444 |
| Facsimile: (206) 458-6028 | Facsimile: (206) 838-6346 |
| E-mail: sam@seattledebtdefense.com | E-mail: gbeckett@beckettlaw.com |
| | |
| HENRY & DeGRAAF, P.S. | NORTHWEST CONSUMER LAW CENTER |
| _/s/ Christina Henry_____ | _/s/ Amanda Martin_____ |
| Christina L. Henry, WSBA #31273 | Amanda N. Martin, WSBA #49581 |
| 150 Nickerson St., Ste. 311 | 936 North 34th Street, Suite 300 |
| Seattle, WA 98109 | Seattle, WA 98103 |
| Telephone: (206) 330-0595 | Telephone: (206) 805-0989 |
| Facsimile: (206) 400-7609 | Facsimile: (206) 805-1716 |
| E-mail: chenry@HDM-legal.com | E-mail: Amanda@NWCLC.org |

PLAINTIFFS' MOTION FOR ORDER REQUIRING NCSLT DEFENDANTS' ATTORNEYS TO SHOW AUTHORITY TO REPRESENT DEFENDANTS - 8
(Case No. C18-1132 TSZ)

Berry & Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346