The Hon. Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESTHER HOFFMAN; SARAH DOUGLASS; ANTHONY KIM; and IL KIM and DARIA KIM, husband and wife and the marital community comprised thereof, on behalf of themselves and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRANSWORLD SYSTEMS INCORPORATED; PATENAUDE AND FELIX, A.P.C.; MATTHEW CHEUNG, and the marital community comprised of MATTHEW CHEUNG and JANE DOE CHEUNG, National Collegiate Student Loan Trust 2003-1; National Collegiate Student Loan Trust 2004-1; National Collegiate Student Loan Trust 2004-2; National Collegiate Student Loan Trust 2005-1; National Collegiate Student Loan Trust 2005-2; National Collegiate Student Loan Trust 2005-3; National Collegiate Student Loan Trust 2006-1; National Collegiate Student Loan Trust 2006-2; National Collegiate Student Loan Trust 2006-3; National Collegiate Student Loan Trust 2006-4; National Collegiate Student Loan Trust 2007-1; National Collegiate Student Loan Trust 2007-2; National Collegiate Student Loan Trust 2007-3; National Collegiate Student Loan Trust 2007-4; National Collegiate Master Student Loan Trust; and DOES ONE THROUGH TEN,<br><br>Defendants. | Case No. C18-1132 TSZ<br><br>REPLY IN SUPPORT OF PLAINTIFFS' AMENDED MOTION FOR ORDER REQUIRING NCSLT DEFENDANTS' ATTORNEYS TO SHOW AUTHORITYS TO REPRESENT NCSLT DEFENDANTS<br><br>NOTED FOR CONSIDERATION: October 9, 2020 |

REPLY IN SUPPORT OF PLAINTIFFS'
AMENDED MOTION FOR ORDER REQUIRING
ATTORNEYS TO SHOW AUTHORITY - 1
(Case No. C18-1132 TSZ)

Berry&Beckett
PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

**A. The Plaintiffs Seek an Order that Will Bind the Trusts to the Actions Their Purported Attorneys Take in this Action.**

The Plaintiffs have shown that others litigating with the NCSLT defendants have encountered problems determining who or what entity is authorized to speak for the Trusts. In *Consumer Financial Protection Bureau v. National Collegiate Master Student Trust*, C.A. No. 17-1323 (MN), 2020 WL 291579 (D. Del. May 31, 2020), the United States Consumer Financial Protection Bureau ("CFPB"), having been dealing with attorneys it was informed were authorized to represent the Trusts, believed it entered into an agreement with the Trusts that would result in entry of a Consent Judgment against them. When it moved for entry of the Consent Judgment, several interested parties intervened and claimed that the attorneys had no authority to represent the Trusts and in fact did not represent them. Three years after CFPB had an agreement with the Trusts for the Consent Judgment, after considering the intervenors' arguments, the court agreed and denied the CFPB's motion. *Id.* at 6.

The problem encountered by the CFPB is clearly not an isolated incident. Indeed, the Delaware Chancery Court noted just over a month ago in *In re Nat'l Collegiate Student Loan Trusts Litig.*, No. CV 12111-VCS, 2020 WL 5049402 (Del. Ch. Aug. 27, 2020), that "[t]hird parties interacting with the Trusts cannot determine who actually speaks for the Trusts and who has authority to bind the Trusts." *Id.* at *3. Referring to the debacle concerning the CFPB's attempt to enter the Consent Judgment in the Delaware federal court action, the Chancery Court stated,

> The full extent of the Trusts' dysfunction was perhaps most vividly exposed when, on May 31, 2020, the United States District Court for the District of Delaware held that the Trusts' purported act of resolving claims brought against the Trusts by the Consumer Financial Protection Bureau (the "CFPB") for alleged unfair loan collection practices was ineffective. Specifically, the court determined that the proposed consent judgment effecting the settlement was executed on behalf of the Trusts by a party who lacked authority to bind the Trusts.

*Id.* at *1.

REPLY IN SUPPORT OF PLAINTIFFS'
AMENDED MOTION FOR ORDER REQUIRING
ATTORNEYS TO SHOW AUTHORITY - 2
(Case No. C18-1132 TSZ)



1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

In their response to the Plaintiffs' instant motion pending before the Court, TSI and the attorneys purporting to represent the Trusts accuse the Plaintiffs of frivolity, and imply that the motion is part of an effort to harass the attorneys. Nothing could be further from the truth. Rather, because the Plaintiffs' action against the Trusts is in its infancy, the Plaintiffs seek nothing more than the Court's determination that whomever is purporting to represent the Trusts in this action is indeed imbued with the authority to do so. The Plaintiffs do not wish to litigate this case for what could be several more years (on top of the more than two years they have already litigated it), only to learn that the attorneys purportedly representing the Trusts have no authority to do so. The Court has the inherent authority to require Andrews Skinner and the Sessions firm to show that they are in fact validly retained by someone or some company that has the authority to retain them to represent the Trusts, so that potential eventuality does not occur. *Pueblo of Santa Rosa v. Fall*, 273 U.S. 315, 319, 47 S.Ct. 361 (1927).

