UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESTHER HOFFMAN, SARAH DOUGLASS, ANTHONY KIM, IL KIM, and DARIA KIM, <br><br> Plaintiffs, <br><br> v. <br><br> TRANSWORLD SYSTEMS INC., PATENAUDE & FELIX APC, MATTHEW CHEUNG, JANE DOE CHEUNG, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2003-1, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-1, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-1, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-2, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-1, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-2, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3, NATIONAL | C18-1132 TSZ <br><br> MINUTE ORDER |

MINUTE ORDER - 1

|   |   |
|---|---|
| COLLEGIATE STUDENT LOAN TRUST 2006-4, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-4, NATIONAL COLLEGIATE MASTER STUDENT LOAN TRUST, and DOES 1–10, | |
| Defendants. | |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendants' Motion to Strike Portions of Plaintiffs' Second Amended Complaint ("SAC"), docket no. 76, is DENIED. Plaintiffs' allegations, contained in ¶¶ 136–146 of the SAC and in Exhibit C attached thereto, accurately state that a proposed consent decree between the National Collegiate Student Loan Trust ("NCSLT") Defendants and the Consumer Financial Protection Bureau has not yet been entered. SAC at ¶ 146 (docket no. 61). While Plaintiffs' allegations omit certain details of that proceeding, they are not "redundant, immaterial, impertinent, or scandalous" as contemplated under Federal Rule of Civil Procedure 12(f). *See Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 965–67 (9th Cir. 2014). The Court may also take judicial notice of proceedings that have a direct relation to matters at issue in this case. *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

(2) Plaintiffs' Amended Motion for Order Requiring NCSLT Defendants' Attorneys to Show Authority to Represent NCSLT Defendants, docket no. 82, is GRANTED. The special servicing agreement, which was signed by the owner trustee of the NCSLT Defendants, the Wilmington Trust Company, grants the special servicers authority to "[r]etain counsel on behalf of the [NCSLT Defendants] (whether directly or through collection agencies) to further *pursue enforcement and collection* of" delinquent loans. March 1, 2009 Special Servicing Agreement, Ex. A to Defendants' Response at ¶ 3 & Ex. A (docket no. 88-1 at 3, 11) (emphasis added). The agreement does not, however, expressly allow the special servicers to delegate authority to retain counsel on behalf of the NCSLT Defendants to *defend against the alleged unfair loan collection practices* at issue here. *Id.* at 9–11. Nor do Defendants point to any other evidence showing that the Wilmington Trust Company granted the special servicers such authority.

MINUTE ORDER - 2

*See generally* Defendants' Response (docket no. 88).  Regardless of whether RCW 2.44.030 applies, this Court may regulate the conduct of attorneys appearing before it. *See Paul E. Iacono Structural Eng'r Inc. v. Humphrey*, 722 F.2d 435, 439 (9th Cir. 1983).  Defendants' attorneys are DIRECTED to produce evidence showing their authority to represent the NCSLT Defendants in this action on or before the deadline to file a responsive pleading or motion to the SAC, *see* Minute Order (docket no. 91), or by Monday, November 16, 2020, whichever occurs earlier.

(3)   The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 2nd day of November, 2020.

                William M. McCool
                Clerk

                s/Gail Glass
                Deputy Clerk

MINUTE ORDER - 3