# Exhibit A

Hon. Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESTHER HOFFMAN, SARAH DOUGLASS, ANTHONY KIM, IL KIM and DARIA KIM, on behalf of themselves and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRANSWORLD SYSTEMS INCORPORATED, *et al.*,<br><br>Defendants. | Case No.: 2:18-cv-01132 TSZ<br><br>DECLARATION OF BRYAN C. SHARTLE |

I, Bryan C. Shartle, declare under penalty of perjury, under the laws of the United States of America, that the following is true and correct.

1. I am a citizen of the United States of America, over the age of majority, and make this declaration on my personal knowledge.

2. I am counsel for defendant Transworld Systems Inc. in the above-captioned matter.

1  3. I am also counsel for the following defendants in the above-captioned matter: National Collegiate Student Loan Trust 2003-1, National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2006-3, National Collegiate Student Loan Trust 2006-4, National Collegiate Student Loan Trust 2007-1, National Collegiate Student Loan Trust 2007-2, National Collegiate Student Loan Trust 2007-3, National Collegiate Student Loan Trust 2007-4 and National Collegiate Master Student Loan Trust I (hereinafter, the "Trusts").

  4. Attached hereto as Exhibit 1 is a true and complete copy of a November 10, 2020 letter I received from William Hao, counsel for the Trusts' Administrator, GSS Data Services, LLC, f/k/a First Marblehead Data Services, Inc.

  5. Attached hereto as Exhibit 2 is a true and complete copy of a November 16, 2020 letter I received from Stephen B. Brauerman, counsel for the Trusts' Owner Trustee, Wilmington Trust Company.

  Executed on November 16, 2020, at Metairie, Louisiana.

              */s/ Bryan C. Shartle*
              Bryan C. Shartle

# Exhibit 1

# ALSTON & BIRD

90 Park Avenue
New York, NY 10016

212-210-9400
Fax:212-210-9444
www.alston.com

William Hao  Direct Dial: 212-210-9417  Email: william.hao@alston.com

November 10, 2020

Bryan C. Shartle, Esq.
Sessions, Israel & Shartle, LLC
Lakeway II
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227

Re:  *Esther Hoffman, et al. v. Transworld Systems Inc., et al.*, USDC WD WA Case No. 2:18-cv-01132-TSZ

Mr. Shartle:

This firm represents GSS Data Services, LLC, f/k/a First Marblehead Data Services, Inc., the Administrator of fifteen Delaware statutory trusts (in such capacity, the "Administrator") created pursuant to the Delaware Statutory Trust Act, 12 Del. Code § 3801, *et seq.*, between 2001 and 2007 (the "Trusts").[1]  The Trusts are governed by certain agreements, including, among others, the Trust Agreements, and Administration Agreements. The Trusts have also entered into agreements concerning student loan servicing, including that certain special servicing agreement dated March 1, 2009 (the "Special Servicing Agreement"), between U.S. Bank National Association ("U.S. Bank" or the "Successor Special Servicer"), First Marblehead Education Resources, Inc. ("FMER"), and each Trust.

We write on behalf of the Administrator with respect to the above-referenced litigation matter (the "Action").  We understand that the plaintiff in the Action has challenged whether the law firms Sessions, Israel & Shartle, LLC (formerly Sessions, Fishman, Nathan & Israel, LLC) ("Sessions, Israel & Shartle") and Andrews Skinner, P.S. ("Andrews Skinner") are authorized to defend the Trusts in lawsuits by borrowers arising out of allegedly unfair loan collection practices.  We further understand that at the Successor Special Servicer's request to manage the Action for the Trusts, Transworld Systems, Inc. ("TSI"), as Subservicer, retained Sessions, Israel & Shartle and Andrews Skinner pursuant to the Special Servicing Agreement and the Default Prevention and Collection Services Agreement ("DPCS

---

[1] The individual Trusts are: National Collegiate Master Student Loan Trust I, NCSLT 2003-1, NCSLT 2004-1, NCSLT 2004-2, NCSLT 2005-1, NCSLT 2005-2, NCSLT 2005-3, NCSLT 2006-1, NCSLT 2006-2, NCSLT 2006-3, NCSLT 2006-4, NCSLT 2007-1, NCSLT 2007-2, NCSLT 2007-3, and NCSLT 2007-4.

