The Hon. Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESTHER HOFFMAN; SARAH DOUGLASS; ANTHONY KIM; and IL KIM and DARIA KIM, husband and wife and the marital community comprised thereof, on behalf of themselves and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRANSWORLD SYSTEMS INCORPORATED; PATENAUDE AND FELIX, A.P.C.; MATTHEW CHEUNG, and the marital community comprised of MATTHEW CHEUNG and JANE DOE CHEUNG; National Collegiate Student Loan Trust 2003-1; National Collegiate Student Loan Trust 2004-1; National Collegiate Student Loan Trust 2004-2; National Collegiate Student Loan Trust 2005-1; National Collegiate Student Loan Trust 2005-2; National Collegiate Student Loan Trust 2005-3; National Collegiate Student Loan Trust 2006-1; National Collegiate Student Loan Trust 2006-2; National Collegiate Student Loan Trust 2006-3; National Collegiate Student Loan Trust 2006-4; National Collegiate Student Loan Trust 2007-1; National Collegiate Student Loan Trust 2007-2; National Collegiate Student Loan Trust 2007-3; National Collegiate Student Loan Trust 2007-4; National Collegiate Master Student Loan Trust; and DOES ONE THROUGH TEN,<br><br>Defendants. | Case No. C18-1132 TSZ<br><br>MOTION TO DISQUALIFY SKINNER AND SESSIONS FIRMS FROM REPRESENTING NCSLT DEFENDANTS, AND FOR ORDER STRIKING MOTION TO DISMISS AND FOR AWARD OF TERMS<br><br>NOTED FOR CONSIDERATION: December 4, 2020 |

MOTION TO DISQUALIFY SKINNER
AND SESSIONS FIRMS FROM
REPRESENTING NCSLT DEFENDANTS- 1
(Case No. C18-1132 TSZ)

Berry&Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

## I. INTRODUCTION AND RELIEF REQUESTED

On November 2, 2020, this Court held that the March 1, 2009 Special Servicing Agreement ("Special Servicing Agreement") between First Marblehead Education Resources, Inc. and the National Collegiate Student Loan Trust Defendants (the "NCSLTs") did not authorize Transworld Systems, Inc. ("TSI") to retain legal counsel to defend this action on behalf of the NCSLTs. Dkt. No. 99. The Court directed the attorneys who have appeared in this action for the NCSLTs "to produce evidence showing their authority to represent the NCSLT Defendants in this action" by November 16, 2020. *Id.*[1] While the Skinner and Sessions firms timely filed a response to the Court's Order, that response does not show that they are authorized to represent the NCSLTs. Accordingly, the Court should enter an Order disqualifying the Skinner and Sessions firms from representing the NCSLTs in this case. Additionally, the Court should strike the Fed. R. Civ. P. 12(b)(6) motion to dismiss Plaintiffs' Second Amended Complaint recently filed by the Skinner and Session firms (Dkt. No. 104), and award the Plaintiffs terms for the legal services required to obtain the Order requiring the Skinner and Sessions firms to prove their authority to represent the NCSLTs, and for this motion to disqualify them as counsel for the NCSLTs.

## II. RELEVANT FACTS

In their Amended Motion for Order Requiring NCSLT Defendants' Attorneys to Show Authority to Represent NCSLT Defendants (Dkt. No. 82) and their Reply in support of the motion (Dkt. No. 90), the Plaintiffs discussed at length the bases for their motion and their contention asserted in it that the Special Servicing Agreement does not authorize TSI to

---

[1] Those attorneys are Stephen G. Skinner of Andrews Skinner, P.S. (the "Skinner firm"), and Bryan C. Shartle, James K. Shultz, and Justin H. Homes of Sessions, Israel & Shartle, LLC (the "Sessions firm").

MOTION TO DISQUALIFY SKINNER
AND SESSIONS FIRMS FROM
REPRESENTING NCSLT DEFENDANTS- 2
(Case No. C18-1132 TSZ)

Berry&Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

retain counsel for the NCSLTs in this action. *See* Dkt. No. 82 at 5-6. As the Court held in its November 2, 2020 Order, the Special Servicing Agreement only authorizes TSI "to '[r]etain counsel on behalf of the [NCSLT Defendants] (whether directly or through collection agencies) to further *pursue enforcement and collection* of' delinquent loans. Dkt. No. 99 at 2 (quoting March 1, 2009 Special Servicing Agreement at 3, 11) (emphasis in Dkt. No. 99). The Court further held that the Special Servicing Agreement "does not … expressly allow the special servicers to delegate authority to retain counsel on behalf of the NCSLT Defendants to *defend against the alleged loan collection practices* at issue here." Dkt. No. 99 at 2 (quoting Special Servicing Agreement at 9-11) (emphasis in Dkt. No. 99). The Court directed the Skinner and Sessions firms to submit evidence of their authority to represent the NCSLTs by November 16, 2020. *Id.* at 3.

