UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESTHER HOFFMAN, et al., | |
| Plaintiffs, | |
| v. | C18-1132 TSZ |
| TRANSWORLD SYSTEMS INCORPORATED, et al., | MINUTE ORDER |
| Defendants. | |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)   Plaintiffs' Motion for Leave to File Third Amended Complaint ("TAC"), docket no. 122, is DENIED.[1]  The proposed TAC, Exhibit 1 to the Declaration of Guy W. Beckett (docket no. 123), does not allege sufficient factual content to establish standing with respect to National Collegiate Student Loan Trust ("NCSLT") 2003-1, NCSLT 2004-1, NCSLT 2005-1, NCSLT 2006-2, NCSLT 2006-4, NCSLT 2007-1, NCSLT 2007-2, NCSLT 2007-3, or National Collegiate Master Student Loan Trust I, the claims against which the Court previously dismissed without prejudice (collectively, "Dismissed Defendants").  *See* Order (docket no. 118 at 4–5).  To support Plaintiffs' claims against the Dismissed Defendants, the proposed TAC alleges that Dismissed Defendants "knew that they had no ability to prove the ownership of debts," and that they agreed with the other Defendants that Defendants Patenaude and Felix, A.P.C. and Matthew Cheung would "pursue litigation to collect from student loan borrowers whose loans were/are purportedly owned by NCSLTs[] by presenting [false] affidavits."  TAC at ¶¶ 134, 135.  Those allegations, however, are too conclusory to show that Plaintiffs have standing to pursue claims against Dismissed Defendants, under either a conspiracy theory or a juridical-link theory.  It is undisputed that no named Plaintiff can trace the

---

[1] The Court, however, declines to strike portions of Plaintiffs' reply brief, docket no. 125, in support of the instant motion.  *See* Surreply (docket no. 126).

MINUTE ORDER - 1

injury in fact directly to Dismissed Defendants, but only to Defendants NCSLTs that allegedly hold or held Plaintiffs' notes. *See Easter v. Am. W. Fin.*, 381 F.3d 948, 962 (9th Cir. 2004); Reply (docket no. 122 at 5–6). Nor can Plaintiffs "sidestep the traceability hurdle" through allegations of conspiracy or concerted action among all of the NCSLTs, absent plausible factual allegations that Dismissed Defendants' alleged conspiratorial actions are traceable to *the named Plaintiffs*' injuries in fact. *See Perez v. Nidek Co., Ltd.*, 711 F.3d 1109, 1113 (9th Cir. 2013) (concluding "allegations of conspiracy and aiding and abetting" were "insufficient to establish standing or to survive a motion to dismiss"); *see also Easter*, 381 F.3d at 962 (concluding plaintiffs could not acquire standing where there was "no evidence that their alleged injuries were the result of a conspiracy or concerted scheme between the Trust Defendants").

Likewise, the proposed TAC's assertion that Plaintiffs are entitled to relief against the Dismissed Defendants "under the juridical link doctrine," TAC at ¶ 189, is nothing "more than conclusory and bare bones words and phrases without any factual content." *Perez*, 711 F.3d at 1113; *see Easter*, 381 F.3d at 962 ("The Trust Defendants are not juridically linked, and Borrowers cannot acquire standing to sue those defendants who do not now hold and have never held a named plaintiff's loan through the juridical links doctrine."). Because Plaintiffs' claims against Dismissed Defendants fail, any amendment would be futile. *See id.* The futility of Plaintiffs' proposed amendments, in light of the amendments previously allowed, persuade the Court that Plaintiffs are not entitled to the leave sought, notwithstanding the requirement that such leave be "freely give[n]." Fed. R. Civ. P. 15(a)(2).

(2) Defendants' response to Plaintiffs' Second Amended Complaint is due on or before March 23, 2021. The Rule 26(a) Initial Disclosures deadline is March 30, 2021. The Rule 26(f) Conference deadline is April 6, 2021. The parties' Joint Status Report and Discovery Plan is due April 13, 2021. *See* Stipulation and Order (docket no. 121).

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 2nd day of March, 2021.

William M. McCool
Clerk

s/Gail Glass
Deputy Clerk

MINUTE ORDER - 2