Hon. Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

ESTHER HOFFMAN; et al.,

    Plaintiffs,

vs.

TRANSWORLD SYSTEMS INCORPORATED; et al.,

    Defendants.

No. 2:18 cv 1132-TSZ

JOINT STATUS REPORT AND DISCOVERY PLAN

Pursuant to LCR 16(a) and the Court's Order Extending Initial Discovery Dates, (Dkt 121 at 6), Plaintiffs and Defendants, though counsel (collectively the "Parties"), submit the following Joint Status Report and Discovery Plan.

**1. A statement of the nature and complexity of the case.**

Plaintiffs have alleged, *inter alia,* that the National Collegiate Student Loan Trusts (collectively, "the NCSLTs") that claim to be the owners of the Plaintiffs' and Class members' student loan obligations and that claim the right to be paid on the obligations do not have proof that they own the loans; that Transworld Systems Incorporated ("TSI"), Patenaude & Felix, APC and Matthew Cheung (collectively "Patenaude") presented false affidavits and declarations to courts in order to obtain default judgments and summary judgments against the Plaintiffs and Class members; that the NCSLTs, TSI, and Patenaude knew that the affidavits

JOINT STATUS REPORT AND DISCOVERY PLAN - 1
2:18 cv 1132-TSZ

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

91638822v.1

and declarations they submitted to the Court were false when they were submitted; that the student loan collection tactics of TSI, and Patenaude knowingly contemplate that evidence submitted in support of the collection efforts was and is false; and that the Defendants filed lawsuits against the Plaintiffs and the Class, without the intent or ability to pursue the lawsuits if they were contested.

Defendants deny Plaintiffs' claims and state that (1) the Defendant Trusts own all of the loans at issue in this case; (2) the lawsuits the Defendant Trusts brought subsequent to Plaintiffs' defaults on those loans were brought in good faith and in compliance with all applicable laws and court rules and procedures; and (3) the declarations filed by Patenaude were filed on behalf of its client in good faith.

The Parties do not believe that this case presents complex factual or legal issues. However, if a class were to be certified, it would add a level of complexity to the litigation and administration of this case.

**2. A proposed deadline for the joining of additional parties.**

The Parties believe that the deadline for joining additional parties should be closed.

**3. Whether the parties consent to assignment of this case to a full time United States Magistrate Judge, pursuant to 28 U.S.C. §636(c) and Local Rule MJR 13 to conduct all proceedings.**

No.

**4. A discovery plan that states, by corresponding paragraph letters, the parties' views and proposals on all items in Fed. R. Civ. P. 26(f)(3), which includes the following topics:**

**a. Initial disclosures.**

The Parties exchanged Rule 26(a) Initial Disclosures on or before March 30, 2021, as required by the Court's Order on initial discovery. (Dkt 121).

JOINT STATUS REPORT AND DISCOVERY PLAN - 2
2:18 cv 1132-TSZ

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

91638822v.1

**b.     Subjects, timing, and potential phasing of discovery.**

The Parties agree that discovery should be conducted within the parameters provided by the Federal Rules of Civil Procedure. *See also* Section 5(e) below, entitled: "Anticipated discovery sought."

**c.     Electronically stored information.**

Without waiving objections as to any particular document or categories of documents, the Parties agree that, in the initial round of document production, documents may be produced in searchable bates-numbered PDF, TIFF, or JPEG format. After initial production, Plaintiff may seek some documents in native format with metadata. Defendants will need to see Plaintiff's subsequent requests to determine the appropriate response, but reserve all objections.

The Parties have agreed upon various issues relating to the production of ESI, which are set forth at Section 4(j), infra.

The Parties agree that, if there is a dispute, or if the need to produce other categories of documents arises, they will work cooperatively to minimize the time and expense related to production of e-discovery. If the Parties are still unable to agree after good-faith efforts to resolve discovery disputes, they may resort to seeking resolution from the Court.

**d.     Privilege issues.**

The Parties agree that privilege logs will be produced with each party's discovery responses, either at the time of production or within a reasonable time after completing rolling productions. The Parties anticipate working in good faith on a stipulated protective order based on a modified version of the Court's model protective order and expect it to be filed within a reasonable time. Such stipulated order may also provide agreements regarding privilege, including a procedure to "clawback" documents and the assertion of privilege claims after production pursuant to Federal Rule of Evidence 502.

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

91638822v.1

Defendants believe that there are attorney-client privileged communications between the law firm of Patenaude and Felix, APC, its client, the Trusts, and the Trusts' Subservicer, TSI. There may also be other privileged communications between Defendants and third parties, including regulators, and between and among the various Defendants. Plaintiffs may dispute what matters, documents, and communications are privileged.

The Parties will work in good faith to narrow any disputes regarding privilege. If the Parties are still unable to agree after good-faith efforts to resolve discovery disputes, they may resort to seeking assistance from the Court.

