The Hon. Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ESTHER HOFFMAN; SARAH DOUGLASS; ANTHONY KIM; and IL KIM and DARIA KIM, husband and wife and the marital community comprised thereof, on behalf of themselves and on behalf of others similarly situated,

Plaintiffs,

vs.

TRANSWORLD SYSTEMS INCORPORATED; PATENAUDE AND FELIX, A.P.C.; MATTHEW CHEUNG, and the marital community comprised of MATTHEW CHEUNG and JANE DOE CHEUNG; National Collegiate Student Loan Trust 2004-2; National Collegiate Student Loan Trust 2005-2; National Collegiate Student Loan Trust 2005-3; National Collegiate Student Loan Trust 2006-1; National Collegiate Student Loan Trust 2006-3; National Collegiate Student Loan Trust 2007-4,

Defendants.

Case No. C18-1132 TSZ

PLAINTIFFS' MOTION FOR LEAVE TO MOVE TO STRIKE AFFIRMATIVE DEFENSES UNDER FED. R. CIV. P. 12(f)(2)

NOTED FOR CONSIDERATION: May 7, 2021

## I.  RELIEF REQUESTED

Plaintiffs move for an order to allow the Court to consider Plaintiffs' untimely

arguments to strike Defendants' affirmative defenses under Fed. R. Civ. P. 12(f)(2) included

in Plaintiffs' Motion to Strike and Dismiss Defendants' Affirmative Defenses. Under Fed. R.

PLAINTIFFS' MOTION FOR LEAVE TO
MOVE TO STRIKE AFFIRMATIVE
DEFENSES UNDER FED. R. CIV. P. 12(f)(2)  - 1
(Case No. C18-1132 TSZ)

Berry&Beckett
PLLP

1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

1   Civ. P. 12(f)(2) Plaintiffs were required to file a motion to strike under Fed. R. Civ. P. 12(f)

2   no later than April 12, 2021, absent leave of Court. Plaintiffs are filing a motion for summary

3   judgment pursuant to Fed. R. Civ. P. 56(a) to dismiss certain affirmative defense asserted by

4   Defendants, and request the Court to also consider striking Defendants' 55 affirmative

5   defenses pursuant to Fed. R. Civ. P. 12(f). A copy of Plaintiffs' proposed Fed. R. Civ. P.

6   56(a) and 12(b)(2) motion is attached as Exhibit 1 to the Declaration of Guy W. Beckett filed

7   with this motion.

8

9                                      **II.  RELEVANT FACTS**

10         Each of the Defendants filed their Answers to Plaintiffs' Second Amended Complaint

11   on March 23, 2021. *See* Dkt. No.'s 139, 140, and 141. Plaintiffs are filing a motion for

12   summary judgment dismissal of certain affirmative defenses raised by the Defendants and

13   ask the Court to also consider whether all of Defendants' 55 affirmative defenses should be

14   stricken under Fed. R. Civ. P. 12(f) because they are insufficiently pled.

15

16                                        **III.  ARGUMENT**

17   **A.     The Court Should Consider Plaintiffs' Untimely Arguments to Strike
            Defendants' Affirmative Defenses Under Fed. R. Civ. P. 12(f) Included in
18          Plaintiffs' Motion to Strike and Dismiss Defendants' Affirmative Defenses.**

19         Fed. R. Civ. P. 12(f) provides as follows:

20         MOTION TO STRIKE.  The court may strike from a pleading an
           insufficient defense or any redundant, immaterial, impertinent, or
21         scandalous matter. The court may act:

22         (1)     on its own; or

23         (2)     on motion made by a party either before responding to the
           pleading or, if a response is not allowed, within 21 days after being
24         served with the pleading.

25

26

PLAINTIFFS' MOTION FOR LEAVE TO
MOVE TO STRIKE AFFIRMATIVE
DEFENSES UNDER FED. R. CIV. P. 12(f)(2) - 2
(Case No. C18-1132 TSZ)

Berry&Beckett
1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

1   Although under Fed. R. Civ. P. 12(f)(2) any motion to strike any of defendants' affirmative

2   defenses was required to be filed no later than April 13, 2021, the Court has the discretion to

3   allow Plaintiffs to file a motion to strike the affirmative defenses now under Fed. R. Civ. P.

4   6(b) and/or Fed. R. Civ. P. 12(f)(1).

5       Rule 6(b) provides that the Court may extend the time for filing a motion after the

6   deadline provided by the court rules "if the party failed to act because of excusable neglect."

7   Excusable neglect exists here. A draft Motion to Strike Affirmative Defenses was prepared

8   and ready to file on April 12, 2021, but due to a miscommunication between Plaintiffs' co-

9   counsel attendant to one of counsel's vacations, the motion was not timely filed. *See*

10  Declaration of Guy W. Beckett in Support of Plaintiffs' Motion for Leave to Move to Strike

11  Affirmative Defenses Under Fed. R. Civ. P. 12(f)(2) ("Beckett Decl.") at 1-2. Under the

12  circumstances, the Court should agree that the Plaintiffs' failure to timely file the motion was

13  due to excusable neglect and consider Plaintiff's arguments to strike Defendants' 55

14  affirmative defenses that are included within Plaintiffs' Motion to Strike and Dismiss

15  Defendants' Affirmative Defenses.

16      The Court also has the discretion to consider Plaintiffs' arguments to strike

17  Defendants' affirmative defense under Fed. R. Civ. P. 12(f)(1). District courts in the Ninth

18  Circuit have permitted plaintiffs to file untimely motions to strike under Rule 12(f)(2) under

19  Rule 12(f)(1). For example, in *Taylor v. Stave, Inc.,* No. CV 15-4-190 FMO (ASX), 2016 WL

20  6674987 (C.D. Cal. Jan. 4, 2016), the plaintiff filed a Rule 12(f)(2) motion forty-one days

