1

2

3

4

5

6

7

The Honorable Thomas S. Zilly

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

10

11

12

13

14

15

16

ESTHER HOFFMAN, et al.,

Plaintiffs,

vs.

TRANSWORLD SYSTEMS
INCORPORATION; et al.,

Defendants.

NO. C18-1132 TSZ

TRUST DEFENDANTS' AMENDED
ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFFS' SECOND
AMENDED COMPLAINT

17

18

19

20

21

22

23

24

25

26

Defendants National Collegiate Student Loan Trust 2004-2 (the "2004-2 Trust"),
National Collegiate Student Loan Trust 2005-2 (the "2005-2 Trust"), National Collegiate
Student Loan Trust 2005-3 (the "2005-3 Trust"), National Collegiate Student Loan Trust 2006-
1 (the "2006-1 Trust"), National Collegiate Student Loan Trust 2006-3 (the "2006-3 Trust"),
and National Collegiate Student Loan Trust 2007-4 (the "2007-4 Trust", collectively, the "Trust
Defendants") submit this amended answer and affirmative defenses to Plaintiffs' Second
Amended Complaint (ECF 61, the "SAC") as follows:

1

## I.      INTRODUCTION

2       To the extent any response is required, the Trust Defendants deny any and all

3  allegations contained in the "Introduction" to Plaintiffs' SAC.

4

## II.      JURISDICTION AND VENUE

5       1.      The Trust Defendants lack knowledge and information sufficient to form a

6  belief as to the truth of the allegations in Paragraph 1, except to admit that this action was

7  removed from King County Superior Court by Transworld Systems Incorporated ("TSI"),

8  Patenaude and Felix, A.P.C. ("P&F") and Matthew Cheung.

9       2.      The Trust Defendants admit the first sentence of Paragraph 2. The second

10  sentence alleges legal conclusions to which no response is required.

11       3.      The allegations in Paragraph 3 are legal conclusions to which no response is

12  required.

13

## III.      THE PARTIES

14       4.      The Trust Defendants admit Esther Hoffman is a person. The remaining

15  allegations in Paragraph 4 are legal conclusions to which no response is required. To the extent

16  the allegations call for an answer, the Trust Defendants lack knowledge and information

17  sufficient to form a belief as to the truth of the allegations in Paragraph 4.

18       5.      The Trust Defendants admit that Sarah Douglass is a person. The remaining

19  allegations in Paragraph 5 are legal conclusions to which no response is required. To the extent

20  the allegations call for an answer, the Trust Defendants lack knowledge and information

21  sufficient to form a belief as to the truth of the allegations in Paragraph 5.

22       6.      The Trust Defendants admit that Anthony Kim is a person. The remaining

23  allegations in Paragraph 6 are legal conclusions to which no response is required. To the extent

24  the allegations call for an answer, the Trust Defendants lack knowledge and information

25  sufficient to form a belief as to the truth of the allegations in Paragraph 6.

26

TRUST DEFENDANTS' AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND
AMENDED COMPLAINT - 2
Case No. C18-1132 TSZ

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON  98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

FG:54309314.1

7.     The Trust Defendants admit that Daria Kim is a person. The remaining allegations in Paragraph 7 are legal conclusions to which no response is required. To the extent the allegations call for an answer, the Trust Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8.     The Trust Defendants admit that Il Kim is a person. The remaining allegations in Paragraph 8 are legal conclusions to which no response is required. To the extent the allegations call for an answer, the Trust Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9.     The Trust Defendants admit, solely as to themselves, that they are each trusts organized under the laws of the State of Delaware. The Trust Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9.

10.     The allegations in Paragraph 10 are legal conclusions to which no response is required. To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 10.

11.     The allegations in Paragraph 11 are legal conclusions to which no response is required. To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 11 except admit that they retain loan servicers to service the loans they hold.

12.     The allegations in Paragraph 12 are legal conclusions to which no response is required. To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 12, except admit that they have retained TSI to service loans on their behalf and have retained P&F to provide legal services.

13.     The Trust Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

TRUST DEFENDANTS' AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND
AMENDED COMPLAINT - 3
Case No. C18-1132 TSZ

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3296
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

FG:54309314.1

14.     The Trust Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15.     The Trust Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 15, except the Trust Defendants admit that they hold student loan debt and that they retain servicers, including TSI, to service the loans.

16.     The allegations in Paragraph 16 are legal conclusions and to which no response is required. To the extent a response is required, the Trust Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17.     The allegations in Paragraph 17 are legal conclusions to which no response is required. To the extent a response is required, the Trust Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18.     The allegations in Paragraph 18 are legal conclusions to which no response is required. To the extent a response is required, the Trust Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19.     The allegations in Paragraph 19 are legal conclusions to which no response is required. To the extent a response is required, the Trust Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20.     To the extent Paragraph 20 alleges that the Trust Defendants created agency relationships with TSI or NCO, who in turn created further agency relationships with other entities to undertake debt collection on behalf of the Trust Defendants, those are legal conclusions to which no response is required. To the extent an answer is required, the Trust Defendants admit that they have retained TSI as a loan servicer. The Trust Defendants deny that TSI directs all servicing efforts in the State of Washington on their behalf. The Trust Defendants admit that TSI does manage the conduct of some litigation on behalf of the Trust Defendants in the State of Washington. The Trust Defendants deny that all of the actions

TRUST DEFENDANTS' AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND
AMENDED COMPLAINT - 4
Case No. C18-1132 TSZ

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

alleged in this complaint were taken for the benefit of the Trust Defendants. The Trust Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20.

21.     The Trust Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22.     The Trust Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23.     The Trust Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, except the Trust Defendants admit that P&F has acted as counsel for the Trust Defendants in lawsuits filed in the State of Washington.

25.     The allegations in Paragraph 25 are legal conclusions to which no response is required. To the extent a response is required, the Trust Defendants admit that P&F has sent letters on their behalf to borrowers in Washington in connection with student loans held by the Trust Defendants. The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 to the extent they relate to persons or entities other than the Trust Defendants.

26.     The Trust Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27.     The allegations in Paragraph 27 are legal conclusions to which no response is required. To the extent a response is required, the Trust Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

TRUST DEFENDANTS' AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND
AMENDED COMPLAINT - 5
Case No. C18-1132 TSZ

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

FG:54309314.1

28.     The allegations in Paragraph 28 are legal conclusions to which no response is required. To the extent a response is required, the Trust Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29.     The allegations in Paragraph 29 are legal conclusions to which no response is required. To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 29 so far as they relate to the Trust Defendants. The Trust Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 29 relating to persons or entities other than the Trust Defendants.

30.     The Trust Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

31.     The allegations in Paragraph 31 are legal conclusions to which no response is required. To the extent a response is required, the Trust Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32.     The allegations in Paragraph 32 are legal conclusions to which no response is required. To the extent a response is required, the Trust Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33.     The allegations in Paragraph 33 are legal conclusions to which no response is required. To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 33 so far as they relate to the Trust Defendants. The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 to the extent they relate to persons or entities other than the Trust Defendants.

