The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ESTHER HOFFMAN; SARAH DOUGLASS; ANTHONY KIM; and IL KIM and DARIA KIM, husband and wife and the marital community comprised thereof, on behalf of themselves and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRANSWORLD SYSTEMS INCORPORATED; PATENAUDE AND FELIX, A.P.C.; MATTHEW CHEUNG, and the marital community comprised of MATTHEW CHEUNG and JANE DOE CHEUNG; National Collegiate Student Loan Trust 2004-2; National Collegiate Student Loan Trust 2005-2; National Collegiate Student Loan Trust 2005-3; National Collegiate Student Loan Trust 2006-1; National Collegiate Student Loan Trust 2006-3; National Collegiate Student Loan Trust 2007-4,<br><br>Defendants. | Case No. C18-1132 TSZ<br><br>DECLARATION OF SAM LEONARD IN SUPPORT OF PLAINTIFF'S FED. R. CIV. P. 56(d) MOTION FOR ORDER STRIKING SUMMARY JUDGMENT MOTION |

I, Sam Leonard, declare as follows:

1.    I am co-counsel for the Plaintiffs in this case. I am competent to testify and have personal knowledge of the matters described herein.

2.    Plaintiffs initiated this action on June 20, 2018 in King County Superior Court for the State of Washington. Plaintiffs filed an Amended Complaint on July 26, 2018, and the action was thereafter removed to this Court on August 2, 2018.

DECLARATION OF SAM LEONARD IN SUPPORT OF
PLAINTIFF'S FED. R. CIV. P. 56(d) MOTION FOR
ORDER STRIKING SUMMARY JUDGMENT MOTION
- 1
(No. C18-1132 TSZ)

HENRY & DEGRAAFF, PS
119 1ST AVE S. STE 500
SEATTLE, WA 98104
206-933-7861 phone 206-933-7863 fax

1

2

3.     The Defendants filed motions to dismiss that the Court granted. The Plaintiffs appealed the dismissal Order to the Ninth Circuit Court of Appeals on January 25, 2019.

3

4

5

6

4.     The Ninth Circuit Court of Appeals affirmed in part and denied in part this Court's dismissal Order, and the Mandate on May 19, 2020. The Ninth Circuit Court of Appeals granted Plaintiffs leave to amend their complaint to more specifically plead their claims and damages.

7

8

9

10

11

12

5.     The parties engaged in additional motions practice following issuance of the Mandate from the Ninth Circuit Court of Appeals. On July 7, 2020, Plaintiffs filed their Second Amended Complaint. Dkt. No. 61. Among other motions, on September 11, 2020, Defendants Transworld Systems Incorporated ("TSI"), Patenaude & Felix, A.P.C. ("P&F"), and Matthew Cheung moved to strike portions of the Second Amended Complaint. Dkt. No. 76. The Court denied this motion on November 2, 2020. Dkt. No. 99.

13

14

15

16

17

6.     On November 12, 2020 and November 16, 2020, the Defendants filed Fed. R. Civ. P. 12(b)(6) motions to dismiss the Second Amended Complaint. Dkt. No.'s 100, 103, 104, & 105. On January 4, 2021, the Court denied the motions in their entirety as to TSI, P&F, Mr. Cheung, and the six National Collegiate Student Loan Trusts ("NCSLTs") that claim to own the Plaintiffs' student loan debts. Dkt. No. 118.

18

19

7.     The Court entered a stipulated order extending the initial discovery deadlines on January 22, 2021. *See* Dkt. No 121.

20

21

8.     The Defendants filed Answers to the Second Amended Complaint on March 23, 2021.

22

23

24

9.     On April 14, 2021, the Court entered its Minute Order Setting Trial and Related Dates. Dkt. No. 146. The Order set August 30, 2021 as the class discovery deadline and March 10, 2022 as the merits discovery deadline.

