UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ESTHER HOFFMAN, et al.,

           Plaintiffs,

    v.

TRANSWORLD SYSTEMS
INCORPORATED, et al.,

           Defendants.

C18-1132 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)    Defendant Transworld Systems Inc.'s ("TSI") motion for a protective order, docket no. 156, is GRANTED.  Plaintiffs' request for production of "all documents [that TSI] provided [to] the Consumer Financial Protection Bureau ["CFPB"] related to the findings included in the Consent Order," *see* RFP No. 13, Ex. A to Homes (docket no. 156-1 at 6), is simply too broad to permit the Court to determine whether such discovery might contain documents that are "relevant to any party's claim or defense," and the request is not "proportional to the needs of the case."  *See* Fed. R. Civ. P. 26(b)(1); *see also King County v. Merrill Lynch & Co., Inc.*, No. C10-1156-RSM, 2011 WL 3438491, at *3 (W.D. Wash. Aug. 5, 2011) (denying a motion to compel production of "all documents produced or received during other litigation or investigations," reasoning that "[c]loned discovery . . . is irrelevant and immaterial unless the fact that particular documents were produced . . . is relevant to the . . . case") (internal quotation marks and citation omitted).  Plaintiffs seek documents previously produced during a three-year CFPB investigation involving Defendants' alleged deceptive practices that occurred *nationwide*—i.e., the request is not limited to Plaintiffs' putative Washington class.  *See id.*; *cf. Michelo v. Nat'l Coll. Student Loan Tr. 2007-2*, Nos. 18-CV-1781,

MINUTE ORDER - 1

18-CV-7692, 2020 U.S. Dist. LEXIS 197630 (S.D.N.Y. Oct. 23, 2020) (denying TSI's motion for a similar protective order in part because the plaintiffs alleged a nationwide class in that case, and the documents requested were relevant and proportional to the needs of the case). The Court has no method of determining *which* of those documents are relevant or proportional to the needs of this case. Plaintiffs "must make proper discovery requests, identifying the specific categories of [relevant] documents sought"— they cannot simply "request[] copies of discovery files made in the course of [another] investigation[]." *Merrill Lynch*, 2011 WL 3438491, at *3.

(2)     Plaintiffs' motion, docket no. 166, to strike certain affirmative defenses in the Amended Answer to the Second Amended Complaint (docket no. 158) filed by Defendants Patenaude & Felix, A.P.C. and Matthew Cheung ("P&F and Cheung") is GRANTED in part and DENIED in part as follows:

(a)     The motion to strike P&F and Cheung's Affirmative Defense No. 5 (Statute of Limitations) is GRANTED, as the Ninth Circuit has already ruled as a matter of law that the one-year limitations period under the Federal Debt Collection Practices Act does not govern the state-law claims at issue, and that the claims are instead governed by the four-year limitations period under RCW 19.86.120. *See* Mem. Dispo. (docket no. 51 at 3); *see also* Order (docket no. 118 at 10–11);

(b)     The motion to strike P&F and Cheung's Affirmative Defense No. 6 (Judicial Action Privilege) is DENIED, as P&F and Cheung might present evidence showing that triable issues of fact exist on whether their challenged acts were confined to the legal representation of their clients. *See* Order (docket no. 118 at 5–6); and

(c)     The motion to strike P&F and Cheung's Affirmative Defense No. 8 (Collateral Estoppel or Res Judicata) is GRANTED, as this Court has already ruled as a matter of law that neither doctrine applies in this case. *See* Order (docket no. 118 at 7–9).

(3)     Plaintiffs' motion, docket no. 170, for an order striking TSI's pending motion for summary judgment (docket no. 161) is treated as a motion to continue consideration of that summary judgment motion and is GRANTED. Plaintiffs have shown that they cannot present facts essential to justify their opposition to TSI's pending motion for lack of a meaningful opportunity to conduct discovery. *See* Leonard Decl. at ¶¶ 12-46 (docket no. 171); *see* Fed. R. Civ. P. 56(d); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986) (clarifying that a plaintiff must present evidence to defeat a motion for summary judgment "as long as the plaintiff has had a full opportunity to conduct discovery"). Accordingly, the Court DEFERS TSI's pending motion for summary judgment, docket no. 161, until **November 5, 2021**, and will resolve that motion in connection with any potential motion for class certification. *See* Fed. R. Civ. P. 56(d)(1); Minute Order (docket no. 146);

1

      (4)     Defendant TSI's motion, docket no. 182, to stay class discovery and class

2
certification and to bifurcate discovery pending determination of its summary judgment
motion (docket no. 161) is STRICKEN as moot;

3
      (5)     Plaintiffs' unopposed motion to seal, docket no. 188, certain documents,

4
either temporarily or permanently, is GRANTED.  *See* Local Civil Rule 5(g)(3).  Exhibits
A12-14, A12-15, A12-17, and A12-18 (docket no. 189) shall temporarily remain

5
UNDER SEAL, pending further order of the Court.  Exhibit A to the declaration of
Christina Henry (docket no. 185-1) shall permanently remain UNDER SEAL; and

6
      (6)     The Clerk is directed to send a copy of this Minute Order to all counsel of
record.

7
      Dated this 20th day of July, 2021.

8

9
                            Ravi Subramanian
                            Clerk

10
                            s/Gail Glass
                            Deputy Clerk

11

12

13

14

15

16

17

18

19

20

21

22

23

MINUTE ORDER - 3