Hon. Thomas S. Zilly

UNITED STATES DISTRICT COURT-
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

ESTHER HOFFMAN; SARAH
DOUGLASS; ANTHONY KIM; and IL
KIM; and DARIA KIM, husband and
wife and the marital community
comprised thereof, on behalf of
themselves and on behalf of others
similarly situated,

           Plaintiffs,

    vs.

TRANSWORLD SYSTEMS
INCORPORATED; *et al.*,

        Defendants.

No. 2:18-cv-1132-TSZ

STIPULATED PROTECTIVE
ORDER

1.     PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary,
or private information for which special protection may be warranted. Accordingly, the
parties hereby stipulate to and petition the court to enter the following Stipulated Protective
Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does
not confer blanket protection on all disclosures or responses to discovery, the protection it

affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.      "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

A.   Parties' nonpublic personal information including, but not limited to, medical information; tax return information; personal credit, banking and other financial information; unlisted phone numbers, addresses, social security numbers, and other nonpublic personal identifiers and information including those/that are protected by statute or Art. I, sec. 7 of the Washington Constitution;

B.   Defendants' records that identify non-parties and their personal and financial information; conversely, public records that identify non-parties and their personal and financial information are not confidential; subject to the foregoing, nothing in this Order shall be construed to prohibit a party or a party's legal representative(s) and/or legal counsel from communicating with non-parties to the extent otherwise permitted under the Federal Rules of Civil Procedure, the applicable rules of Professional Conduct, and Paragraph 3.2 of this Stipulated Protective Order;

C.   Nonpublic financial information, other than that directly related to the underlying collection actions;

D.   Proprietary software used in business activities and any underlying code or similar information;

E.   Nonpublic business financial information including, but not limited to, profitability reports or estimates, percentage fees, royalty rates, minimum guarantee payments, sales reports, and sales margins;

F.   Nonpublic information relating to ownership or control of any non-public company;

G.   Nonpublic information containing or concerning business strategy, business plans, product-development, marketing, or trade secrets;

H.   Any other category of information this court subsequently affords Confidential status.

Additionally, Defendants assert that their respective policies, procedures, practices, and protocols are confidential based on the protections for confidential business information provided in Fed. R. Civ. P. 26(c)(1)(G). Plaintiffs agree that that most such policies, procedures, practices, and protocols are confidential; however, Plaintiffs maintain that there should be an exception for policies and procedures "related to the creation or use of declarations by any defendants or their agents for the collection of debt allegedly owed to any of the NCSLT defendants" and/or "related to the ownership of debt allegedly owed to any of the NCSLT defendants." Defendants disagree with this proposed exception. The parties do not want this single disagreement to impede entry of this order. Therefore, the parties will resolve this disagreement through motion practice at a later date and, until such time as there is a resolution on this issue, all policies, procedures, practices, and protocols will be treated as confidential. Further, the parties may seek reclassification of any particular policy, procedure, practice, and/or protocol in the manner otherwise provided for in this agreement.

3.     SCOPE

3.1     <u>Scope of Order.</u> The protections conferred by this agreement cover not only Confidential Material (as defined above), but also (1) any information copied or extracted

from Confidential Material; (2) all copies, excerpts, summaries, or compilations of Confidential Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Material (collectively, "Derivative Material"). References to Confidential Material throughout this order shall be understood also to encompass Derivative Material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

3.2     Communications With Non-Parties.  Nothing in this Order shall be construed to prohibit a party or a party's legal representative(s) and/or legal counsel from communicating with non-parties to the extent permitted by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the applicable rules of professional conduct. Non-parties may agree to share their non-public and/or financial information with parties, parties' legal representative(s), parties' legal counsel, and in court filings, and no prior notice to any other party or his/her/its legal counsel is required before a party and/or a party's legal counsel communicates with such non-party about any topic, including without limitation such non-party's non-public personal and/or financial information and/or whether the non-party provides evidence for this action concerning that non-party's public or non-public personal and/or financial information.

4.     ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1     Basic Principles. A receiving party may use Confidential Material that is disclosed or produced by another party or by a non-party, as well as any Derivative Material, solely in connection with this case and only for prosecuting, defending, or attempting to settle this litigation. Confidential Material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2   <u>Disclosure of Confidential Material.</u> Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Confidential Material or Derivative Material only to:

(a)   the receiving party and the receiving party's counsel of record in this action, as well as employees or agents of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)   the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)   experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the court, court personnel, and court reporters and their staff;

(e)   copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h)   insurance carriers and their claims representatives, for the purpose of analyzing and valuing claims or potential claims;

4.3   <u>Filing Confidential Material</u>. Before filing Confidential Material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for designating the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

As set forth in Section 6.3 herein, where there is a challenge to the designation of Confidential Material, all parties shall continue to maintain the material in question as designated until the court rules on the challenge.  The non-designating party must, unless impracticable under any briefing schedule imposed by the Court or Local Rules, provide notice at least 10 days prior to the date on which the party intends to file the challenged material, in order to provide the parties sufficient time to seek to resolve any differences, and to permit the designating party sufficient time to file its responses, pursuant to Local Rule 5(g)(3)(B), to any Motion to Seal, or to seek other relief.

