UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ESTHER HOFFMAN, et al.,

        Plaintiffs,

v.

TRANSWORLD SYSTEMS INCORPORATED, et al.,

        Defendants.

C18-1132 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)    Plaintiffs' Motion to Compel Testimony and Class Data, docket no. 226, is GRANTED in part, DENIED in part, and STRICKEN in part as moot.

    a.    Plaintiffs' motion is GRANTED as it relates to testimony concerning the actions Defendant Transworld Systems Incorporated ("TSI") took in response to the Consumer Financial Protection Bureau ("CFPB") Consent Order. The Court concludes that the requested testimony is relevant and proportional to the needs of the case. TSI's actions are not protected from disclosure under the attorney-client privilege, work-product doctrine, or common-interest doctrine. *See Upjohn Co. v. United States*, 449 U.S. 383, 395–396 (1981). The Consent Order required TSI to take specific actions. *See* Exs. A & B to Second Am. Compl. (docket no. 61). Plaintiffs' questions regarding whether TSI took actions prescribed in the Consent Order do not require TSI to disclose its attorneys' mental impressions, opinions, or conclusions about the provisions.

    b.    Plaintiffs' motion is DENIED as it relates to testimony concerning communications between TSI and Defendant Patenaude & Felix A.P.C. ("P&F").

MINUTE ORDER - 1

Plaintiffs seek an order compelling TSI and P&F to disclose all of their communications with each other concerning the Consent Order. TSI "functions as a Special Subservicer for loans owned" by the Trust Defendants. Luke Decl. at ¶ 4 (docket no. 252). On behalf of the Trust Defendants, who have no officers, directors, or employees, TSI enters into contracts with law firms, such as P&F, to provide collection services for the Trust Defendants. *See id.* at ¶¶ 4–5. The "attorney-client privilege extends to third parties indispensable to an attorney's provision of legal services to the client . . . ." *Greenlake Condo. Assoc. v. Allstate Ins. Co.*, No. 14-CV-01860, 2015 WL 11921419, at *2 (W.D. Wash. Oct. 30, 2015) (quoting *State v. Aquino-Cervantes*, 88 Wn. App. 699, 771, 945 P.2d 767 (1997)). The Court concludes that P&F could not represent the Trusts Defendants without communicating with TSI. The attorney-client privilege extends to communications between TSI and P&F to secure legal advice on matters P&F was handling for the Trust Defendants.

       c.     Plaintiffs' motion is otherwise STRICKEN as moot. TSI provided the requested class discovery after Plaintiffs filed their motion. *See* Reply at 8 n.4 (docket no. 254).

(2)     The Court sua sponte STRIKES Plaintiffs' Notice of Supplemental Authority, docket no. 257. "Before the court rules on a pending motion, a party may bring to the court's attention relevant authority *issued after* the date the party's last brief was filed . . . ." LCR 7(n) (emphasis added). Plaintiffs filed their reply, docket no. 254, on January 28, 2022. The authority cited in Plaintiffs' notice was issued before January 28, 2022.

(3)     Plaintiffs' motions to seal, docket nos. 228 and 242, are RENOTED to February 25, 2022.

       a.     Pursuant to LCR 5(g), the parties are DIRECTED to meet and confer concerning whether TSI will withdraw the confidential designations or will agree to redact the documents so that sealing is unnecessary. Counsel are DIRECTED to meet and confer *before* filing documents under seal. To the extent possible, counsel shall submit, along with any document filed under seal, a stipulation and proposed order reciting the reasons for sealing the document. *See* LCR 5(g); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003). If counsel cannot reach agreement, then a properly noted motion to seal must be filed contemporaneously with the sealed document. If the party wishing to submit the material is not the party designating the material as confidential, the party wishing to submit the material shall provide reasonable notice to the other parties, so that a motion to seal, if necessary, may be prepared and filed by the party designating the material as confidential at the same time as the material is submitted under seal to the Court.

MINUTE ORDER - 2

   b. On or before February 22, 2022:

    i. The parties shall file a stipulation and proposed order to seal the materials and withdraw Plaintiffs' separate motions; or

    ii. TSI shall file a brief in support of the motions to seal, with any opposition by Plaintiffs due on February 25, 2022.

   c. Should the parties fail to comply with this Minute Order, Exhibit B to the Leonard Declaration, docket no. 229, and Exhibits 28 and 29 to the Beckett Declaration, docket no. 238, will be unsealed.

(4) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 8th day of February, 2022.

            Ravi Subramanian
            Clerk

            s/Gail Glass
            Deputy Clerk

MINUTE ORDER - 3