The Hon. Thomas Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESTHER HOFFMAN; SARAH DOUGLASS; ANTHONY KIM; and IL KIM and DARIA KIM, husband and wife and the marital community comprised thereof, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRANSWORLD SYSTEMS INCORPORATED; PATENAUDE AND FELIX, A.P.C; MATTHEW CHEUNG, and the marital community comprised of MATTHEW CHEUNG and JANE DOE CHEUNG; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-1; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-4,<br><br>Defendants. | Case No.: C18-1132 TSZ<br><br>PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST TRANSWORLD SYSTEMS INC.<br><br>NOTED FOR CONSIDERATION: April 1, 2022 |

PLAINTIFFS' REPLY IN
SUPPORT OF MOTION
FOR SANCTIONS - i
(Case No. C18-1132 TSZ)



Berry&Beckett
    LLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

## I. INTRODUCTION

On February 8, 2022, the Court granted Plaintiffs' motion to compel Transworld Systems, Inc.'s ("TSI's") Fed. R. Civ. P. 30(b)(6) witness to provide testimony "as it relates to … the actions … [TSI] took in response to the [CFPB] Consent Order" and "regarding whether TSI took actions prescribed in the Consent Order." Dkt. #258 at 1 ("the Court Order"). The Court held that "TSI's actions are not protected from disclosure under the attorney-client privilege, work-product doctrine, or common interest doctrine." *Id.* Following the Court's ruling, on March 8, 2022, the Plaintiffs again attempted to depose TSI's Rule 30(b)(6) witness, but TSI defied the Order and prevented the Plaintiffs from obtaining the very testimony which the Court ordered it to provide. Additionally, TSI's Rule 30(b)(6) witness did not know the answers to several of the deposition questions, even though the scope of the resumed deposition was clear from the Court Order. TSI's counsel several times instructed the witness not to answer Plaintiffs' questions, in violation of the Court Order. Both TSI's and Patenaude & Felix, A.P.C.'s ("P&F's") counsel made speaking objections throughout the deposition to coach the witness. The deposition questions sought relevant information and no privilege applies that bars Plaintiffs from obtaining the answers. There are no mitigating factors that permit TSI's and its counsel's violations of the Court Order.

The Court should grant Plaintiffs' motion and as sanctions for TSI's conduct enter an order (1) holding that TSI failed to comply with the CFPB's September 18, 2017 CFPB Consent Order and that TSI's failure to comply with the Consent Order was an unfair or deceptive act or practice in trade or commerce that impacted the public interest for purposes of RCW Chapter 19.86; (2) requiring TSI's Rule 30(b)(6) witness to sit for another deposition and to provide complete answers to all of Plaintiffs' questions concerning TSI's response to the Consent Order; (3) removing any time restrictions for the completion of the Rule 30(b)(6) deposition; (4) requiring TSI to pay all expenses incurred by Plaintiffs for the March 8, 2022 deposition and the resumed deposition; and (5) requiring TSI to pay for all of Plaintiffs' attorney's fees incurred

PLAINTIFFS' REPLY IN
SUPPORT OF MOTION
FOR SANCTIONS - 1
(Case No. C18-1132 TSZ)

Berry&Beckett
PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

for the March 8, 2022 deposition and the upcoming resumed deposition, as well as for the instant motion and this Reply memorandum.

## II. AUTHORITY AND DISCUSSION

TSI depicts the conduct of its witness and legal counsel at the March 8, 2022 deposition in almost heroic terms. It claims its witness' refusal to answer the Plaintiffs' questions and its legal counsel's instructions to the witness not to answer were entirely justified. It attempts to cast Plaintiffs' questions as overreaching in an attempt to obtain information on irrelevant issues. But for all of its dodging, TSI has not rebutted, and cannot rebut, the central premise of the Plaintiffs' motion: its witness, by refusing to answer the Plaintiffs' questions, clearly violated the express terms of the Court Order.

**A.  TSI Has Improperly Characterized Plaintiffs' Claims.**

As its first justification for its improper deposition conduct, TSI argues that the questions asked by the Plaintiffs at the deposition were outside the scope of Plaintiffs' claims, so TSI's witness should not have been required to answer them. TSI contends that Plaintiffs' claims rest solely on whether the Defendants have proof that the NCSLTs own the student loans that TSI and P&F seek to collect for them. But that is not true.

