UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESTHER HOFFMAN; SARAH DOUGLASS; ANTHONY KIM; and IL KIM and DARIA KIM, husband and wife and the marital community comprised thereof, on behalf of themselves and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRANSWORLD SYSTEMS INCORPORATED; PATENAUDE AND FELIX, A.P.C.; MATTHEW CHEUNG, and the marital community comprised of MATTHEW CHEUNG and JANE DOE CHEUNG; National Collegiate Student Loan Trust 2004-2; National Collegiate Student Loan Trust 2005-2; National Collegiate Student Loan Trust 2005-3; National Collegiate Student Loan Trust 2006-1; National Collegiate Student Loan Trust 2006-3; National Collegiate Student Loan Trust 2007-4,<br><br>Defendants. | Case No. C18-1132 TSZ<br><br>PLAINTIFFS' MOTION TO COMPEL DISCOVERY<br><br>NOTED FOR CONSIDERATION:<br>April 22, 2022 |

PLAINTIFFS' MOTION TO
COMPEL DISCOVERY
(Case No. C18-1132 TSZ)

Leonard Law, PLLC
3614 California Ave. SW, #151
Seattle, Washington 9811
Phone: 206-486-1176
Fax: 206-458-6028

## I. INTRODUCTION AND RELIEF REQUESTED

Plaintiffs allege, *inter alia*, that Defendants used false and misleading affidavits signed by TSI employees to obtain judgments and collect on Washington residents' debts that the National Collegiate Student Loan Trusts ("NCSLTs") claim they own.[1] The Consumer Financial Protection Bureau ("CFPB"), after an extensive investigation into TSI's collection practices, determined that TSI used false and misleading affidavits signed by TSI employees to obtain judgments and collect on loans that the NCSLTs claim they own. The CFPB's findings were described in a Consent Order to which TSI agreed (the "Consent Order").[2] The Consent Order required that TSI take specific steps to ensure that its practice of using false and misleading affidavits to collect debts allegedly owed to the NCSLTs ceased.

Plaintiffs also allege that TSI continued using false and misleading affidavits and collecting on ill-gotten judgments after being caught by the CFPB, and that Defendants cannot prove the student loan accounts they collect on were assigned to the NCSLTs. The Consent Order includes a finding that TSI does not have many of the records required to prove assignment of student loan accounts to the NCSLTs. Thus, TSI's actions that relate to the Consent Order and Washington accounts that relate to the Consent Order are front and center in this case. TSI should be compelled to produce records and information regarding its collection practices in Washington after the Consent Order was entered and whether it complied with the Consent Order.

Plaintiffs now move for an order requiring TSI to provide complete responses to six requests for production and three interrogatories concerning the Consent Order. Plaintiffs' discovery requests are narrowly tailored and relate specifically to TSI's actions taken in

---

[1] "NCSLT" means Defendants National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-3, and National Collegiate Student Loan Trust 2007-4.
[2] On September 18, 2017, the Consent Order was filed in *In re Transworld Systems, Inc.*, File No. 2017-CFPB-0018 (CFPB Sept. 15, 2017). The filing and entry of the TSI Consent Order was stipulated to by TSI.

PLAINTIFFS' MOTION TO
COMPEL DISCOVERY - 1
(Case No. C18-1132 TSZ)

Leonard Law, PLLC
3614 California Ave. SW, #151
Seattle, Washington 9811
Phone: 206-486-1176
Fax: 206-458-6028

response to the Consent Order. The discovery requests focus on Plaintiffs' putative class of Washingtonians and there is no good cause for TSI to refuse to provide complete responses. Plaintiffs also move for an award of their attorney's fees incurred for this motion, and for any required reply memorandum in support of the motion, pursuant to Fed. R. Civ. P. 37(a)(5).

