The Hon. Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ESTHER HOFFMAN; SARAH DOUGLASS;
ANTHONY KIM; and IL KIM and DARIA
KIM, husband and wife and the marital
community comprised thereof, on behalf of
themselves and on behalf of others similarly
situated,

              Plaintiffs,

   vs.

TRANSWORLD SYSTEMS INCORPORATED;
PATENAUDE AND FELIX, A.P.C.;
MATTHEW CHEUNG, and the marital
community comprised of MATTHEW CHEUNG
and JANE DOE CHEUNG; National Collegiate
Student Loan Trust 2004-2; National Collegiate
Student Loan Trust 2005-2; National Collegiate
Student Loan Trust 2005-3; National Collegiate
Student Loan Trust 2006-1; National Collegiate
Student Loan Trust 2006-3; National Collegiate
Student Loan Trust 2007-4,

              Defendants.

Case No. C18-1132 TSZ

DECLARATION OF SAM
LEONARD IN SUPPORT OF
PLAINTIFFS' MOTION TO
COMPEL DISCOVERY

NOTED FOR CONSIDERATION:
April 22, 2022

I, Sam Leonard, declare as follows:

1.  I am one of the attorneys of record for Plaintiffs in this action. I am over the age of 18

and if called to testify regarding the matters discussed herein, I am competent to do so.

2.  I make this declaration based on my personal knowledge.

DECLARATION OF SAM LEONARD IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL - 1
(Case No. C18-1132 TSZ)

Leonard Law, PLLC
3614 California Ave. SW, #151
Seattle, Washington 9811
Phone: 206-486-1176
Fax: 206-458-6028

3. Attached hereto as **Exhibit A** is a true and correct copy of portions of Defendant Transworld System Inc.'s Fifth Amended and Supplemental Responses to Plaintiffs' First Interrogatories.

4. Attached hereto as **Exhibit B** are true and correct copies of affidavits signed by TSI employees that were filed in Washington State courts in support of Motions for Default against the Plaintiffs. TSI obtained at least one default judgment against each of the Plaintiffs. After counsel appeared on behalf of the Plaintiffs, all of those default judgments were vacated, except for the one obtained against Esther Hoffman,. With the exception of the case that NCSLT 2004-2 brought against Esther Hoffman, the lawsuits against all of the other Plaintiffs brought by the NCSLT Defendants were dismissed after attorneys appeared on their behalf.

5. Attached hereto as **Exhibit C** is a true and correct copy of select pages taken from Defendant Transworld Systems Inc.'s First Amended and Supplemental Responses to Plaintiffs' Second Set of Requests for Production of Documents that was produced on March 21, 2022. The requests for production were originally served on TSI on July 28, 2021. TSI provided its initial responses on September 10, 2021. TSI did not produce any documents with its initial responses. TSI provided two documents consisting of a total of three pages in addition to its written objection. Those documents are described in TSI's response to RFP No. 38. One of the documents contained a list of individuals who had not been previously disclosed.

6. Attached hereto as **Exhibit D** is a true and correct copy of Defendant Transworld Systems Inc.'s First Amended and Supplemental Response to Plaintiffs' Second Set of Interrogatories produced March 21, 2022. These interrogatories were originally served on

DECLARATION OF SAM LEONARD IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL - 2
(Case No. C18-1132 TSZ)

Leonard Law, PLLC
3614 California Ave. SW, #151
Seattle, Washington 9811
Phone: 206-486-1176
Fax: 206-458-6028

TSI on July 28, 2021. TSI provided its initial responses on September 10, 2021. On March 21, TSI provided a document containing a list it claims is responsive to Interrogatory No. 21, which is attached hereto as **Exhibit E**. It also provided a document containing a list that it claims is responsive to Interrogatory No. 24, which is attached hereto as **Exhibit F**. I pulled some of the court records from the cases listed in Exhibit E and F and discovered that affidavits were filed in those cases to obtain default judgments similar to the affidavits filed to obtain judgments against the Plaintiffs, but the affiants were not individuals that were previously disclosed by TSI.

7. On March 25, 2022, TSI supplemented its response to RFP Nos. 38 and 39 and provided a document containing a list of TSI employees it claims received a copy of the Consent Order. No original documents were provided in support of its assertion.

8. On February 8, 2022, the Court entered a Minute Order that addressed whether the actions TSI took in response to the Consent Order were privileged. Shortly thereafter, Plaintiffs sent TSI a request to meet and confer regarding RFP Nos 38, 39, 40, 45, 46 and 50 and Interrogatory Nos 21 and 24, as well as others. A true and correct copy of that letter is attached hereto as **Exhibit G**. The parties conferred via Zoom on March 17, 2022. Instead of engaging in meaningful discussions regarding each of the identified requests and interrogatories and the objections, TSI's counsel stated that TSI would agree to supplement some responses by March 21, 2022, but TSI's counsel did not identify which responses would be supplemented.

9. Attached hereto as **Exhibit H** is a true and correct copy of a letter that I sent TSI's counsel on March 24, 2022 regarding TSI's supplemental responses produced March 21, 2022.

DECLARATION OF SAM LEONARD IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL - 3
(Case No. C18-1132 TSZ)

Leonard Law, PLLC
3614 California Ave. SW, #151
Seattle, Washington 9811
Phone: 206-486-1176
Fax: 206-458-6028

1   10. Attached hereto as **Exhibit I** is a true and correct copy of a letter I received from

2   TSI's counsel on March 28, 2022 in response to my March 24, 2022 letter.

3   I declare under penalty of perjury under the laws of the State of Washington that the

4   foregoing is true and correct

5   Executed in Seattle, Washington, on this this 4th day of April, 2022.

6

7                                        By: */s/ Sam Leonard*
                                         Sam Leonard, WSBA #46498

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# EX. A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ESTHER HOFFMAN; SARAH DOUGLASS;
ANTHONY KIM; and IL KIM and DARIA
KIM, husband and wife and the marital
community comprised thereof, on behalf of
themselves and on behalf of others similarly
situated,

Plaintiffs,

vs.

TRANSWORLD SYSTEMS INCORPORATED;
PATENAUDE AND FELIX, A.P.C.;
MATTHEW CHEUNG, and the marital
community comprised of MATTHEW CHEUNG
and JANE DOE CHEUNG; National Collegiate
Student Loan Trust 2004-2; National Collegiate
Student Loan Trust 2005-2; National Collegiate
Student Loan Trust 2005-3; National Collegiate
Student Loan Trust 2006-1; National Collegiate
Student Loan Trust 2006-3; National Collegiate
Student Loan Trust 2007-4,

Defendants.

Case No. C18-1132 TSZ

DEFENDANT TRANSWORLD
SYSTEMS INC.'S FIFTH
AMENDED AND SUPPLEMENTAL
RESPONSES TO PLAINTIFFS'
FIRST INTERROGATORIES

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

1  to object to the admissibility at trial of any of the documents identified in response to the

2  Interrogatories.

3  FIRST AMENDED AND SUPPLEMENTAL GENERAL OBJECTIONS

4  [Withdrawn]

5  Subject to the foregoing, TSI[1] responds to Plaintiffs' First Interrogatories as follows:

6  INTERROGATORY NO. 1: Identify all individuals who participated in answering these

7  interrogatories. Include the person's position, responsibilities, role, and the basis for their

8  knowledge.

9  ANSWER: TSI objects to the Interrogatory as overly broad in that it calls for

10  identification of "all individuals" and is vague as to the term "participated." Subject to said

11  objections, responses were prepared by Bradley Luke, Director of Operations, Claims

12  Processing, Transworld Systems Inc. with assistance from counsel.

13  FIRST AMENDED AND SUPPLEMENTAL ANSWER: TSI's previous objections to

14  this Interrogatory are withdrawn. Answers were prepared by Bradley Luke, Director of

15  Operations, Claims Processing, Transworld Systems Inc. with assistance from counsel. Mr. Luke

16  prepared these answers largely upon his own personal involvement and knowledge of TSI's

17  activities relating to the Plaintiffs, and a review of TSI's records.

18  INTERROGATORY NO. 2: Identify and describe all efforts you made to collect or

19  attempt to collect a debt from Plaintiffs, including but not limited to the referring creditor, the

---

[1] Unless otherwise specified, TSI means only TSI itself and no others, and TSI specifically objects to and rejects any contrary meaning suggested by or stated in the Definitions.

TRANSWORLD SYSTEMS INC.'S FIFTH AMENDED
AND SUPPLEMENTAL RESPONSES TO PLAINTIFFS'
FIRST INTERROGATORIES – 3
(Case No. C18-1132 TSZ)

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

1     date you first received information from the creditor, and all communications between you and

2     the creditor relating to the debts you alleged Plaintiffs owed.

3        <u>ANSWER</u>: TSI acted only in its sub-servicer role with respect to Plaintiffs during the

4     Relevant Time Period. Except to the extent Plaintiffs construe credit reporting as an attempt to

5     collect a debt, TSI made no direct attempt to collect from any Plaintiff during the Relevant Time

6     Period.

7        <u>FIRST AMENDED AND SUPPLEMENTAL ANSWER</u>: TSI acted only in its special

8     sub-servicer role with respect to Plaintiffs during the Relevant Time Period. In further

9     explanation, TSI's activities with respect to Plaintiffs during the Relevant Time Period were

10     conducted solely pursuant to the Default Prevention and Collection Services Agreement, as

11     amended (a copy of which has been produced in response to Plaintiffs' First Requests for

12     Production of Documents). This means, without limitation, that TSI received and maintained

13     student loan account documents pertaining to Plaintiffs' loans owned by one of the 6 Defendant

14     Trusts and acted as a custodian of those records; it maintained a record of transactions impacting

15     those accounts; it referred those accounts to third party debt collection companies and law firm(s)

16     for collection activities determined by those third parties to be appropriate; it responded to those

17     third parties' requests for information, documents, and/or affidavits pertaining to the accounts.

18     Please refer to the various account notes produced in Response to Request for Production No. 2

19     (see, generally, listed items 11-15) for details. Further answering, although TSI also conducts

20     business from time to time as a traditional debt collection agency, at no time was any account for

21     any Plaintiff owed to one of the 6 Defendant Trusts placed with TSI for TSI to perform traditional

22     debt collection services. In other words, except to the extent Plaintiffs construe credit reporting

23

24

TRANSWORLD SYSTEMS INC.'S FIFTH AMENDED
AND SUPPLEMENTAL RESPONSES TO PLAINTIFFS'
FIRST INTERROGATORIES – 4
(Case No. C18-1132 TSZ)

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

as an attempt to collect a debt, TSI made no direct attempt to collect from any Plaintiff regarding the 6 Defendant Trusts.

INTERROGATORY NO. 3: State the total number of consumers from whom you have collected debt during the relevant time period.

ANSWER: TSI objects to the Interrogatory as burdensome, overly broad and seeking information disproportionate to the case particularly considering, but not limited to, Plaintiffs' definition of "Consumer," which is not restricted to the 6 Defendant Trusts' accounts and borrowers. TSI further objects to the Interrogatory because it seeks class information that is broader in scope than the class defined in the operative complaint and therefore seeks information that is overbroad, irrelevant, and disproportionate to the present needs of the case. TSI further objects to the Interrogatory because no class has been certified, Plaintiffs' counsel has not been approved as class action counsel, and the information requested is therefore premature.

FIRST AMENDED AND SUPPLEMENTAL ANSWER: TSI, in its role as a collection agency, has directly received one or more payments on 107 loan accounts owned by National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-3, and National Collegiate Student Loan Trust 2007-4 (collectively the "6 Defendant Trusts") during the time period from June 20, 2014 to March 26, 2021 where at least one obligor on such a loan is a current Washington resident as of July 13, 2021 according to TSI's records. Further answering, TSI additionally received one or more payments on 92 loan accounts (two of these loan accounts additionally received payments in TSI's collection agency role) that were associated with a bankruptcy filing at the time of the

TRANSWORLD SYSTEMS INC.'S FIFTH AMENDED
AND SUPPLEMENTAL RESPONSES TO PLAINTIFFS'
FIRST INTERROGATORIES – 5
(Case No. C18-1132 TSZ)

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

1  payment(s) being made and owned by the 6 Defendant Trusts during the time period from June

2  20, 2014 to March 26, 2021 where at least one obligor on such loan is a current Washington

3  resident as of July 13, 2021 according to TSI's records.

4  **SECOND AMENDED AND SUPPLEMENTAL ANSWER**: TSI, in its role as a

5  **collection agency, has directly received one or more payments on 107 loan accounts owned**

6  **by National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust**

7  **2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan**

8  **Trust 2006-1, National Collegiate Student Loan Trust 2006-3, and National Collegiate**

9  **Student Loan Trust 2007-4 (collectively the "6 Defendant Trusts") during the time period**

10  **from June 20, 2014 to March 26, 2021 where at least one obligor on such a loan is a current**

11  **Washington resident as of July 13, 2021 according to TSI's records. Further answering,**

12  **TSI additionally received one or more payments on 92 loan accounts (two of these loan**

13  **accounts additionally received payments in TSI's collection agency role) that were**

14  **associated with a bankruptcy filing at the time of the payment(s) being made and owned by**

15  **the 6 Defendant Trusts during the time period from June 20, 2014 to March 26, 2021 where**

16  **at least one obligor on such loan is a current Washington resident as of July 13, 2021**

17  **according to TSI's records. Further answering, and in response to the December 20, 2021**

18  **email request of counsel, a copy of the reports that TSI generated for use in ascertaining**

19  **the foregoing is provided herewith, redacted to exclude confidential personal-identifying**

20  **information that is premature, as no class has been certified and Plaintiffs' counsel has not**

21  **been approved as class action counsel.**

22

23  TRANSWORLD SYSTEMS INC.'S FIFTH AMENDED
   AND SUPPLEMENTAL RESPONSES TO PLAINTIFFS'
24  FIRST INTERROGATORIES – 6
   (Case No. C18-1132 TSZ)

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

1     <u>INTERROGATORY NO. 4</u>: State the total dollar amount of debt you have collected

2 from consumers during the relevant time period.