TSI and the attorneys purportedly representing the Trusts have submitted the declarations of representatives of US Bank, National Association ("US Bank")—John G. Richards, II—and of TSI—Ralph Lyons. *See* Dkt. #88-1. They tell the Court that Andrews Skinner, P.S. ("Andrews Skinner"), and Sessions Fishman, Nathan & Israel (the "Sessions firm") are authorized to represent the Trusts. But nothing has been submitted from a representative of Wilmington Trust Company ("Wilmington Trust"), the "Owner Trustee" of the Trusts and the entity which the Delaware Chancery Court held was the sole entity authorized to manage the Trusts. *Id.* at *39. It would only be logical to expect that if Wilmington Trust—the sole entity with authority to retain legal counsel to defend the Trusts in this action—agreed that Andrews Skinner and the Sessions firm were authorized to represent the Trusts in this action, it would submit evidence from one of its authorized representatives so informing the Court.

REPLY IN SUPPORT OF PLAINTIFFS'
AMENDED MOTION FOR ORDER REQUIRING
ATTORNEYS TO SHOW AUTHORITY - 3
(Case No. C18-1132 TSZ)



1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

And while TSI, Andrews Skinner, and the Sessions firm argue that the Special Servicing Agreement attached to Mr. Richards' declaration (the "Special Servicing Agreement") and the Default Prevention and Collection Services Agreement attached both to Mr. Richards' and Mr. Lyons' declarations (the "DPCSA") confirm that TSI had the authority to retain Andrews Skinner and the Sessions firm to represent the Trusts, careful analysis of those documents reveals just the opposite: nothing in them authorizes TSI to retain attorneys to represent the Trusts for the claims that have been asserted against them in this case.

For these reasons, the Court should grant Plaintiffs' motion for an order requiring Andrews Skinner and the Sessions firm to show the authority under which they purport to represent the Trusts. If there is no evidence other than the Servicing Agreement and the DPCSA, the Court should enter an order disqualifying Andrews Skinner and the Sessions from representing the Trusts.

**B.  Neither the Special Servicing Agreement Nor the Default Protection and Collection Services Agreement Give US Bank the Authority to Retain Legal Counsel to Represent the Trusts in Litigation Where the Trusts are Defendants, or the Authority to Subcontract Out the Right to Retain Counsel for the Trusts.**

Although Wilmington Trust is not a named party to the Special Servicing Agreement, it signed the Agreement and therefore, at a minimum, approved it. The Special Servicing Agreement outlines the authority of US Bank to manage litigation on behalf of the Trusts.[1] Under the Special Servicing Agreement, US Bank is authorized to "take such actions as it shall deem reasonably necessary or appropriate to administer and oversee …the enforcement and collection of Delinquent [Student] Loans and Defaulted [Student] Loans to maximize the

---

[1] Under the Special Servicing Agreement, US Bank was identified as the "Back-up Special Servicer," whose authority to act on behalf of the Trusts as specified in the Agreement would occur upon the removal of the original Special Servicer, First Marblehead Education Resources, Inc. *See* Dkt. #88-1 at 14 (Agreement § 8). The Plaintiffs do not dispute that under the Special Servicing Agreement, US Bank is now the Special Servicer.

REPLY IN SUPPORT OF PLAINTIFFS'
AMENDED MOTION FOR ORDER REQUIRING
ATTORNEYS TO SHOW AUTHORITY - 4
(Case No. C18-1132 TSZ)

Berry&Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

collection of amounts payable on the Student Loans."[2] Specifically, under the Agreement, US Bank was authorized to "[r]etain[] counsel on behalf of the applicable Trust (whether directly or through collection agencies) to further pursue enforcement and collection of Delinquent Loans and Defaulted Loans, including through litigation and bankruptcy or probate proceedings."[3] The Agreement includes no other provisions addressing US Bank's right to retain legal counsel for the Trusts.

The Special Servicing Agreement therefore confirms that US Bank is authorized to retain counsel only to represent the Trusts to collect delinquent and defaulted student loan obligations. This case is not one where the Trusts are attempting to collect on delinquent or defaulted student loan obligations. Nothing in the Agreement authorizes US Bank to retain legal counsel to represent the Trusts in the defense of legal actions like this one. And this limitation on US Bank's authority to retain counsel for the Trusts is underscored by Section 17 of the Agreement, which provides,

> Unless expressly authorized by the Trusts, the Special Servicer shall have no authority to act for or represent the Trusts, respectively, in any way other than as specified hereunder and shall not otherwise be deemed an agent of the Trusts.