Alston & Bird LLP  www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

Agreement"), entered into between FMER, as Special Servicer, and NCO Financial Systems, Inc. ("NCO"), as predecessor to TSI (stating at section 4.2(g), "[i]n the event of any lawsuit in which counterclaims are interposed by a debtor, or where a debtor shall make any other claim against Special Servicer or any Trusts, the same shall be immediately referred by [TSI] to Special Servicer and Special Servicer shall have the right to intercede and defend such action.").

As you know, the Administrator, in accordance with the Administration Agreement, is one of the parties, along with U.S. Bank and TSI as it relates to the initiation or defense of borrower collection-related lawsuits, with the authority to retain counsel on behalf of the Trusts. The Administrator, on behalf of the Trusts, does not object to TSI's retention of Sessions, Israel & Shartle, LLC or Andrews Skinner, P.S. as Trust counsel in the Action. Further, the Administrator believes that the Special Servicing Agreement and the DPCS Agreement permit TSI, as Subservicer, to retain counsel on behalf of the Trusts in lawsuits such as the Action, and it has been the practice of the parties to the Special Servicing Agreement and DPCS Agreement to retain counsel to defend the Trusts in this manner, as permitted by the agreements referenced in this paragraph.

Sincerely yours,

s/ William Hao
William Hao

LEGAL02/40223942v1

# Exhibit 2



600 N. King Street • Suite 400  
P.O. Box 25130 • Wilmington, DE 19899  
Zip Code For Deliveries 19801

STEPHEN B. BRAUERMAN, ESQUIRE  
302-429-4232  
SBrauerman@bayardlaw.com

November 16, 2020

Bryan C. Shartle, Esquire  
Sessions, Israel & Shartle, LLC  
Lakeway II  
3850 N. Causeway Blvd., Ste. 200  
Metairie, LA 70002-7227

   *Re:* *Hoffman, et al. v. Transworld Systems Inc., et al.*, No. 2:18-cv-01132-TSZ, pending in the United States District Court for the Western District of Washington (hereinafter, the "*Hoffman* case")

   *Re:* National Collegiate Student Loan Trust 2003-1, National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2006-3, National Collegiate Student Loan Trust 2006-4, National Collegiate Student Loan Trust 2007-1, National Collegiate Student Loan Trust 2007-2, National Collegiate Student Loan Trust 2007-3, National Collegiate Student Loan Trust 2007-4, and National Collegiate Master Student Loan Trust (hereinafter, the "Trusts")

Dear Mr. Shartle:

   We represent Wilmington Trust Company ("WTC") which serves as interim Owner Trustee of the above referenced Trusts.

   WTC is aware that ANDREWS SKINNER, P.S. (hereinafter, "ANDREWS SKINNER"), and SESSIONS, ISRAEL & SHARTLE, LLC (formerly, Sessions, Fishman, Nathan & Israel) (hereinafter, "SESSIONS") have been retained to represent the Trusts in the *Hoffman* case.

   WTC is also aware that the Administrator, on behalf of the Trusts, has provided a letter consenting to the engagement of ANDREWS SKINNER and SESSIONS to defend the Trusts in the *Hoffman* case.

   As recognized by the Delaware Court of Chancery, WTC understands that the Administrator, on behalf of the Trusts, is responsible for causing the Trusts to service their

student loans, including handling issues relating to the Trusts that may arise out of the Special Servicing Agreement or the Default Prevention Services and Collections Agreement.

Very Truly Yours,

*/s/ Stephen B. Brauerman*

Stephen B. Brauerman

cc: Nicholas Caggiano, Esquire