### III. LEGAL AUTHORITY AND ARGUMENT

TSI is not authorized to govern, manage, act on behalf of, or bind the NCSLTs. *In re Nat'l Collegiate Student Loan Trusts Litig.*, No. CV 12111-VCS, 2020 WL 5049402, at *1-2, 5, 39 (Del. Ch. Aug. 27, 2020). Only the Owner Trustee of the NCSLTs, Wilmington Trust Company ("Wilmington"), has the right to "act on behalf of" and/or manage the business and affairs of the NCSLTs, unless Wilmington delegates that authority to GSS Data Services, Inc. ("GSS") in the Administration Agreement, in which case GSS has authority to act on behalf of the NCSLTs. *Id.*

As the Court noted in its November 2, 2020 Order, there is no evidence in the record indicating that Wilmington properly granted to TSI the authority and ability to retain legal counsel to represent the NCSLTs in this case. Dkt. No. 99 at 2-3. Similarly, there is no

MOTION TO DISQUALIFY SKINNER
AND SESSIONS FIRMS FROM
REPRESENTING NCSLT DEFENDANTS- 3
(Case No. C18-1132 TSZ)



1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

evidence in the record indicating that Wilmington has granted to GSS the authority to retain the Skinner and Sessions firms to defend the NCSLTs in this case. Thus, there is no evidence supporting a conclusion that the Skinner and Sessions firms have been properly retained and authorized to represent the NCSLTs.

In response to the Court's November 2, 2020 Order requiring the Skinner and Session firms to produce evidence that they have been legitimately and validly retained to represent the NCSLTs, they submitted only two letters, which were attached to the Declaration of Bryan C. Shartle. *See* Dkt. No. 102, Ex.'s 1 and 2. But those letters prove nothing. Exhibit 1 to the Shartle Declaration is a letter from William Hao, who is identified as an attorney at Alston & Bird, a law firm in New York. Dkt. No. 102 at 5. In the letter, Mr. Hao purportedly states that Alston & Bird represents GSS. *Id.* Mr. Hao also purportedly states that GSS, on behalf of the Trusts, "does not object to TSI's retention of [the Sessions and Skinner firms] as Trust counsel in this action," and that GSS "believes that the Special Servicing Agreement and the [Default Prevention and Collection Services Agreement] permit TSI, as Subservicer, to retain counsel on behalf of the Trusts in lawsuits such as [this Action]." *Id.* at 6.

There are several problems with Mr. Hao's letter, and it does not provide competent evidence that the Skinner and Sessions firms are authorized to represent the NCSLTS. First, it is not sworn under oath or under penalty of perjury and thus is inadmissible hearsay. FRE 801, 802. The letter doesn't even have Mr. Hao's actual signature.

Second, there is nothing in or attached to Mr. Shartle's declaration or in any other document submitted to the Court, other than Mr. Hao's self-serving and hearsay letter, that indicates that GSS has retained Mr. Hao and/or the Alston & Bird firm, and/or that Mr. Hao



MOTION TO DISQUALIFY SKINNER
AND SESSIONS FIRMS FROM
REPRESENTING NCSLT DEFENDANTS- 4
(Case No. C18-1132 TSZ)

1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

is authorized to speak on GSS' behalf. Just as a lawyer does not have authority to sign a contract for a client simply by virtue of the attorney-client relationship, an attorney does not have authority to bind a client to specific conduct simply because he may be the lawyer for the client; Mr. Hao does not have the authority to speak for GSS merely by virtue of the purported attorney-client relationship.

Third, there is no evidence in the record that shows that Wilmington has in fact delegated authority to GSS to act on behalf of the NCSLTs, as required prior to GSS' conduct of any management business for them.

Fourth, the Court has already ruled that the Special Servicing Agreement does not provide authorization to TSI to retain counsel for the NCSLTs for the defense of Plaintiffs' claims asserted in this case. *See* Dkt. No. 99 at 2. ("The [Special Servicing Agreement" does not, however, expressly allow the special servicers to delegate authority to retain counsel on behalf of the NCSLT Defendants to *defend against the alleged unfair loan collection practices* at issue here.") (Emphasis in original). Simply stating that the Special Servicing Agreement authorizes TSI to retain counsel to represent the NCSLTs in this case does not make it so.