The Parties may also intend to enter into a modified version of the Court's stipulated protective order, to address confidentiality issues that may arise.

**e.     Proposed limitations on discovery.**

All discovery should be limited as provided for in the Federal Rules of Civil Procedure and Local Rules.  It is Defendants' position that class discovery should not be permitted until after class certification, if that occurs, other than discovery targeted to determine whether class treatment is appropriate. The Plaintiffs do not agree, due to the overlap between merits and class certification discovery, in particular on the public interest requirement for a Washington Consumer Protection Action claim, and whether injunctive relief is an appropriate remedy for Plaintiffs' claims. Otherwise, the Parties do not currently seek additional limitations on discovery, but may seek limitations should the need arise.

**f.     The need for any discovery related orders.**

The Parties intend to submit a modified stipulated protective order as to production of confidential documents.  Additional orders may be necessary based on the scope of discovery served and discussions of the Parties as to such discovery.  The Parties will attempt to amicably

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

91638822v.1

resolve differences whenever possible. If a genuine dispute arises, and the parties are unable to resolve it, the Court may be requested to resolve such disputes.

**5. The parties' views, proposals, and agreements, by corresponding paragraph letters, on all items set forth in Local Civil Rule 26(f)(1), which includes the following topics:**

    **a. Prompt case resolution.**

Parties intend to file dispositive motions at an appropriate stage on all or part of the claims, allegations, and/or affirmative defenses in an effort to shorten or simplify the case. The parties currently have no additional, specific suggestions for shortening or simplifying the case.

    **b. Alternative dispute resolution.**

If the matter is not dismissed on dispositive motions, the parties prefer mediation at the close of discovery (or earlier if the parties agree), pursuant to LCR 39.1.

    **c. Related cases.**

None.

    **d. Discovery management.**

Discovery should be managed as provided for in the Federal Rules of Civil Procedure and Local Rules. The Parties do not currently seek additional management on discovery issues.

    **e. Anticipated discovery sought.**

The parties anticipate discovery depositions of the parties and discovery pursuant to Civil Rule 33, 34 and 36. There also may be a need for some discovery from non-parties. This is a statement of the parties' present intentions but does not represent an agreement as to any particular areas of inquiry.

Plaintiffs currently intend to conduct discovery on at least the following topics:

JOINT STATUS REPORT AND DISCOVERY PLAN - 5
2:18 cv 1132-TSZ

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

91638822v.1

1. The methods employed by the Defendants to attempt to collect on alleged student loan obligations, and their policies and procedures for attempting to collect, and collecting, on such debt.

2. The number of persons from whom Defendants attempted to collect on alleged student loan obligations, and the number of those from whom the Defendants collected.

3. How much money was collected by the Defendants from the Plaintiffs and Class members on alleged student loan obligations.

4. The documentation held by the Defendants that evidences the NCSLTs' ownership of the Plaintiffs' and Class members' student loan obligations.

5. The information known by the Defendants regarding the transfer of documentation relating to loans allegedly owned by the NCSLTs.

6. Communications between the Defendants regarding the location of records relating to the ownership of the student loans that the Defendant NCSLTs allege they own.

7. All matters relating to the Defendants' dealings with the Consumer Financial Protection Bureau, other government entities, and other regulators.

8. Documents and testimonial evidence related to the Defendants, defenses, affirmative defenses, and the claims of Plaintiffs and Class members.

Defendants currently intend to conduct discovery on at least the following topics:

1. Records and testimonial evidence related to Plaintiff's' incurring the underlying student loan debts.

2. Records and testimonial evidence relating to the transfer of the student loan debts to the Trusts.

3. Discovery to obtain documents related to Plaintiffs' financial status and financial ability to repay debts, including bank statements and credit card records.

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

91638822v.1

4. Discovery related to the underlying litigation.

5. Discovery regarding Plaintiffs' prior lawsuits, if any.

6. Discovery related to Plaintiffs' receipt of any communications from Defendants and actions taken by Plaintiff upon receipt.

7. Discovery related to each of Plaintiffs' written and/or oral communications with Defendants.

8. Discovery regarding Plaintiffs' claimed damages, if any.

9. Discovery related to Plaintiffs' claims and Defendant's defenses.

10. Discovery related to Plaintiffs' assertion that one or more putative classes or sub-classes may be properly certified in this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3), which Defendants dispute.

### f. Phasing motions.

The Parties do not believe that phasing motions is desirable.

### g. Preservation of discoverable information.

The parties do not foresee issues with the preservation of or production of electronically stored information, subject to any applicable objection or privilege.

### h. Privilege issues.

*See* Section 4(d).

### i. Model Protocol for Discovery of ESI.

The parties do not adopt the Model Protocol for Discovery of ESI because they believe it is unduly complicated for application to this particular case.