21  after the Defendant filed its Answer. The Defendant argued that the motion was untimely and

22  should be denied for that reason alone. The Court disagreed, concluding that the benefits

Berry&Beckett
1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

1   gained from the Court's consideration of the motion outweighed the time issue:

2   
3   
4   
5   
6   
7   
8
> Plaintiff filed his Motion 41 days after The Stave filed its Answer…. As defendant points out, Federal Rule of Civil Procedure 12(f)(2) states that a motion to strike may be made "within 21 days after being served with the pleading." …. Defendant's argument fails to acknowledge, however, that Rule 12(f)(1) gives the court authority to strike from a pleading "on its own." …. It therefore cannot be disputed that "the Court has the power to consider the motion and also to strike portions of the pleadings sua sponte. (Citation omitted). Because ***sorting out defendant's affirmative defenses at this time will streamline the litigation***, the court will consider the merits of the Motion and the sufficiency of defendant's affirmative defenses.

9   *Id.* at *1-2 (emphasis supplied).

10       Similarly, in *Sprint Sols, Inc. v. Pac. Cellupage, Inc.,* No. 213CV07862CASJCG,

11   2014 WL 12610204 (C.D. Cal. Dec. 17, 2014), although the court denied plaintiffs' untimely

12   Rule 12(f)(2) motion as moot because the defendants informed the court that they would

13   withdraw most of the objectionable defenses, the court ruled that it had the authority to

14   
15   consider the motion:

16   
17   
18   
19   
20   
21   
22   
23
> Defendants argue that … plaintiffs' motion is untimely under Federal Rule of Civil Procedure 12(f)(2), which requires that a motion to strike a pleading to which a response is not allowed be filed within 21 days of service of the pleading. But regardless of whether the motion was timely filed, because a district court "may make appropriate orders to strike under [Rule 12(f)] at any time on its own initiative," the Court "may consider and grant an untimely motion to strike where it seems proper to do so." *Campbell v. Pricewaterhouse Coopers, LLP,* No. CIV S-06-2376 LKK/GGH, 2007 WL 841694, at *2 (E.D. Cal. Mar. 20, 2007); *see* 5C Wright & Miller, Federal Practice and Procedure, Civil § 1380 (3d ed. 2004) ("The authority given the court by the rule to strike an insufficient defense on its 'own initiative at any time' has been interpreted to allow the district court to consider untimely motions to strike and to grant them if doing so seems proper.").

24   *Id.* at *2.

25   
26

PLAINTIFFS' MOTION FOR LEAVE TO
MOVE TO STRIKE AFFIRMATIVE
DEFENSES UNDER FED. R. CIV. P. 12(f)(2)  - 4
(Case No. C18-1132 TSZ)

Berry&Beckett
PLLP
1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

1    Consideration of the Plaintiffs' Rule 12(f) arguments included in Plaintiffs' Motion to

2   Strike and Dismiss Defendants' Affirmative Defenses will help the Court streamline the

3   pleadings and will assist in reducing some of the complexity attendant to this case. Fed. R.

4   Civ. P. 1 (civil rules should be "construed, administered, and employed by the court and the

5   parties to secure the just, speedy, and inexpensive determination of every action and

6   proceeding"). Further, the Court's consideration of these issues will not prejudice Defendants

7   as the arguments are included within a motion to which Defendants will already be

8   responding. Accordingly, the Court should consider Plaintiffs' untimely Fed. R. Civ. P 12(f)

9   arguments contained in Plaintiffs' Motion to Strike and Dismiss Defendants' Affirmative

10   Defenses.

11    A proposed Order is submitted with this motion.

12    DATED: April 27, 2021.

13

14   *Attorneys for Plaintiffs*:

15   LEONARD LAW                                  BERRY & BECKETT, PLLP

16   __/s/ Sam Leonard_____             /s/ Guy Beckett_____
     Sam Leonard, WSBA #46498                     Guy W. Beckett, WSBA #14939
17   3614 California Ave. SW, #151                 1708 Bellevue Avenue
     Seattle, WA  98116                           Seattle, WA  98122
18   Telephone:  (206) 486-1176                    Telephone:  (206) 441-5444
     Facsimile:  (206) 458-6028                    Facsimile:   (206) 838-6346
19   E-mail:  sam@seattledebtdefense.com           E-mail:  gbeckett@beckettlaw.com

20   HENRY & DeGRAAFF, P.S.                         NORTHWEST CONSUMER LAW CENTER

21    /s/ Christina Henry_____           /s/ Amanda Martin_____
     Christina L. Henry, WSBA #31273               Amanda N. Martin, WSBA #49581
22   787 Maynard Ave. S.                           936 North 34th Street, Suite 300
     Seattle, WA  98104                            Seattle, WA 98103
23   Telephone:  (206) 330-0595                    Telephone:  (206) 805-0989

24

25

26

PLAINTIFFS' MOTION FOR LEAVE TO
MOVE TO STRIKE AFFIRMATIVE
DEFENSES UNDER FED. R. CIV. P. 12(f)(2)  - 5
(Case No. C18-1132 TSZ)

Berry&Beckett
1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

1

Facsimile:   (206) 400-7609                    Facsimile:   (206) 805-1716
E-mail:  chenry@HDM-legal.com          E-mail:  Amanda@NWCLC.org

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' MOTION FOR LEAVE TO
MOVE TO STRIKE AFFIRMATIVE
DEFENSES UNDER FED. R. CIV. P. 12(f)(2)  - 6
(Case No. C18-1132 TSZ)

Berry&Beckett
1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346