34.     The allegations in Paragraph 34 are legal conclusions to which no response is required. To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 34 so far as they relate to the Trust Defendants. The Trust Defendants lack

TRUST DEFENDANTS' AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND
AMENDED COMPLAINT - 6
Case No. C18-1132 TSZ

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

FG:54309314.1

1    knowledge or information sufficient to form a belief as to the truth of the allegations in

2    Paragraph 34 to the extent they related to persons or entities other than the Trust Defendants.

3          35.    The allegations in Paragraph 35 are legal conclusions to which no response is

4    required. To the extent an answer is required, the Trust Defendants lack knowledge and

5    information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

6          36.    The allegations in Paragraph 36 are legal conclusions to which no response is

7    required. To the extent an answer is required, the Trust Defendants lack knowledge and

8    information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

9          37.    The allegations in Paragraph 37 are legal conclusions to which no response is

10   required. To the extent a response is required, Trust Defendants lack knowledge and

11   information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

12         38.    The allegations in Paragraph 38 are legal conclusions to which no response is

13   required. To the extent a response is required, the Trust Defendants admit they have retained

14   P&F as attorneys to represent them in lawsuits in the State of Washington. Trust Defendants

15   deny the remaining allegations in Paragraph 38 to the extent they relate to the Trust

16   Defendants. The Trust Defendants lack knowledge or information sufficient to form a belief as

17   to the truth of the allegations in Paragraph 38 to the extent they related to persons or entities

18   other than the Trust Defendants.

19         39.    The Trust Defendants lack knowledge or information sufficient to form a belief

20   as to the truth of the allegations in Paragraph 39.

21         40.    The Trust Defendants lack knowledge or information sufficient to form a belief

22   as to the truth of the allegations in Paragraph 40.

23         41.    The allegations in Paragraph 41 are legal conclusions to which no response is

24   required. To the extent a response is required, the Trust Defendants deny the allegations in

25   Paragraph 41.

26

TRUST DEFENDANTS' AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND
AMENDED COMPLAINT - 7
Case No. C18-1132 TSZ

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

FG:54309314.1

1

## IV.   FACTS

2

**A.   Plaintiff Esther Hoffman.**

3    42.    The 2004-2 Trust admits the allegations in Paragraph 42. The remaining Trust

4    Defendants lack knowledge or information sufficient to form a belief as to the truth of the

5    allegations contained in Paragraph 42.

6    43.    The Trust Defendants lack knowledge or information sufficient to form a belief

7    as to the truth of the allegations contained in Paragraph 43.

8    44.    The Trust Defendants lack knowledge or information sufficient to form a belief

9    as to the truth of the allegations contained in Paragraph 44. The 2004-2 Trust does admit that

10   the amounts due on Esther Hoffman's loan were not paid.

11   45.    The Trust Defendants lack knowledge or information sufficient to form a belief

12   as to the truth of the allegations in Paragraph 45, except the 2004-2 Trust admits that it filed a

13   lawsuit against Esther Hoffman and that Esther Hoffman made some small payments to P&F.

14   46.    The Trust Defendants lack knowledge or information sufficient to form a belief

15   as to the truth of the allegations in Paragraph 46.

16   47.    The 2004-2 Trust admits that it filed a lawsuit styled *National Collegiate*

17   *Student Loan Trust 2004-2 v. Esther Hoffman* (Snohomish County Superior Court Case No. 16-

18   2-15162-31) on June 8, 2016 and states that the docket and filings in that action speak for

19   themselves. The remaining Trust Defendants lack knowledge or information sufficient to form

20   a belief as to the truth of the allegations contained in Paragraph 47.

21   48.    The 2004-2 Trust admits the allegations in Paragraph 48. The remaining Trust

22   Defendants lack knowledge or information sufficient to form a belief as to the truth of the

23   allegations contained in Paragraph 48.

24

25

26

TRUST DEFENDANTS' AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND
AMENDED COMPLAINT - 8
Case No. C18-1132 TSZ

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

FG:54309314.1

49.     The 2004-2 Trust admits the allegations in Paragraph 49. The remaining Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49.

50.     The Trust Defendants state that Mr. Turner's affidavit speaks for itself.

51.     The 2004-2 Trust admits that a document entitled Pool Supplement was attached to Mr. Turner's affidavit. The 2004-2 Trust admits that the Pool Supplement attached to Mr. Turner's affidavit has a footer that reads in part "http://www.sec.gov/Archives/edgar/data/ ....". The 2004-2 Trust denies any remaining allegations in Paragraph 51. The remaining Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51. All of the Trust Defendants state that the Pool Supplement speaks for itself.

52.     The 2004-2 Trust admits that page 4 of the Pool Supplement attached to Mr. Turner's affidavit is entitled Schedule 2. The remaining Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52. All of the Trust Defendants state that the page entitled Schedule 2 speaks for itself.

53.     The 2004-2 Trust admits that the "2004-2 Sale Agreement" was attached to Mr. Turner's affidavit. The remaining Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph  58. All of the Trust Defendants state that the "2004-2 Sale Agreement" speaks for itself.

54.     The Trust Defendants state that the "2004-2 Sale Agreement" speaks for itself.

55.     The Trust Defendants state that Mr. Turner's affidavit speaks for itself.

56.     The Trust Defendants deny the allegations in Paragraph 56.

57.     The Trust Defendants deny the allegations in Paragraph 57.

58.     The 2004-2 Trust states that the docket and referenced filings in *National Collegiate Student Loan Trust 2004-2 v. Esther Hoffman* (Snohomish County Superior Court

TRUST DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT - 9
Case No. C18-1132 TSZ

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

FG:54309314.1

1    Case No. 16-2-15162-31) speak for themselves. The remaining Trust Defendants

2    lack knowledge or information sufficient to form a belief as to the truth of the allegations

3    contained in Paragraph 58.

4         59.    The 2004-2 Trust admits that garnishment papers were sent directly to

5    Hoffman's last known address, as required by Washington statute, RCW 6.27.130(1). The

6    remaining Trust Defendants lack knowledge or information sufficient to form a belief as to the

7    truth of the allegations in Paragraph 59.

8         60.    The Trust Defendants state that the documents referenced in Paragraph 60 speak

9    for themselves.

10        61.    The Trust Defendants lack knowledge or information sufficient to form a belief

11   as to the truth of the allegations in Paragraph 61.

12        62.    The Trust Defendants lack knowledge or information sufficient to form a belief

13   as to the truth of the allegations in Paragraph 62.

14        63.    The Trust Defendants lack knowledge or information sufficient to form a belief

15   as to the truth of the allegations in Paragraph 63.