25

26

10.     The Plaintiffs have propounded interrogatories and requests for production of documents to all parties. Those discovery requests, and the status of Defendants'

27

DECLARATION OF SAM LEONARD IN SUPPORT OF
PLAINTIFF'S FED. R. CIV. P. 56(d) MOTION FOR
ORDER STRIKING SUMMARY JUDGMENT MOTION
- 2
(No. C18-1132 TSZ)

HENRY & DEGRAAFF, PS
119 1ST AVE S. STE 500
SEATTLE, WA 98104
206-933-7861 phone 206-933-7863 fax

responses, are outlined in detail below. Crucial discovery is still outstanding and is the current subject of discovery conferences and a pending motion for a protective order.

11.    Despite the outstanding discovery requests, TSI's refusal to produce documents relating to the CFPB's investigation of it and the NCSLTs, and the need for deposition testimony from all Defendants and other non-parties, TSI brought this motion for summary judgment on June 10, 2021 and on June 11, 2021, Defendants P&F and Cheung filed a notice of joinder in TSI's motion for summary judgment.

12.    I make this declaration pursuant to Fed. R. Civ. P 56(d) to explain why the Plaintiffs cannot present facts essential to support their opposition to the pending summary judgment motion, in light of the numerous outstanding discovery responses due from Defendants that seek information highly relevant to the motion and the need for deposition testimony once those documents and other discovery is obtained.

**Defendants' Responses and Failures To Respond to Plaintiffs Discovery Requests**

13.    On March 26, 2021, Plaintiffs served their first set of written discovery requests on TSI.

14.    On March 30, the parties exchanged their initial disclosures.

15.    On April 26, TSI served their responses and objections to Plaintiffs' discovery. In TSI's Responses to Plaintiffs' First Request for Production of Documents, TSI objected to 32 of 34 of Plaintiffs' requests. TSI also stated in response to ten of the Plaintiffs' requests for production that it was withholding documents on the basis of confidentiality and would not produce those documents unless an appropriate protective order was entered. TSI supplemented its answers to Plaintiffs' interrogatories and requests for production on April 28 and again supplemented its responses to Plaintiffs request for production on May 10. TSI's three sets of answers and responses are attached hereto respectively as **Exhibits A, B, and C.**

DECLARATION OF SAM LEONARD IN SUPPORT OF
PLAINTIFF'S FED. R. CIV. P. 56(d) MOTION FOR
ORDER STRIKING SUMMARY JUDGMENT MOTION
- 3
(No. C18-1132 TSZ)

HENRY & DEGRAAFF, PS
119 1ST AVE S. STE 500
SEATTLE, WA 98104
206-933-7861 phone 206-933-7863 fax

16.     No protective order has been entered by the Court with respect to any of the documents requested by the Plaintiffs, but on April 30, TSI informed Plaintiffs that it would not be producing the records that it had produced to the Consumer Financial Protection Bureau ("CFPB"), which were requested by the Plaintiffs in their requests for production numbers 13 and 14. Attached hereto as **Exhibit D** are true and correct copies of the emails sent by TSI's counsel so informing Plaintiffs' counsel. The records TSI produced to the CFPB presumably and logically were, at least in part, what the CFPB relied upon in its findings contained in the TSI Consent Order that is attached to Plaintiffs' Second Amended Complaint, which contains the CFPB's findings that TSI employees, in many instances, submitted false and misleading affidavits in state courts to obtain judgments in favor of the NCSLTs. These findings are very similar to Plaintiffs' allegations in this case.

17.     TSI also stated in its April 30, 2021 email that it would be move for a protective order within 14 days to avoid having to produce the documents in response to requests for production numbers 13 and 14. Defendants also emailed Plaintiffs a draft protective order regarding the treatment of confidential information that they insisted be entered prior to production of materials they were withholding. On May 13, Plaintiffs sent Defendants their edits to the draft protective order regarding the treatment of confidential information.

18.     On May 21, 2021, Plaintiffs emailed TSI requesting the status of the motion for protective order relating to the documents TSI produced to the CFPB. Plaintiffs asked to schedule a meet and confer discovery conference regarding TSI's refusal to produce the documents. TSI's counsel responded that they planned on filing a motion for a protective order but could not meet and confer on the issue until the following Wednesday, May 25. Attached hereto as **Exhibit E** are true and correct copies of those emails.