5.      DESIGNATING PROTECTED MATERIAL

5.1      <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2      <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)      Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains Confidential Material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)     Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding

confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3    Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Material may be affected.

8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

10.    NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all Confidential Material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Material.

1      The confidentiality obligations imposed by this agreement shall remain in effect

2 until a designating party agrees otherwise in writing or a court orders otherwise.

3      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD this 27th day of

4 July, 2021.

5 ***Attorneys for Plaintiffs***:

6 LEONARD LAW           BERRY & BECKETT, PLLP

7

                            */s/ Guy Beckett*

8 Sam Leonard, WSBA #46498       Guy W. Beckett, WSBA #14939

  3614 California Ave. SW, #151     1708 Bellevue Avenue

9 Seattle, Washington 98116       Seattle, WA 98122

10 Telephone: (206) 486-1176       Telephone: (206) 441-5444

   Facsimile: (206) 458-6028        Facsimile:  (206) 838-6346

11 Email: sam@seattledebtdefense.com   Email: gbeckett@beckettlaw.com

12 HENRY & DeGRAAF, P.S.       NORTHWEST CONSUMER LAW

13 CENTER

14 Christina L. Henry, WSBA #31273    Amanda N. Martin, WSBA #49581

15 119 – 1st Ave. S., Ste. 500       936 North 34th Street, Suite 300

   Seattle, WA 98104           Seattle, WA 98103

16 Telephone: (206) 330-0595       Telephone: (206) 805-0989

17 Facsimile: (206) 400-7609        Facsimile: (206) 805-1716

   Email: chenry@HDM-legal.com    Email: Amanda@NWCLC.org

18

19 ***Attorneys for National Collegiate Student Loan Trust Defendants:***

20 LOCKE LORD LLP          LOCKE LORD LLP

21  */s/ Gregory T. Casamento*

22 Gregory T. Casamento         J. Matthew Goodin

   R. James DeRose, III           Pro Hac Vice

23 Pro Hac Vice             111 S. Wacker Dr., Ste. 4100

   Brookfield Place            Chicago, IL 60606

24 200 Vesey St. 20th Flr.         Telephone: (312) 443-0472

   New York, NY 10281-2101       Email: jmgoodin@lockelord.com

25 Email: gcasamento@lockelord.com

26      rderose@lockelord.com

STIPULATED PROTECTIVE ORDER - 11
(No. 2:18-cv-1132-TSZ)

FOSTER GARVEY PC

Tim J. Filer, WSBA #16285
1111 Third Ave., Ste. 3000
Seattle, WA 98101
Telephone: (206) 447-4000
Email: tim.filer@foster.com

***Attorneys for Defendant Transworld Systems Inc.***

SESSIONS, ISRAEL & SHARTLE                     SESSIONS, ISRAEL & SHARTLE

 */s/ Justin Homes*
Justin Homes                                   James K. Schultz
Bryan C. Shartle                               Pro Hac Vice
Pro Hac Vice                                   1545 Hotel Circle S., Ste. 150
3850 N. Causeway Blvd., Ste. 200               San Diego, CA 92108
Metairie, LA 70002-7227                        Telephone: (619) 758-1891
Telephone: (504) 828-3700                           Email: jschultz@sessions.legal
Email: jhomes@sessions.legal
        bshartle@sessions.legal

STIPULATED PROTECTIVE ORDER - 12
(No. 2:18-cv-1132-TSZ)

1

WILLIAMS KASTNER & GIBBS, PLLC

2

Ryan W. Vollans, WSBA #45302

3

601 Union St., Ste. 4100
Seattle, WA  98101-2380

4

Telephone:  (206) 628-6600
Email:  rvollans@williamskasnter.com

5

6

***Attorneys for Defendants Patenaude & Felix, A.P.C., Matthew Cheung, and Cheung marital community:***

7

LEE SMART, P.S., INC.

8

9

 *Marc Rosenberg*

Marc Rosenberg, WSBA #31034

10

1800 One Convention Place
701 Pike Street

11

Seattle, WA  98101-3929

12

Telephone:  (206) 624-7900
Email:  mr@leesmart.com

13

14

PURSUANT TO STIPULATION, IT IS SO ORDERED.

15

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production

16

of any documents in this proceeding shall not, for the purposes of this proceeding or any

17

other federal or state proceeding, constitute a waiver by the producing party of any

18

privilege applicable to those documents, including the attorney-client privilege, attorney

19

work-product protection, or any other privilege or protection recognized by law.

20

DATED this 28th day of July, 2021.

21

22

23

24

Thomas S. Zilly
United States District Judge

25

26

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____ [date] in the case of *Hoffman, et al. v. TSI, et al.*, Case No. 2:18 cv 1132-TSZ. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____


City and State where signed: _____


Printed name: _____


Signature: _____

STIPULATED PROTECTIVE ORDER - 14
(No. 2:18-cv-1132-TSZ)