As stated in Plaintiffs' Motion for Class Certification, their claims are threefold:

> Plaintiffs' claims in this action are typical of the claims of putative Class members because they arise from the same course of conduct: the Defendants' attempts to collect debt by filing lawsuits against Plaintiffs and the Class members without proof that the Defendant NCSLTs owned the debt and had the right to collect it; using false, deceptive, and unfair affidavits and declarations to obtain judgments against Plaintiffs and the Class members; and failing to comply with the CFPB Consent Order requiring them to take necessary steps to ensure that the NCSLTs had the right to collect the alleged debts.

Dkt. #232 at 16; *see also* Dkt. #61 (Plaintiffs' Second Amended Complaint) at, *inter alia*, ¶¶ 51-57, 77-81, 91, 103-110 (allegations supporting claims that Defendants attempted to collect debt by filing lawsuits without proof the NCSLTs owned the loans and had the right to collect them); ¶¶ 48-57, 73-81, 98-110, 121-124, 166-174, 184 (allegations supporting claims that

PLAINTIFFS' REPLY IN
SUPPORT OF MOTION
FOR SANCTIONS - 2
(Case No. C18-1132 TSZ)

Berry&Beckett
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

Defendants used false, deceptive, and unfair affidavits and declarations to obtain judgments); ¶¶ 64, 127-135, 154, 184 (allegations supporting claims that TSI failed to comply with the CFPB Consent Order's provisions requiring it to take necessary steps to ensure that the NCSLTs had the right to collect alleged debts). All of the Plaintiffs' questions during the March 8, 2022 deposition sought information relevant to their claims. Because the questions sought information relevant to Plaintiffs' claims, TSI's witness was required to answer them. *Boyer v. Reed Smith, LLP,* No. C12-5815 RJB, 2013 WL 5724046 (W.D. Wash. Oct. 21, 2013) (holding that the scope of a Rule 30(b)(6) deposition is determined solely by relevance under Fed. R. Civ. P. 26).

**B.     Plaintiffs' Deposition Questions did not Elicit Privileged Information.**

TSI argues that its refusal to permit its Rule 30(b)(6) witness to testify about the actions it took in response to the CFPB's Consent Order was also justified because the questions sought the content of communications between TSI and its counsel that were and are protected by the attorney-client privilege and work product doctrine. TSI is incorrect. It also argues that the questions were improper because the questions "go straight to TSI's and its lawyers' mental impressions about what ...the CFPB Order required [of them]." Dkt. # 274 at 9.

TSI's arguments flatly contradict the Court Order, which provides that neither the attorney-client privilege nor the work product doctrine blocks the Plaintiffs' efforts to obtain information about the actions TSI took in response to the Consent Order. Dkt. #258 at 1. And none of the privileges asserted by TSI apply.

Under federal law, the attorney-client privilege "protects confidential disclosures made by a client to an attorney in order to obtain legal advice … as well as an attorney's advice in response to such disclosures." *United States v. Ruehle,* 583 F.3d 600, 607 (9th Cir. 2009).[1] "The

---

[1] The Court's jurisdiction for this case was premised on 28 U.S.C. § 1331, federal question jurisdiction, because the Plaintiffs asserted claims under the FDCPA. Dkt. #1 at 2. After the Court dismissed the Plaintiffs' FDCPA claims (see Dkt. #29), the Court retained supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Because the Court's original jurisdiction was based on the existence of a federal question, federal common law applies to the scope of the attorney-client privilege in this case. *Ruehle,* 583 F.3d at 608 (citations and quotations omitted).

PLAINTIFFS' REPLY IN
SUPPORT OF MOTION
FOR SANCTIONS - 3
(Case No. C18-1132 TSZ)

Berry&Beckett
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

fact that a person is a lawyer does not make all communications with that person privileged." *Id.* Because the attorney-client privilege impedes full and free discovery of the truth, the privilege is strictly construed. *Id.* "[F]or the attorney-client privilege to apply, it is essential that the communication be made … for the purpose of obtaining *legal* advice *from the lawyer.*" *United States v. Gurtner*, 474 F.2d 297, 298 (9th Cir. 1973) (emphasis in original). Also, the privilege only protects the disclosure of communications, not the disclosure of the underlying facts by those who communicated with the attorney. *Upjohn Co. v. United States,* 449 U.S. 383, 395, 101 S. Ct. 677 (1981).