## II. RELEVANT FACTS

**A. After TSI Obtained Judgments Against Plaintiffs and Putative Class Members, the CFPB Found TSI Was Using False and Misleading Affidavits and Missing Proof of Assignments, and Prescribed Corrective Measures.**

Between 2015 and 2017 Defendants sued and obtained judgments against the Plaintiffs and other Washington state residents. Leonard Decl. Ex. A at 9. In order to obtain the judgments, Defendants used affidavits signed by TSI employees, in which the employees claimed to have "personal knowledge" of business records and electronic data they stated showed that the NCSLTs had obtained assignments of the student loan debts for which the Plaintiffs were being sued. *Id.*, Ex. B. The TSI employees also testified they had personal knowledge of the record management practices and procedures of the NCSLTs that were plaintiffs in the actions and of the servicers of the debt that the NCSLTs claimed Plaintiffs owed. *Id*. TSI employees further testified they were competent to testify about the information included in their affidavits. *Id*. Notably, the judgments against each of the Plaintiffs were vacated, except for one default judgment obtained against Esther Hoffman. *Id*. at 2, ¶ 4.

On September 18, 2017, the Consent Order was entered with the CFPB. It contains the CFPB's factual findings that mirror many of the allegations in this case. The findings include that TSI employees filed misleading and false declarations regarding their personal knowledge to obtain default judgments against consumers in actions brought on behalf of the NCSLTs, and that TSI lacks proof of assignments to the NCSLTs of the alleged student loan debts. Dkt. No. 61, Ex. A at 10-11. The CFPB's findings state with particularity the misrepresentations that TSI used to obtain judgments. *Id*., Ex. A at 7-8.

PLAINTIFFS' MOTION TO
COMPEL DISCOVERY - 2
(Case No. C18-1132 TSZ)

Leonard Law, PLLC
3614 California Ave. SW, #151
Seattle, Washington 9811
Phone: 206-486-1176
Fax: 206-458-6028

The Consent Order also includes Conduct Provisions that required TSI to implement procedures and processes to ensure that the wrongful conduct described in the Consent Order findings did not continue. Dkt. No. 61 Ex. A at 12-19. The Consent Order required TSI to transmit copies of the Consent Order to persons who have responsibilities related to the use of the affidavits. *Id*. at 26-27, ¶¶ 69-71. It required TSI to identify accounts for which it did not have proof of assignment of a student loan to an NCSLT, and to identify accounts where it had used false and misleading statements to obtain judgments. *Id.* at 12-13, ¶ 45. The Consent Order also required TSI to take corrective measures such as ceasing collection on the judgments Defendants improperly obtained. *Id*. at 17-18, ¶ 50.

**B.  Relevant Procedural Background:**

Plaintiffs filed this case on June 20, 2018. The Second Amended Complaint was filed on July 7, 2020. Dkt. # 61. Plaintiffs allege that Defendants violated Washington's Consumer Protection Act, RCW Chapter 19.86 ("WCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et. seq. TSI moved for summary judgment dismissal of Plaintiffs' claims against it on June 10, 2021. Dkt. # 161.[3] On July 20, 2021, the Court continued TSI's Motion for Summary Judgment to allow Plaintiffs to obtain additional evidence in discovery that had not yet been produced. Dkt. # 191.

In that same July 20, 2021 Minute Order, the Court granted TSI's Motion for Protective Order. *Id*. at 1. TSI moved for the Protective Order to prevent having to respond to a discovery request from Plaintiffs that sought "all documents [that TSI] provided [to] the … ["CFPB"] related to the findings included in the Consent Order." *Id*. at 1. The Court explained that the request was "simply too broad to permit the Court to determine whether such discovery might contain documents that are relevant to any party's claim or defense, and the request is not proportional to the needs of the case." *Id*. (internal quotations

---

[3] Defendants have filed a total of five Motions to Dismiss (Dkt. ## 15, 17, 100, 103, 104, ) and two Motions for Summary Judgment (Dkt. ## 30 and 161).

PLAINTIFFS' MOTION TO
COMPEL DISCOVERY - 3
(Case No. C18-1132 TSZ)

Leonard Law, PLLC
3614 California Ave. SW, #151
Seattle, Washington 9811
Phone: 206-486-1176
Fax: 206-458-6028

removed). It continued that "the request is not limited to Plaintiffs' putative Washington class" and that it had "no method of determining *which* of those documents are relevant or proportional to the needs of this case." *Id*. at 2-3 (emphasis in original). The Court's Minute Order did not adopt TSI's main arguments in its Motion for Protective Order (Dkt. # 156), which were that Plaintiffs' discovery request invaded the "Bank Examiner Privilege," and that the CFPB's rules required TSI to keep the documents confidential. Dkt. #156 at 5-9.