3     <u>ANSWER</u>: TSI objects to the Interrogatory as burdensome, overly broad and seeking

4 information disproportionate to the case particularly considering, but not limited to, Plaintiffs'

5 definition of "Consumer," which is not restricted to the 6 Defendant Trusts' accounts and

6 borrowers. TSI further objects to the Interrogatory because it seeks class information that is

7 broader in scope than the class defined in the operative complaint and therefore seeks information

8 that is overbroad, irrelevant, and disproportionate to the present needs of the case. TSI further

9 objects to the Interrogatory because no class has been certified, Plaintiffs' counsel has not been

10 approved as class action counsel, and the information requested is therefore premature.

11     <u>FIRST AMENDED AND SUPPLEMENTAL ANSWER</u>: TSI, in its role as a collection

12 agency, has directly received a total of $593,735.08 on loan accounts owned by the 6 Trust

13 Defendants during the period from June 20, 2014 to March 26, 2021 where at least one obligor

14 on the loan is a current Washington resident as of July 13, 2021 according to TSI's records.

15 Further answering, TSI additionally received a total of $312,352.53 on loan accounts that were

16 associated with a bankruptcy filing at the time of the payment(s) being made and owned by the

17 6 Defendant Trusts during the time period from June 20, 2014 to March 26, 2021 where at least

18 one obligor on such loan is a current Washington resident as of July 13, 2021 according to TSI's

19 records.

20     **<u>SECOND AMENDED AND SUPPLEMENTAL ANSWER</u>: TSI, in its role as a**

21 **collection agency, has directly received a total of $593,735.08 on loan accounts owned by**

22 **the 6 Trust Defendants during the period from June 20, 2014 to March 26, 2021 where at**

23 TRANSWORLD SYSTEMS INC.'S FIFTH AMENDED
AND SUPPLEMENTAL RESPONSES TO PLAINTIFFS'

24 FIRST INTERROGATORIES – 7
(Case No. C18-1132 TSZ)

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

least one obligor on the loan is a current Washington resident as of July 13, 2021 according to TSI's records. Further answering, TSI additionally received a total of $312,352.53 on loan accounts that were associated with a bankruptcy filing at the time of the payment(s) being made and owned by the 6 Defendant Trusts during the time period from June 20, 2014 to March 26, 2021 where at least one obligor on such loan is a current Washington resident as of July 13, 2021 according to TSI's records. Further answering, and in response to the December 20, 2021 email request of counsel, see the reports produced in response to Interrogatory No. 3 that TSI generated for use in ascertaining the foregoing is provided herewith, redacted to exclude confidential personal-identifying information that is premature, as no class has been certified and Plaintiffs' counsel has not been approved as class action counsel.

INTERROGATORY NO. 5: State the total number of consumers against whom the NCSLTs have obtained a judgment in a Washington court relating to a debt during the relevant period.

ANSWER: TSI objects to the Interrogatory because it seeks class information that is broader in scope than the class defined in the operative complaint and therefore seeks information that is overbroad, irrelevant, and disproportionate to the present needs of the case. TSI further objects to the Interrogatory because no class has been certified, Plaintiffs' counsel has not been approved as class action counsel, and the information requested is therefore premature.

FIRST AMENDED AND SUPPLEMENTAL ANSWER: According to TSI sub-servicing records per data reported by Patenaude & Felix ("P&F"), the total number of Judgments

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

1  the 6 Defendant Trusts have obtained in the State of Washington from June 20, 2014 to March

2  26, 2021 is 270.

3  **SECOND AMENDED AND SUPPLEMENTAL ANSWER: According to TSI sub-**

4  **servicing records per data reported by Patenaude & Felix ("P&F"), the total number of**

5  **Judgments the 6 Defendant Trusts have obtained in the State of Washington from June 20,**

6  **2014 to March 26, 2021 is 254. Further answering, and in response to the December 20,**

7  **2021 email request of counsel, the report that TSI generated for use in ascertaining the**

8  **foregoing is provided herewith,[2] redacted to exclude confidential personal-identifying**

9  **information that is premature, as no class has been certified and Plaintiffs' counsel has not**

10  **been approved as class action counsel.**

11  INTERROGATORY NO. 6: List the name, address, and telephone number of each

12  person having any knowledge of facts regarding and/or related to Plaintiffs' claims asserted

13  against Defendants in this action.

14  ANSWER: TSI objects to the Interrogatory overly broad in that it calls for identification

15  of "each person" with "any knowledge" and vague as to facts "regarding and/or related" to

16  Plaintiffs' claims. The Interrogatory improperly places the burden on TSI to identify what facts

17  may or may not regard or relate to Plaintiffs' claims and then seek out and identify all persons

18  that may have such knowledge. Accordingly, the Interrogatory is improper in form and scope,

19  and TSI cannot reasonably or meaningfully respond to the Interrogatory as worded. Subject to

---

22  [2] Certain records in the report were highlighted to denote accounts without a Washington address as of July 13, 2021.

23  TRANSWORLD SYSTEMS INC.'S FIFTH AMENDED
   AND SUPPLEMENTAL RESPONSES TO PLAINTIFFS'
24  FIRST INTERROGATORIES – 9
   (Case No. C18-1132 TSZ)

the foregoing and without limitation, TSI believes Plaintiffs, Bradley Luke, and the Parties may possess knowledge of facts relating to Plaintiffs' purported claims.

FIRST AMENDED AND SUPPLEMENTAL ANSWER: TSI's previous objections to this Interrogatory are withdrawn. To the best of TSI's present knowledge, information, and belief, the following individuals have knowledge of the facts, circumstances, or allegations set forth in Plaintiffs' complaint:

1. Bradley Luke
Mr. Luke is currently employed with TSI and may be contacted through undersigned counsel

2. Ralph Lyons
Mr. Lyons is currently employed with TSI and may be contacted through undersigned counsel

3. John G. Richards II
U.S. Bank, 60 Livingston Avenue, St. Paul, Minnesota 55107; telephone: 651-466-5005

The following individuals *might have* knowledge of the facts, circumstances, or allegations set forth in Plaintiffs' complaint:

1. Dudley Turner
Mr. Turner may be contacted through his attorney, Paul A. Sanders, Esq., Barclay Damon, 100 Chestnut Street, Rochester, New York 14604; telephone: 585-295-4426

2. Brian Jackson
285 Lake Drive Unit B, Atlanta, Georgia 30340; telephone: N/A.

3. Jonathan Boyd
Mr. Boyd is currently employed with TSI and may be contacted through undersigned counsel

4. James Cummins
1691 Green Oak Circle, Lawrenceville, Georgia 30043; telephone: 678-451-5134

TRANSWORLD SYSTEMS INC.'S FIFTH AMENDED
AND SUPPLEMENTAL RESPONSES TO PLAINTIFFS'
FIRST INTERROGATORIES – 10
(Case No. C18-1132 TSZ)

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

5.     Steven Simonelli
   Last known address and telephone information are unavailable but will be supplemented as appropriate following ongoing investigation

6.     Iona Morton
   PO Box 1152 Buford, Georgia 30515; telephone: 770-329-9601

7.     Alicia Holiday
   4527 Glade Road APT#5, Forest Park, Georgia 30297; telephone: 412-414-3330

8.     Jacqueline Jefferis
   4770 Sylvan St, Sugar Hill, Georgia 30518; telephone: 404-421-4927

9.     Deanna Martinez
   1012 Glen Way, Atlanta, Georgia 30319; telephone: N/A

10.     Colleen Morgan
    1001 Berkeley Woods Drive, Duluth, Georgia 30096; telephone: N/A

11.     Christopher Thomas
    Mr. Thomas is currently employed with TSI and may be contacted through undersigned counsel

12.     Graham Hord
    3310 Country Club Village, Apt H, Peachtree Corners, Georgia 30092; telephone: 770-324-8728

13.     Jens Meyer
    Cognition Financial, 200 Clarendon Street 3rd Floor, Boston, Massachusetts 02116; telephone: 866-232-3889

**INTERROGATORY NO. 7**: State the total number of consumers against whom the NCSLTs obtained a judgment on a debt and from whom you have thereafter received payment on such judgment(s) during the relevant time period, and the total amount of such payments.

**ANSWER**: TSI objects to the Interrogatory because it seeks class information that is broader in scope than the class defined in the operative complaint and therefore seeks information that is overbroad, irrelevant, and disproportionate to the present needs of the case. TSI further

TRANSWORLD SYSTEMS INC.'S FIFTH AMENDED
AND SUPPLEMENTAL RESPONSES TO PLAINTIFFS'
FIRST INTERROGATORIES – 11
(Case No. C18-1132 TSZ)

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

objects to the Interrogatory because no class has been certified, Plaintiffs' counsel has not been approved as class action counsel, and the information requested is therefore premature.

FIRST AMENDED AND SUPPLEMENTAL ANSWER: Of the 270 judgments identified in response to Interrogatory No. 5, according to TSI sub-servicing records, including data provided by attorney firms, one or more payments have been made on 168 of those accounts from the date of Judgment to March 26, 2021 in the total amount of $1,489,041.59.

**SECOND AMENDED AND SUPPLEMENTAL ANSWER: Of the 254 judgments identified in response to Interrogatory No. 5, according to TSI sub-servicing records, including data provided by attorney firms, one or more payments have been made on 157 of those accounts from the date of Judgment to March 26, 2021 in the total amount of $1,389,478.47. Further answering, and in response to the December 20, 2021 email request of counsel,[3] the report that TSI generated for use in ascertaining the foregoing is provided herewith, redacted to exclude confidential personal-identifying information that is premature, as no class has been certified and Plaintiffs' counsel has not been approved as class action counsel.**

INTERROGATORY NO. 8: State the total number of consumers from whom you have collected debt during the relevant time period that exceeds the amount of principal allegedly owed by such consumers for such debts, and the total amount of debt you have collected from consumers that was not applied to the principal of the alleged obligation.

ANSWER: TSI objects to the Interrogatory because it seeks class information that is

---

[3] Certain records in the report were highlighted to denote accounts without a Washington address as of July 13, 2021.

TRANSWORLD SYSTEMS INC.'S FIFTH AMENDED AND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST INTERROGATORIES – 12
(Case No. C18-1132 TSZ)

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

<u>VERIFICATION</u>

The undersigned declares under penalty of perjury under the laws of the State of Georgia and Washington, that I am authorized to act on behalf of Transworld Systems Inc. in this matter, that I have read the foregoing Fifth Amended and Supplemental Responses to Plaintiffs' First Interrogatories, know the contents thereof, and believe the same to be true.

DATED at Peachtree Corners, Georgia, on this 7th day of January, 2022.

Bradley Luke
Director of Operations
Transworld Systems Inc.

<u>Certification</u>

The undersigned attorney certifies that the foregoing answers and responses, and objections if any, fully comply with Federal Rule 26(g).

By: /s/ *Justin H. Homes*
Bryan C. Shartle, *Pro Hac Vice*
James K. Schultz *Pro Hac Vice*
Justin H. Homes, *Pro Hac Vice*
SESSIONS, ISRAEL & SHARTLE, LLC
3850 North Causeway Blvd, Suite 200
Metairie, LA 70002-7227
Telephone: (504) 828-3700
Facsimile: (504) 828-3737
bshartle@sessions.legal
jschultz@sessions.legal
jhomes@sessions.legal

Ryan W. Vollans, WSBA #45302
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Phone: 206.628.6600
Fax: 206.628.6611
Email: rvollans@williamskastner.com

*Attorneys for Defendant Transworld Systems Inc.*

TRANSWORLD SYSTEMS INC.'S FIFTH AMENDED
AND SUPPLEMENTAL RESPONSES TO PLAINTIFFS'
FIRST INTERROGATORIES – 22
(Case No. C18-1132 TSZ)

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2022, I exchanged the foregoing with all counsel of record via email.

By: */s/ Justin H. Homes*

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

EX. B

NATIONAL COLLEGIATE STUDENT
LOAN TRUST 2004-2
A Delaware Statutory Trust(s)       )
                                 )
                                 )
Plaintiff                     )     Docket #
                                 )
v.                             )
                                 )
ESTHER HOFFMAN        )
                                 )
                                 )
Defendant(s)            )

## AFFIDAVIT AND VERIFICATION OF ACCOUNT

STATE OF GEORGIA          )
                                       )
COUNTY OF  GWINNETT    )

BEFORE ME, the undersigned authority, personally appeared Affiant ___**Dudley Turner**_____,

who being first duly sworn, deposes and states:

1.    I am employed by Transworld Systems Inc. (hereinafter TSI), the designated Custodian of Records for Plaintiff pertaining to the Defendant's education loan(s) forming the subject matter of the above-captioned Complaint. I am duly authorized by Plaintiff to make the representations contained in this Affidavit and I am over the age of 18 and competent to testify to the matters stated in this Affidavit.