Dkt. #88-1 at 22-23 (Agreement § 17). Thus, not only does the Special Servicing Agreement *not* authorize US Bank to retain legal counsel to represent the Trusts to defend it in litigated cases like this one, it does not authorize US Bank to subcontract out the right to retain counsel for the Trusts to TSI or TSI's predecessor, as TSI and Andrews Skinner and the Sessions firm argue it does. Simply put, the Special Servicing Agreement authorizes neither US Bank nor TSI to retain counsel to represent the Trusts in this action.

Nor does the DPCSA give TSI that authority. The DPCSA is between only US Bank

---

[2] *Id.* at 8-9 (Agreement § 2(B).
[3] *Id.* at 9-11 (Agreement § 2(B)(xv).

REPLY IN SUPPORT OF PLAINTIFFS'
AMENDED MOTION FOR ORDER REQUIRING
ATTORNEYS TO SHOW AUTHORITY - 5
(Case No. C18-1132 TSZ)

Berry&Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

and TSI, by virtue of succession from both of those entities' predecessors. Dkt. #88-1 at 43. Wilmington Trust is not a party to the DPCSA, and the terms of the DPCSA are not incorporated by reference in the Special Servicing Agreement. Therefore, the DPCSA provides no valid authority for TSI to retain legal counsel to represent the Trusts and in fact is irrelevant to that inquiry.

As the Delaware Chancery Court made clear, determining who is entitled to act on behalf of the Trusts requires a deep analysis of the relevant documents governing the creation of the Trusts and their management. Apparently, the Special Servicing Agreement and the DPCSA are the only documents upon which TSI, Andrews Skinner, and the Sessions firm rely to respond to Plaintiffs' instant motion. But those documents do not show that TSI had the authority to retain Andrews Skinner and the Sessions firm; in fact, they show exactly the opposite. As the Chancery Court stated, "At the end of the day, the words parties use to bind themselves together in a contractual relationship matter." *In re Nat'l Collegiate Loan Trusts Litig.*, 2020 WL 5049402, at *31 (internal quotation and footnote omitted). The words in the agreements the defendants have submitted to the Court to oppose the Plaintiffs' motion do not provide TSI the authority to retain Andrews Skinner and the Sessions firm, despite their claims that they do.

**CONCLUSION**

The Court should grant the Plaintiffs' motion, and further order that in the event Andrews Skinner and the Sessions firm do not provide any other authority showing their authority to represent the Trusts in this action within fifteen (15) days of the date of the Court's order granting this motion, Andrews Skinner and the Sessions firm are disqualified from representing the Trusts. A revised proposed Order is submitted with this reply.

DATED: October 9, 2020.

REPLY IN SUPPORT OF PLAINTIFFS'
AMENDED MOTION FOR ORDER REQUIRING
ATTORNEYS TO SHOW AUTHORITY - 6
(Case No. C18-1132 TSZ)

Berry & Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

*Attorneys for Plaintiffs:*

| | |
|---|---|
| LEONARD LAW | BERRY & BECKETT, PLLP |
| /s/ Sam Leonard | /s/ Guy Beckett |
| Sam Leonard, WSBA #46498 | Guy W. Beckett, WSBA #14939 |
| 1001 4th Ave, Suite 3200 | 1708 Bellevue Avenue |
| Seattle, Washington 98154 | Seattle, WA 98122 |
| Telephone: (206) 486-1176 | Telephone: (206) 441-5444 |
| Facsimile: (206) 458-6028 | Facsimile: (206) 838-6346 |
| E-mail: sam@seattledebtdefense.com | E-mail: gbeckett@beckettlaw.com |
| | |
| HENRY & DeGRAAF, P.S. | NORTHWEST CONSUMER LAW CENTER |
| /s/ Christina Henry | /s/ Amanda Martin |
| Christina L. Henry, WSBA #31273 | Amanda N. Martin, WSBA #49581 |
| 150 Nickerson St., Ste. 311 | 936 North 34th Street, Suite 300 |
| Seattle, WA 98109 | Seattle, WA 98103 |
| Telephone: (206) 330-0595 | Telephone: (206) 805-0989 |
| Facsimile: (206) 400-7609 | Facsimile: (206) 805-1716 |
| E-mail: chenry@HDM-legal.com | E-mail: Amanda@NWCLC.org |

REPLY IN SUPPORT OF PLAINTIFFS'
AMENDED MOTION FOR ORDER REQUIRING
ATTORNEYS TO SHOW AUTHORITY - 7
(Case No. C18-1132 TSZ)



1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346