Fifth, even if there was competent evidence in the record confirming that Wilmington has delegated authority to GSS to act on behalf of the NCSLTs, Mr. Hao's hearsay letter merely states that GSS "does not object to TSI's retention of [the Sessions and Skinner firms]," not that GSS in fact retained them. GSS' purported lack of objection to whom TSI purportedly retained does not retroactively cure TSI's lack of authority to retain lawyers to represent the NCSLTs in this case in the first instance, nor does it authorize GSS' abdication



MOTION TO DISQUALIFY SKINNER
AND SESSIONS FIRMS FROM
REPRESENTING NCSLT DEFENDANTS- 5
(Case No. C18-1132 TSZ)

1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

of its management responsibility for the NCSLTs, if in fact Wilmington has delegated that responsibility to GSS.

Sixth, Mr. Hao refers to the Default Prevention and Collection Services Agreement ("DPCSA") as providing additional authority for TSI to retain lawyers to represent the NCSLTs in this case. *See* Dkt. No. 102 at 6. But the DPCSA provides no such authority.[2] Wilmington is not a party to the DPCSA or to any of the many amendments to it, and is not a signatory to it or the amendments. *See* Dkt. No. 88-1 at 43, 69-70, 95-96, 97, 101-102, 118, 131-132, 148, 151, 161, 164, 165, 167, 168, 171, 172, 174-175, 178, 181-183, 184-185, 186, 188-189.[3] Further, the Court already rejected the contention that the DPCSA authorized TSI to retain the Skinner and Sessions firms, as they previously submitted it in support of their contention that they were validly retained. *See* Dkt. No.'s 88-1 and 88-2. Because there is no evidence that TSI has legitimate authority to retain legal counsel for the NCSLTs to defend this action, any purported grant in the DPCSA to TSI to retain counsel for this case is invalid and without legal effect.

Similarly, neither does Exhibit 2 to Mr. Shartle's declaration, a letter from Stephen Brauerman, a purported attorney in the Wilmington, Delaware law firm Bayard, provide competent proof that the Skinner and Sessions firms have been legitimately and validly retained to represent the NCSLTs. Mr. Brauerman's letter purports to state that the Bayard

---

[2] Copies of the DPCSA appear in the record at Dkt. No.'s 88-1, pages 43-91, and 88-2, pages 7-155. All references to the DPCSA in this memorandum will be to Dkt. No. 88-1.
[3] The parties to the DPCSA were originally First Marblehead Education Resources, Inc. and NCO Financial Systems, Inc. Dkt. No. 88-1 at 45. US Bank National Association later succeeded to the rights and obligations under the agreement originally held by First Marblehead Education Resources, Inc., and TSI later succeeded to the rights and obligations originally held by NCO Financial Systems, Inc. *Id.* at 118, 131, 161, 164. At no time has Wilmington been a party to the DPCSA. *Id.* at 43-191.

MOTION TO DISQUALIFY SKINNER
AND SESSIONS FIRMS FROM
REPRESENTING NCSLT DEFENDANTS- 6
(Case No. C18-1132 TSZ)

Berry & Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

firm represents Wilmington, and that Wilmington "is aware" that the Skinner and Sessions firms "have been retained to represent" the NCSLTs in this case. Dkt. No. 102 at 8-9. But nowhere in the letter does Mr. Brauerman state that Wilmington has retained or wishes to retain the Skinnner and Sessions firms to represent the NCSLTs. *Id.* Further, like Mr. Hao's letter, Mr. Brauerman's letter does not bear an actual signature, is not made under oath or under penalty of perjury, and is therefore inadmissible hearsay. FRE 801, 802. No competent evidence has been submitted that Mr. Brauerman has been retained by Wilmington and/or that he has the authority to bind or speak for Wilmington. And finally, Mr. Brauerman's purported statement in the letter that "As recognized by the Delaware Court of Chancery … that the Administrator, on behalf of the Trusts, is responsible for causing the Trusts to service their student loans, including handling issues relating to the Trusts that may arise out of the Special Servicing Agreement or the Default Prevention Services and Collection Agreement,"[4] is unsupported by any actual citation to any decision of the Delaware Court of Chancery, and is in fact misleading at best as to whether the Skinner and Sessions firms have been validly retained to represent the NCSLTs, in light of that court's decision in *In re Nat'l Collegiate Student Loan Trusts Litig.,* and in light of the Special Servicing Agreement itself, which states:

> Unless expressly authorized by the Trusts, the Special Servicer shall
> have no authority to act for or represent the Trusts, respectively, in any
> way other than as specified hereunder and shall not otherwise be
> deemed an agent of the Trusts.

Dkt. #88-1 at 22-23 (Agreement § 17).

Thus, the record before the Court shows that only Wilmington had the right and

---
[4] *See* Dkt. No. 102 at 8-9.