### j. Alternatives to Model Protocol.

Without waiving objections regarding challenges to production of specific documents, or categories of documents, the Parties agree that documents other than emails and email

JOINT STATUS REPORT AND DISCOVERY PLAN - 7
2:18 cv 1132-TSZ

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

91638822v.1

attachments will generally be produced in PDF format If a specific email is produced in PDF format, and a party believes it needs the .pst file, it may request such. If the need to produce other categories of documents arises, the parties agree to work cooperatively to minimize the time and expense related to production of e-discovery. The parties further acknowledge their duties relative to inadvertent production of privilege documents, under FRCP 26(b)(5)(B) and Rule 502 of the Federal Rules of Evidence.

### k. Deadline for Filing Motion for Class Certification.

The filing deadline for Plaintiffs' motion for class certification should be 180 days from the date of the Court's Scheduling Order.

### 6. The date by which discovery can be completed.

The parties contemplate that the case schedule, including the discovery deadline, may need to be amended if one or more classes are certified.

If one or more classes are **not** certified, the parties propose 120 days before trial as a deadline for completion of all discovery.

Defendants will seek an extension of discovery should one or more classes be certified.

If one or more classes are certified, the parties will meet and confer again to discuss how the case schedule should be modified to take into account Plaintiffs' need for class discovery, and how long Defendants may need to respond to Plaintiffs' class discovery requests.

### 7. Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.

No.

JOINT STATUS REPORT AND DISCOVERY PLAN - 8
2:18 cv 1132-TSZ

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

91638822v.1

**8. Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.**

The parties agree that they will comply with, and not dispense with, pretrial statements and the pretrial order.

**9. Whether the parties intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2 or any ADR options set forth in Local Civil Rule 39.1.**

The Parties do not intend to use the Individualized Trial Program set forth in Local Civil Rule 39.2. If the matter is not dismissed on dispositive motions, and ADR becomes necessary, the parties believe that mediation at the close of discovery before an independent mediator mutually agreed to by the Parties will be the most acceptable options set forth in Local Civil Rule 39.1.

**10. Any other suggestions for shortening or simplifying the case.**

Parties intend to file dispositive motions on all or part of the claims, allegations, and/or affirmative defenses at the appropriate times in an effort to shorten or simplify the case. The parties currently have no additional, specific suggestions for shortening or simplifying the case.

**11. The date the case will be ready for trial. The Court expects that most civil cases will be ready for trial within a year after filing the Joint Status Report and Discovery Plan.**

The Parties believe that this case will be ready for trial by 18 months if this case remains as the individual claims of the named Plaintiffs. Defendants will seek an extension of the trial date should a class be certified.

**12. Whether the trial will be jury or non−jury.**

Plaintiff has demanded a jury.

**13. The number of trial days required.**

It is Plaintiffs' position that this case can be tried in six court days as an individual case, and that it can be tried in 10-14 court days if a class is certified.

JOINT STATUS REPORT AND DISCOVERY PLAN - 9
2:18 cv 1132-TSZ

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

91638822v.1

It is Defendants' position that this case can be tried in 10-14 days as an individual case, and that the scope of class certification, if any, would dictate how long the trial would last.

**14.    The names, addresses, and telephone numbers of all trial counsel.**

    1.   <u>Attorneys for Plaintiffs</u>

Sam Leonard
Leonard Law
3614 California Ave. SW, #151
Seattle, WA  98116
(206) 486-1176
sam@seattledebtdefense.com

Christina L. Henry
Henry & DeGraaff, P.S.
787 Maynard Ave S
Seattle, WA  98104
(206) 330-0595
chenry@hdm-legal.com

Guy W. Beckett
Berry & Beckett, PLLP
1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444
gbeckett@beckettlaw.com

Amanda Martin
Northwest Consumer Law Center
936 N. 34th St, Ste 300
Seattle, WA  98103
(206) 805-0989
amanda@nwclc.org

    2.   <u>Attorneys for the National Collegiate Student Loan Trust Defendants</u>

Gregory T. Casamento
R. James DeRose, III
Locke Lord, LLP

JOINT STATUS REPORT AND DISCOVERY PLAN - 10
2:18 cv 1132-TSZ

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

91638822v.1

```
            Brookfield Place
            200 Vesey St, 20th Flr
            New York, NY  10281-2101
            (212) 812-8325
            gcasamento@lockelord.com
            rderose@lockelord.com

            J. Matthew Goodin
            Locke Lord, LLP
            111 S. Wacker Dr, Ste 4100
            Chicago, IL  60606
            (312) 443-0472
            jmgoodin@lockelord.com

            Tim J. Filer
            Foster Garvey PC
            1111 Third Ave, Ste 3000
            Seattle, WA  98101
            (206) 447-4400
            tim.filer@foster.com

            3.    Attorneys for Defendant Transworld Systems Inc.

            Justin Homes
            Bryan C. Shartle
            Sessions, Israel & Shartle, L.L.C.
            3850 N. Causeway Blvd, Ste 200
            Metairie, LA  70002-7227
            (504) 828-3700
            bshartle@sessions.legal
            jhomes@sessions.legal

            James K. Schultz
            Sessions, Israel & Shartle, L.L.C.
            1545 Hotel Circle S., Ste 150
            San Diego, CA  92108
            (619) 758-1891
            jschultz@sessions.legal

            Ryan W. Vollans
            Williams Kastner & Gibbs, PLLC
            601 Union St, Ste 4100
            Seattle, WA  98101-2380
```