16        64.    The Trust Defendants admit that TSI entered into a Consent Order with the

17   CFPB and state that the TSI Consent Order speaks for itself. The Trust Defendants deny the

18   allegations in Paragraph 64 to the extent they purport to relate to the Trust Defendants. The

19   Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the

20   allegations in Paragraph 64 to the extent they relate to persons or entities other than the Trust

21   Defendants.

22        65.    The Trust Defendants lack knowledge or information sufficient to form a belief

23   as to the truth of the allegations in Paragraph 65. To the extent that Paragraph 65 references

24   certain documents, those documents speak for themselves.

25

26

TRUST DEFENDANTS' AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND
AMENDED COMPLAINT - 10
Case No. C18-1132 TSZ

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

FG:54309314.1

66.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66.

67.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67.

**B.     Plaintiff Sarah Douglass.**

68.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68.

69.     The 2006-3 Trust admits the allegations in Paragraph 69. The remaining Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69.

70.     The 2006-3 Trust admits the allegations in Paragraph 70. The remaining Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70.

71.     The 2006-3 Trust admits that it properly brought two actions against Sarah Douglass and obtained default judgments. The 2006-3 Trust lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 71. The remaining Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in Paragraph 71.

72.     The 2006-3 Trust admits, on April 24, 2017, it filed a summons and complaint against Sarah Douglass in King County Superior Court Case No. 17-2-10605-4 and filed a summons and complaint against her in King County Superior Court Case No. 17-2-10604-6. The remaining Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72.

73.     The 2006-3 Trust admits that it filed for the referenced default judgments on April 25, 2017. The 2006-3 Trust states that those filings speak for themselves. The remaining

TRUST DEFENDANTS' AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND
AMENDED COMPLAINT - 11
Case No. C18-1132 TSZ

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

FG:54309314.1

1   Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the

2   allegations contained in Paragraph 73.

3       74.     The 2006-3 Trust admits that it filed an Affidavit and Verification of Account

4   sworn to by Brian Jackson in the case styled *National Collegiate Student Loan Trust 2006-3 v.*

5   *Sarah Douglass,* King County Superior Court Case No. 17-2-10604-6 and the case styled

6   *National Collegiate Student Loan Trust 2006-3 v. Sarah Douglass,* King County Superior

7   Court Case No. 17-2-10605-4. The remaining Trust Defendants lack knowledge or information

8   sufficient to form a belief as to the truth of the allegations contained in Paragraph 74.

9       75.     The Trust Defendants state that Mr. Jackson's affidavits in the cases styled

10  *National Collegiate Student Loan Trust 2006-3 v. Sarah Douglass,* King County Superior

11  Court Case No. 17-2-10604-6 and *National Collegiate Student Loan Trust 2006-3 v. Sarah*

12  *Douglass,* King County Superior Court Case No. 17-2-10605-4 speak for themselves.

13      76.     The 2006-3 Trust admits that a copy of a document entitled "2006-3 Pool

14  Supplement" was attached to both of Mr. Jackson's affidavits. The 2006-3 Trust further states

15  that the "2006-3 Pool Supplement" speaks for itself. The remaining Trust Defendants

16  lack knowledge or information sufficient to form a belief as to the truth of the allegations

17  contained in Paragraph 76.

18      77.     The 2006-3 Trust admits that a copy of a document entitled "2006-3 Sale

19  Agreement" was attached to both of Mr. Jackson's affidavits. The 2006-3 Trust further states

20  that the "2006-3 Sale Agreement" speaks for itself. The remaining Trust Defendants

21  lack knowledge or information sufficient to form a belief as to the truth of the allegations

22  contained in Paragraph 77.

23      78.     The Trust Defendants state that the "2006-3 Sale Agreement" speaks for itself.

24      79.     The Trust Defendants state that Mr. Jackson's affidavits speak for themselves.

25      80.     The Trust Defendants deny the allegations in Paragraph 80.

26

TRUST DEFENDANTS' AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND
AMENDED COMPLAINT - 12
Case No. C18-1132 TSZ

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

FG:54309314.1

81.     The 2006-3 Trust denies the allegations in the first sentence of Paragraph 81. In response to the remaining allegations in Paragraph 81, the 2006-3 Trust refers to King County Superior Court Case No. 17-2-10605-4 and King County Superior Court Case No. 17-2-10605-6 and states the dockets and filings in each action speak for themselves. The remaining Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81.

82.     The 2006-3 Trust admits that any orders of the court entered on November 17, 2017 speak for themselves. The remaining Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82.

83.     The 2006-3 Trust admits that any orders of the court entered on March 20, 2017 speak for themselves. The remaining Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83.

84.     The 2006-3 Trust admits that any orders of the court entered on August 1, 2018 speak for themselves. The remaining Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84.

85.     The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85.

**C.      Plaintiffs Anthony Kim, Il Kim, and Daria Kim.**

86.     The 2005-2 Trust, 2005-3 Trust, 2006-1 Trust, 2006-3 Trust and 2007-4 Trust admit the allegations in Paragraph 86 to the extent that they state Anthony Kim took out six student loans from Bank One and Bank of America totaling $76,500. The 2005-2 Trust, 2005-3 Trust, 2006-1 Trust, 2006-3 Trust and 2007-4 Trust lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 86. The 2004-2 Trust lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in Paragraph 86.

TRUST DEFENDANTS' AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND
AMENDED COMPLAINT - 13
Case No. C18-1132 TSZ

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

FG:54309314.1

1    87.    The Trust Defendants lack knowledge or information sufficient to form a belief

2    as to the truth of the allegations in Paragraph 87.

3    88.    The 2005-2 Trust denies that it served Daria Kim on January 23, 2015 with a

4    summons for a case filed by P&F on behalf of National Collegiate Student Loan Trust 2005-2

5    against Anthony Kim and Il Kim in Snohomish County Superior Court, Case No. 15-2-04465-

6    4. The 2005-2 Trust admits it brought a case styled *National Collegiate Loan Trust 2005-2 v.*

7    *Tony Kim and Daria Kim* (Snohomish County Superior Court Case No. 15-2-03144-7). The

8    2006-3 Trust admits that it brought a case styled *National Collegiate Loan Trust 2006-3 v.*

9    *Tony Kim and Il Kim* (Snohomish County Superior Court Case No. 15-2-04465-4). The 2005-2

10   Trust and 2006-3 Trust admit that a process server declared under penalty of perjury that he

11   served the summons and complaint in both of these suits on Daria Kim on January 23, 2015.

12   The remaining Trust Defendants lack knowledge or information sufficient to form a belief as to

13   the truth of any of the allegations in Paragraph 88.