DECLARATION OF SAM LEONARD IN SUPPORT OF
PLAINTIFF'S FED. R. CIV. P. 56(d) MOTION FOR
ORDER STRIKING SUMMARY JUDGMENT MOTION
- 4
(No. C18-1132 TSZ)

HENRY & DEGRAAFF, PS
119 1ST AVE S. STE 500
SEATTLE, WA 98104
206-933-7861 phone 206-933-7863 fax

19.     Also on May 21, 2021, Defendants emailed Plaintiffs their revisions to Plaintiffs' edits to the draft stipulated protective order regarding confidential information. Attached hereto as **Exhibit F** are true and correct copies of those emails. The parties' various edits mainly focused on what qualified as confidential information and documents.

20.     On May 24, Plaintiffs served their first set of written discovery on P&F and and Matthew Cheung (collectively "P&F").

21.     On May 26, Plaintiffs' counsel conferred with TSI's counsel regarding TSI's promised forthcoming motion for a protective order regarding the documents TSI produced to the CFPB. Despite Plaintiffs' offer to discuss whether a more limited production might be agreeable, TSI stated that it would not produce the documents and would file its motion for a protective order by June 2, 2021. Plaintiffs and TSI reached an agreement to abide by the terms in the draft protective order regarding the treatment of confidential information while the parties continued to negotiate what information and documents should be treated as confidential. Plaintiffs did so to ensure that TSI would start producing records that TSI was withholding. Attached hereto as **Exhibit G** are true and correct copies of the emails scheduling that meeting and memorializing the content of the meeting. The other Defendants were not all available to meet and confer regarding the treatment of confidential information and documents in the draft protective order.

22.     On June 2, 2021, TSI filed its motion for a protective order regarding the documents it had produced to the CFPB but was withholding from the Plaintiffs. TSI's motion was noted for hearing on June 18. The Court has not yet ruled on TSI's motion for a protective order, and the parties still have not reached an agreement on the form of the stipulated protective order regarding the treatment of confidential information and documents.

DECLARATION OF SAM LEONARD IN SUPPORT OF PLAINTIFF'S FED. R. CIV. P. 56(d) MOTION FOR ORDER STRIKING SUMMARY JUDGMENT MOTION - 5
(No. C18-1132 TSZ)

HENRY & DEGRAAFF, PS
119 1ST AVE S. STE 500
SEATTLE, WA 98104
206-933-7861 phone 206-933-7863 fax

23.     On June 3, 2021, the parties met and conferred again regarding the draft stipulated protective order concerning  the treatment of confidential information and documents.

24.     On June 4, Plaintiffs served their first set of written discovery on the NCSLTs.

25.     TSI made a rolling document production in separate parts, with the fifth set of document production served on June 8, 2021. TSI's total production consists of around thirty thousand pages of documents in numerous separate .pdf files with limited metadata.

26.     Early on June 10, 2021, counsel for P&F requested that P&F's discovery response deadline be continued to June 30, 2021 because he had been unusually busy and needed additional time to prepare the responses. Plaintiffs agreed to the extension. Attached hereto as **Exhibit H** is a true and correct copy of that email exchange.

27.     Six hours later, TSI filed its Motion for Summary Judgment, which it noted for hearing on July 23, 2021. Dkt. No. 161. TSI did not discuss with Plaintiffs a briefing schedule for the motion or let Plaintiffs know that it would be filing the motion prior to filing.

28.     P&F joined TSI's summary judgment motion the following day. Dkt. No. 162.

29.     Since receipt of TSI's document production, Plaintiffs have diligently reviewed what was produced. On June 21, 2021, Plaintiffs emailed TSI requesting the contact information for the former TSI employees who signed affidavits used to obtain judgments against the Plaintiffs and informed TSI that that information should have been provided in response to Interrogatory No. 6. Plaintiffs also informed Defendants that they intended to depose the individuals who signed the affidavits and asked if the Defendants would raise any objections. On June 23, 2021, TSI provided the contact information for those individuals, but claimed that information was not responsive to Interrogatory No. 6.