The party asserting the attorney-client privilege bears the burden of proving each element of the eight-part test to determine whether the privilege applies: (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived. *Ruehle*, 583 F.3d at 607. TSI has failed to explain how the information sought by the Plaintiffs—for example, what TSI informed P&F about the Consent Order requirements—constituted a request for "legal advice" from its attorneys in their capacity as legal advisers and how the communications related to that purpose. Accordingly, TSI has failed to meet its burden to show that the information sought by the Plaintiffs is protected from disclosure by the attorney-client privilege.

TSI's argument that the information sought was privileged because the questions "go straight to TSI and its lawyers' mental impressions" is meritless. *See* Dkt. # 274 at 9. Mental impressions are protected by the work product doctrine, which the Court has already ruled does not apply. Dkt. #258 at 1.[2] Further, the work product doctrine has no application to questions asking why TSI did or did not take actions required by the Consent Order. The question, "Why

---

[2] TSI's attempt to relitigate the application of the attorney-client privilege and work product issues amounts to an untimely and disfavored motion for reconsideration. *See* LCR 7(h)(1) & (2) (motions for reconsideration are disfavored and are required to be filed within fourteen days "after the order to which it relates is filed").

PLAINTIFFS' REPLY IN
SUPPORT OF MOTION
FOR SANCTIONS - 4
(Case No. C18-1132 TSZ)

Berry&Beckett LLP
1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

were no accounts recalled as a result of the Consent Order?" was appropriate, did not implicate the work product doctrine, and should have been answered.[3]

TSI should not be permitted to baldly assert that it complied with all its obligations under the Consent Order—as it has asserted in this case—without permitting the Plaintiffs to test that claim through discovery.[4] For example, the Plaintiffs are entitled to learn what TSI informed P&F about what its obligations were under the Consent Order and how it intended to meet them. There is no indication in TSI's opposition to the motion for sanctions or anywhere else in the record that TSI *ever* sought legal advice from P&F about its obligations under the Consent Order. TSI hired the Venable law firm, not P&F, to represent it for the CFPB investigation and Consent Order.[5] TSI has failed to meet its burden to show that the information sought by the Plaintiffs is not discoverable. Particularly in view of the Court Order, there was no legitimate basis for TSI to refuse to provide the answers to the Plaintiffs' deposition questions and there was no legitimate basis for its attorney to instruct the witness not to answer Plaintiffs' questions.[6]

C. **TSI Violated the Court Order By Refusing to Provide Complete Answers to Plaintiffs' Questions About What Actions It Took in Response to the Consent Order.**

In their Motion for Sanctions (Dkt. #271), Plaintiffs provided numerous examples of

---

[3] Answers to this question could have included, for example, "we did not look for any accounts that needed to be recalled," or perhaps, "we looked but could not find any accounts that needed to be recalled." Notably, neither of these examples include mental impressions to which the work product doctrine would apply. The assertion that the entirety of any answer would require revealing work product protected information is without merit.

[4] *Compare* Dkt. # 61, ¶ 184.b. (Plaintiffs' allegation that TSI failed to comply with the Consent Order in the Second Amended Complaint), *with* Dkt. # 141, ¶ 184 (TSI stated in its Answer, "TSI denies any violations, wrongdoing, liability, or damages to the extent alleged in ¶ 184 and denies the allegations in ¶ 184, including all subparts.").

[5] TSI's Rule 30(b)(6) representative testified that TSI hired the Venable law firm to represent it relating to the Consent Order. *See* Dkt. # 272, Ex. 3 at 218:14-25.

[6] Similarly, the work product doctrine does not protect from disclosure the content of documents that TSI or its attorneys may have prepared concerning the actions taken in response to the Consent Order, as they would not have been prepared in anticipation of litigation: "To qualify for work-product protection, documents must: (1) be prepared in anticipation of litigation or for trial and (2) be prepared by or for another party or by or for that other party's representative. *United States v. Richey,* 632 F.3d 559, 567 (9th Cir. 2011) (quotation marks and citations omitted).