On December 16, 2021 Plaintiffs deposed TSI's Fed. R. Civ. P. 30(b)(6) designee. During the deposition, TSI's designee refused to answer questions and was instructed to not answer questions regarding what actions TSI took in response to the Consent Order. *See* Dkt. # 8-10. Plaintiffs filed a Motion to Compel Testimony and Class Data on January 13, 2022 seeking to compel TSI's designee to answer questions regarding the actions TSI took in response to the Consent Order. Dkt. # 226. TSI responded that the information was privileged and therefore not discoverable. Dkt. # 249 8-13. On February 8, 2022, the Court ordered TSI to produce again for deposition its Rule 30(b)(6) designee and ordered TSI to provide responses to Plaintiffs' questions regarding what actions TSI took in response to the Consent Order. Dkt. # 258. The Court concluded that actions TSI took in response to the Consent Order "are not protected from disclosure under the attorney-client privilege, work product doctrine, or common interest doctrine." Dkt. # 258 at 1.

**C. TSI Objected To Plaintiffs' Narrowly Tailored Discovery Seeking Documents Related to the Consent Order and Actions TSI Took In Response to the Consent Order.**

After receiving the July 20, 2021 Minute Order on TSI's Motion for Protective Order Plaintiffs propounded additional discovery to TSI, which included the following requests for production:

> REQUEST FOR PRODUCTION NO. 38: Produce all documents and records related to any delivery of a copy of the Consent Order to any person or entity pursuant to and in compliance with Page 26, Paragraphs Nos. 69 and 70 of the Consent Order.

PLAINTIFFS' MOTION TO COMPEL DISCOVERY - 4
(Case No. C18-1132 TSZ)

Leonard Law, PLLC
3614 California Ave. SW, #151
Seattle, Washington 9811
Phone: 206-486-1176
Fax: 206-458-6028

REQUEST FOR PRODUCTION NO. 39: Produce all signed and dated statements obtained by TSI as required by the Consent Order, at Pages 26-27, Paragraph No. 71.

REQUEST FOR PRODUCTION NO. 40: Produce all documents and records produced by TSI to the CFPB in response to the CFPB investigation of the NCSLTs and/or TSI that culminated in the Consent Order, that relate to student loan borrowers in Washington State.

REQUEST FOR PRODUCTION NO. 45: Produce all documents and records relating to TSI's identification to the CFPB of Collections Lawsuits that were filed in Washington State between November 1, 2014 and the Effective Date of the Consent Order that are missing the documentation described in Paragraph No. 45, subsection (f)(i) and (ii) of the Consent Order, as required by Paragraph No. 45(c) of the Consent Order.

REQUEST FOR PRODUCTION NO. 46: Produce all documents and records relating to TSI's notifications as required by Paragraph No. 45(e) of the Consent Order, as to any Washington State student loan borrowers.

REQUEST FOR PRODUCTION NO. 50: Produce all documents and records relating to any notifications by TSI to any law firms, including without limitation P&F, to cease post-judgment enforcement activity against any Washington State student loan borrower, in compliance with Paragraph No. 50 of the Consent Order.

Leonard Decl. ¶ 5, Ex. C.

In its initial responses to the above requests, TSI did not produce a single document. Leonard Decl. ¶ 5. Despite Plaintiffs' agreement to limit RFPs 40, 45, 46 and 50 to documents related to Washington State student loan borrowers, and specifically identifying the documents they were seeking, TSI still objected to the requests. *See* Leonard Decl. Ex. C. TSI objected that RFPs 45, 46 and 50 were overly broad, disproportionate to the needs of the case, and that they sought privileged documents because the documents related to the Consent Order. *Id*. at 7-9 and 11. Refusing to provide documents responsive to RFP 40, TSI renewed its objections stated in its Motion for Protective Order (Dkt. # 156) and Reply (Dkt. #165). *Id*. at 5. TSI admitted it was withholding documents that were responsive to these requests but did not provide a privilege log. *Id*. at 8 (Response to RFP 45) and 11 (Response

PLAINTIFFS' MOTION TO
COMPEL DISCOVERY - 5
(Case No. C18-1132 TSZ)

Leonard Law, PLLC
3614 California Ave. SW, #151
Seattle, Washington 9811
Phone: 206-486-1176
Fax: 206-458-6028

to RFP 50).