2.    I am competent and authorized to testify relating to this action through personal knowledge of the business records, including the electronic data, sent to TSI that detail the education loan records.  I also have personal knowledge of the record management practices and

procedures of Plaintiff and the practices and procedures Plaintiff requires of its loan servicers and other agents.

3.    This lawsuit arose out of an unpaid loan or loans owed by defendant ESTHER HOFFMAN to Plaintiff.  Specifically Defendant entered into an education loan agreement at Defendant's special instance and request.  A loan was extended for Defendant to use pursuant to the terms of the loan agreements.  Defendant has failed, refused, and/or neglected to pay the balance or balances pursuant to the agreed repayment schedule or schedules.

4.    Education loan account records are compiled and recorded as part of Plaintiff's regularly conducted business activity at or near the time of the event and from information transmitted from a person with knowledge of said event, by or from information transmitted by a person with knowledge of the accounts or events described within the business record.  Such records are kept, maintained, and relied upon in the course of ordinary and regularly conducted business activity.

5.    I am familiar with the education loan records within my possession as custodian of records related to this matter.  I have been authorized by Plaintiff to make this certification on behalf of Plaintiff for this case.

6.    I have reviewed the education loan records as business records described in this affidavit regarding account number xxxxx9189/001-001000. No payment has been made since 06/03/2015. After all payments, credits and offsets have been applied, defendant ESTHER HOFFMAN owes the principal sum of $7,566.41, together with accrued interest in the amount of $0.00, totaling the sum of $7,566.41 as of 8/3/2015.  Attached hereto and incorporated as Exhibit "A" is a true copy of the underlying Credit Agreement/Promissory Note.  In the event the Defendant(s) faxed the executed Credit Agreement/Promissory Note, per its terms they agreed

their facsimile/electronic signature is deemed to be an original. Under applicable federal and state law, all copies of signatures executed via facsimile or electronic email are considered to be legal, binding agreement.

7.    Based on records maintained by Plaintiff, the Defendant is not a minor or incompetent. A reasonable inquiry has been made to determine if the Defendant is in the military service of the United States of America, and to the best of my knowledge, Defendant is not in such military services and is therefore not entitled to the rights and privileges provided under the Soldiers and Sailors Civil Relief Act of 1940, as amended.

8.    I declare under the penalty of perjury under the laws of the forum state that the foregoing is true and correct to the best of my knowledge, information and belief.

**FURTHER AFFIANT SAYETH NAUGHT**.

AFFIANT
Print Name: __Dudley Turner__
Title: __Legal Case Manager__

SWORN AND SUBSCRIBED to before me this ___5___ day of __August__, 20 __15__

NOTARY PUBLIC
My Commission Expires on

NATIONAL COLLEGIATE STUDENT
LOAN TRUST 2005-2
A Delaware Statutory Trust(s)           )
                                        )
                                        )
Plaintiff                               )         Docket #
                                        )
v.                                      )
                                        )
TONY KIM                                )
DARIA KIM                               )
                                        )
Defendant(s)                            )

## AFFIDAVIT AND VERIFICATION OF ACCOUNT

STATE OF GEORGIA                        )
                                        )
COUNTY OF  GWINNETT                     )

BEFORE ME, the undersigned authority, personally appeared Affiant _____**Dudley Turner**_____,

who being first duly sworn, deposes and states:

    1.    I am employed by Transworld Systems Inc. (hereinafter TSI), the designated

Custodian of Records for Plaintiff pertaining to the Defendants' education loan(s) forming the

subject matter of the above-captioned Complaint. I am duly authorized by Plaintiff to make the

representations contained in this Affidavit and I am over the age of 18 and competent to testify to

the matters stated in this Affidavit.

    2.    I am competent and authorized to testify relating to this action through personal

knowledge of the business records, including the electronic data, sent to TSI that detail the

education loan records. I also have personal knowledge of the record management practices and

procedures of Plaintiff and the practices and procedures Plaintiff requires of its loan servicers and other agents.

3.      This lawsuit arose out of an unpaid loan or loans owed by defendant TONY KIM and defendant DARIA KIM to Plaintiff.  Specifically Defendants entered into an education loan agreement at Defendants' special instance and request.  A loan was extended for Defendants' to use pursuant to the terms of the loan agreements.  Defendants have failed, refused, and/or neglected to pay the balance or balances pursuant to the agreed repayment schedule or schedules.


4.      Education loan account records are compiled and recorded as part of Plaintiff's regularly conducted business activity at or near the time of the event and from information transmitted from a person with knowledge of said event, by or from information transmitted by a person with knowledge of the accounts or events described within the business record.  Such records are kept, maintained, and relied upon in the course of ordinary and regularly conducted business activity.

5.      I am familiar with the education loan records within my possession as custodian of records related to this matter.  I have been authorized by Plaintiff to make this certification on behalf of Plaintiff for this case.

6.      I have reviewed the education loan records as business records described in this affidavit regarding account number xxxxx7207/001-001000.  No payment has been made on this account. After all payments, credits and offsets have been applied, defendant TONY KIM and defendant DARIA KIM owe the principal sum of  $5,928.46, together with accrued interest in the amount of  $966.51, totaling the sum of $6,894.97 as of 2/18/2015.  Attached hereto and incorporated as Exhibit "A" is a true copy of the underlying Credit Agreement/Promissory Note.

In the event the Defendant(s) faxed the executed Credit Agreement/Promissory Note, per its terms they agreed their facsimile/electronic signature is deemed to be an original. Under applicable federal and state law, all copies of signatures executed via facsimile or electronic email are considered to be legal, binding agreement.

7.       Based on records maintained by Plaintiff, the Defendants are not minors or incompetent. A reasonable inquiry has been made to determine if the Defendants are in the military service of the United States of America, and to the best of my knowledge, Defendants are not in such military services and are therefore not entitled to the rights and privileges provided under the Soldiers and Sailors Civil Relief Act of 1940, as amended.

8.       I declare under the penalty of perjury under the laws of the forum state that the foregoing is true and correct to the best of my knowledge, information and belief.

FURTHER AFFIANT SAYETH NAUGHT.

AFFIANT

Print Name:     **Dudley Turner**
Title:     **Legal Case Manager**

SWORN AND SUBSCRIBED to before me this   19th   day of February, 2015

NOTARY PUBLIC
My Commission Expires on   November 14, 2017

P&F 1174

NATIONAL COLLEGIATE STUDENT
LOAN TRUST 2005-2
A Delaware Statutory Trust(s)          )
                                       )
                                       )
Plaintiff                              )          Docket #
                                       )
v.                                     )
                                       )
TONY KIM                               )
DARIA KIM                              )
                                       )
Defendant(s)                           )

## AFFIDAVIT AND VERIFICATION OF ACCOUNT

STATE OF GEORGIA                       )
                                       )
COUNTY OF GWINNETT                     )

BEFORE ME, the undersigned authority, personally appeared Affiant **Dudley Turner** _____,

who being first duly sworn, deposes and states:

1.      I am employed by Transworld Systems Inc. (hereinafter TSI), the designated

Custodian of Records for Plaintiff pertaining to the Defendants' education loan(s) forming the

subject matter of the above-captioned Complaint. I am duly authorized by Plaintiff to make the

representations contained in this Affidavit and I am over the age of 18 and competent to testify to

the matters stated in this Affidavit.

2.      I am competent and authorized to testify relating to this action through personal

knowledge of the business records, including the electronic data, sent to TSI that detail the

education loan records. I also have personal knowledge of the record management practices and

procedures of Plaintiff and the practices and procedures Plaintiff requires of its loan servicers and other agents.

3.     This lawsuit arose out of an unpaid loan or loans owed by defendant TONY KIM and defendant DARIA KIM to Plaintiff.  Specifically Defendants entered into an education loan agreement at Defendants' special instance and request.  A loan was extended for Defendants' to use pursuant to the terms of the loan agreements.  Defendants have failed, refused, and/or neglected to pay the balance or balances pursuant to the agreed repayment schedule or schedules.

4.     Education loan account records are compiled and recorded as part of Plaintiff's regularly conducted business activity at or near the time of the event and from information transmitted from a person with knowledge of said event, by or from information transmitted by a person with knowledge of the accounts or events described within the business record.  Such records are kept, maintained, and relied upon in the course of ordinary and regularly conducted business activity.

5.     I am familiar with the education loan records within my possession as custodian of records related to this matter.  I have been authorized by Plaintiff to make this certification on behalf of Plaintiff for this case.

6.     I have reviewed the education loan records as business records described in this affidavit regarding account number xxxxx7207/002-001000.  No payment has been made on this account. After all payments, credits and offsets have been applied, defendant TONY KIM and defendant DARIA KIM owe the principal sum of $16,051.91, together with accrued interest in the amount of $2,616.97, totaling the sum of $18,668.88 as of 2/18/2015.  Attached hereto and incorporated as Exhibit "A" is a true copy of the underlying Credit Agreement/Promissory Note.

In the event the Defendant(s) faxed the executed Credit Agreement/Promissory Note, per its terms they agreed their facsimile/electronic signature is deemed to be an original. Under applicable federal and state law, all copies of signatures executed via facsimile or electronic email are considered to be legal, binding agreement.

7.    Based on records maintained by Plaintiff, the Defendants are not minors or incompetent. A reasonable inquiry has been made to determine if the Defendants are in the military service of the United States of America, and to the best of my knowledge, Defendants are not in such military services and are therefore not entitled to the rights and privileges provided under the Soldiers and Sailors Civil Relief Act of 1940, as amended.

8.    I declare under the penalty of perjury under the laws of the forum state that the foregoing is true and correct to the best of my knowledge, information and belief.

FURTHER AFFIANT SAYETH NAUGHT.

AFFIANT
Print Name: _____ Dudley Turner
Title: _____ Legal Case Manager

SWORN AND SUBSCRIBED to before me this ___19th___ day of _February_ , 2015.

NOTARY PUBLIC
My Commission Expires on ' ___November 14,2017___

P&F 1571

NATIONAL COLLEGIATE STUDENT
LOAN TRUST 2005-3
A Delaware Statutory Trust(s)     )

                                      )

                                      )

Plaintiff                      )     Docket #

                                        )

v.                             )

                                        )

TONY KIM                      )

KIM,IL                          )

                                        )

Defendant(s)                 )


## AFFIDAVIT AND VERIFICATION OF ACCOUNT

STATE OF GEORGIA            )

                                    )

COUNTY OF GWINNETT     )

BEFORE ME, the undersigned authority, personally appeared Affiant     **Dudley Turner**    ,

who being first duly sworn, deposes and states:

    1.    I am employed by Transworld Systems Inc. (hereinafter TSI), the designated

Custodian of Records for Plaintiff pertaining to the Defendants' education loan(s) forming the

subject matter of the above-captioned Complaint.  I am duly authorized by Plaintiff to make the

representations contained in this Affidavit and I am over the age of 18 and competent to testify to

the matters stated in this Affidavit.

    2.    I am competent and authorized to testify relating to this action through personal

knowledge of the business records, including the electronic data, sent to TSI that detail the

education loan records.  I also have personal knowledge of the record management practices and

procedures of Plaintiff and the practices and procedures Plaintiff requires of its loan servicers and other agents.

3.     This lawsuit arose out of an unpaid loan or loans owed by defendant TONY KIM and defendant KIM,IL to Plaintiff.  Specifically Defendants entered into an education loan agreement at Defendants' special instance and request.  A loan was extended for Defendants' to use pursuant to the terms of the loan agreements.  Defendants have failed, refused, and/or neglected to pay the balance or balances pursuant to the agreed repayment schedule or schedules.

4.     Education loan account records are compiled and recorded as part of Plaintiff's regularly conducted business activity at or near the time of the event and from information transmitted from a person with knowledge of said event, by or from information transmitted by a person with knowledge of the accounts or events described within the business record.  Such records are kept, maintained, and relied upon in the course of ordinary and regularly conducted business activity.

5.     I am familiar with the education loan records within my possession as custodian of records related to this matter.  I have been authorized by Plaintiff to make this certification on behalf of Plaintiff for this case.

6.     I have reviewed the education loan records as business records described in this affidavit regarding account number xxxxx7207/003-001000.  No payment has been made on this account. After all payments, credits and offsets have been applied, defendant TONY KIM and defendant KIM,IL owe the principal sum of $24,652.37, together with accrued interest in the amount of $4,019.13, totaling the sum of $28,671.50 as of 4/21/2015.  Attached hereto and incorporated as Exhibit "A" is a true copy of the underlying Credit Agreement/Promissory Note.

In the event the Defendant(s) faxed the executed Credit Agreement/Promissory Note, per its terms they agreed their facsimile/electronic signature is deemed to be an original. Under applicable federal and state law, all copies of signatures executed via facsimile or electronic email are considered to be legal, binding agreement.

7. Based on records maintained by Plaintiff, the Defendants are not minors or incompetent. A reasonable inquiry has been made to determine if the Defendants are in the military service of the United States of America, and to the best of my knowledge, Defendants are not in such military services and are therefore not entitled to the rights and privileges provided under the Soldiers and Sailors Civil Relief Act of 1940, as amended.

8. I declare under the penalty of perjury under the laws of the forum state that the foregoing is true and correct to the best of my knowledge, information and belief.

FURTHER AFFIANT SAYETH NAUGHT.

AFFIANT

Print Name: **Dudley Turner**

Title: **Legal Case Manager**

SWORN AND SUBSCRIBED to before me this ___7th___ day of ___April___, 20_15_.