MOTION TO DISQUALIFY SKINNER
AND SESSIONS FIRMS FROM
REPRESENTING NCSLT DEFENDANTS- 7
(Case No. C18-1132 TSZ)

1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

authority to retain legal counsel to defend the NCSLTs in this case. One would expect that if Wilmington had in fact retained the Skinner and Sessions firms to represent the NCSLTs in this case, it would be a fairly simple matter for those firms to present a declaration from an authorized Wilmington representative, a fee agreement, or some other competent evidence to confirm their authority and their right to represent the NCSLTs. But no such evidence has been submitted, and one may therefore presume that no such evidence exists.

The Court has the inherent power to manage its own proceedings and "to control the conduct" of those who appear before it. *Erickson v. Newmar Corp.,* 87 F3d 298, 303 (9th Cir. 1996). A court that has determined that lawyers who have appeared before it do not have the authority needed to represent the clients they purportedly represent may take ameliorative action. *See e.g., Pueblo of Santa Rosa v. Fall*, 273 U.S. 315, 321, 47 S.Ct. 361 (1927) (Supreme Court, having determined that attorney purporting to represent the plaintiff in the action did not have authority from the plaintiff to file the action, remanded case to trial court for dismissal without prejudice). The Court should exercise its considerable discretion and should enter an order (1) disqualifying the Skinner and Session firms from representing the NCSLTs.

On November 16, 2020, the Skinner and Sessions firms filed a motion, purportedly on behalf of the NCSLTs, to dismiss the Plaintiffs' Second Amended Complaint. Dkt. No. 104. But because the Skinner and Sessions firms have no authority to represent the NCSLTs, the filling should be deemed void, and the Court should strike the motion and hold that the Plaintiffs are not required to file a response to it.

Finally, the Court has the equitable authority to control its docket and has "inherent



MOTION TO DISQUALIFY SKINNER
AND SESSIONS FIRMS FROM
REPRESENTING NCSLT DEFENDANTS- 8
(Case No. C18-1132 TSZ)

1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

power to preserve the integrity of the adversary process." *Greenfield MHP Associates, L.P. v. Ametek, Inc.* No. 3:15-cv-01525-GPC-AGS, 2018 WL 538961, at *2 (S.D. Cal. Jan 24, 2018). That grant includes the authority to assess attorney's fees as a sanction for improper litigation conduct. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44, 111 S.Ct. 2123 (1991). Because the Court has found that the Skinner and Sessions firms are not authorized, and have not been authorized, to appear for the NCSLTs in this action, and because the Plaintiffs have incurred significant legal fees in obtaining that determination, the Court should award the Plaintiffs their fees related to their motion for an order requiring the law firms to prove their authority to represent the NCSLTs, and related to this motion to disqualify, in an amount to be determined in subsequent proceedings in this case.

A proposed order is submitted with this motion.

DATED: November 19, 2020.

*Attorneys for Plaintiffs:*

| | |
|---|---|
| LEONARD LAW | BERRY & BECKETT, PLLP |
| /s/ Sam Leonard | /s/ Guy Beckett |
| Sam Leonard, WSBA #46498 | Guy W. Beckett, WSBA #14939 |
| 1001 4th Ave, Suite 3200 | 1708 Bellevue Avenue |
| Seattle, Washington 98154 | Seattle, WA 98122 |
| Telephone: (206) 486-1176 | Telephone: (206) 441-5444 |
| Facsimile: (206) 458-6028 | Facsimile: (206) 838-6346 |
| E-mail: sam@seattledebtdefense.com | E-mail: gbeckett@beckettlaw.com |
| HENRY & DeGRAAF, P.S. | NORTHWEST CONSUMER LAW CENTER |
| /s/ Christina Henry | /s/ Amanda Martin |
| Christina L. Henry, WSBA #31273 | Amanda N. Martin, WSBA #49581 |
| 150 Nickerson St., Ste. 311 | 936 North 34th Street, Suite 300 |
| Seattle, WA 98109 | Seattle, WA 98103 |
| Telephone: (206) 330-0595 | Telephone: (206) 805-0989 |

MOTION TO DISQUALIFY SKINNER
AND SESSIONS FIRMS FROM
REPRESENTING NCSLT DEFENDANTS- 9
(Case No. C18-1132 TSZ)

Berry & Beckett
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

| | |
|---|---|
| Facsimile: (206) 400-7609 | Facsimile: (206) 805-1716 |
| E-mail: chenry@HDM-legal.com | E-mail: Amanda@NWCLC.org |

MOTION TO DISQUALIFY SKINNER
AND SESSIONS FIRMS FROM
REPRESENTING NCSLT DEFENDANTS- 10
(Case No. C18-1132 TSZ)

Berry&Beckett
PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346