JOINT STATUS REPORT AND DISCOVERY PLAN - 11
2:18 cv 1132-TSZ

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

91638822v.1

(206) 628-6600
rvollans@williamskastner.com

4. <u>Attorneys for Defendants Matthew Cheung and Patenaude & Felix, APC</u>

Marc Rosenberg
Lee Smart, P.S., Inc.
1800 One Convention Place
701 Pike Street
Seattle, WA 98101-3929
(206) 624-7990
mr@leesmart.com

**15. The dates on which the trial counsel may have complications to be considered in setting a trial date.**

Plaintiffs have conflicts for trial on the following dates:

3/01/22-4/15/22, 10/24/22-11/11/22

Defendants have conflicts for trial on the following dates:

09/12/22 – 09/30/22

**16. Whether all defendant(s) have been served.**

Yes.

**17. Whether any party wishes a scheduling conference before the Court enters a scheduling order in the case.**

No.

**18. List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Rule 7.1.**

08/07/18    Transworld Systems Inc., (Dkt 5).

08/07/18    Patenaude and Felix, APC (Dkt 6).

04/12/21    NCSLTs (Dkt.144).

///

//

/

JOINT STATUS REPORT AND DISCOVERY PLAN - 12
2:18 cv 1132-TSZ

91638822v.1

JOINTLY SUBMITTED AND DATED this 13th day of April, 2021.

1. <u>Attorneys for Plaintiffs</u>

Sam Leonard
Leonard Law
3614 California Ave. SW, #151
Seattle, WA 98116
(206) 486-1176
sam@seattledebtdefense.com

Christina L. Henry
Henry & DeGraaff, P.S.
150 Nickerson St, Ste 311
Seattle, WA 98109
(206) 330-0595
chenry@hdm-legal.com

Guy W. Beckett
Berry & Beckett, PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444
gbeckett@beckettlaw.com

Amanda Martin
Northwest Consumer Law Center
936 N. 34th St, Ste 300
Seattle, WA 98103
(206) 805-0989
amanda@nwclc.org

2. <u>Attorneys for the National Collegiate Student Loan Trust Defendants</u>

Gregory T. Casamento
R. James DeRose, III
Locke Lord, LLP
Brookfield Place
200 Vesey St, 20th Flr
New York, NY 10281-2101
(212) 812-8325

JOINT STATUS REPORT AND DISCOVERY PLAN - 13
2:18 cv 1132-TSZ

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

91638822v.1

gcasamento@lockelord.com
rderose@lockelord.com

J. Matthew Goodin
Locke Lord, LLP
111 S. Wacker Dr, Ste 4100
Chicago, IL 60606
(312) 443-0472
jmgoodin@lockelord.com

Tim J. Filer
Foster Garvey PC
1111 Third Ave, Ste 3000
Seattle, WA 98101
(206) 447-4400
tim.filer@foster.com

3. Attorneys for Defendant Transworld Systems Inc.

Justin Homes
Bryan C. Shartle
Sessions, Israel & Shartle, L.L.C.
3850 N. Causeway Blvd, Ste 200
Metairie, LA 70002-7227
(504) 828-3700
bshartle@sessions.legal
jhomes@sessions.legal

James K. Schultz
Sessions Fishman Nathan & Israel, LLP
1545 Hotel Circle S., Ste 150
San Diego, CA 92108
(619) 758-1891
jschultz@sessions.legal

Ryan W. Vollans
Williams Kastner & Gibbs, PLLC
601 Union St, Ste 4100
Seattle, WA 98101-2380
(206) 628-6600
rvollans@williamskastner.com

JOINT STATUS REPORT AND DISCOVERY PLAN - 14
2:18 cv 1132-TSZ

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

91638822v.1

4. <u>Attorneys for Defendants Matthew Cheung and Patenaude & Felix, APC</u>

Marc Rosenberg
Lee Smart, P.S., Inc.
1800 One Convention Place
701 Pike Street
Seattle, WA 98101-3929
(206) 624-7990
mr@leesmart.com

JOINT STATUS REPORT AND DISCOVERY PLAN - 15
2:18 cv 1132-TSZ

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

91638822v.1