14   89.    The 2005-2 Trust, 2005-3 Trust, 2006-1 Trust, 2006-3 Trust and 2007-4 Trust

15   admit that Daria Kim made certain statements about having not received summonses and

16   complaints to P&F and that P&F controverted those statements. The 2005-2 Trust, 2005-3

17   Trust, 2006-1 Trust, 2006-3 Trust and 2007-4 Trust lack knowledge or information sufficient to

18   form a belief as to the truth of the remaining allegations in Paragraph 89. The 2004-2 Trust

19   lacks knowledge or information sufficient to form a belief as to the truth of any of the

20   allegations in Paragraph 89.

21   90.    The 2006-3 Trust admits that Anthony Kim filed a Pro Se Notice of Appearance

22   in the Snohomish County Superior Court Case No. 15-2-04465-4. The remaining Trust

23   Defendants lacks knowledge or information sufficient to form a belief as to the truth of the

24   allegations in Paragraph 90.

25

26

TRUST DEFENDANTS' AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND
AMENDED COMPLAINT - 14
Case No. C18-1132 TSZ

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

FG:54309314.1

91.     The Trust Defendants deny the allegations of Paragraph 91 to the extent they state the 2005-2 Trust, 2005-3 Trust, 2006-1 Trust, 2006-3 Trust and 2007-4 Trust did not own the loans. The 2004-2 Trust lacks knowledge or information sufficient to form a belief as to the allegations regarding ownership of the loans. The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 91 regarding the Kims' knowledge.

92.     The 2006-3 Trust admits that Anthony Kim's Response to Complaint filed in Snohomish County Superior Court Case No. 15-2-04465-4 stated that he contacted P&F "to make good faith payment arrangements but they will not accept my arrangement of $50.00/month." The 2006-3 Trust lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 92. The remaining Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of any of the allegations in Paragraph 92.

93.     The 2006-3 Trust admits that Anthony Kim made several payments in connection with his purported promise to pay $50.00 each month to repay the student loans at issue in Snohomish County Superior Court Case No. 15-2-04465-4, but then stopped. The 2006-3 Trust lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 93. The remaining Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of any of the allegations in Paragraph 93.

94.     The 2005-2 Trust admits that it served a bank levy and wage garnishment on Anthony Kim in June 2015. The 2005-3 Trust admits that it served a wage garnishment on Anthony Kim in October 2015. The 2007-4 Trust admits that it served a wage garnishment on Anthony Kim in July 2015. The remaining Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94.

TRUST DEFENDANTS' AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND
AMENDED COMPLAINT - 15
Case No. C18-1132 TSZ

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

FG:54309314.1

95.     The 2005-2 Trust, 2005-3 Trust, 2006-1 Trust and 2007-4 Trust state that declarations of service attesting to proper service were filed in each of the matters they brought against Anthony Kim. The remaining Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95.

96.     The 2005-2 Trust admits the allegations in Paragraph 96. The remaining Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96.

97.     The 2005-2 Trust admits the allegations in Paragraph 97. The remaining Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97.

98.     The 2005-2 Trust, 2005-3 Trust, 2006-1 Trust, and 2007-4 Trust admit that they filed an "Affidavit and Verification of Account" sworn to by Dudley Turner in Snohomish County Superior Court Case Nos. 15-2-03144-7, 15-2-03146-3, 15-2-04016-1, 15-2-04015-2, and 15-2-04014-4. The 2004-2 Trust and 2006-3 Trust lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98.

99.     The Trust Defendants state that Mr. Turner's affidavits speak for themselves.

100.    The 2006-1 Trust and 2005-3 Trust state that Mr. Turner' affidavits, and any attachments thereto, filed in Snohomish County Superior Case No's. 15-2-04015-2 and 15-2-04016-1 speak for themselves. The remaining Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100.

101.    To the extent the allegations in Paragraph 101 relate to Mr. Turner's affidavits filed in Snohomish County Superior Case No's. 15-2-04015-2 and 15-2-04016-1, the 2006-1 Trust and 2005-3 Trust state that the Mr. Turner' affidavits, and any attachments thereto, speak for themselves. The remaining Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 so far as they relate to Mr.

TRUST DEFENDANTS' AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND
AMENDED COMPLAINT - 16
Case No. C18-1132 TSZ

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

FG:54309314.1

1  Turner's affidavits filed in Snohomish County Superior Case No's. 15-2-04015-2 and 15-2-

2  04016-1. To the extent the allegations in Paragraph 101 relate to other Pool Supplements, the

3  Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the

4  allegations.

5      102.    The 2005-2 Trust and 2007-4 Trust state that the Mr. Turner' affidavits, and any

6  attachments thereto, filed in Snohomish County Superior Court Case No.'s 15-2-03144-7, 15-2-

7  03146-3, and 15-2-04014-4 speak for themselves. The remaining Trust Defendants lack

8  knowledge or information sufficient to form a belief as to the truth of the allegations in

9  Paragraph 102.

10     103.    To the extent the allegations in Paragraph 103 relate to Snohomish County

11  Superior Court Case No.'s 15-2-03144-7, 15-2-03146-3, 15-2-04014-4, 15-2-04015-2 and 15-

12  2-04016-1, the 2005-2 Trust, 2005-3 Trust, 2006-1 Trust, and 2007-4 Trust state that Mr.

13  Turner's affidavits, and the documents attached thereto, speak for themselves. To the extent the

14  allegations in Paragraph 103 relate to Snohomish County Superior Court Case No.'s 15-2-

15  03144-7, 15-2-03146-3, 15-2-04014-4, 15-2-04015-2 and 15-2-04016-1, the remaining Trust

16  Defendants lack knowledge or information sufficient to form a belief as to the truth of the

17  allegations in Paragraph 103. To the extent the allegations of Paragraph 103 relate to other

18  affidavits, all of the Trust Defendants lack knowledge or information sufficient to form a belief

19  as to the truth of the allegations.

20     104.    To the extent the allegations in Paragraph 104 relate to documents filed in

21  Snohomish County Superior Court Case No.'s 15-2-03144-7, 15-2-03146-3, 15-2-04014-4, 15-

22  2-04015-2 and 15-2-04016-1, the Trust Defendants state that those documents speak for

23  themselves. To the extent the allegations in Paragraph 104 relate to other documents, the Trust

24  Defendants lack knowledge or information sufficient to form a belief as to the truth of the

25  allegations.

26

TRUST DEFENDANTS' AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND
AMENDED COMPLAINT - 17
Case No. C18-1132 TSZ

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

1    105.    The Trust Defendants state that Mr. Turner's affidavits filed in Snohomish

2    County Superior Court Case No.'s 15-2-03144-7, 15-2-03146-3, 15-2-04014-4, 15-2-04015-2

3    and 15-2-04016-1 speak for themselves.

4    106.    The Trust Defendants lack knowledge or information sufficient to form a belief

5    as to the truth of the allegations in Paragraph 106.

6    107.    The Trust Defendants lack knowledge or information sufficient to form a belief

7    as to the truth of the allegations in Paragraph 107.