DECLARATION OF SAM LEONARD IN SUPPORT OF
PLAINTIFF'S FED. R. CIV. P. 56(d) MOTION FOR
ORDER STRIKING SUMMARY JUDGMENT MOTION
- 6
(No. C18-1132 TSZ)

HENRY & DEGRAAFF, PS
119 1ST AVE S. STE 500
SEATTLE, WA 98104
206-933-7861 phone 206-933-7863 fax

Interrogatory No. 6 requests: "List the name, address, and telephone number of each person having any knowledge of facts regarding and/or related to Plaintiffs' claims asserted against Defendants in this action." Plaintiffs claim that TSI affiants submitted false or misleading affidavits to obtain judgments against them. Attached hereto as **Exhibit I** are true and correct copies of the emails relating to TSI's withholding of the names and contact information of its former employees that signed affidavits used to obtain judgments against the Plaintiffs.

30.    On June 28, 2021, the NCSLTs' counsel emailed Plaintiffs' counsel and informed them that the NCSLTs needed additional time to complete their discovery responses that were due July 6, and requested that the response deadline be continued to July 19, 2021. Plaintiffs emailed that they could not agree to any extension given their response to TSI's Motion for Summary Judgement was due on July 19, 2021. Defendants responded that they would agree to continue TSI's Motion for Summary Judgment two weeks. Plaintiffs explained that they would not agree to a two-week continuance of TSI's Motion for Summary Judgment given the significant amount of outstanding discovery, the need to depose numerous witnesses, including the Defendants who have not fully responded to discovery, and other outstanding issues. In a call between the NCSLTs' counsel and Plaintiffs' counsel on June 30, 2021, the NCSLTs' counsel informed Plaintiffs' counsel that he would move for a protective order if Plaintiffs did not agree to continue the deadline for the NCSLTs to respond to discovery. Plaintiffs' counsel, with little choice, agreed to the continuance without prejudice to Plaintiffs' right to argue TSI's motion for summary judgment was premature. Attached hereto as **Exhibit J and L** are true and correct copies of the referenced email chains.

31.    On June 30, 2021, Plaintiffs sent TSI a request to meet and confer on July 2, 2021 about discovery issues and its Motion for Summary Judgment.

DECLARATION OF SAM LEONARD IN SUPPORT OF PLAINTIFF'S FED. R. CIV. P. 56(d) MOTION FOR ORDER STRIKING SUMMARY JUDGMENT MOTION - 7 (No. C18-1132 TSZ)

HENRY & DEGRAAFF, PS
119 1ST AVE S. STE 500
SEATTLE, WA 98104
206-933-7861 phone 206-933-7863 fax

32.    TSI stated that it would not be prepared to discuss the discovery issues outlined in Plaintiffs' June 30 letter and that the meet and confer should be continued to July 9, 2021 or later.  A discovery conference is currently scheduled for July 9, 2021. A copy of the discovery letter is attached hereto as **Exhibit K; the related emails are attached as Exhibit L.**

33.    P&F answered written discovery on June 30, 2021. Their counsel has filed a notice of unavailability requesting that no motions, discovery requests or other documents which would require him to engage in any work, be served between July 9 through 14, 2021, and July 19 through 21, 2021, and other dates in August, November and December. Dkt. No. 160.

34.    Since June 23, 2021, when TSI provided Plaintiffs with the names and contact information of the former TSI employees that signed the affidavits used to obtain judgments against the Plaintiffs, Plaintiffs have reached out to the former employees, all of whom live in Georgia, to try and schedule depositions. One employee, Dudley Turner, is represented by counsel. His counsel has stated that because of health conditions, Mr. Turner will likely only agree to answering written deposition questions. Plaintiffs will be subpoenaing Mr. Turner for his oral examination and anticipate there will be a motion for protective order filed by him, or on his behalf, that will need to be adjudicated.

**Necessary Discovery That Is Not Currently Available to Plaintiffs**

35.    At issue in this case is whether TSI's employees' affidavits filed in Washington state courts to obtain judgments in favor of the NCSLTs and used to collect against thousands of Washington residents were false or misleading. Also at issue is whether, after the CFPB found the affidavits to be false and misleading, the Defendants took corrective action to ensure that the courts were made aware of the falsity of the affidavits and that future affidavits did not contain false and misleading information.