TSI's refusal to provide complete answers to the Plaintiffs' deposition questions intended to elicit information about the actions TSI took in response to the Consent Order. *See, e.g.,* Beckett Decl. (Dkt. #272), Ex. 4 (March 8, 2022 deposition transcript) at 11-14, 20-21, 29-33, 36, 37-38, 39, 42-43, 43-44, 44-45, 46. Many of these refusals were the direct result of TSI's counsel's instructions to the witness not to answer the questions. *See, e.g., id.* at 11-14, 20-21, 36, 37-38, 39, 42-43, 43-44, 44-45, 46. The witness had no legitimate basis to refuse to provide complete answers to the questions and there was no legitimate basis for TSI's counsel to instruct the witness not to answer them. TSI's refusals to provide complete answers to the questions violated the express terms of the Court Order.

**D.    TSI's Counsels' Instructions to the Witness Not to Answer Questions About TSI's Actions in Response to the Consent Order Regarding Its Attempted Collection on Time Barred Claims Were Improper.**

TSI claims it was justified in refusing to answer deposition questions about TSI's actions in response to obligations in the Consent Order concerning cases filed after the running of the statute of limitations because none of the Plaintiffs contend the lawsuits filed against them were filed after the statute of limitations on their loans had run. *See, e.g.,* Dkt. #274 at 12-14. There were no such exceptions noted in the Court Order. The Court Order authorized Plaintiffs to obtain answers to questions regarding all actions TSI took in response to the Consent Order. Dkt. #258 at 1. TSI's refusal to provide *any* answers to the Plaintiffs' questions about actions it took in response to the issues in the Consent Order relating to the statute of limitations violated the Court Order. TSI's counsel's instructions to the witness not to answer them were not "appropriate and justified" despite its claim they were. *See* Dkt. #274 at 12:4-5.

Even without the Court Order, TSI's counsel's instructions not to answer the questions were improper. "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). As stated by Judge Coughenour in *Saevik v. Swedish Med. Ctr.,* No. C19-1992-JCC, 2021 WL 4502668, at *1 (W.D. Wash. Oct. 1, 2021):

PLAINTIFFS' REPLY IN
SUPPORT OF MOTION
FOR SANCTIONS - 6
(Case No. C18-1132 TSZ)

Berry&Beckett
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

First, Plaintiff's counsel's instructions to Ms. Saevik not to answer certain questions were improper. Plaintiff's counsel did not move to terminate or limit the deposition under Rule 30(d)(3). Further, the objections were not asserted to preserve a privilege or enforce a limitation ordered by the Court. *See* Fed. R. Civ. P. 30(c)(2). Nor did Defendants' counsel appear to pose any questions in bad faith with an intent to harass or intimidate Plaintiff. If Plaintiff's counsel found the questions objectionable, the proper course was to object for the record and allow Mrs. Saevik to answer. *See id.* (stating the general rule that deposition "testimony is taken subject to any objection").

TSI's counsel's instructions not to answer on the basis of relevance were improper.

Moreover, TSI's premise that the statute of limitations questions were irrelevant is also incorrect. The Plaintiffs moved to certify the following Subclass:

> **Post-CFPB TSI Consent Order Subclass:** All persons in the Class against whom Defendants maintained or filed a lawsuit to collect an alleged debt owed to a NCSLT after September 18. 2017, the date the … [CFPB] /[TSI] Consent Order was entered in CFPB Administrative Proceeding File No. 2017-CFPB-0018.

Dkt. #232 at 1. The information sought by Plaintiffs about the failure of TSI to comply with the Consent Order provisions concerning the statute of limitations issue is relevant to Plaintiffs' class certification motion, and if the motion is granted, the prosecution of claims for affected persons. TSI's counsel's instructions to the witness, and the witness' refusal to testify about these issues, was improper under any analysis, and was a direct violation of the Court Order.

### E. There is No Applicable "Bank Examiner's" or "Supervisory" Privilege.

TSI also attempts to justify its witness' refusal to answer questions about the actions TSI took in response to the Consent Order by claiming such information was protected by the so-called "bank examiner's" or "supervisory" privilege. *See* Dkt. #272, Ex. 4 at 30-44; Dkt. #274 at 14-17. But no such privilege attaches (or privileges attach) to the information that would have been responsive to the Plaintiffs' deposition questions.