Plaintiffs propounded additional interrogatories, which included requests for the identities of Washington borrowers whose accounts were missing documents (Int. 21) and case numbers for NCSLT cases in Washington where collection was terminated in compliance with Paragraph No. 50 of the Consent Order (Int. 24). Leonard Decl. Ex. D. at 4, 6-7. TSI objected to these interrogatories on the basis of privilege and claimed that they were "irrelevant and premature because no class has been certified, and the information sought is not relevant to a Rule 23 analysis." *Id*. TSI additionally objected to Int. 21 on the basis that it was vague, but stated that "three lawsuits may have been commenced (but subsequently abandoned or dismissed) against Washington consumers in which certain assignment documentation is not within TSI's possession...." *Id*. at 4.

## D. TSI Continues to Withhold Numerous Documents Despite the Court's February 8, 2022 Order.

After the Court's ruling on Plaintiffs' Motion to Compel Testimony, Plaintiffs sent TSI a request for a discovery conference regarding RFPs 38, 39, 40, 45, 46 and 50 and Interrogatories 21 and 24, as well as others. Leonard Decl. ¶ 8, Ex. G. The parties conferred on March 17, 2022. Leonard Decl. ¶ 8. Instead of engaging in meaningful discussions regarding the requests and TSI's objections, TSI's counsel stated that TSI would agree to supplement some responses by March 21, 2022. *Id*. TSI did not identify which responses it would be supplementing despite Plaintiffs' attempts to discuss the particulars. *Id*. On March 21, 2022, Plaintiffs received TSI's First Supplemental Responses to Plaintiffs' Second Interrogatories and TSI's First Supplemental Responses to Plaintiffs' Second Requests for Production. Leonard Decl. ¶¶ 5 and 6. TSI provided two one-page documents it alleged were responsive to Interrogatories 21 and 24, and a single-page document it alleged was responsive to RFP No. 38. *Id*. On March 25, 2022, TSI provided another document that contained a list of names in response to RFP Nos. 38 and 39. *Id*. ¶ 5, Ex. C at 4.

PLAINTIFFS' MOTION TO
COMPEL DISCOVERY - 6
(Case No. C18-1132 TSZ)

Leonard Law, PLLC
3614 California Ave. SW, #151
Seattle, Washington 9811
Phone: 206-486-1176
Fax: 206-458-6028

TSI's limited Supplemental Responses indicate that it has withheld numerous documents and significant information. TSI refuses to produce documents responsive to RFP Nos. 38 and 39, for documents related to the transmission of a copy of the Consent Order to persons who have responsibilities related to the false and misleading affidavits. Leonard Decl., Ex. C at 4.[4] The documents it produced lists only the names of persons, many of whom were not previously disclosed, who TSI claims received a copy of the Consent Order. Leonard Decl. ¶ 5, Ex. C at 4. TSI's supplemental response to RFP No. 45 renews its prior objections and states that it is withholding from production a listing of accounts that was provided to the CFPB in compliance with one or more Consent Order requirements. Leonard Decl. Ex. C at 7-8. TSI's supplemental response to RFP No. 50 identifies specific letters that are responsive but that have been withheld from production. *Id*. at 11-12. TSI states that the letters contain privileged communications between TSI and P&F. The description of the letters that are being withheld indicates that they are letters TSI sent to all collection firms and that there is an Excel spreadsheet that was provided to P&F that is being withheld. *Id*.

TSI's supplemental responses provided no additional information for RFPs 40 and 46. *Id*. at 5 and 8-9. TSI stands on its objection that the documents are privileged and need not be produced because they were provided to the CFPB. Leonard Decl. Ex. C at 5 and 8-9; *and* Leonard Decl. Ex. H.

TSI's supplemental answers to Interrogatory Nos. 21 and 24 also indicate information is being withheld. Interrogatory Nos. 21 and 24 request information on cases where collection was terminated in response to the Consent Order. Leonard Decl. Ex. D at 4-6. TSI provided a list of cases, all NCSLT 2005-3 cases, some with incorrect case numbers. *See*

---

[4] RFP No. 38 references paragraphs 69 and 70 of the Consent Order, which require TSI to deliver "a copy of the Consent Order to each of its board members, managers, employees, Service Providers, or other agents and representatives who have responsibilities related to the subject matter of the Consent Order." RFP 39 requests copies of the Consent Order that were signed by those individuals to whom TSI was required to provide a copy of the Consent Order under paragraphs 69 and 70 of the Consent Order. The signature requirement was included in paragraph 71 of the Consent Order. *See* Dkt. 61, Ex. A at 26 (pp. 65).