NOTARY PUBLIC

My Commission Expires on **November 14, 2017**

NATIONAL COLLEGIATE STUDENT
LOAN TRUST 2006-1
A Delaware Statutory Trust(s)          )
                                       )
                                       )
Plaintiff                              )          Docket #
                                       )
v.                                     )
                                       )
TONY KIM                               )
KIM,IL                                 )
                                       )
Defendant(s)                           )

## AFFIDAVIT AND VERIFICATION OF ACCOUNT

STATE OF GEORGIA          )
                          )
COUNTY OF GWINNETT        )

BEFORE ME, the undersigned authority, personally appeared Affiant _____**Dudley Turner**_____,
who being first duly sworn, deposes and states:

    1.    I am employed by Transworld Systems Inc. (hereinafter TSI), the designated
Custodian of Records for Plaintiff pertaining to the Defendants' education loan(s) forming the
subject matter of the above-captioned Complaint. I am duly authorized by Plaintiff to make the
representations contained in this Affidavit and I am over the age of 18 and competent to testify to
the matters stated in this Affidavit.

    2.    I am competent and authorized to testify relating to this action through personal
knowledge of the business records, including the electronic data, sent to TSI that detail the
education loan records. I also have personal knowledge of the record management practices and

procedures of Plaintiff and the practices and procedures Plaintiff requires of its loan servicers and other agents.

3. This lawsuit arose out of an unpaid loan or loans owed by defendant TONY KIM and defendant KIM,IL to Plaintiff. Specifically Defendants entered into an education loan agreement at Defendants' special instance and request. A loan was extended for Defendants' to use pursuant to the terms of the loan agreements. Defendants have failed, refused, and/or neglected to pay the balance or balances pursuant to the agreed repayment schedule or schedules.

4. Education loan account records are compiled and recorded as part of Plaintiff's regularly conducted business activity at or near the time of the event and from information transmitted from a person with knowledge of said event, by or from information transmitted by a person with knowledge of the accounts or events described within the business record. Such records are kept, maintained, and relied upon in the course of ordinary and regularly conducted business activity.

5. I am familiar with the education loan records within my possession as custodian of records related to this matter. I have been authorized by Plaintiff to make this certification on behalf of Plaintiff for this case.

6. I have reviewed the education loan records as business records described in this affidavit regarding account number xxxxx7207/004-001000. No payment has been made on this account. After all payments, credits and offsets have been applied, defendant TONY KIM and defendant KIM,IL owe the principal sum of $23,882.28, together with accrued interest in the amount of $3,893.63, totaling the sum of $27,775.91 as of 4/21/2015. Attached hereto and incorporated as Exhibit "A" is a true copy of the underlying Credit Agreement/Promissory Note.

In the event the Defendant(s) faxed the executed Credit Agreement/Promissory Note, per its terms they agreed their facsimile/electronic signature is deemed to be an original. Under applicable federal and state law, all copies of signatures executed via facsimile or electronic email are considered to be legal, binding agreement.

7.     Based on records maintained by Plaintiff, the Defendants are not minors or incompetent. A reasonable inquiry has been made to determine if the Defendants are in the military service of the United States of America, and to the best of my knowledge, Defendants are not in such military services and are therefore not entitled to the rights and privileges provided under the Soldiers and Sailors Civil Relief Act of 1940, as amended.

8.     I declare under the penalty of perjury under the laws of the forum state that the foregoing is true and correct to the best of my knowledge, information and belief.

FURTHER AFFIANT SAYETH NAUGHT.

AFFIANT
Print Name:     Dudley Turner
Title:              Legal Case Manager

SWORN AND SUBSCRIBED to before me this _27th_ day of _April_____, 20 _15_.

NOTARY PUBLIC
My Commission Expires on     November 14,2017

NATIONAL COLLEGIATE STUDENT
LOAN TRUST 2007-4
A Delaware Statutory Trust(s)     )
     )
     )
Plaintiff     )    Docket #
     )
v.     )
     )
TONY KIM     )
KIM,IL     )
     )
Defendant(s)     )

## AFFIDAVIT AND VERIFICATION OF ACCOUNT

STATE OF GEORGIA     )
     )
COUNTY OF GWINNETT     )

BEFORE ME, the undersigned authority, personally appeared Affiant _____**Dudley Turner**_____,

who being first duly sworn, deposes and states:

1.    I am employed by Transworld Systems Inc. (hereinafter TSI), the designated Custodian of Records for Plaintiff pertaining to the Defendants' education loan(s) forming the subject matter of the above-captioned Complaint.  I am duly authorized by Plaintiff to make the representations contained in this Affidavit and I am over the age of 18 and competent to testify to the matters stated in this Affidavit.

2.    I am competent and authorized to testify relating to this action through personal knowledge of the business records, including the electronic data, sent to TSI that detail the education loan records.  I also have personal knowledge of the record management practices and

procedures of Plaintiff and the practices and procedures Plaintiff requires of its loan servicers and other agents.

3. This lawsuit arose out of an unpaid loan or loans owed by defendant TONY KIM and defendant KIM,IL to Plaintiff. Specifically Defendants entered into an education loan agreement at Defendants' special instance and request. A loan was extended for Defendants' to use pursuant to the terms of the loan agreements. Defendants have failed, refused, and/or neglected to pay the balance or balances pursuant to the agreed repayment schedule or schedules.

4. Education loan account records are compiled and recorded as part of Plaintiff's regularly conducted business activity at or near the time of the event and from information transmitted from a person with knowledge of said event, by or from information transmitted by a person with knowledge of the accounts or events described within the business record. Such records are kept, maintained, and relied upon in the course of ordinary and regularly conducted business activity.

5. I am familiar with the education loan records within my possession as custodian of records related to this matter. I have been authorized by Plaintiff to make this certification on behalf of Plaintiff for this case.

6. I have reviewed the education loan records as business records described in this affidavit regarding account number xxxxx7207/006-001000. No payment has been made on this account. After all payments, credits and offsets have been applied, defendant TONY KIM and defendant KIM,IL owe the principal sum of $41,508.81, together with accrued interest in the amount of $3,784.65, totaling the sum of $45,293.46 as of 4/21/2015. Attached hereto and incorporated as Exhibit "A" is a true copy of the underlying Credit Agreement/Promissory Note.

In the event the Defendant(s) faxed the executed Credit Agreement/Promissory Note, per its terms they agreed their facsimile/electronic signature is deemed to be an original. Under applicable federal and state law, all copies of signatures executed via facsimile or electronic email are considered to be legal, binding agreement.

7.      Based on records maintained by Plaintiff, the Defendants are not minors or incompetent. A reasonable inquiry has been made to determine if the Defendants are in the military service of the United States of America, and to the best of my knowledge, Defendants are not in such military services and are therefore not entitled to the rights and privileges provided under the Soldiers and Sailors Civil Relief Act of 1940, as amended.

8.      I declare under the penalty of perjury under the laws of the forum state that the foregoing is true and correct to the best of my knowledge, information and belief.

FURTHER AFFIANT SAYETH NAUGHT.

AFFIANT
Print Name: _____ Dudley Turner _____
Title:     _____ Legal Case Manager _____

SWORN AND SUBSCRIBED to before me this _27ᵗʰ_ day of _April_ , 20_15_.

NOTARY PUBLIC
My Commission Expires on·     November 14,2017

NATIONAL COLLEGIATE STUDENT ⟩
LOAN TRUST 2006-3, A Delaware ⟩
Statutory Trust ⟩
⟩ Docket #
Plaintiff ⟩
⟩
⟩
v. ⟩
⟩
⟩
SARAH K DOUGLASS ⟩
⟩
⟩
⟩
Defendant(s) ⟩

## AFFIDAVIT AND VERIFICATION OF ACCOUNT

STATE OF GEORGIA ⟩
⟩
COUNTY OF GWINNETT ⟩

BEFORE ME, the undersigned authority, personally appeared Affiant _____**Brian Jackson**_,

who being first duly sworn, deposes and states:

1.    I am employed by Transworld Systems Inc. (hereinafter TSI), the Subservicer for

Plaintiff pertaining to the educational loan forming the subject matter of this action.

2.    TSI has been contracted to perform the duties of the Subservicer for Plaintiff by

U.S. Bank, National Association, the Special Servicer of Plaintiff. TSI, as the Subservicer of the

Plaintiff, is the designated custodian of records for the Defendant's educational loan.

Additionally, TSI maintains the dedicated system of record for electronic transactions pertaining

to the Defendant's educational loan, including, but not necessarily limited to, payments, credits,

interest accrual and any other transactions that could impact the Defendant's educational loan.

P&F 0134

Attached hereto as Exhibit "A" is a true and correct copy of confirmation of TSI's capacity as Subservicer.

3.      I am over the age of 18 and competent to testify to the matters stated herein. As an employee of TSI, I am duly authorized by Plaintiff and U.S. Bank, National Association to make the representations contained in this Affidavit.

4.      I have access and training on the system of record utilized by TSI to enter and maintain loan account records and documentation concerning the Defendant's educational loan for the Plaintiff.

5.      I am familiar with the process by which TSI receives prior account records, including origination records from the time the loan was requested and/or disbursed to the Defendant and/or the student's school on their behalf.

6.      As custodian of records it is TSI's regularly-conducted business practice to incorporate prior loan records and/or documentation into TSI's business records.

7.      I am further competent and authorized to testify regarding this educational loan through personal knowledge of the business records maintained by TSI as custodian of records, including electronic data provided to TSI related to the Defendant's educational loan, and the business records attached to this Affidavit.

8.      This lawsuit concerns an unpaid loan owed by Defendant SARAH K DOUGLASS to Plaintiff. Specifically, Defendant entered into an educational loan agreement at Defendant's special instance and request. A loan was extended for Defendant to use pursuant to the terms of the loan agreements. Defendant has failed, refused, and/or neglected to pay the balance pursuant to the agreed terms.

P&F 0135

9.    Educational loan records are created, compiled and recorded as part of regularly conducted business activity at or near the time of the event and from information transmitted from a person with personal knowledge of said event and a business duty to report it, or from information transmitted by a person with personal knowledge of the accounts or events described within the business record. Such records are created, kept, maintained, and relied upon in the course of ordinary and regularly conducted business activity.

10.    I have reviewed the educational loan records described in this affidavit regarding account number xxxxx1325-001-PHEA. No payment has been made since 04/12/2013. After all payments, credits and offsets have been applied, Defendant SARAH K DOUGLASS owes the principal sum of $1,766.01, together with accrued interest in the amount of $ 165.10, totaling the sum of $1,931.11 as of 3/7/2017. Attached hereto and incorporated as Exhibit "B" is a true copy of the underlying Credit Agreement/Promissory Note and Note Disclosure Statement. In the event the Defendant(s) faxed the executed Credit Agreement/Promissory Note, per its terms they agreed their facsimile/electronic signature is deemed to be an original.

11.    The Defendant opened the educational loan described above and funds were first disbursed on 12/21/2005. *See* Exhibit "B". The Defendant's educational loan was then transferred, sold and assigned by the Lender directly to Plaintiff, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3, or to an intermediary, National Collegiate Funding, LLC, who then immediately transferred, sold and assigned the Defendant's educational loan to Plaintiff, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3. The Defendant's educational loan was in good standing and not in default on the date the Plaintiff acquired the Defendant's educational loan. Attached hereto and incorporated as Exhibit "C" is a true and correct copy of the assignment Agreement(s) described herein.

12.   Based on custodial records, the Defendant is not a minor or incompetent. A reasonable inquiry has been made to determine if the Defendant is in the military service of the United States of America, and to the best of my knowledge, Defendant is not in such military service and is therefore not entitled to the rights and privileges provided under the Soldiers and Sailors Civil Relief Act of 1940, as amended.

13.   I declare under the penalty of perjury under the laws of the forum state that the foregoing is true and correct.

FURTHER AFFIANT SAYETH NAUGHT.

AFFIANT
Print Name:     **Brian Jackson**
Title:          **Legal Case Manager**

SWORN AND SUBSCRIBED to before me this _____8_____ day of __March__, 20_17_

NOTARY PUBLIC
My Commission Expires on

P&F 0137

NATIONAL COLLEGIATE STUDENT )
LOAN TRUST 2006-3, A Delaware )
Statutory Trust )
)
Plaintiff ) Docket #
)
)
)
v. )
)
)
)
SARAH K DOUGLASS )
)
)
)
Defendant(s) )
)

## AFFIDAVIT AND VERIFICATION OF ACCOUNT

STATE OF GEORGIA )
)
COUNTY OF GWINNETT )

BEFORE ME, the undersigned authority, personally appeared Affiant **Brian Jackson** ,
who being first duly sworn, deposes and states:

1.    I am employed by Transworld Systems Inc. (hereinafter TSI), the Subservicer for
Plaintiff pertaining to the educational loan forming the subject matter of this action.

2.    TSI has been contracted to perform the duties of the Subservicer for Plaintiff by
U.S. Bank, National Association, the Special Servicer of Plaintiff. TSI, as the Subservicer of the
Plaintiff, is the designated custodian of records for the Defendant's educational loan.
Additionally, TSI maintains the dedicated system of record for electronic transactions pertaining
to the Defendant's educational loan, including, but not necessarily limited to, payments, credits,
interest accrual and any other transactions that could impact the Defendant's educational loan.

Attached hereto as Exhibit "A" is a true and correct copy of confirmation of TSI's capacity as Subservicer.