8    108.    The Trust Defendants lack knowledge or information sufficient to form a belief

9    as to the truth of the allegations in Paragraph 108.

10    109.    The Trust Defendants deny the allegations in Paragraph 109.

11    110.    The Trust Defendants deny the allegations in Paragraph 110.

12    111.    The 2005-2 Trust, 2005-3 Trust, 2006-1 Trust, 2006-3 Trust and 2007-4 Trust

13    admit that after judgment was entered against Mr. Kim in case number 15-2-03144-7, P&F

14    reached out to him and offered to engage in settlement discussions with him. The 2004-2 Trust

15    lacks knowledge or information sufficient to form a belief as to the truth of the allegations in

16    Paragraph 111.

17    112.    The 2005-2 Trust, 2005-3 Trust, 2006-1 Trust, 2006-3 Trust and 2007-4 Trust

18    admit that P&F continued in its efforts to try and settle with Mr. Kim on his admittedly owing

19    accounts. The 2004-2 Trust lacks knowledge or information sufficient to form a belief as to the

20    truth of the allegations in Paragraph 112.

21    113.    The 2005-2 Trust, 2005-3 Trust, 2006-1 Trust, 2006-3 Trust and 2007-4 Trust

22    admit only that the court garnishment records speak for themselves, and deny any allegations

23    inconsistent with the court's records. The 2004-2 Trust lacks knowledge or information

24    sufficient to form a belief as to the truth of the allegations in Paragraph 113.

25

26

TRUST DEFENDANTS' AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND
AMENDED COMPLAINT - 18
Case No. C18-1132 TSZ

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

FG:54309314.1

114.   2005-2 Trust admits only that the court garnishment records speak for themselves, and denies any allegations inconsistent with the court's records. The remaining Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114.

115.   The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115.

116.   The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116.

**D.   NCSLT's Collection History.**

117.   The Trust Defendants admit that P&F has sometimes filed lawsuits in Washington courts against borrowers located in Washington with regard to student loan debt held by the Trust Defendants. The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 117.

118.   The allegations in Paragraph 118 are legal conclusions to which no response is required. To the extent an answer is required, the Trust Defendants admit that since 2014, TSI has serviced loans on their behalf. The Trust Defendants deny that TSI is their "debt collector." The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 to the extent they relate to persons or entities other than the Trust Defendants

119.   The allegations in Paragraph 119 are legal conclusions to which no response is required. To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 119.

120.   The Trust Defendants do not understand the allegations set forth in Paragraph 120 sufficiently so as to be able to answer them. To the extent an answer is required, the Trust

TRUST DEFENDANTS' AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND
AMENDED COMPLAINT - 19
Case No. C18-1132 TSZ

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

FG:54309314.1

1    Defendants lack knowledge or information sufficient to form a belief as to the truth of the

2    allegations set forth in Paragraph 120.

3         121.    The Trust Defendants deny the allegations in Paragraph 121.

4         122.    The Trust Defendants deny the allegations in Paragraph 122.

5         123.    The Trust Defendants deny the allegations in Paragraph 123.

6         124.    The Trust Defendants deny the allegations in Paragraph 124.

7         125.    The Trust Defendants deny the allegations in Paragraph 125.

8         126.    The Trust Defendants deny the allegations in Paragraph 126.

9    **E.      Consumer Financial Protection Bureau's TSI Consent Order.**

10        127.    The Trust Defendants lack knowledge or information sufficient to form a belief

11   as to the truth of the allegations in Paragraph 127, except to reference the Consent Order that

12   was filed on September 18, 2017 in the proceeding *In the Matter of Transworld Systems, Inc.*,

13   2017-CFPB-0018 (the "Consent Order"), which speaks for itself.

14        128.    The Trust Defendants lack knowledge or information sufficient to form a belief

15   as to the truth of the allegations in Paragraph 128, except to reference the Consent Order, which

16   speaks for itself.

17        129.    The Trust Defendants admit that a document that purports to be the Consent

18   Order is attached to this complaint as Exhibit A and state that the Consent Order speaks for

19   itself.

20        130.    The Trust Defendants admit that a document that purports to be a Stipulation

21   and Consent to the Issuance of a Consent Order is attached to this complaint as Exhibit B and

22   further state that this document speaks for itself. The Trust Defendants lack knowledge or

23   information sufficient to form a belief as to the truth of the remaining allegations in Paragraph

24   130.

25

26

TRUST DEFENDANTS' AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND
AMENDED COMPLAINT - 20
Case No. C18-1132 TSZ

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

131.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131, except to reference the Consent Order, which speaks for itself.

132.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132, except to reference the Consent Order, which speaks for itself.

133.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133, except to reference the Consent Order, which speaks for itself.

134.    The allegations in Paragraph 134 contain legal conclusions to which no response is required. To the extent a response is required, the Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134, except to reference the "TSI Stipulation," which speaks for itself.

135.    The allegations in Paragraph 135 contain legal conclusions to which no response is required. To the extent a response is required, the Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135, except to reference the Consent Order, which speaks for itself.

**F.      NCSLT's Agreed to a Consent Judgment with the CFPB Pursuant to Which They Would Cease Litigation and All Collection Until They Verified They Had Documentation Proving The Right to Collect on Accounts.**

136.    The Trust Defendants admit that an action styled *Consumer Financial Protection Bureau v. The National Collegiate Master Student Loan Trust et al.*, Case No. 17-cv-01323-GMS (D. Del. Sept. 18, 2017) was filed on or about September 18, 2017 in the United States District Court for the District of Delaware and state that the pleadings and filings in that action speak for themselves.

137.    The Trust Defendants deny the allegations in Paragraph 137.

TRUST DEFENDANTS' AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND
AMENDED COMPLAINT - 21
Case No. C18-1132 TSZ

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

138.    The Trust Defendants admit that Plaintiffs attached as Exhibit C to this complaint a document entitled [Proposed] Consent Judgment in the matter styled *Consumer Financial Protection Bureau v. The National Collegiate Master Student Loan Trust et al.*, Case No. 17-cv-01323-GMS (D. Del. Sept. 18, 2017). The Trust Defendants deny that they consented to the [Proposed] Trust Consent Judgment and deny that the [Proposed] Trust Consent Judgment was ever entered by a court.

139.    The Trust Defendants state that the quoted language of the [Proposed] Trust Consent judgment speaks for itself and otherwise deny the allegations in Paragraph 139.

140.    The Trust Defendants deny the allegations in Paragraph 140.

141.    The Trust Defendants deny the allegations in Paragraph 141.

142.    The Trust Defendants deny the allegations in Paragraph 142.

143.    The Trust Defendants deny the allegations in Paragraph 143.

144.    The Trust Defendants deny the allegations in Paragraph 144.

145.    The Trust Defendants deny the allegations in Paragraph 145.

146.    The Trust Defendants admit the allegations in the first sentence of Paragraph 146. The Trust Defendants admit that public filings show that TSI has sought to intervene in the CFPB Trust Action. The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 146.