DECLARATION OF SAM LEONARD IN SUPPORT OF PLAINTIFF'S FED. R. CIV. P. 56(d) MOTION FOR ORDER STRIKING SUMMARY JUDGMENT MOTION - 8
(No. C18-1132 TSZ)

HENRY & DEGRAAFF, PS
119 1ST AVE S. STE 500
SEATTLE, WA 98104
206-933-7861 phone 206-933-7863 fax

36.     Determining whether the affidavits were false or misleading depends on what personal knowledge affiants actually had, the documents they reviewed, whether they could authenticate those documents, and other very detailed facts regarding the chain of title of the loans upon which Defendants seek to collect and documents relating to the alleged promissory notes, which can only be ascertained after taking the oral examinations of the affiants.

37.     The proper adjudication of Plaintiffs' claims also requires the discovery of facts related to what the Defendants knew about the affidavits and the affiants' knowledge, again, which can only be ascertained after taking the oral examinations of the affiants.

38.     In the affidavits filed in the state court collection actions, the former TSI employees claim personal knowledge of material facts and claim the ability to authenticate records attached to their affidavits. Attached to each of the affidavits are documents titled "Pool Supplement." The Pool Supplements reference other documents titled either "Schedule 1" or "Schedule 2." Defendants claim that these schedules include the names of individuals whose loans were sold to the NCSLTs. Yet, none of the documents produced by the Defendants in discovery to date are titled either "Schedule 1" or "Schedule 2," despite Plaintiffs' requests for these documents.  Rather, TSI has produced documents referred to as "rosters," and the NCSLTs have not produced any documents yet. At this stage in the litigation, the Plaintiffs have reason to believe that these "rosters" are not the schedules referred to in the Pool Supplements. This matter, among others, is one of the subjects of the July 9, 2021 discovery conference between the parties.

39.     Further, Plaintiffs have not received in discovery any emails or other communications between the Defendants or any other entities relating to the missing schedules or what they knew about them being missing, having requested these communications in Plaintiffs' discovery requests.

DECLARATION OF SAM LEONARD IN SUPPORT OF
PLAINTIFF'S FED. R. CIV. P. 56(d) MOTION FOR
ORDER STRIKING SUMMARY JUDGMENT MOTION
- 9
(No. C18-1132 TSZ)

HENRY & DEGRAAFF, PS
119 1ST AVE S. STE 500
SEATTLE, WA 98104
206-933-7861 phone 206-933-7863 fax

40.    TSI relies on the Declaration of Bradley Luke in support of its Motion for Summary Judgment. Dkt. No. 161-4. Mr. Luke's testimony and his ability to authenticate TSI's records has been called into question in numerous cases. Very recently, Mr. Luke's testimony was stricken by a Washington trial court who found it to not be reliable. Attached hereto as **Exhibit M** is a true and correct copy of a state court order granting the Plaintiffs motion in limine to strike Mr. Luke's testimony as a 30(b)(6) witness (at pg. 2). Plaintiffs are aware of at least one other instance where Mr. Luke has testified that he knows the missing schedules are on compact disks ("CDs"). *See* **Exhibit N** at 3-4.[1] Yet no CDs have been produced by any Defendant. Plaintiffs have requested transcripts of Mr. Luke's testimony in the numerous other cases he has been involved in, and TSI has refused to produce that information stating that it does not keep deposition transcripts. *See* Exhibit C at 25. TSI has not identified the times Mr. Luke has been deposed or otherwise testified. All of these matters are proper subjects for a motion to compel discovery and depositions should the Defendants continue to refuse to produce these documents and informaiton.

41.    The reliability of Mr. Luke's testimony is critical for Plaintiffs' opposition to TSI's motion for summary judgment, and must be tested and evaluated by Plaintiffs, but they have not been given the opportunity to do so, and will likely not be ready to do so until many of the issues with the Defendants' written discovery have been resolved.