Plaintiffs addressed this issue in detail in their response to TSI's motion for a protective order. *See* Dkt. ##156, 163, 164. Due to page constraints, it is not possible for the Plaintiffs to address these issues in the same detail here; for that reason, Plaintiffs request that the Court

PLAINTIFFS' REPLY IN
SUPPORT OF MOTION
FOR SANCTIONS - 7
(Case No. C18-1132 TSZ)



Berry&Beckett
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

consider the arguments in their response to the protective order motion, Dkt. #163, most specifically at pages 8-11. But to summarize, TSI made this very same argument in an effort to prevent the plaintiffs in *Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2,* No. 18-CV-1781 (PGG) (BCM), from obtaining documents TSI provided to the CFPB related to the Consent Order; the court rejected the arguments, holding that only the CFPB has standing to invoke the confidentiality provisions under the relevant statutory and regulatory provisions, that nothing in the applicable statutes or regulations require a subject of a CFPB investigation to keep confidential those documents and information that it provided to the CFPB, and that nothing in the statutes and regulations prevent a litigant in a separate action from obtaining information and documents from the subject of a CFPB investigation in an attempt to trace the steps the CFPB followed in its investigation of that subject. *Michelo,* 2020 U.S. Dist. LEXIS 140889, at *3-4 (S.D.N.Y. Aug. 6, 2020). The *Michelo* court reiterated its decision on this issue in its decision on TSI's motion for reconsideration of that order. *Michelo,* 2020 WL 9423921, at *4-5 (S.D.N.Y. Aug. 31, 2020). *Accord, Chery v. Conduent Educ. Servs., LLC,* 2020 WL 4783167, at *10, 12 (S.D.N.Y. Aug. 18, 2020) (holding that nothing in the applicable statutes or regulations precludes a plaintiff in separate litigation from obtaining documents relating to consent orders entered into by the CFPB and the defendant in the separate action). The fundamental flaw in TSI's "supervisory" or "bank examiner's" privilege arguments is that such privileges, if they exist at all, do not apply where discovery is sought for information held by TSI. Nothing in the applicable statutes or regulations require the Plaintiffs to request permission from the CFPB to obtain that information from TSI. And tellingly, the court in *Michelo* noted that the CFPB had been asked whether it wished to prevent the dissemination of the documents requested by the plaintiffs in that case related to the CFPB's investigation of TSI, and the CFPB expressly informed the parties and the court that it would not assert any privilege it may have held to prevent the disclosure of the documents and information. *Michelo,* 2020 U.S. Dist. LEXIS 197630, at *4-5.

PLAINTIFFS' REPLY IN
SUPPORT OF MOTION
FOR SANCTIONS - 8
(Case No. C18-1132 TSZ)



Berry&Beckett
PLLP
1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

In short, the "bank examiner's" and/or "supervisory" privileges asserted by TSI as partial justification for its refusal to answer the Plaintiffs' questions, if they exist at all, do not prevent the Plaintiffs from obtaining complete answers regarding information and documents TSI provided to the CFPB in response to its obligations under the Consent Order. Having litigated this very issue and having lost on these very same arguments against disclosure in *Michelo*, TSI's assertion of these "privileges" as a basis to refuse to answer the Plaintiffs' deposition questions, and TSI's counsel's instructions to the witness not to answer the questions, was in bad faith and illustrates TSI's intentional violation of the Court Order. TSI should be sanctioned as requested by the Plaintiffs in the instant motion.

**F.  TSI's Witness Should Be Required to Provide Complete Answers to the Deposition Questions to Which He Didn't Know the Answers.**

Once served with a Rule 30(b)(6) deposition notice, the responding party is required to produce one or more witnesses knowledgeable about the subject matter. *Great American Ins. Co. of New York v. Vegas Construction Co., Inc.*, 252 F.R.D. 534, 538 (D. Nev. 2008) (citation omitted). The testimony of the designated witness "represents the knowledge of the corporation, not of the individual deponents." *Id.* (citations and quotation marks omitted). Thus, "[a] corporation has a duty under Rule 30(b)(6) to provide a witness who is knowledgeable in order to provide binding answers on behalf of the corporation." *Id.* (citations and quotation marks omitted). Further, corporate parties have "a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." *Id.* at 539 (citations and quotation marks omitted). The corporation's witness is obligated to be prepared to testify about "matters not only within the personal knowledge of the witness but on matters reasonably known by the responding party." *Id.* (citations omitted). The Rule 30(b)(6) witness' preparation obligations include "review[ing] prior fact witness deposition testimony as well as documents and deposition exhibits." *Id.* (citation omitted). And "if an organization designates a witness it