PLAINTIFFS' MOTION TO
COMPEL DISCOVERY - 7
(Case No. C18-1132 TSZ)

Leonard Law, PLLC
3614 California Ave. SW, #151
Seattle, Washington 9811
Phone: 206-486-1176
Fax: 206-458-6028

Leonard Decl. Exs. E, F and H. Plaintiffs inquired why the results returned pertained only to NCSLT 2005-3 cases and about the nature of the search TSI conducted. *Id*., Ex. H. The cases on the list Plaintiffs were able to locate included affidavits from TSI employees that were not previously disclosed. Leonard Decl. ¶ 6. TSI responded to Plaintiffs' request for additional information by stating that it provided all the information it has and if Plaintiffs require more information, they should discuss it with P&F. Leonard Decl., Ex. I. TSI refused to discuss how its search was performed or explain why the names of the affiants in the records of those cases identified in the response had not previously been disclosed. *Id*.

## II. LCR 37(a)(1) CERTIFICATION OF COMPLIANCE

Plaintiffs' counsel certify that they met and conferred with TSI's counsel via Zoom in a good faith effort to resolve their discovery dispute without Court action on March 17, 2022. Upon receipt of supplemental responses to discovery on March 21, Plaintiffs' counsel attempted to schedule a follow up discovery conference regarding the supplements. TSI's counsel refused to meet and confer and stated that the parties were at an impasse on March 28, 2022.

## III. ARGUMENT

**A. The Scope of Discovery Is Broad and TSI Should Be Compelled To Respond To Plaintiffs' Narrowly Tailored Discovery Requests Seeking Relevant Information.**

Fed. R. Civ. P. 26(b) allows broad discovery into relevant information that is proportional to the needs of the case:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

A district court has broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Pretrial discovery is ordinarily "accorded broad and liberal

PLAINTIFFS' MOTION TO
COMPEL DISCOVERY - 8
(Case No. C18-1132 TSZ)

Leonard Law, PLLC
3614 California Ave. SW, #151
Seattle, Washington 9811
Phone: 206-486-1176
Fax: 206-458-6028

treatment." *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385 (1947). "This broad right of discovery is based on the general principle that litigants have a right to 'every [persons]' evidence,' and that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (quoting *United States v. Bryan*, 339 U.S. 323, 331, 70 S. Ct. 724 (1950)).

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections with competent evidence." *Doe v. Trump*, 329 F.R.D. 262, 270 (W.D. Wash. 2018) (internal quotes omitted); *see also Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). "The party resisting discovery on grounds of privilege also bears the burden to show that the requested discovery is so protected." *Id*. at 271.

### 1. TSI Should Be Compelled to Produce Complete Responses to Plaintiffs' Narrowly Tailored Discovery Requests That Seek Relevant Information.

Plaintiffs' RFP Nos. 38, 39, 40, 45, 46 and 50 and Interrogatory Nos. 6, 21 and 24 are narrowly tailored to obtain information relevant to Plaintiffs' claims and no privilege applies that bars discovery. This is the third time Plaintiffs have been before the Court seeking to obtain information related to actions TSI took in response to the Consent Order. Along the way, Plaintiffs have narrowed their discovery requests and specifically identified the information and documents they seek.

#### a. Plaintiffs' RFPs are narrowly tailored and seek relevant documents.

The Court's July 20, 2021 Minute Order regarding TSI's Motion for Protective Order faulted Plaintiffs' RFP No. 13 because it broadly sought "*all* documents [that TSI] provided [to] the … [CFPB] related to the finding included in the Consent Order." Dkt. # 191 at 1 (emphasis added). The Court also faulted the request because it was "not limited to Plaintiffs' putative *Washington* class." *Id*. (emphasis added). Plaintiffs' RFP Nos. 38, 39, 40, 45, 46 and 50 and Interrogatory Nos. 21 and 24 do not suffer this fault.