3.    I am over the age of 18 and competent to testify to the matters stated herein. As an employee of TSI, I am duly authorized by Plaintiff and U.S. Bank, National Association to make the representations contained in this Affidavit.

4.    I have access and training on the system of record utilized by TSI to enter and maintain loan account records and documentation concerning the Defendant's educational loan for the Plaintiff.

5.    I am familiar with the process by which TSI receives prior account records, including origination records from the time the loan was requested and/or disbursed to the Defendant and/or the student's school on their behalf.

6.    As custodian of records it is TSI's regularly-conducted business practice to incorporate prior loan records and/or documentation into TSI's business records.

7.    I am further competent and authorized to testify regarding this educational loan through personal knowledge of the business records maintained by TSI as custodian of records, including electronic data provided to TSI related to the Defendant's educational loan, and the business records attached to this Affidavit.

8.    This lawsuit concerns an unpaid loan owed by Defendant SARAH K DOUGLASS to Plaintiff. Specifically, Defendant entered into an educational loan agreement at Defendant's special instance and request. A loan was extended for Defendant to use pursuant to the terms of the loan agreements. Defendant has failed, refused, and/or neglected to pay the balance pursuant to the agreed terms.

9. Educational loan records are created, compiled and recorded as part of regularly conducted business activity at or near the time of the event and from information transmitted from a person with personal knowledge of said event and a business duty to report it, or from information transmitted by a person with personal knowledge of the accounts or events described within the business record. Such records are created, kept, maintained, and relied upon in the course of ordinary and regularly conducted business activity.

10. I have reviewed the educational loan records described in this affidavit regarding account number xxxxx1325-002-PHEA. No payment has been made since 04/12/2013. After all payments, credits and offsets have been applied, Defendant SARAH K DOUGLASS owes the principal sum of $2,501.08, together with accrued interest in the amount of $ 233.83, totaling the sum of $2,734.91 as of 3/7/2017. Attached hereto and incorporated as Exhibit "B" is a true copy of the underlying Credit Agreement/Promissory Note and Note Disclosure Statement. In the event the Defendant(s) faxed the executed Credit Agreement/Promissory Note, per its terms they agreed their facsimile/electronic signature is deemed to be an original.

11. The Defendant opened the educational loan described above and funds were first disbursed on 4/20/2006. *See* Exhibit "B". The Defendant's educational loan was then transferred, sold and assigned by the Lender directly to Plaintiff, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3, or to an intermediary, National Collegiate Funding, LLC, who then immediately transferred, sold and assigned the Defendant's educational loan to Plaintiff, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3. The Defendant's educational loan was in good standing and not in default on the date the Plaintiff acquired the Defendant's educational loan. Attached hereto and incorporated as Exhibit "C" is a true and correct copy of the assignment Agreement(s) described herein.

12. Based on custodial records, the Defendant is not a minor or incompetent. A reasonable inquiry has been made to determine if the Defendant is in the military service of the United States of America, and to the best of my knowledge, Defendant is not in such military service and is therefore not entitled to the rights and privileges provided under the Soldiers and Sailors Civil Relief Act of 1940, as amended.

13. I declare under the penalty of perjury under the laws of the forum state that the foregoing is true and correct.

FURTHER AFFIANT SAYETH NAUGHT.

AFFIANT
Print Name: **Brian Jackson**
Title: Legal Case Manager

SWORN AND SUBSCRIBED to before me this ___8___ day of ___March___, 20_17_

NOTARY PUBLIC
My Commission Expires on

EX. C

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESTHER HOFFMAN; SARAH DOUGLASS; ANTHONY KIM; and IL KIM and DARIA KIM, husband and wife and the marital community comprised thereof, on behalf of themselves and on behalf of others similarly situated,<br><br>            Plaintiffs,<br><br>     vs.<br><br>TRANSWORLD SYSTEMS INCORPORATED; PATENAUDE AND FELIX, A.P.C.; MATTHEW CHEUNG, and the marital community comprised of MATTHEW CHEUNG and JANE DOE CHEUNG; National Collegiate Student Loan Trust 2004-2; National Collegiate Student Loan Trust 2005-2; National Collegiate Student Loan Trust 2005-3; National Collegiate Student Loan Trust 2006-1; National Collegiate Student Loan Trust 2006-3; National Collegiate Student Loan Trust 2007-4,<br><br>            Defendants. | Case No. C18-1132 TSZ<br><br>DEFENDANT TRANSWORLD SYSTEMS INC.'S FIRST AMENDED AND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS |

Pursuant to the Federal Rules of Civil Procedure, Defendant Transworld Systems Inc. ("TSI")[1] responds to Plaintiffs' Second Requests for Production of Documents as follows:

**REQUEST FOR PRODUCTION NO. 35**:  Produce all documents and records referenced or relied upon by you in answering Plaintiffs' Second Interrogatories to you.

**RESPONSE**:  Subject to any objections asserted in Response to Plaintiffs' Second Interrogatories, see documents produced previously and herewith.

**REQUEST FOR PRODUCTION NO. 36**:  Produce all documents and records pertaining to any transfers of Plaintiffs' student loans which any of the NCSLTs claim to own, since origination of the loans.

**RESPONSE**:  TSI objects to this Request as overbroad, unduly burdensome, and vague and ambiguous as to "any transfers."  Subject to and notwithstanding, see the documents previously produced in response to Plaintiffs' Request for Production Nos. 2, 26, and 28, described generally as Credit Agreements and Note Disclosure Statements, Pool Supplements, Loan Schedules, and Deposit and Sale Agreements, for the chain of the Defendant Trusts' title to the Plaintiffs' subject student loans.  Further answering, although not translative of title and thus not directly responsive, see the Note Purchase Agreements previously produced in response to Plaintiffs' Request for Production No. 33 (as expanded by email agreement with counsel) and Indentures which may be publicly available and on file with the Securities and Exchange Commission and, accordingly, equally accessible to Plaintiffs.  Regardless of the foregoing, TSI does not routinely maintain Indentures for the 6 Defendant Trusts, and the undertaking and

---

[1] Unless otherwise specified, TSI means only TSI itself and no others and TSI specifically objects to and rejects any contrary meaning suggested by or stated in the Definitions.

TRANSWORLD SYSTEMS INC.'S FIRST AMENDED AND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS – 2
(Case No. C18-1132 TSZ)

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

expense required for TSI to attempt to locate any copies of the requested document(s) is unduly burdensome and disproportionate to the needs of the case particularly considering they are publicly accessible.

REQUEST FOR PRODUCTION NO. 37: Produce all documents and records pertaining to any assignments of Plaintiffs' student loans which any of the NCSLTs claim to own, since origination of the loans, including without limitation documents and records memorializing any of Plaintiffs' student loans to any of the NCSLTs.

RESPONSE: TSI objects to this Request as overbroad, unduly burdensome, and vague and ambiguous as to "any assignments." Subject to and notwithstanding, see the documents previously produced in response to Plaintiffs' Request for Production Nos. 2, 26, and 28, described generally as Credit Agreements and Note Disclosure Statements, Pool Supplements, Loan Schedules, and Deposit and Sale Agreements, for the chain of the Defendant Trusts' title to the Plaintiffs' subject student loans. Further answering, although not translative of title and thus not directly responsive, see the Note Purchase Agreements previously produced in response to Plaintiffs' Request for Production No. 33 (as expanded by email agreement with counsel) and Indentures which may be publicly available and on file with the Securities and Exchange Commission and, accordingly, equally accessible to Plaintiffs. Regardless of the foregoing, TSI does not routinely maintain Indentures for the 6 Defendant Trusts, and the undertaking and expense required for TSI to attempt to locate any copies of the requested document(s) is unduly burdensome and disproportionate to the needs of the case particularly considering they are publicly accessible.

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

1　　　　REQUEST FOR PRODUCTION NO. 38: Produce all documents and records related to

2　any delivery of a copy of the Consent Order to any person or entity pursuant to and in compliance

3　with Page 26, Paragraphs Nos. 69 and 70 of the Consent Order.

4　　　　RESPONSE: TSI objects to this Request as overbroad as seeking documents not related

5　to the allegations in the Second Amended Complaint ("SAC") or the putative class defined

6　therein; and seeking discovery that is disproportional to the needs of the case; and requesting

7　confidential documents and information subject to privilege, including but not limited to 12 CFR

8　§ 1070.2(i), and attorney client privilege, and/or precluded from disclosure as evidence of

9　subsequent remedial measures not admissible under the Federal Rules of Evidence.

10　　　　**FIRST AMENDED AND SUPPLEMENTAL RESPONSE: TSI objects to this**

11　**Request as overbroad as seeking documents not related to the allegations in the Second**

12　**Amended Complaint ("SAC") or the putative class defined therein and seeking discovery**

13　**that is disproportional to the needs of the case, particularly to the extent it seeks production**

14　**of documents related to the delivery of the CFPB Consent Order to board members and**

15　**other persons who have had no direct involvement with any action or decision-making in**

16　**servicing Plaintiffs' loans. Subject to and without waiving the foregoing objections, a**

17　**report confirming that a copy of the CFPB Consent Order was provided to relevant TSI**

18　**managers and employees is being generated from TSI's electronic records and will be**

19　**produced in due course; additionally, confirmation of Patenaude & Felix, A.P.C.'s ("P&F")**

20　**receipt and acknowledgment of the CFPB Consent Order is attached.**

21　　　　REQUEST FOR PRODUCTION NO. 39: Produce all signed and dated statements

22　obtained by TSI as required by the Consent Order, at Pages 26-27, Paragraph No. 71.

23

24

TRANSWORLD SYSTEMS INC.'S FIRST AMENDED AND
SUPPLEMENTAL RESPONSES TO PLAINTIFFS' SECOND
REQUESTS FOR PRODUCTION OF DOCUMENTS – 4
(Case No. C18-1132 TSZ)

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

RESPONSE: TSI objects to this Request as overbroad as seeking documents not related to the allegations in the SAC or the putative class defined therein; and seeking discovery that is disproportional to the needs of the case; and requesting confidential documents and information subject to privilege, including but not limited to 12 CFR § 1070.2(i), and/or precluded from disclosure as evidence of subsequent remedial measures not admissible under the Federal Rules of Evidence.

**FIRST SUPPLEMENTAL RESPONSE: Subject to and without waiving TSI's prior objections, see TSI's First Supplemental Response to Request for Production No. 38.**

REQUEST FOR PRODUCTION NO. 40: Produce all documents and records produced by TSI to the CFPB in response to the CFPB investigation of the NCSLTs and/or TSI that culminated in the Consent Order, that relate to student loan borrowers in Washington State.

RESPONSE: TSI objects to this Request for the reasons set forth in its Motion for Protective Order [Dkt. 156] and Reply in support thereof [Dkt. 165]. As the Court held, "[t]he Court has no method of determining *which* of those documents are relevant or proportional to the needs of this case. Plaintiffs "must make proper discovery requests, identifying the specific categories of [relevant] documents sought"—they cannot simply "request[] copies of discovery files made in the course of [another] investigation[]." *Merrill Lynch*, 2011 WL 3438491, at *3."

**FIRST SUPPLEMENTAL RESPONSE: Further to and without waiving TSI's prior objections, documents containing the confidential investigatory information and confidential supervisory information sought by this request are the property of the CFPB, and is subject to privilege, including but not limited to 12 CFR § 1070.2, *et seq.*, and/or precluded from disclosure.**

TRANSWORLD SYSTEMS INC.'S FIRST AMENDED AND
SUPPLEMENTAL RESPONSES TO PLAINTIFFS' SECOND
REQUESTS FOR PRODUCTION OF DOCUMENTS – 5
(Case No. C18-1132 TSZ)

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

<u>REQUEST FOR PRODUCTION NO. 41</u>: Produce all documents and records relating to any current or former TSI employee that signed an affidavit filed in any Washington State court case.

<u>RESPONSE</u>: TSI objects to this Request as irrelevant and premature because no class has been certified, and the information sought is not relevant to Plaintiffs or to a Rule 23 analysis. TSI further objects to this Request as overbroad, unduly burdensome, and vague and ambiguous as to "all documents and records relating to" current or former TSI employees. TSI cannot meaningfully respond to this Request as written. If Plaintiffs will describe with some particularity and specificity the name, category, or type of documents requested, TSI will reconsider its response. Absent such clarification, see generally the affidavits, checklists, and training acknowledgments or transcripts TSI previously identified or produced in response to Interrogatory Nos. 13 and 14, and Request for Production Nos. 1 and 2 which include some responsive materials.

<u>REQUEST FOR PRODUCTION NO. 42</u>: Produce all documents and records relating to any affidavits or declarations signed by any current or former TSI employee and/or agent filed in any Washington State court case.

<u>RESPONSE</u>: TSI objects to this Request as irrelevant and premature because no class has been certified, and the information sought is not relevant to Plaintiffs or to a Rule 23 analysis. TSI further objects to this Request as overbroad, unduly burdensome, and vague and ambiguous as to "all documents and records relating to" current or former TSI employees. TSI cannot meaningfully respond to this Request as written. If Plaintiffs will describe with some particularity and specificity the name, category, or type of documents requested, TSI will

TRANSWORLD SYSTEMS INC.'S FIRST AMENDED AND
SUPPLEMENTAL RESPONSES TO PLAINTIFFS' SECOND
REQUESTS FOR PRODUCTION OF DOCUMENTS – 6
(Case No. C18-1132 TSZ)

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

reconsider its response. Absent such clarification, see generally the affidavits, checklists, and training acknowledgments or transcripts TSI previously identified or produced in response to Interrogatory Nos. 13 and 14, and Request for Production Nos. 1 and 2 which include some responsive materials.