**G.    TSI and Attorney Networks.**

147.    The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147.

148.    The Trust Defendants lack knowledge or belief sufficient to form a belief as to the truth of the allegations in Paragraph 148.

149.    The Trust Defendants lack knowledge or belief sufficient to form a belief as to the truth of the allegations in Paragraph 149.

TRUST DEFENDANTS' AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND
AMENDED COMPLAINT - 22
Case No. C18-1132 TSZ

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

FG:54309314.1

150.     The Trust Defendants lack knowledge or belief sufficient to form a belief as to the truth of the allegations in Paragraph 150.

151.     The Trust Defendants lack knowledge or belief sufficient to form a belief as to the truth of the allegations in Paragraph 151.

152.     The Trust Defendants lack knowledge or belief sufficient to form a belief as to the truth of the allegations in Paragraph 152.

153.     The Trust Defendants lack knowledge or belief sufficient to form a belief as to the truth of the allegations in Paragraph 153.

**H.     Defendant's Current Collection Actions in Washington.**

154.     The Trust Defendants admit that they have filed lawsuits, and proceeded with certain pending lawsuits, in Washington since September 18, 2017. The Trust Defendants deny the remaining allegations in Paragraph 154 to the extent they relate to the Trust Defendants. The Trust Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 154 to the extent they related to persons or entities other than the Trust Defendants.

# V.     CLASS ALLEGATIONS

155.     The Trust Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and a putative class, as well as two putative subclasses, but deny that such putative class or subclasses, or any putative class or subclasses, may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment. The Trust Defendants further deny any and all remaining allegations in Paragraph 155.

156.     The allegations in Paragraph 156 are legal conclusions to which no response is required. To the extent a response is required, the Trust Defendants deny that such putative class or subclasses, or any putative class or subclasses,  may be properly certified under Rule

TRUST DEFENDANTS' AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND
AMENDED COMPLAINT - 23
Case No. C18-1132 TSZ

FG:54309314.1

23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment. The Trust Defendants further deny any and all remaining allegations in Paragraph 156.

157.   The allegations in Paragraph 157 are legal conclusions to which no response is required. To the extent a response is required, the Trust Defendants deny that such putative class or subclasses, or any putative class or subclasses, may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment. The Trust Defendants further deny any and all remaining allegations in Paragraph 157.

158.   The allegations in Paragraph 158 are legal conclusions to which no response is required. To the extent a response is required, the Trust Defendants deny that such putative class or subclasses, or any putative class or subclasses, may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment. The Trust Defendants further deny any and all remaining allegations in Paragraph 158.

159.   The allegations in Paragraph 159 are legal conclusions to which no response is required. To the extent a response is required, the Trust Defendants deny that such putative class or subclasses, or any putative class or subclasses, may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for class treatment. The Trust Defendants further deny any and all remaining allegations in Paragraph 159.

160.   The allegations in Paragraph 160 are legal conclusions to which no response is required. To the extent a response is required, the Trust Defendants deny that such putative class or subclasses, or any putative class or subclasses, may be properly certified under Rule 23 of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for

TRUST DEFENDANTS' AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND
AMENDED COMPLAINT - 24
Case No. C18-1132 TSZ

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

FG:54309314.1

1   class treatment. The Trust Defendants further deny any and all remaining allegations in

2   Paragraph 160.

3        161.    The allegations in Paragraph 161 are legal conclusions to which no response is

4   required. To the extent a response is required, the Trust Defendants deny that such putative

5   class or subclasses, or any putative class or subclasses, may be properly certified under Rule 23

6   of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for

7   class treatment. The Trust Defendants further deny any and all remaining allegations in

8   Paragraph 161.

9        162.    The allegations in Paragraph 162 are legal conclusions to which no response is

10  required. To the extent a response is required, the Trust Defendants deny that such putative

11  class or subclasses, or any putative class or subclasses, may be properly certified under Rule 23

12  of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for

13  class treatment. The Trust Defendants further deny any and all remaining allegations in

14  Paragraph 162.

15       163.    The allegations in Paragraph 163 are legal conclusions to which no response is

16  required. To the extent a response is required, the Trust Defendants deny that such putative

17  class or subclasses, or any putative class or subclasses, may be properly certified under Rule 23

18  of the Federal Rules of Civil Procedure or that Plaintiffs' claims are otherwise appropriate for

19  class treatment.

### VI.    CAUSES OF ACTION

**FIRST CLAIM FOR RELIEF**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT,**
**15 U.S.C. § 1692** *et seq., PER SE* **VIOLATIONS OF**
**WASHINGTON'S CONSUMER PROTECTION ACT**
**(Against Defendants TSI, P&F, and Cheung)**

25       164.    In response to Paragraph 164, the Trust Defendants repeat their answers set forth

TRUST DEFENDANTS' AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND
AMENDED COMPLAINT - 25
Case No. C18-1132 TSZ

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

FG:54309314.1

above and incorporate them by reference.

165.    The First Claim for Relief is not asserted against the Trust Defendants. Therefore, the allegations in Paragraphs 165 do not require a response. To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 165 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 to the extent they relate to persons or entities other than the Trust Defendants.

### A.    False, Deceptive, or Misleading Representations.

166.    The First Claim for Relief is not asserted against the Trust Defendants. Moreover, the allegations in Paragraph 166 are legal conclusions to which no response is required. To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 166 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 to the extent they relate to persons or entities other than the Trust Defendants.

167.    The First Claim for Relief is not asserted against the Trust Defendants. Moreover, the allegations in Paragraph 167 are legal conclusions to which no response is required. To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 167 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 to the extent they relate to persons or entities other than the Trust Defendants.

### B.    Unfair or Unconscionable Means to Collect or Attempt to Collect on a Debt.

168.    The First Claim for Relief is not asserted against the Trust Defendants. Moreover, the allegations in Paragraph 168 are legal conclusions to which no response is required. To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 168 to the extent they relate to the Trust Defendants and lack knowledge or

TRUST DEFENDANTS' AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND
AMENDED COMPLAINT - 26
Case No. C18-1132 TSZ

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

FG:54309314.1

1   information sufficient to form a belief as to the truth of the allegations in Paragraph 168 to the

2   extent they relate to persons or entities other than the Trust Defendants.

3        169.    The First Claim for Relief is not asserted against the Trust Defendants.

4   Moreover, the allegations in Paragraph 169 are legal conclusions to which no response is

5   required. To the extent a response is required, the Trust Defendants deny the allegations in

6   Paragraph 169 to the extent they relate to the Trust Defendants and lack knowledge or

7   information sufficient to form a belief as to the truth of the allegations in Paragraph 169 to the

8   extent they relate to persons or entities other than the Trust Defendants.