42.    TSI also relies on the Declaration of Ralph Lyons to support its Motion for Summary Judgment. Dkt. No. 161-3. Mr. Lyons was not even listed as a person with relevant knowledge in TSI's responses to Plaintiffs' discovery requests. *See* **Exhibit C** (In TSI's First Amended and Supplemental Responses Plaintiffs' First Interrogatories, in

---

[1] Exhibit N is a court document Plaintiffs downloaded off of Pacer. The document was filed in the Southern District of New York in the matter of *Michelo et. al. v. Nat'l Collegiate Student Loan Trust 2007-2 et al.*, Cs. No. 18-CV-1781 June 15, 2020. Plaintiffs request the Court take judicial notice of Exhibit N and Exhibit M pursuant to FRE 201.

DECLARATION OF SAM LEONARD IN SUPPORT OF PLAINTIFF'S FED. R. CIV. P. 56(d) MOTION FOR ORDER STRIKING SUMMARY JUDGMENT MOTION - 10
(No. C18-1132 TSZ)

response to Interrogatory No. 6, TSI lists only Bradley Luke and the Plaintiffs as persons with relevant knowledge of the facts alleged in this case.)

43.    The Plaintiffs have ample cause to further explore the chain of title issues in this lawsuit, in support of their defense that the NCSLTs cannot prove that they own the student loans which the Defendants attempted to collect. As a further example, the investors in the NCSLTs sued TSI and other parties involved in the NCSLTs in the Delaware Court of Chancery after an audit was performed that revealed the NCSLTs were missing all of the loan assignment information and the loan files. A copy of the Verified Amended Complaint in the Delaware lawsuit is attached hereto as **Exhibit O**, and the audit filed earlier in that same case is attached hereto as **Exhibit P.**

44.    The Plaintiffs also have not had the opportunity to depose key witnesses. The Plaintiffs have filed notices of intent to subpoena for oral examinations affiants Brian Jackson, Dudley Turner, Jim Cummins and Johnathan Boyd, each of whom either signed the affidavits filed in the state court collection actions or were involved in the process as revealed by TSI's written discovery. *See* Dkt Nos. 167. 168. and 169.

45.    Additionally, the Plaintiffs intend to file notices signifying their intent to serve subpoenas for the Fed. R. Civ. P. 30(b)(6) Corporate Representatives for Boston Portfolio Advisors, Inc. and Turnstile Capital Management, companies whose identities were disclosed by the information and documents that have produced to date by the Defendants in response to Plaintiffs' discovery requests, and which may have information regarding the alleged assignments of the alleged loans.

46.    The deposition testimony of these individuals and the Corporate Representatives for each of the Defendants are essential for Plaintiffs to properly and meaningfully respond to TSI's Motion for Summary Judgment.

47.    Further, Plaintiffs should be permitted to obtain the documents and information TSI provided to the CFPB that led to the CFPB's finding that TSI employees

DECLARATION OF SAM LEONARD IN SUPPORT OF
PLAINTIFF'S FED. R. CIV. P. 56(d) MOTION FOR
ORDER STRIKING SUMMARY JUDGMENT MOTION
- 11
(No. C18-1132 TSZ)

HENRY & DEGRAAFF, PS
119 1ST AVE S. STE 500
SEATTLE, WA 98104
206-933-7861 phone 206-933-7863 fax

were signing false and misleading affidavits to obtain judgments in NCSLT collection

lawsuits. Plaintiffs also need discovery regarding whether TSI complied with the TSI

Consent Order, but TSI has refused to produce that information.

     I declare under penalty of perjury under the laws of the State of Washington that the

foregoing is true and correct.

     Signed July 8, 2021, at Seattle, Washington.


                  */s/ Sam Leonard*
                  Sam Leonard, WSBA #46498

DECLARATION OF SAM LEONARD IN SUPPORT OF
PLAINTIFF'S FED. R. CIV. P. 56(d) MOTION FOR
ORDER STRIKING SUMMARY JUDGMENT MOTION
- 12
(No. C18-1132 TSZ)

HENRY & DEGRAAFF, PS
119 1ST AVE S. STE 500
SEATTLE, WA 98104
206-933-7861 phone 206-933-7863 fax