PLAINTIFFS' REPLY IN
SUPPORT OF MOTION
FOR SANCTIONS - 9
(Case No. C18-1132 TSZ)

Berry&Beckett
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444  FAX (206) 838-6346

believes in good faith would be able to provide knowledgeable responsive testimony and it becomes apparent during the deposition that the designee produced is unable to respond to relevant areas of inquiry, the responding party has a duty to designate an additional knowledgeable deponent." *Id.* at 540 (citation omitted).

Here, there was no confusion about what topics would be the subject of the March 8, 2022 deposition. The Court Order compelled TSI's Rule 30(b)(6) witness to testify about "the actions [TSI] took in response to the [CFPB] Consent Order" and "whether TSI took actions prescribed in the Consent Order." Dkt. #258 at 1. But TSI's witness disclosed he didn't know the answers to several of the Plaintiffs' March 8, 2022 deposition questions. *See, e.g.,* Dkt. #272, Ex. 4 at 23-24, 29-33, 34-35, 42. The Plaintiffs are entitled to obtain complete answers to the questions TSI's witness could not answer. The Court should direct TSI's witness to make himself available for further deposition and to provide complete answers to all questions he was unable to answer at the previous deposition.

The court's approach in *Great American Ins. Co. of New York v. Vegas Construction Co., Inc.*, 252 F.R.D. 534 (D. Nev. 2008) is instructive. In that case, the plaintiff took the Rule 30(b)(6) deposition of one of the defendant's designated representatives. The witness did not know the answer to many of the deposition questions. On the plaintiff's motion, the court ordered the defendant corporation to again produce one or more "thoroughly educated, knowledgeable witness(es) able to answer questions, provide the corporation's position and bind the corporation on the noticed deposition topics[,]" and ordered the defendant to pay the reasonable costs and attorney's fees incurred by the plaintiff "in preparing for and taking the deposition" of the Rule 30(b)(6) designee, and for preparing and filing the motion to compel and its reply in support of the motion. *Id.* at 543-44. The Court should order similar relief here.

### III. CONCLUSION

For the reasons discussed in the motion and this Reply, the Court should grant Plaintiffs' motion and order the relief requested by the Plaintiffs.

PLAINTIFFS' REPLY IN
SUPPORT OF MOTION
FOR SANCTIONS - 10
(Case No. C18-1132 TSZ)



Berry&Beckett
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

DATED: April 1, 2022.

**Attorneys for Plaintiffs:**

LEONARD LAW, PLLC

/s/ Sam Leonard
Sam Leonard, WSBA #46498
3614 California Ave. SW, #151
Seattle, WA 98116
Telephone: (206) 486-1176
Facsimile: (206) 458-6028
E-mail: sam@seattledebtdefense.com

HENRY & DeGRAAFF, P.S.

/s/ Christina Henry
Christina L. Henry, WSBA #31273
787 Maynard Ave. S.
Seattle, WA 98104
Telephone: (206) 330-0595
Facsimile: (206) 400-7609
E-mail: chenry@HDM-legal.com

BERRY & BECKETT, PLLP

/s/ Guy Beckett
Guy W. Beckett, WSBA #14939
1708 Bellevue Avenue
Seattle, WA 98122
Telephone: (206) 441-5444
Facsimile: (206) 838-6346
E-mail: gbeckett@beckettlaw.com

NORTHWEST CONSUMER LAW CENTER

/s/ Amanda Martin
Amanda N. Martin, WSBA #49581
936 North 34th Street, Suite 300
Seattle, WA 98103
Telephone: (206) 805-0989
Facsimile: (206) 805-1716
E-mail: Amanda@NWCLC.org

PLAINTIFFS' REPLY IN
SUPPORT OF MOTION
FOR SANCTIONS - 11
(Case No. C18-1132 TSZ)



1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346