PLAINTIFFS' MOTION TO
COMPEL DISCOVERY - 9
(Case No. C18-1132 TSZ)

Leonard Law, PLLC
3614 California Ave. SW, #151
Seattle, Washington 9811
Phone: 206-486-1176
Fax: 206-458-6028

Plaintiffs' RFP Nos. 38 and 39 are limited to two specific requirements in the Consent Order: that TSI (1) communicate the Consent Order to certain individuals and (2) obtain their signature showing they received the Consent Order. TSI's limited response – a list of names – indicates that responsive records are not so broad that TSI cannot identify and produce them. TSI's refusal to provide the documents showing that it provided a copy of the Consent Order to those individuals listed in the document produced in response to RFP 38 and 39 is particularly perplexing. The Consent Order required TSI to obtain a signed a dated statement acknowledging receipt of a copy of the Consent Order from every person on the list TSI provided. Dkt. # 61, Ex. A at 26-27, ¶ 71. If TSI refuses to produce these documents on the basis of relevance, this objection was not in its initial response and is therefore waived. *See LifeGoals Corp. v. Advanced Hair Restoration LLC*, No. C16-1733JLR, 2017 U.S. Dist. LEXIS 208507, at *7 (W.D. Wash. Dec. 19, 2017) (objections raised for the first time in supplemental responses are waived). The relevance objection is also without merit: Plaintiffs' claims, in part, concern TSI's continued collection after entry of the Consent Order, when it failed to comply with the Consent Order requirements. *See* Dkt. # 275 at 3 (compiling paragraphs in the Second Amended Complaint relating to each of Plaintiffs' claims); *and* Dkt. # 232 at 1 (definition of Plaintiffs' proposed classes contained in Plaintiffs' Motion for Certification).

TSI's objections that RFPs 40, 45 and 46 are overly broad, vague or seek documents not relevant, are also without merit. These requests are limited to documents and information regarding specific acts the Consent Order required TSI to take concerning accounts of putative class members. They are all limited to documents related to "Washington State student loan borrowers." While TSI's objections to each of these requests are the same as those at issue in its Motion for Protective Order (Dkt. # 156), because these requests are narrow and specific and limited to putative class member accounts, TSI's objections do not apply to these requests, as they applied to RFP No. 13.

PLAINTIFFS' MOTION TO
COMPEL DISCOVERY - 10
(Case No. C18-1132 TSZ)

Leonard Law, PLLC
3614 California Ave. SW, #151
Seattle, Washington 9811
Phone: 206-486-1176
Fax: 206-458-6028

### b. No privilege applies that prevents production of withheld documents.

Regarding TSI's claim that the documents requested in RFP Nos. 40, 45, 46 and 50 are privileged because they relate to the CFPB investigation, no such privilege exists. Whether TSI continued the practices that the CFPB ordered it to stop is front and center in this case. TSI's argument that the requested information and documents are privileged under 12 CFR § 1070.2(i) was rejected in *Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*, No. 18-CV-1781 (PGG) (BCM), 2020 U.S. Dist. LEXIS 140889 at *3-4 (S.D.N.Y. Aug. 6, 2020) and *Michelo,* 2020 WL 9423921, at *4-5 (S.D.N.Y. Aug. 31, 2020), and this Court did not adopt it. Dkt. # 181. To the extent that this issue is unresolved, Plaintiffs incorporate their argument contained in their Response to TSI's Motion for Protective Order. *See* Dkt. # 163.

Regarding TSI's assertion of attorney-client privilege to hide the contents of the communications responsive to RFP No. 50, those communications do not appear to have anything to do with requests for legal advice. As such they are not attorney client privileged. *See United States v. Gurtner*, 474 F.2d 297, 298 (9th Cir. 1973). Just because a communication is had with an attorney, does not protect it from attorney client privilege. *Id*.

### c. TSI does not have good cause to refuse to supplement Interrogatory No. 6 and provide complete responses to Interrogatory Nos. 21 and 24.