REQUEST FOR PRODUCTION NO. 43: Produce all documents and records relating to any defenses asserted by any defendant(s) to any of Plaintiffs' claims and causes of action in the Complaint.

RESPONSE: TSI objects to this Request as overbroad, unduly burdensome, and vague and ambiguous as to "all documents and records relating to any defenses asserted by any defendant(s) to any of Plaintiffs' claims[.]" TSI cannot meaningfully respond to this Request as written. Subject to and notwithstanding, any documents produced in discovery by any party may be responsive to this request.

REQUEST FOR PRODUCTION NO. 44: Produce all documents and records relating to Plaintiffs' claims asserted in their Complaint.

RESPONSE: TSI objects to this Request as overbroad, unduly burdensome, and vague and ambiguous as to "all documents and records relating to Plaintiffs' claims." TSI cannot meaningfully respond to this Request as written. Subject to and notwithstanding, any documents produced in discovery by any party may be responsive to this request.

REQUEST FOR PRODUCTION NO. 45: Produce all documents and records relating to TSI's identification to the CFPB of Collections Lawsuits that were filed in Washington State between November 1, 2014 and the Effective Date of the Consent Order that are missing the

TRANSWORLD SYSTEMS INC.'S FIRST AMENDED AND
SUPPLEMENTAL RESPONSES TO PLAINTIFFS' SECOND
REQUESTS FOR PRODUCTION OF DOCUMENTS – 7
(Case No. C18-1132 TSZ)

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

documentation described in Paragraph No. 45, subsection (f)(i) and (ii) of the Consent Order, as required by Paragraph No. 45(c) of the Consent Order.

RESPONSE: TSI objects to this Request as seeking confidential documents and information subject to privilege, including but not limited to 12 CFR § 1070.2(i), and/or precluded from disclosure as evidence of subsequent remedial measures not admissible under the Federal Rules of Evidence; and as irrelevant and premature because no class has been certified, and the information sought is not relevant to Plaintiffs or to a Rule 23 analysis; and as overbroad, vague, and ambiguous with respect to "all documents and records relating to TSI's identification" of the referenced alleged lawsuits. Subject to and without waiving said objections, and in compliance with the requirements of Fed. R. Civ. P. 26(b)(5), TSI responds that it is withholding from production information within electronic records that identify certain collections lawsuits.

**FIRST SUPPLEMENTAL RESPONSE: Further to and without waiving TSI's prior objections, and in compliance with the requirements of Fed. R. Civ. P. 26(b)(5), TSI responds that it is withholding from production a listing of accounts that was provided to the CFPB in compliance with one or more CFPB Consent Order requirements.**

REQUEST FOR PRODUCTION NO. 46: Produce all documents and records relating to TSI's notifications as required by Paragraph No. 45(e) of the Consent Order, as to any Washington State student loan borrowers.

RESPONSE: TSI objects to this Request as seeking confidential documents and information subject to privilege, including but not limited to 12 CFR § 1070.2(i), and/or precluded from disclosure as evidence of subsequent remedial measures not admissible under the Federal Rules of Evidence; and as irrelevant and premature because no class has been certified,

TRANSWORLD SYSTEMS INC.'S FIRST AMENDED AND
SUPPLEMENTAL RESPONSES TO PLAINTIFFS' SECOND
REQUESTS FOR PRODUCTION OF DOCUMENTS – 8
(Case No. C18-1132 TSZ)

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

1    and the documents sought are not relevant to Plaintiffs or to a Rule 23 analysis.

2        <u>REQUEST FOR PRODUCTION NO. 47</u>:  Produce all documents and records relating to

3    any reports submitted to the Regional Director of the CFPB in compliance with Paragraph No.

4    48 of the Consent Order, including the reports, related to any Washington State student loan

5    borrowers.

6        <u>RESPONSE</u>:  TSI objects to this Request as overbroad, unduly burdensome, and vague

7    and ambiguous as to usage of the parenthetical expression "including the reports[.]"  TSI further

8    objects to this Request as seeking confidential documents and information subject to privilege,

9    including but not limited to 12 CFR § 1070.2(i), and/or precluded from disclosure as evidence of

10   subsequent remedial measures not admissible under the Federal Rules of Evidence; and as

11   irrelevant and premature because no class has been certified, and the documents sought are not

12   relevant to Plaintiffs or to a Rule 23 analysis.  Subject to and without waiving said objections,

13   and in compliance with the requirements of Fed. R. Civ. P. 26(b)(5), TSI responds that it is not

14   withholding any information or documents responsive to this request and therefore is unable,

15   under the dictates of that rule, to "describe the nature of the documents, communications, or

16   tangible things not produced or disclosed."

17       <u>REQUEST FOR PRODUCTION NO. 48</u>:  Produce all documents and records relating to

18   any notifications by TSI to any law firms, including without limitation P&F, to withdraw any

19   Affidavits filed in Washington State court cases in compliance with Paragraph No. 49 of the

20   Consent Order.

21       <u>RESPONSE</u>: TSI objects to this Request as seeking attorney-client privileged and/or

22   confidential documents and information subject to privilege, including but not limited to 12 CFR

23
     TRANSWORLD SYSTEMS INC.'S FIRST AMENDED AND
     SUPPLEMENTAL RESPONSES TO PLAINTIFFS' SECOND
24   REQUESTS FOR PRODUCTION OF DOCUMENTS – 9
     (Case No. C18-1132 TSZ)

1  § 1070.2(i), and/or precluded from disclosure as evidence of subsequent remedial measures not

2  admissible under the Federal Rules of Evidence; and as irrelevant and premature because no class

3  has been certified, and the documents sought are not relevant to Plaintiffs or to a Rule 23 analysis.

4  Subject to and without waiving said objections, and in compliance with the requirements of Fed.

5  R. Civ. P. 26(b)(5), TSI responds that it is not withholding any information or documents

6  responsive to this request and therefore is unable, under the dictates of that rule, to "describe the

7  nature of the documents, communications, or tangible things not produced or disclosed."

8        **FIRST SUPPLEMENTAL RESPONSE:  None.**

9        REQUEST FOR PRODUCTION NO. 49:  Produce all documents and records relating to

10  any notifications to Washington State courts and/or judges that Affidavits should or needed to be

11  withdrawn from the court file, in compliance with Paragraph No. 49 of the Consent Order.

12        RESPONSE: TSI objects to this Request as seeking attorney-client privileged and/or

13  confidential documents and information subject to privilege, including but not limited to 12 CFR

14  § 1070.2(i), and/or precluded from disclosure as evidence of subsequent remedial measures not

15  admissible under the Federal Rules of Evidence; and as irrelevant and premature because no class

16  has been certified, and the documents sought are not relevant to Plaintiffs or to a Rule 23 analysis.

17  Subject to and without waving said objections, and in compliance with the requirements of Fed.

18  R. Civ. P. 26(b)(5), TSI responds that it is not withholding any information or documents

19  responsive to this request and therefore is unable, under the dictates of that rule, to "describe the

20  nature of the documents, communications, or tangible things not produced or disclosed."

21        **FIRST SUPPLEMENTAL RESPONSE:  None.**

22

23  TRANSWORLD SYSTEMS INC.'S FIRST AMENDED AND
    SUPPLEMENTAL RESPONSES TO PLAINTIFFS' SECOND
24  REQUESTS FOR PRODUCTION OF DOCUMENTS – 10
    (Case No. C18-1132 TSZ)

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

1    REQUEST FOR PRODUCTION NO. 50:  Produce all documents and records relating to

2    any notifications by TSI to any law firms, including without limitation P&F, to cease post-

3    judgment enforcement activity against any Washington State student loan borrower, in

4    compliance with Paragraph No. 50 of the Consent Order.

5    RESPONSE: TSI objects to this Request as seeking attorney-client privileged and/or

6    confidential documents and information subject to privilege, including but not limited to 12 CFR

7    § 1070.2(i), and/or precluded from disclosure as evidence of subsequent remedial measures not

8    admissible under the Federal Rules of Evidence; and as irrelevant and premature because no class

9    has been certified, and the documents sought are not relevant to Plaintiffs or to a Rule 23 analysis.

10   Subject to and without waiving said objections, and in compliance with the requirements of Fed.

11   R. Civ. P. 26(b)(5), TSI responds that it is withholding from production internet communications

12   with counsel.

13   **FIRST SUPPLEMENTAL RESPONSE: Further to and without waiving TSI's**

14   **prior objections, the following documents are withheld from production in response to this**

15   **Request on the grounds that they constitute privileged communications between TSI and**

16   **P&F:**

17   1.   **November 1, 2017 letter from "Transworld Systems Inc (TSI) Compliance Team" to "TSI Attorney Network;"**

18   2.   **November 21, 2021 letter from "Transworld Systems Inc (TSI) Compliance Team" to "TSI – Transworld Systems Inc. Attorney Network", including 1 Excel spreadsheet identified as "Patenaude___Felix.xlsx."**

20   3.   **December 1, 2017 letter from "Transworld Systems Inc. (TSI) Audit Team" to "NCSLT Attorney Network;"**

21   4.   **December 15, 2017 letter from Transworld Systems Inc (TSI) Compliance Team" to "TSI – Transworld Systems Inc. Attorney Network"**

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

1      REQUEST FOR PRODUCTION NO. 51: Produce the "Special Subservicing

2 Agreement" by and between Turnstile Management, LLC and U.S. Bank, as successor special

3 servicer, referenced in TSI_0022010.

4      RESPONSE: TSI is not in possession of the specified document.

5      REQUEST FOR PRODUCTION NO. 52: Produce all documents and records relating to

6 communications with Turnstile Capital Management, LLC, the special subservicer referenced in

7 TSI_0022010 for any Collections Lawsuits filed in Washington State.

8      RESPONSE: TSI is not aware of any documents in its possession that are responsive to

9 this Request. TSI's investigations are ongoing.

10      REQUEST FOR PRODUCTION NO. 53: Produce all documents and records relating to

11 communications with Turnstile Capital Management, LLC, the special subservicer referenced in

12 TSI_0022010 for the Collections Lawsuits against the Plaintiffs.

13      RESPONSE: TSI is not aware of any documents in its possession that are responsive to

14 this Request. TSI's investigations are ongoing.

15      REQUEST FOR PRODUCTION NO. 54: Produce all documents and records relating to

16 communications with Turnstile Capital Management, LLC, the special subservicer referenced in

17 TSI_0022010 for the Collections Lawsuits against the Plaintiffs.

18      RESPONSE: This Request appears to be duplicative of Request No. 53. See TSI's

19 Response to Request No. 53.

20      REQUEST FOR PRODUCTION NO. 55: Produce all documents and records received

21 from First Marblehead Data Services, Inc for the alleged loans of the Plaintiffs.

22      RESPONSE: TSI did not receive any documents or records directly from First

TRANSWORLD SYSTEMS INC.'S FIRST AMENDED AND
SUPPLEMENTAL RESPONSES TO PLAINTIFFS' SECOND
REQUESTS FOR PRODUCTION OF DOCUMENTS – 12
(Case No. C18-1132 TSZ)

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

1    Marblehead Data Services, Inc. for Plaintiffs' loans.

2        <u>REQUEST FOR PRODUCTION NO. 56</u>:  Produce all origination documentation created

3    and/or kept by the The Educational Loan Resource Institute for underwriting purposes for the

4    Collections Lawsuits that were filed in Washington State.

5        <u>RESPONSE</u>: TSI objects to this Request as overbroad, unduly burdensome, and as

6    requesting documents in the possession and control of third parties, presumably the Pennsylvania

7    Higher Education Assistance Agency d/b/a American Education Services ("AES").  Subject to

8    and without waiving said objections, TSI would not generally be in possession of documents

9    responsive to this Request.  To the extent TSI is in possession any responsive documents at an

10   account level, it would be unduly burdensome for TSI to conduct the account-level reviews

11   required to identify any such documents.

12       <u>REQUEST FOR PRODUCTION NO. 57</u>:  Produce all origination documentation created

13   and/or kept by the First Marblehead Corporation or its subsidiaries for underwriting purposes for

14   the Collections Lawsuits that were filed in Washington State.

15       <u>RESPONSE</u>: TSI objects to this Request as overbroad, unduly burdensome, and as

16   requesting documents in the possession and control of third parties, presumably AES.  Subject

17   to and without waiving said objections, TSI would not generally be in possession of documents

18   responsive to this Request.  To the extent TSI is in possession any responsive documents at an

19   account level, it would be unduly burdensome for TSI to conduct the account-level reviews

20   required to identify any such documents.

21       <u>REQUEST FOR PRODUCTION NO. 58</u>: Produce any and all Private Student Loan

22   Servicing Agreements between the Pennsylvania Higher Education Assistance-Agency and The

23

24

1 First Marblehead Corporation, together with any amendments, for the servicing of Plaintiffs'

2 student loans.