9        170.    The First Claim for Relief is not asserted against the Trust Defendants.

10  Moreover, the allegations in Paragraph 170 are legal conclusions to which no response is

11  required. To the extent a response is required, the Trust Defendants deny the allegations in

12  Paragraph 170 to the extent they relate to the Trust Defendants and lack knowledge or

13  information sufficient to form a belief as to the truth of the allegations in Paragraph 170 to the

14  extent they relate to persons or entities other than the Trust Defendants.

15       171.    The First Claim for Relief is not asserted against the Trust Defendants.

16  Moreover, the allegations in Paragraph 171 are legal conclusions to which no response is

17  required. To the extent a response is required, the Trust Defendants deny the allegations in

18  Paragraph 171 to the extent they relate to the Trust Defendants and lack knowledge or

19  information sufficient to form a belief as to the truth of the allegations in Paragraph 171 to the

20  extent they relate to persons or entities other than the Trust Defendants.

21       172.    The First Claim for Relief is not asserted against the Trust Defendants.

22  Moreover, the allegations in Paragraph 172 are legal conclusions to which no response is

23  required. To the extent a response is required, the Trust Defendants deny the allegations in

24  Paragraph 172 to the extent they relate to the Trust Defendants and lack knowledge or

25

26

TRUST DEFENDANTS' AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND
AMENDED COMPLAINT - 27
Case No. C18-1132 TSZ

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

FG:54309314.1

information sufficient to form a belief as to the truth of the allegations in Paragraph 172 to the extent they relate to persons or entities other than the Trust Defendants.

173.    The First Claim for Relief is not asserted against the Trust Defendants. Moreover, the allegations in Paragraph 173 are legal conclusions to which no response is required. To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 173 to the extent they relate to the Trust Defendants and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 to the extent they relate to persons or entities other than the Trust Defendants.

174.    The First Claim for Relief is not asserted against the Trust Defendants. To the extent a response is nevertheless required, the Trust Defendants deny the allegations in Paragraph 174.

175.    The First Claim for Relief is not asserted against the Trust Defendants. To the extent a response is nevertheless required, the Trust Defendants deny the allegations in Paragraph 175.

176.    The First Claim for Relief is not asserted against the Trust Defendants. To the extent a response is nevertheless required, the Trust Defendants deny the allegations in Paragraph 176.

177.    The First Claim for Relief is not asserted against the Trust Defendants. To the extent a response is nevertheless required, the Trust Defendants deny the allegations in Paragraph 177.

178.    The First Claim for Relief is not asserted against the Trust Defendants. Moreover, the allegations in Paragraph 178 are legal conclusions to which no response is required. To the extent a response is required, the Trust Defendants deny the allegations in Paragraph 178 to the extent they relate to the Trust Defendants and lack knowledge or

TRUST DEFENDANTS' AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND
AMENDED COMPLAINT - 28
Case No. C18-1132 TSZ

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

FG:54309314.1

1  information sufficient to form a belief as to the truth of the allegations in Paragraph 178 to the

2  extent they relate to persons or entities other than the Trust Defendants.

3  179.  The First Claim for Relief is not asserted against the Trust Defendants. To the

4  extent a response is nevertheless required, the Trust Defendants deny the allegations in

5  Paragraph 179.

6  180.  The First Claim for Relief is not asserted against the Trust Defendants. To the

7  extent a response is nevertheless required, the Trust Defendants deny the allegations in

8  Paragraph 180.

9

10  **SECOND CLAIM FOR RELIEF**
**VIOLATIONS OF WASHINGTON'S CONSUMER PROTECTION ACT,**

11  **RCW 19.86 *et seq.***
**(Against All Defendants)**

12

13  181.  In response to Paragraph 181, the Trust Defendants repeat their answers set forth

14  above and incorporate them by reference.

15  182.  The allegations in Paragraph 182 are legal conclusions to which no response is

16  required. To the extent a response is required, the Trust Defendants deny the allegations in

17  Paragraph 182 to the extent they relate to the Trust Defendants and lack knowledge or

18  information sufficient to form a belief as to the trust of the allegations to the extent they relate

19  to persons or entities other than the Trust Defendants.

20  183.  The allegations in Paragraph 183 are legal conclusions to which no response is

21  required. To the extent a response is required, the Trust Defendants deny the allegations in

22  Paragraph 183.

23  184.  The allegations in Paragraph 184 are legal conclusions to which no response is

24  required. To the extent a response is required, the Trust Defendants deny the allegations in

25  Paragraph 184 to the extent they relate to the Trust Defendants and lack knowledge or

26

TRUST DEFENDANTS' AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND
AMENDED COMPLAINT - 29
Case No. C18-1132 TSZ

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

FG:54309314.1

1   information sufficient to form a belief as to the trust of the allegations to the extent they relate

2   to persons or entities other than the Trust Defendants.

3          185.    The allegations in Paragraph 185 are legal conclusions to which no response is

4   required. To the extent a response is required, the Trust Defendants deny the allegations in

5   Paragraph 185.

6          186.    The allegations in Paragraph 186 are legal conclusions to which no response is

7   required. To the extent a response is required, the Trust Defendants deny the allegations in

8   Paragraph 186.

## GENERAL DENIAL AND PRAYER FOR RELIEF

The Trust Defendants deny each and every allegation, statement, and matter not expressly admitted above. The Trust Defendants deny that Plaintiffs are entitled to the relief requested at the conclusion of Plaintiffs' SAC, or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

On March 23, 2021, the Trust Defendants filed their Answer and Affirmative Defenses to the Second Amended Complaint in this action.  (ECF 140.)  Plaintiffs subsequently moved to strike Defendants' affirmative defenses in their entirety and Defendants agreed to amend their defenses pursuant to a stipulation approved by the Court on May 14, 2021.  (ECF 150, 151). By filing these amended defenses, the Trust Defendants do not intend to waive any defenses and expressly reserve the right to further amend should discovery or further proceedings indicate that additional defenses may be applicable in this action.

Without admitting any of the facts alleged in the SAC, the Trust Defendants hereby assert and allege the following affirmative defenses, without assuming the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs, and without prejudice to the Trust Defendants' right to argue that Plaintiffs bear the burden of proof as to any one or more of said defenses.  Furthermore, all such defenses are

TRUST DEFENDANTS' AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND
AMENDED COMPLAINT - 30
Case No. C18-1132 TSZ

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

FG:54309314.1

pleaded in the alternative and do not constitute an admission of liability or an admission that Plaintiffs are entitled to any relief whatsoever.  The Trust Defendants presently have insufficient knowledge or information as to whether they may have additional, yet unasserted, defenses.  The Trust Defenses therefore reiterate that they reserve the right to assert additional defenses and/or additional facts in support of the asserted defenses in the event discovery or further proceedings indicate such additional defenses or facts would be appropriate:

1.      Plaintiffs' claim under the Washington Consumer Protection Act is barred and precluded, or limited in whole or in part, by the applicable statute of limitation, time limits to exercise rights, and/or statutes of repose to the extent it is based on conduct occurring before August 2, 2012. RCW 19.86 carries a statute of limitations of four years from the date the action accrued.  To the extent any of the alleged violations took place more than four years before the case was filed, claims based on them are barred under the RCW.   Plaintiffs have alleged no facts and there are not facts upon which a Court should grant equitable tolling as to the Trust Defendants.