Lastly, TSI's supplemental responses to Interrogatory Nos. 21 and 24 still withheld the names of persons with relevant information, and it must be required to produce complete answers. The lists of cases TSI provided in response to Interrogatory Nos. 21 and 24 contain erroneous information, such as "case numbers" that are not valid case numbers. Leonard Decl. ¶ 8, Exs. E, F and H. TSI's refusal to meet and confer on the basis of attorney-client privilege and work product is extraordinary. *See* Leonard Decl., Ex. I at 2. The responses to Interrogatory Nos. 21 and 24 also reveal that there are individuals that signed affidavits filed in NCSLT lawsuits in Washington to obtain judgments that were not disclosed in TSI's

PLAINTIFFS' MOTION TO
COMPEL DISCOVERY - 11
(Case No. C18-1132 TSZ)

Leonard Law, PLLC
3614 California Ave. SW, #151
Seattle, Washington 9811
Phone: 206-486-1176
Fax: 206-458-6028

response to Interrogatory No. 6.[5] TSI's refusal to supplement its response to Interrogatory No. 6 to include the names of all persons who signed affidavits filed in Washington in support of lawsuits brought on behalf of the Defendant NCLSTs during the class period is without justification. This information is relevant and there is no privilege that protects it from disclosure.

**B. Plaintiffs are Entitled to an Award of Their Reasonable Attorney's Fees for This Motion.**

Fed. R. Civ. P. 37(a)(5) requires the Court to award a party who successfully moves to compel compliance with a discovery obligation, reasonable attorney's fees related to the motion, unless (1) the moving party filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, (b) the opposing party's nondisclosure, response, or objection was substantially justified, or (c) other circumstances make an award of expenses unjust. Here, the Plaintiffs have bent over backward in their attempt to obtain the discovery which TSI refuses to provide. Plaintiffs have participated in several discovery conferences with TSI's attorneys, and were willing to continue to negotiate until TSI simply refused to confer any further. At this point, there is no just reason for TSI to continue to refuse to provide the requested information and documents, and there are no existing circumstances that would make an award of Plaintiffs' attorney's fees unjust. The Court should award Plaintiffs their reasonable attorney's fees for this motion and any reply they file in support of the motion. Fed. R. Civ. P. 37(a)(5).

### IV. CONCLUSION

For the forgoing reasons Plaintiffs request the Court to order TSI to provide complete responses to RFP Nos. 38, 39, 40, 45, 46 and 50 and Interrogatory Nos. 6, 21 and 24, and to award them their attorney's fees for this motion and any reply memorandum in support of this motion.

---

[5] "INTERROGATORY NO. 6: List the name, address, and telephone number of each person having any knowledge of facts regarding and/or related to Plaintiffs' claims asserted against Defendants in this action."

PLAINTIFFS' MOTION TO
COMPEL DISCOVERY - 12
(Case No. C18-1132 TSZ)

Leonard Law, PLLC
3614 California Ave. SW, #151
Seattle, Washington 9811
Phone: 206-486-1176
Fax: 206-458-6028

DATED: April 4, 2022.

*Attorneys for Plaintiffs*:

| | |
|---|---|
| LEONARD LAW, PLLC | BERRY & BECKETT, PLLP |
| /s/ Sam Leonard | /s/ Guy Beckett |
| Sam Leonard, WSBA #46498 | Guy W. Beckett, WSBA #14939 |
| 3614 California Ave. SW, #151 | 1708 Bellevue Avenue |
| Seattle, WA 98116 | Seattle, WA 98122 |
| Telephone: (206) 486-1176 | Telephone: (206) 441-5444 |
| Facsimile: (206) 458-6028 | Facsimile: (206) 838-6346 |
| E-mail: sam@seattledebtdefense.com | E-mail: gbeckett@beckettlaw.com |
| | |
| HENRY & DeGRAAFF, P.S. | NORTHWEST CONSUMER LAW CENTER |
| /s/ Christina Henry | /s/ Amanda Martin |
| Christina L. Henry, WSBA #31273 | Amanda N. Martin, WSBA #49581 |
| 787 Maynard Ave. S. | 936 North 34th Street, Suite 300 |
| Seattle, WA 98104 | Seattle, WA 98103 |
| Telephone: (206) 330-0595 | Telephone: (206) 805-0989 |
| Facsimile: (206) 400-7609 | Facsimile: (206) 805-1716 |
| E-mail: chenry@HDM-legal.com | E-mail: Amanda@NWCLC.org |

PLAINTIFFS' MOTION TO
COMPEL DISCOVERY - 13
(Case No. C18-1132 TSZ)

Leonard Law, PLLC
3614 California Ave. SW, #151
Seattle, Washington 9811
Phone: 206-486-1176
Fax: 206-458-6028