3 RESPONSE: TSI objects to this Request as seeking documents in the possession and

4 control of codefendants, presumably National Collegiate Student Loan Trust 2004-2, National

5 Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National

6 Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-3, and

7 National Collegiate Student Loan Trust 2007-4 (collectively the "6 Defendant Trusts").

8 REQUEST FOR PRODUCTION NO. 59: Produce any and all Administration

9 Agreements for the NCSLT Trusts, together with any amendments and supplements.

10 RESPONSE: TSI objects to this Request as seeking documents which may be publicly

11 available and on file with the Securities and Exchange Commission and, accordingly, equally

12 accessible to Plaintiffs. Regardless of the foregoing, TSI does not routinely maintain the

13 requested documents for the 6 Defendant Trusts, and the undertaking and expense required for

14 TSI to attempt to locate any copies of the requested document(s) is unduly burdensome and

15 disproportionate to the needs of the case particularly considering they may be publicly accessible.

16 REQUEST FOR PRODUCTION NO. 60: Produce any and all Trust Agreements for the

17 NCSLT Trusts.

18 RESPONSE: TSI objects to this Request as seeking documents which may be publicly

19 available and on file with the Securities and Exchange Commission and, accordingly, equally

20 accessible to Plaintiffs. Regardless of the foregoing, TSI does not routinely maintain the

21 requested documents for the 6 Defendant Trusts, and the undertaking and expense required for

22 TSI to attempt to locate any copies of the requested document(s) is unduly burdensome and

23
24

TRANSWORLD SYSTEMS INC.'S FIRST AMENDED AND
SUPPLEMENTAL RESPONSES TO PLAINTIFFS' SECOND
REQUESTS FOR PRODUCTION OF DOCUMENTS – 14
(Case No. C18-1132 TSZ)

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

disproportionate to the needs of the case particularly considering they may be publicly accessible.

Further answering subject to and without waiving said objection, attached are relevant

Certificates of Trust which may be responsive.

By:     */s/ Justin H. Homes*
          Bryan C. Shartle, *Pro Hac Vice*
          James K. Schultz *Pro Hac Vice*
          Justin H. Homes, *Pro Hac Vice*
          SESSIONS, ISRAEL & SHARTLE, LLC
          3850 North Causeway Blvd, Suite 200
          Metairie, LA 70002-7227
          Telephone: (504) 828-3700
          Facsimile: (504) 828-3737
          bshartle@sessions.legal
          jschultz@sessions.legal
          jhomes@sessions.legal

          Ryan W. Vollans, WSBA #45302
          601 Union Street, Suite 4100
          Seattle, WA 98101-2380
          Phone: 206.628.6600
          Fax: 206.628.6611
          Email: rvollans@williamskastner.com

          *Attorneys for Defendant Transworld Systems Inc.*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 21, 2022, I exchanged the foregoing with all counsel of

record via email.

By: */s/ Justin H. Homes*

TRANSWORLD SYSTEMS INC.'S FIRST AMENDED AND
SUPPLEMENTAL RESPONSES TO PLAINTIFFS' SECOND
REQUESTS FOR PRODUCTION OF DOCUMENTS – 15
(Case No. C18-1132 TSZ)

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

EX. D

The Hon. Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ESTHER HOFFMAN; SARAH DOUGLASS;
ANTHONY KIM; and IL KIM and DARIA
KIM, husband and wife and the marital
community comprised thereof, on behalf of
themselves and on behalf of others similarly
situated,

               Plaintiffs,

     vs.

TRANSWORLD SYSTEMS INCORPORATED;
PATENAUDE AND FELIX, A.P.C.;
MATTHEW CHEUNG, and the marital
community comprised of MATTHEW CHEUNG
and JANE DOE CHEUNG; National Collegiate
Student Loan Trust 2004-2; National Collegiate
Student Loan Trust 2005-2; National Collegiate
Student Loan Trust 2005-3; National Collegiate
Student Loan Trust 2006-1; National Collegiate
Student Loan Trust 2006-3; National Collegiate
Student Loan Trust 2007-4,

               Defendants.

Case No. C18-1132 TSZ

DEFENDANT TRANSWORLD
SYSTEMS INC.'S FIRST
AMENDED AND SUPPLEMENTAL
RESPONSES TO PLAINTIFFS'
SECOND INTERROGATORIES

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

Pursuant to the Federal Rules of Civil Procedure, Defendant Transworld Systems Inc. ("TSI")[1] responds to Plaintiffs' Second Interrogatories as follows:

INTERROGATORY NO. 19: Identify each Washington State resident with a student loan that any of the NCSLTs claim to own, and for each such borrower, identify the name of the NCSLT that claims to own the loan.

ANSWER: TSI objects to this Interrogatory as overbroad and seeking information irrelevant and disproportional to the needs of the case because it seeks information not related to the allegations in the Second Amended Complaint ("SAC") and class information that is broader in scope than the class defined therein. TSI further objects to this Interrogatory as irrelevant and premature because no class has been certified, and the information sought is not relevant to a Rule 23 analysis. Subject to and without waiving said objections, TSI's records reflect that TSI— in its role as Special Subservicer of delinquent and defaulted student loan accounts owned by National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-3, and National Collegiate Student Loan Trust 2007-4 (collectively the "6 Defendant Trusts")—service 2,068 defaulted loan accounts that are presently owned by one of the 6 Defendant Trusts where at least one obligor on such a loan was a Washington resident as of July 13, 2021 according to TSI's records.

INTERROGATORY NO. 20: For each loan for a Washington State borrower that any of the NCSLTs claim now to own, identify each person and/or entity that has owned the loan

---

[1] Unless otherwise specified, TSI means only TSI itself and no others, and TSI specifically objects to and rejects any contrary meaning suggested by or stated in the Definitions.

TRANSWORLD SYSTEMS INC.'S FIRST AMENDED AND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' SECOND INTERROGATORIES – 2
(Case No. C18-1132 TSZ)

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

1    since its date of origination, the name of the borrower for the loan, and the dates that each such

2    person and/or entity owned the loan.

3           <u>ANSWER</u>: TSI objects to this Interrogatory as overbroad and seeking information

4    irrelevant and disproportional to the needs of the case because it seeks information not related to

5    the allegations in the SAC and class information that is broader in scope than the class defined

6    therein.  TSI further objects to this Interrogatory as irrelevant and premature because no class has

7    been certified, and the information sought is not relevant to a Rule 23 analysis.  Subject to and

8    without waiving said objections, TSI's records reflect that TSI—in its role as Special Subservicer

9    of delinquent and defaulted student loan accounts owned by the 6 Defendant Trusts—services

10   loans where either borrower was a Washington resident as of July 13, 2021 that were originated

11   by either Bank of America, N.A., Bank One, N.A., Charter One Bank, N.A., Citizens Bank of

12   Rhode Island, First National Bank Northeast, GMAC Bank, HSBC Bank USA, National

13   Association, The Huntington National Bank, JPMorgan Chase Bank, N.A. KeyBank National

14   Association, M&T Bank, National City Bank, PNC Bank, N.A., RBS Citizens Bank, N.A.,

15   Sovereign Bank, SunTrust Bank, Union Federal Savings Bank or U.S. Bank National

16   Association, together with their predecessors and successors.  The loans were then sold, assigned

17   and transferred to the applicable Defendant Trust through an intermediary The National

18   Collegiate Funding, LLC who immediately transferred the loans to the applicable Defendant

19   Trust.  Some loans were then transferred to The Education Resources Institute, Inc. ("TERI")

20   pursuant to a Guaranty Event.  Those loans currently owned by one of the 6 Defendant Trusts

21   that were transferred to TERI pursuant to a Guaranty Event (none of which include the Plaintiffs'

22   loans at issue) were either transferred back to the original Defendant Trust by way of a

23   TRANSWORLD SYSTEMS INC.'S FIRST AMENDED
     AND SUPPLEMENTAL RESPONSES TO PLAINTIFFS'
24   SECOND INTERROGATORIES – 3
     (Case No. C18-1132 TSZ)

1     rehabilitation program or through the Fourth Amended Plan in TERI's Chapter 11 bankruptcy

2     proceeding.

3     <u>INTERROGATORY NO. 21</u>:  Identify all consumers and/or borrowers who were named

4     as defendants in lawsuits filed in Washington State courts, for which the documentation described

5     in Paragraph No. 45(f)(i) and (f)(2) of the Consent Order is missing, and for each such lawsuit,

6     identify the name of the case, county in which the case was filed, and the case number, for each

7     such case.

8     <u>ANSWER</u>:  TSI objects to this Interrogatory as irrelevant and premature because no class

9     has been certified, and the information sought is not relevant to a Rule 23 analysis.  TSI further

10     objects to this interrogatory as vague and indefinite in failing to identify in particular the

11     documents alleged to be "missing," and, instead, borrows the contents of an extraneous document

12     which likewise fails to adequately describe the documents sought.  Subject to and without

13     waiving said objections, TSI has determined that since TSI assumed its role as Special

14     Subservicer for the 6 Defendant Trusts in November 2014, three lawsuits may have been

15     commenced (but subsequently abandoned or dismissed) against Washington consumers in which

16     certain assignment documentation is not within TSI's possession as Special Subservicer for the

17     applicable Defendant Trust(s).  However, in no case are the relevant loan schedules missing.

18     Further answering, TSI identified zero lawsuits commenced against Washington consumers in

19     which the signed credit agreement instruments by which the loans were originated were not

20     contained among the respective Defendant Trust's records within TSI's possession as Special

21     Subservicer at the time the lawsuits were commenced.

22

23     TRANSWORLD SYSTEMS INC.'S FIRST AMENDED

AND SUPPLEMENTAL RESPONSES TO PLAINTIFFS'

24     SECOND INTERROGATORIES – 4

(Case No. C18-1132 TSZ)

**FIRST SUPPLEMENTAL ANSWER: A listing has been prepared in response to this Interrogatory and is provided herewith. The listing contains the lawsuit caption, case number if applicable, and county of each lawsuit TSI determined to be responsive to this Interrogatory.**

INTERROGATORY NO. 22: Identify any Washington State loan borrowers whose loans were the subject of any report submitted to the CFPB Regional Director pursuant to Paragraph No. 48 of the Consent Order.

ANSWER: TSI objects to this Interrogatory as overbroad and seeking information irrelevant and disproportional to the needs of the case because it seeks information not related to the allegations in the SAC and class information that is broader in scope than the class defined therein. TSI further objects to this Interrogatory as irrelevant and premature because no class has been certified, and the information sought is not relevant to a Rule 23 analysis. TSI further objects to this Interrogatory as requesting confidential information subject to privilege, including but not limited to 12 CFR § 1070.2(i), and/or precluded from disclosure as evidence of subsequent remedial measures not admissible under the Federal Rules of Evidence. Subject to the foregoing, see objections and response to Request for Production No. 47.

INTERROGATORY NO. 23: Identify any Washington State court cases for which TSI directed any law firms, including without limitation P&F, to withdraw any filed Affidavits, as required by Paragraph No. 49 of the Consent Order, and identify the name of borrower(s), the case, county in which the case was filed, and the case number, for each such case.

ANSWER: TSI objects to this Interrogatory as requesting information subject to privilege, including but not limited to 12 CFR § 1070.2(i), and attorney-client privilege, and

TRANSWORLD SYSTEMS INC.'S FIRST AMENDED AND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' SECOND INTERROGATORIES – 5
(Case No. C18-1132 TSZ)

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

precluded from disclosure as evidence of subsequent remedial measures not admissible under the

Federal Rules of Evidence.  Subject to the foregoing, see objections and response to Request for

Production Nos. 48 and 49.

**FIRST AMENDED AND SUPPLEMENTAL ANSWER: None.**

INTERROGATORY NO. 24: Identify any cases filed in Washington State courts for

which law firms acting on behalf of any of the NCSLTs sought to remove, withdraw, or terminate

post-judgment collection activities, in compliance with Paragraph No. 50 of the Consent Order,

and for each such case, identify the name of the borrower(s), the county in which the case was

filed, and the case number, for each such case.

ANSWER:  TSI objects to this Interrogatory as irrelevant and premature because no class

has been certified, and the information sought is not relevant to a Rule 23 analysis.  TSI further

objects to this Interrogatory as requesting information subject to privilege, including but not

limited to 12 CFR § 1070.2(i), and attorney-client privilege, and precluded from disclosure as

evidence of subsequent remedial measures not admissible under the Federal Rules of Evidence.

Subject to the foregoing, see objections and response to Request for Production No. 50.

**FIRST AMENDED AND SUPPLEMENTAL ANSWER:  A listing has been**

**prepared in response to this Interrogatory and is provided herewith.  The listing contains**

**the lawsuit caption if applicable, case number, and county of each judgment for any of the**

**6 Defendant Trusts against any Washington consumer, where post-judgment collection**

**activities were removed, withdrawn, or terminated in the event they were active as of**

**September 18, 2017, in compliance with Paragraph 50 of the CFPB Consent Order.**

TRANSWORLD SYSTEMS INC.'S FIRST AMENDED
AND SUPPLEMENTAL RESPONSES TO PLAINTIFFS'
SECOND INTERROGATORIES – 6
(Case No. C18-1132 TSZ)

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

1       **INTERROGATORY NO. 25**: Identify each TSI employee and/or agent that signed a

2 declaration or affidavit that was filed in a collection lawsuit in Washington State for any loan

3 claimed to be owned by an NCSLT.