2.      Plaintiffs' claims against the Trust Defendants are barred and precluded, in whole or in part, by their failure to mitigate any alleged loss, injury or damages. To the extent the Plaintiffs failed to mitigate, minimize or avoid any damages they allegedly sustained, recovery against the Trust Defendants, if any must be reduced by that amount.  Among other things, Plaintiffs were timely and properly served with process in the underlying state-court lawsuits identified in the SAC. Plaintiffs failed to appear and defend the lawsuits despite having received notice. To the extent damages flow from the default judgments identified in the SAC, or from acts or omissions in connection with those lawsuits, such damages are a result of Plaintiffs' failure to mitigate their own damages.

3.      If and to the extent that Plaintiffs have suffered damages recoverable from the Trust Defendants, which the Trust Defendants deny, those damages may be set off against any

TRUST DEFENDANTS' AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND
AMENDED COMPLAINT - 31
Case No. C18-1132 TSZ

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON  98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

FG:54309314.1

amounts that Plaintiffs owe on debts or other liabilities to the Trust Defendants.  Plaintiffs each obtained student loans which loans are currently due and owing to the Trust Defendants. Plaintiffs are in default on their repayment obligations. To the extent the Trusts should be found liable for any amount of damages to Plaintiffs, any amount of damages must be set off by the outstanding loan amounts owed to the Trusts plus accrued interest.

4.     Plaintiffs' claims are barred, in whole or in part, because the Trust Defendants are not liable for any alleged acts or omissions, if any, of any parties other than the Trust Defendants.  The Trust Defendants are separate entities from the other Defendants and from one another and the other Defendants' alleged acts or omissions may not be imputed to the Trust Defendants. The Trust Defendants did not direct or control any alleged acts or omissions committed by any of the other Defendants.  The Trust Defendants did not direct, authorize, or have knowledge of any alleged misrepresentations or actions taken in alleged contravention of any state or federal statute.  To the extent Plaintiffs suffered damages (if any) proximately caused by or contributed to by the acts or omissions of other parties, such fault should be compared and allocated to those parties under Chapter 4.22 RCW.

5.     Plaintiffs' claims are barred, in whole or in part, by their own lack of diligence, wrongdoing, or negligence.  Plaintiffs obtained student loans to cover the costs of schools that each attended. They failed to repay the loans despite their contractual obligations to do so. Plaintiffs also were timely and properly served with process in the underlying state-court lawsuits identified in the SAC. Plaintiffs failed to appear and defend the lawsuits despite having received notice. To the extent damages flow from the default judgments identified in the SAC, which the Trust Defendants deny, those damages are a result of Plaintiff's own lack of diligence, wrongdoing, and negligence.

6.     Plaintiffs' claims are barred, in whole or in part, because, and to the extent that, any relief or recovery would unjustly enrich Plaintiffs. Plaintiffs each took out student loans,

TRUST DEFENDANTS' AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND
AMENDED COMPLAINT - 32
Case No. C18-1132 TSZ

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

which loans are currently owned by various Trust Defendants. Plaintiffs all have outstanding amounts to be paid on each of those student loans and the outstanding amounts are now due and owing to the Trusts Defendants. Plaintiffs received the benefits of the student loans but have failed to repay them as required.  Should Plaintiffs be excused from repaying the loans to the Trust Defendants, Plaintiffs will receive the benefit of those loans while unfairly avoiding payment for that benefit, resulting in unjust enrichment to Plaintiffs.

7.      Plaintiffs are barred from asserting their purported claims under the doctrines of res judicata and collateral estoppel.  The SAC acknowledges that there has been prior litigation on the issue of Plaintiffs' debts and their respective defaults on each of their respective loans. Each of the Plaintiffs acknowledge there were default judgments taken against them.  Further, each of the Plaintiffs complain of affidavits filed in their respective actions which supported the respective Trust's position that it owned the debt.  The issue of whether the Trusts own the loans, based upon the affidavits submitted, was previously adjudicated on the merits between the parties to the instant action.

8.      To the extent that the Trust Defendants become aware of additional defenses not cited to above, whether based upon facts currently known or facts discovered subsequent to the filing of the Amended Answer, the Trust Defendants reserve the right to assert additional affirmative defenses in this matter.

**WHEREFORE**, the Trust Defendants respectfully request that this action be dismissed with prejudice, that the Trust Defendants receive all of their costs and reasonable attorney's fees, and that the Court award such other and further relief to the Trust Defendants as it deems just and proper.

TRUST DEFENDANTS' AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND
AMENDED COMPLAINT - 33
Case No. C18-1132 TSZ

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON  98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

FG:54309314.1

DATED this 3rd day of June, 2021.

FOSTER GARVEY PC
*/s/ Tim J. Filer*
Tim J. Filer, WSBA #16285
1111 Third Avenue, Suite 3000
Seattle, WA  98101
(206) 447-4400
tim.filer@foster.com

LOCKE LORD, LLP
*/s/ Gregory T. Casamento*
Gregory T. Casamento
*Bar # S.D. NY 2890671*

*/s/ R. James DeRose, III*
R. James DeRose, III
*Bar # S.D. NY 1187988*
Brookfield Place
200 Vesey Street, 20th Floor
New York, New York 10281
(212) 415-8600
gcasamento@lockelord.com
rderose@lockelord.com
*Admitted Pro Hac Vice*

*/s/ J. Matthew Goodin*
J. Matthew Goodin
*Bar # N.D. IL 6275013*
111 South Wacker Drive, Suite 4100
Chicago, Illinois 60606
(312) 443-0700
jmgoodin@lockelord.com
*Admitted Pro Hac Vice*

*Attorneys for Defendants*
*National Collegiate Student Loan Trust 2004-2,*
*National Collegiate Student Loan Trust 2005-2,*
*National Collegiate Student Loan Trust 2005-3,*
*National Collegiate Student Loan Trust 2006-1,*
*National Collegiate Student Loan Trust 2006-3,*
*and National Collegiate Student Loan Trust*
*2007-4*

TRUST DEFENDANTS' AMENDED ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND
AMENDED COMPLAINT - 34
Case No. C18-1132 TSZ

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON  98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

FG:54309314.1