4       **ANSWER**: The following current or former TSI employees executed one or more

5 affidavits in connection with Washington lawsuits commenced by the 6 Defendant Trusts: Aaron

6 Motin, Alicia Holiday, Andrew Bolin, Anna Kimbrough, Bradley Luke, Chandra Alphabet,

7 Christopher Phelps, Deidri Welch, Dudley Turner, Graham Hord, Jacqueline Jefferis, Jim

8 Cummins, Jonathan Boyd, Kayla Chandler and Marisa Dartania.

9 VERIFICATION

10       The undersigned declares under penalty of perjury under the laws of the State of Georgia

11 and Washington, that I am authorized to act on behalf of Transworld Systems Inc. in this matter,

12 that I have read the foregoing First Amended and Supplemental Responses to Plaintiffs' Second

13 Interrogatories, know the contents thereof, and believe the same to be true.

14       DATED at Peachtree Corners, Georgia, on this _____ day of March, 2022.

15 _____

   Bradley Luke

16    Director of Operations

   Transworld Systems Inc.

17 Certification

18       The undersigned attorney certifies that the foregoing answers and responses, and

19 objections if any, fully comply with Federal Rule 26(g).

20               By:   */s/ Justin H. Homes* _____

                     Bryan C. Shartle, *Pro Hac Vice*

21                      James K. Schultz *Pro Hac Vice*

                     Justin H. Homes, *Pro Hac Vice*

22                      SESSIONS, ISRAEL & SHARTLE, LLC

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

3850 North Causeway Blvd, Suite 200
Metairie, LA 70002-7227
Telephone: (504) 828-3700
Facsimile: (504) 828-3737
bshartle@sessions.legal
jschultz@sessions.legal
jhomes@sessions.legal

Ryan W. Vollans, WSBA #45302
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Phone: 206.628.6600
Fax: 206.628.6611
Email: rvollans@williamskastner.com

*Attorneys for Defendant Transworld Systems Inc.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

TRANSWORLD SYSTEMS INC.'S FIRST AMENDED
AND SUPPLEMENTAL RESPONSES TO PLAINTIFFS'
SECOND INTERROGATORIES – 8
(Case No. C18-1132 TSZ)

# CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2022, I exchanged the foregoing with all counsel of record via email.

By: */s/ Justin H. Homes*

TRANSWORLD SYSTEMS INC.'S FIRST AMENDED
AND SUPPLEMENTAL RESPONSES TO PLAINTIFFS'
SECOND INTERROGATORIES – 9
(Case No. C18-1132 TSZ)

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

EX. E

**Supplemental Response to Interrogatory No. 21**
**Lawsuit Listing**

| Caption | Case Number | Venue |
|---|---|---|
| National Collegiate Student Loan Trust 2005-3 v. Negron | GS-15-CV-459 | Franklin |
| National Collegiate Student Loan Trust 2005-3 v. Avila | N/A | Chelan |
| National Collegiate Student Loan Trust 2005-3 v. Drumond | N/A | King |

EX. F

**Supplemental Response to Interrogatory No. 24**
**Lawsuit Listing**

| Caption | Case Number | Venue |
| --- | --- | --- |
| National Collegiate Student Loan Trust 2005-3 v. Baylis | 140303399 | Multnomah |
| National Collegiate Student Loan Trust 2005-3 v. Bui | 14-2-00718-7 | Clark |
| National Collegiate Student Loan Trust 2005-3 v. Farley | 12-2-02436-9 | Kitsap |
| National Collegiate Student Loan Trust 2005-3 v. Larson | 14-2-01496-8 | Grant |
| National Collegiate Student Loan Trust 2005-3 v. Markley | 12-2-02347-3 | Thurston |
| National Collegiate Student Loan Trust 2005-3 v. Neihart | 14-2-07290-1 | Snohomish |
| National Collegiate Student Loan Trust 2005-3 v. Singh | 14-2-06582-3 | Snohomish |
| National Collegiate Student Loan Trust 2005-3 v. White | 13-2-00276-8 | Thurston |
| National Collegiate Student Loan Trust 2005-3 v. Williams | 14-2-02678-5 | Clark |
| National Collegiate Student Loan Trust 2005-3 v. Oledan | 12-2-14773-1 | Pierce |

EX. G

# Henry & DeGraaff, P.S.

Christina L Henry
*chenry@hdm-legal.com*


March 8, 2022

<u>SENT VIA EMAIL ONLY</u>
Justin Holmes and Bryan Shartle
Sessions, Israel & Shartle
3850 North Causeway Blvd, Suite 200
jhomes@sessions.legal
bshartle@sessions.legal

> RE: *Esther Hoffman, et al. v. Transworld Systems Incorporated, et al* – Discovery Conference re TSI Discovery Responses

Justin and Bryan:

I am writing to request a discovery conference with you on Friday March 11, 2022 at 10:00 a.m. regarding issues with TSI's responses to the below listed interrogatories and requests for production.

Your responses to Plaintiff's Second Set of Interrogatories Nos. 21, 22, 23, and 24 and Second Set of Requests for Production Nos. 35, 38, 39, 40, 45, 46, 47, 48, 49 and 50 were nonresponsive and you withheld evidence based on an improper assertion of privilege.

As the Court's recent Minute Order indicates, information regarding the actions taken by TSI in response to the CFPB's Consent Order with TSI are relevant and these discovery requests are proportional to the needs of this case.

We look forward to discussing these matters with you. Please confirm your availability.


Yours Truly,

*/s/ Christina L Henry*
Christina L Henry


Cc: All Counsel of Record

1

EX. H

March 24, 2022

<u>SENT VIA EMAIL ONLY</u>
Justin Homes and Bryan Shartle
Sessions, Israel & Shartle, LLC
3850 North Causeway Blvd, Suite 200
Metairie, LA 70002-7227
jhomes@sessions.legal

   RE: *Esther Hoffman, et al. v. Transworld Systems Incorporated, et al* – TSI Discovery
     Responses

Mr. Homes and Mr. Shartle,

I am writing regarding TSI's latest discovery responses produced March 21, 2022. TSI's
supplemental responses to Plaintiff's Second Interrogatories and Requests for Production are
incomplete and reveal that TSI's previously provided responses to discovery were also
incomplete. As such, we request a meet and confer Monday, March 28 at 2:00 p.m. PT. Please
confirm your availability. As you are aware, per the parties' stipulated continuance (Dkt. #270),
Plaintiffs have until April 4, 2022 to file a motion to compel.

<u>TSI's supplemental responses to RFPs</u>

<u>RFP No. 38</u> requests documents and records relating to the delivery of the Consent Order to any
person or entity to which TSI was required to provide a copy pursuant to paragraphs 69 and 70 of
the Consent Order. TSI renews its objection that this request is overbroad but agrees to provide
"a report confirming that a copy of the CFPB Consent Order was provided to relevant TSI
managers and employees...in due course." This is not sufficient.

As an initial matter, your apparent relevance objection that the request seeks "documents related
to the delivery of the CFPB Consent Order to ... persons who have no direct [relation] to the
servicing of Plaintiffs' loans" was waived when not raised in your initial responses. Next, at our
March 17, 2022 meet and confer, you represented to Plaintiffs' counsel that you would provide
all supplemental responses you would agree to provide by March 21. Thus, your "in due course"
response is contrary to your agreement. Because you also agreed that if you failed to provide
responses on March 21, 2022, the meet and confer requirements regarding those requests would
be met and Plaintiffs could move forward with a motion to compel, Plaintiffs will move forward
with a motion to compel on this Request if complete responses are not provided by Friday March
25.

RFP No. 39 TSI's supplemental response to this Request refers Plaintiffs to TSI's response to RFP No. 38 and is therefore inadequate for the same reasons.

RFP No. 40 requests documents produced by TSI to the CFPB that relate to student loan borrowers in Washington State. In your supplemental response, you renew your previous objections and reference 12 CFR § 1070.2, et seq. You previously raised this argument with the Court (*see* Dkt. ## 156, 165) and the Court's resulting decision rejected your argument. We seek to confirm that we are at an impasse on this Request.

RFP No. 45 requests documents relating to TSI's identification of collection lawsuits filed in Washington that are missing the documents described in Paragraph No. 45, subsection (f)(i) and (ii) of the Consent Order. Your response reveals that you are withholding a list of accounts that were provided to the CFPB. Your supplemental response is further incomplete as Plaintiffs' request was not limited to list of accounts, but instead all documents relating to TSI's identification of accounts. Under the definition of "documents," this would include communications and other materials used in the identification of the accounts. We would like to confirm that we are at an impasse on this Request.

RFP No. 50 requests "documents and records relating to notification by TSI to any law firms... to cease post-judgment enforcement activity against any Washington State student loan borrower, in compliance with Paragraph No. 50 of the Consent Order." Your supplemental response raises objections and identifies, for the first time, letters that were withheld from production. Your initial response also identified that there are internet communications with counsel being withheld. The Court's February 8, 2022 Minute Order (Dkt. #258) states that the actions TSI took in response to the Consent Order are not protected from disclosure. We would like to discuss (1) whether the documents listed in the supplemental response are the internet communications referenced in the initial response, and (2) what is the basis for withholding each document. We would also like to confirm that we are at an impasse on this Request.

TSI's supplemental responses to Interrogatories

Rog Nos. 21 & 24 relate to all of the defendant trusts. The lists provided in response to these interrogatories only relate to NCSLT 2005-3. Please confirm that the responses provided are complete. Additionally, the list of three cases in response to Rog No. 21 includes Case Number GS-15-CV-459 for the Franklin County lawsuit, *NCSLT 2005-3 v. Negron*. This appears to be a District Court case number. I called the Franklin County District Court and was informed that this is not a valid case number. I have also confirmed that it is not a valid case number in the Franklin County Superior Court. Please review your records and either provide the pleadings in that case or an accurate case number. The list of cases provided in response to Interrogatory No. 21 also includes a King County lawsuit, *NCSLT 2005-3 v. Drumond*. *Drumond* was assigned a

case number, No. 15-2-18048-7. Please come to the Friday meet and confer prepared to discuss how the search for records responsive to Interrogatory No.'s. 21 & 24 were conducted and why we were not provided the case number for the cases included in the list provided in response to No. 21.

Indications of inadequate response to Interrogatory No. 6

TSI's supplemental responses also indicate that its previous responses to Interrogatory No. 6 were incomplete. Interrogatory No. 6 requested the names and contact information of any persons with knowledge of facts related to Plaintiffs' claims against the Defendants in this action. The Motions for Default filed in the cases listed in the supplemental response to Interrogatory No. 24 evidence that not all of the persons that signed affidavits filed in cases brought by the defendant NCSLTs in Washington courts during the relevant time period were disclosed. For example, the affiant in *NCSLT 2005-3 v. Neihart*, SCSC Cs. No. 14-2-07290-1, was Christopher Phelps. Mr. Phelps is a person with knowledge regarding the facts alleged by the Plaintiffs. Please be prepared to discuss whether TSI will provide the names and contact information for all persons who signed affidavits that were filed in Washington in support of a lawsuit brought on behalf of one of the Defendant NCSLTs during the class period. If not, we will move to compel complete responses to Interrogatory No. 6.

*    *    *

Please confirm your availability for the requested meet and confer on Monday, March 28, 2022 at your soonest opportunity. Thank you.

Sincerely,

Sam Leonard
Leonard Law

EX. I



JUSTIN H. HOMES
Direct: (504) 846-7931
jhomes@sessions.legal

March 28, 2022

*Via e-mail only: sam@seattledebtdefense.com*

Sam Leonard, Esq.
Leonard Law, PLLC
3614 California Ave SW
#151
Seattle, WA 98116

Re:   ***Esther Hoffman, et al. v. Transworld Systems Inc., et al.;***
***USDC* WDWA No. 18-cv-01132**

Dear Sam:

We are in receipt of your March 24, 2022 letter outlining Plaintiffs' present discovery disputes and requesting confirmation that we are at an impasse on the items you have specified. Although we remain available to discuss, we agree we are at an impasse as to each item you have raised and that further conference in this regard is unnecessary. Please note the following:

Request for Production Nos. 38 & 39: We do not believe TSI has waived the right to limit any production to only relevant documents in response to these Requests. If you disagree, then this confirms we are at an impasse. Moreover, as you are aware, on Friday March 25, 2022, TSI transmitted the documentation it indicated it would produce in its First Amended and Supplemental Responses to Plaintiffs' Second Request for Production of Documents.

Request for Production No. 40 and 45: We believe Plaintiffs' Requests for Production Nos. 40 and 45 are objectionable for all of the reasons stated in TSI's responses to those Requests, as supplemented. If you disagree, then this confirms we are at an impasse.

Request for Production No. 50: We are confirming the documents listed in supplemental response to Plaintiffs' Request for Production No. 50 are the communications referenced in TSI's original response to that request. The bases on which such documents

have been withheld are stated in TSI's response to that request, as supplemented. If you disagree with the merit of those objections, then this confirms we are at an impasse.

Interrogatory Nos. 21 and 24: TSI has provided all docket-filing information it possesses regarding the matters listed in its supplemental responses to these Interrogatories. Patenaude & Felix was the attorney of record for each of the listed matters. Also, the manner in which TSI formulated its response to these Interrogatories is subject to the attorney-client privilege and attorney work-product doctrine. If you disagree, then this confirms we are at an impasse.

Interrogatory No. 6: We disagree any amendment or supplementation of this Interrogatory is warranted. By your logic, every TSI employee—past and present—would be responsive to this Interrogatory. TSI disagrees with your interpretation and does not intend to supplement its answer to this Interrogatory in the manner you have requested. If you disagree, then this confirms we are at an impasse.

In light of the foregoing, and unless we hear from you otherwise, we do not plan on attending the conference previously scheduled for this afternoon.

Very truly yours,

Justin H. Homes

JHH:SAA
cc: counsel of record (via email)