Hon. Thomas S. Zilly

1

2

3

4

5

6

7        UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
8                    AT SEATTLE

9
   ESTHER HOFFMAN, SARAH            )    Case No.: 2:18-cv-01132 TSZ
10 DOUGLASS, ANTHONY KIM, IL KIM and )
   DARIA KIM, on behalf of themselves and on )   TRANSWORLD SYSTEMS INC.'S
11 behalf of others similarly situated,       )   OPPOSITION TO PLAINTIFFS'
                                    )    MOTION TO COMPEL DISCOVERY
12                Plaintiffs,        )
                                    )
13 v.                               )    Note on Motion Calendar:
                                    )    April 22, 2022
14                                  )
   TRANSWORLD SYSTEMS             )      ORAL ARGUMENT REQUESTED
15 INCORPORATED, et al.,            )
                                    )
16               Defendants.        )

17          **DEFENDANT TRANSWORLD SYSTEMS INC.'S**
18 **OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

19

20

21

22

23

24

25

26

TRANSWORLD SYSTEMS INC.'S
OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL DISCOVERY – 1

Transworld Systems Inc. ("TSI") opposes Plaintiffs' Motion to Compel Discovery (Doc. 276) ("Motion to Compel").

## I.   INTRODUCTION

Plaintiffs' Motion to Compel—their third discovery motion in as many months—is without merit.   TSI timely asserted proper objections to overbroad and largely irrelevant discovery requests, objected to Plaintiffs' improper "cloned discovery" where appropriate, and invoked applicable attorney client privileges and other privileges that protect confidential information belonging to the Consumer Financial Protection Bureau ("CFPB") from disclosure in discovery. For all those reasons more fully explained below, Plaintiffs' Motion to Compel should be denied.

## II.   RELEVANT PROCEDURAL HISTORY

On July 28, 2021, Plaintiffs served their Second Interrogatories and their Second Requests for Production of Documents on TSI (Plaintiffs' "Second Set of Discovery").   TSI timely responded on September 10, 2021.   Six months later and barely a month before the close of discovery, on March 8, 2022, Plaintiffs for the first time requested a discovery conference regarding TSI's responses.   Plaintiffs complained that TSI's answers to 4 Interrogatories and 10 Requests for Production were non-responsive, or the asserted objections to the discovery were inappropriate, or documents were improperly withheld for privilege.

Following the parties' LCR 37(A)(1) conference, TSI served its First Amended and Supplemental Responses to Plaintiffs' Second Set of Discovery in a good faith attempt to address Plaintiffs' belated discovery dispute.   TSI's amended and supplemental responses resolved some, but not all, of Plaintiffs' concerns.   On April 4, 2022, Plaintiffs filed the instant Motion to Compel regarding TSI's answers to 2 of the Interrogatories and 6 of the Requests for Production.

## III.   STATEMENT OF LCR 37(A)(1) COMPLIANCE

Plaintiffs' current discovery dispute initially centered on TSI's answers to 4 Interrogatories and 10 Requests for Production to Plaintiffs' Second Set of Discovery.   The parties met and conferred in good faith by Zoom conference on March 17, 2022.   That conference led to TSI's

TRANSWORLD SYSTEMS INC.'S
OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL DISCOVERY – 2

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

agreement to amend and supplement its responses, subject to any applicable objections or privileges assertions.  TSI supplemented its responses accordingly.

Plaintiffs now boldly aver that TSI's counsel—after engaging in the March 17 Zoom conference, agreeing to amend or supplement its written discovery responses, and then amending and supplementing its responses as agreed—nevertheless "*refused* to meet and confer."  *See* Motion to Compel at p. 9 (emphasis added).  Utter nonsense.  Plaintiffs misrepresent the facts.

On March 28, 2022, following TSI's amended and supplemental responses, undersigned counsel responded, in detail and by separate paragraphs, to any remaining issue regarding Plaintiffs' Second Set of Discovery and reiterated the willingness to confer further if necessary:

> We are in receipt of your March 24, 2022 letter outlining Plaintiffs' present discovery disputes and requesting confirmation that we are at an impasse on the items you have specified.  *Although we remain available to discuss, we agree we are at an impasse as to each item you have raised and that further conference in this regard is unnecessary.*  Please note the following: [a brief analysis of TSI's position on each amended and supplemental Request for Production and Interrogatory at issue followed] . . . .
>
> In light of the foregoing, and *unless we hear from you otherwise*, we do not plan on attending the conference previously scheduled for this afternoon.

*See* Exhibit I to the Motion (Doc. 277, pp. 83-84) (emphasis added).

Plaintiffs' counsel agreed to disagree.  His email in reply stated: "[w]e cannot force you to meet and confer.  It appears we are at an impasse.  I will cancel the meeting."

Plaintiffs' counsel's assertion that TSI's counsel "refused" to engage in a discovery conference is another attempt by opposing counsel to distort the truth and disparage undersigned counsel and bias the Court against TSI and its counsel.  The parties met and conferred on March 17.  As discussed, and agreed at the conference, TSI amended and supplemented its responses to Plaintiffs' Second Set of Discovery.  If, upon receipt of those responses, Plaintiffs' counsel truly believed further conference was necessary to satisfy the parties' LCR 37(A)(1) obligations, counsel should have heeded the undersigned's stated willingness to continue discussions.  Having failed to do so, it is Plaintiffs (not TSI) who have neglected their LCR 37(A)(1) obligations, and

TRANSWORLD SYSTEMS INC.'S
OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL DISCOVERY – 3

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

Plaintiffs' Motion to Compel should be denied for that reason alone. *See, e.g., Pennick v. Dehven*, 2019 WL 2208727, *1 (W.D. Wash. May 22, 2019) (denying plaintiff's motion to compel, in part, because the plaintiff failed to meet and confer).

TSI is anxious to get to the merits of this case, something Plaintiffs appear to be avoiding as much as possible.

### IV.  STANDARD OF REVIEW

As movant, Plaintiffs bear the burden of informing the Court why the discovery responses at issue are insufficient. *Nahum v. The Boeing Co.*, 2020 WL 4261337, at *3 (W.D. Wash. July 24, 2020), reconsideration denied, 2020 WL 4449714 (W.D. Wash. Aug. 3, 2020).  A district court's "decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

### V.  LAW AND ARGUMENT

- **Requests for Production Nos. 38 and 39**

Paraphrasing Plaintiffs' Requests for Production Nos. 38 and 39, those Requests seek evidence that TSI complied with the terms of a September 18, 2017 consent order TSI entered with the CFPB[1] (hereinafter, the "CFPB Consent Order") by delivering a copy of the CFPB Consent Order to certain persons or entities "who have responsibilities related to the subject matter of the [CFPB Consent Order]."

Per its amended and supplemental responses, TSI objected to the Requests as overbroad for seeking documents not related to the Second Amended Complaint (Doc. 61) ("SAC") and disproportional to the needs of the case, particularly to the extent they seek documents relating to delivery of the CFPB Consent Order to TSI's board members and other persons who similarly had no direct involvement with any action or decision-making in servicing Plaintiffs' loans.[2]  Subject

---

[1] *See In Re Transworld Systems Inc.*, 2017 CFPBCO 0018 (9/18/2017).
[2] In its original responses to those Requests, TSI also asserted statutory, attorney-client, and other privileges; those privilege assertions were removed from TSI's amended and supplemental responses to Request No. 38 and were meant

TRANSWORLD SYSTEMS INC.'S
OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL DISCOVERY – 4

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

to those objections, TSI produced two things: (1) an acknowledgement of receipt of the CFPB Consent Order which was signed and dated by or on behalf of Patenaude & Felix, A.P.C. ("P&F") (the collection counsel who represented the Defendant Trusts[3] in collection litigation against Plaintiffs), and; (2) a report, generated from TSI's electronic records, documenting 71 current and former TSI employees and/or managers' acknowledged receipt of the CFPB Consent Order, and the dates of their acknowledgements.[4]

In their Motion to Compel, Plaintiffs contend first that TSI's relevancy objections were waived because they were not asserted in TSI's original answers. This argument is specious. TSI's original [and supplemental] response objected to both Requests "as *overbroad* as seeking documents *not related* to the allegations in the SAC[.]" (emphasis added). These are plainly relevancy objections. *See United States v. Westinghouse Elec. Corp.*, 788 F.2d 164, 169-71 (3d Cir. 1986) (evaluating a subpoena challenged as overly broad under a "relevancy standard").

Plaintiffs also contend TSI's relevancy objections lack merit. Plaintiffs argue that because the CFPB Consent Order required TSI to obtain delivery acknowledgments, then every one of those acknowledgements (and every document relating to those acknowledgments) is relevant to their claims that litigation was pursued against them on missing loan documentation (*i.e.*, schedules).

Plaintiffs are overreaching. No provision of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq.* or the Consumer Protection Act ("CPA"), RCW 19.86, *et*

---

to be removed from Request No. 39. In any case, TSI does *not* assert privilege as to any relevant documents responsive to either Request.

[3] The "Defendant Trusts" are each of the 6 statutory trusts that respectively own the 9 student loans owed by the Plaintiffs, as follows: National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-3, and National Collegiate Student Loan Trust 2007-4.

[4] The report did *not* list each of the hundreds of TSI current and former employees who acknowledged receipt of the CFPB Consent Order. Instead, the report was explicitly limited to "relevant TSI managers and employees," primarily within the TSI business unit pertaining to subservicing of the Defendant Trusts loans (even though the vast majority of them had no direct involvement in the servicing or collection of Plaintiffs' or Washington residents' loans). And TSI previously produced in discovery several months ago and in response to Plaintiffs' First Requests for Production of Documents identical acknowledgment records for each TSI employee that executed or notarized any affidavit that was used in connection with the underlying collection actions against Plaintiffs.

TRANSWORLD SYSTEMS INC.'S
OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL DISCOVERY – 5

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

*seq.* forming the basis of Plaintiffs' claims requires any person to acknowledge receipt of the CFPB Consent Order as a prerequisite to any loan servicing or collection activity in Washington, or otherwise renders any loan servicing or collection activity in the absence of such acknowledgment an illegal or deceptive act.   Nor does the existence (or non-existence) of any such acknowledgement tend to prove (or disprove) that litigation was pursued against the Plaintiffs on missing loan schedules, which is the heart of Plaintiffs' claims.

Moreover, and perhaps most importantly, any obligation to obtain signed CFPB Consent Order acknowledgements arises strictly from an arguable contractual obligation TSI owed to the CFPB under the terms of what is essentially a settlement agreement. But Plaintiffs are indisputably *not* parties to the CFPB Consent Order. *Nor* are they the enforcers of the CFPB Consent Order— *only* the CFPB has that right. *See, e.g., Kalisz v. Am. Express Centurion Bank*, 2016 WL 1367169, *2 (E.D. Va. Apr. 5, 2016) (finding that that a consumer could not assert a violation of a CFPB consent order pursuant to "a well-settled line of authority from [the Supreme] Court establish[ing] that a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited by it") (citing *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750 (1975)). *See also Mayall v. Randall Firm, PLLC*, 2017 WL 3432033, *2 (D. Utah, Aug. 9, 2017) (only CFPB has authority to enforce the Consumer Financial Protection Act, which is the statute authorizing the CFPB to enter consent orders); *Beider v. Retrieval Masters Creditors Bureau, Inc.*, 146 F.Supp.3d 465, 472 (E.D. N.Y. 2015) (same).  In light of this clear line of authority, signed CFPB Consent Order acknowledgements are simply not relevant to Plaintiffs' claims.  Regardless, TSI's supplemental response and document production was reasonably tailored to the CFPB Consent Order acknowledgements signed by persons and individuals who may have had, at best, some tenuous connection to the affidavits at issue in this case.  Plaintiffs' demand for more is over-broad and unwarranted.  Plaintiffs are simply fishing.

TRANSWORLD SYSTEMS INC.'S
OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL DISCOVERY – 6

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

- **Request for Production No. 40**

Plaintiffs' Request for Production No. 40 demands TSI "[p]roduce all documents and records produced by TSI to the CFPB in response to the CFPB investigation of the NCSLTs and/or TSI that culminated in the [CFPB Consent Order], that relate to student loan borrowers in Washington State." Request No. 40 is Plaintiffs' attempt to re-word previous document Request No. 13, which this Court determined was improper.[5] *See* 7/20/21 Minute Order (Doc. 191).

In responding to Request No. 40 originally, TSI incorporated arguments from its Motion for Protective Order (Docs. 156 and 165) and reminded Plaintiffs of the Court's order directing they "make proper discovery requests, identifying the specific categories of relevant documents sought," and that they "cannot simply request copies of discovery files made in the course of another investigation." *See* 7/20/21 Minute Order (cleaned up) (Doc. 191). TSI's supplemental response added that the documents contain confidential information that is the property of the CFPB and are, therefore, subject to privilege, including, but not limited to, 12 CFR § 1070.2, *et seq*.

In their Motion to Compel, Plaintiffs argue TSI's objections lack merit because, unlike Request No. 13, which this Court previously ruled was improper, Request No. 40 is limited to "Washington State student loan borrowers"—as if that qualification, standing alone, solves the inherent problems with the overbroad and unfettered scope of Plaintiffs' demand for "all documents and records produced by TSI to the CFPB." It does not. As this Court previously noted, such a request contains "no method of determining *which* of those documents are relevant or proportional to the needs of this case." *See* 7/20/21 Minute Order (Doc. 191) (emphasis in original). Simply inserting a qualifier that the documents to be produced "relate to student loan borrowers in Washington State," does not cure this fundamental defect. While it arguably reduces the *quantity* of potentially responsive documents, it does nothing to focus the discovery to the relevant subject matter of Plaintiffs' claims.

---

[5] Plaintiffs' Request for Production No. 13 sought "all documents [that TSI] provided [to] the [CFPB] related to the findings included in the [CFPB Consent Order]."

TRANSWORLD SYSTEMS INC.'S
OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL DISCOVERY – 7

Moreover, Plaintiffs' indiscriminate request for a copy of an entire production to a government agency—rather than requesting specific documents or categories of documents relevant to their FDCPA or CPA claims in this case—is patently overbroad. "[P]laintiffs' counsel must do their own work and request the information they seek directly." *Midwest Gas Services*, 2000 WL 760700 at *1. Repeating what this Court previously mandated, Plaintiffs "cannot simply request copies of discovery files made in the course of another investigation." 7/20/21 Minute Order (Doc. 191). Indeed, "discovery requests that seek duplicates of discovery produced in other litigation [are] improper as failing to make the requisite showing of relevance." *King Cty. v. Merrill Lynch & Co*., 2011 WL 3438491, *2 (W.D. Wash. Aug. 5, 2011). Such "'[c]loned discovery,' requesting all documents produced or received during other litigation or investigations, is irrelevant and immaterial unless the fact that particular documents were produced or received by a party is relevant to the subject matter of the subject case." *Id*. at *3 (cleaned up) (quoting *Midwest Gas Servs., Inc. v. Indiana Gas Co.*, 2000 WL 760700, *1 (S.D. Ind. Mar.7, 2000)). "This is because, without more, the Court cannot ascertain whether the documents requested actually relate to Plaintiffs' claims[.]" *Id*. (emphasis added) (citing *Wollam v. Wright Med. Grp., Inc.*, 2011 WL 1899774, *2 (D. Colo. May 18, 2011)).

Plaintiffs' Motion to Compel also challenges TSI's privilege assertion that Request No. 40 seeks confidential information that is the property of the CFPB. Plaintiffs argue first that the application of this privilege was rejected in another case pending in New York, and second that TSI made the same argument previously in its Motion for Protective Order (Docs. 156 and 165), and that, in ruling on that motion, this Court "did not adopt it," thus implying this Court affirmatively rejected it. These are not serious arguments.

Regulations promulgated pursuant to the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. § 5481, *et seq*., enshroud documents produced to the CFPB pursuant to a Civil Investigative Demand ("CID") in privilege:

TRANSWORLD SYSTEMS INC.'S
OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL DISCOVERY – 8

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

(f) **Confidential information** means . . . confidential investigative information, and confidential supervisory information . . . .[6]

(h) **Confidential investigative information** means:

> (1)  Any documentary material, written report, or written answers to questions, tangible thing, or transcript of oral testimony *received by the CFPB in any form or format pursuant to a civil investigative demand*, as those terms are set forth in 12 U.S.C. 5562, *or received by the CFPB voluntarily in lieu of a civil investigative demand*; and

> (2)  Any other documents, materials, or records . . . received by, or *for the use by the CFPB* . . . in the conduct of enforcement activities, and *any information derived from such materials*.

As such, all documents produced by TSI to the CFPB "in response to the CFPB investigation" are considered "confidential information" pursuant to the CFPA.  Moreover, TSI's assertions of privilege were *mandatory*.  Specifically, Section 1070.47(a) ("Further disclosure prohibited") prohibits TSI from disclosing confidential information:

> (1)  *All confidential information made available under this subpart shall remain the property of the CFPB*, unless the General Counsel provides otherwise in writing.

> (2)  Except as set forth in this subpart, *no supervised financial institution . . . or any other person to whom the confidential information is made available under this subpart, may further disclose such confidential information without the prior written permission of the Director.*  12 C.F.R. § 1070.47(a) (emphasis added).

That a New York federal magistrate may have ordered production of CID materials in other pending litigation is not binding on this Court.  And, respectfully, TSI believes that court's ruling was clearly erroneous.

---

[6] The reference to "confidential information" is broader than simply documents protected by an asserted privilege under the Federal Rules of Civil Procedure or Federal Rules of Evidence.  This makes sense given that the CID process provides broad investigative rights and affords parties subject to a CID substantially less protections than afforded pursuant to the Federal Rules of Civil Procedure.  *See* 12 U.S.C. § 5562(c)(13)(D).  As the Bureau of Consumer Protection of the Federal Trade Commission (an "agenc[y] with similar authorit[y]" to the CFPB) explained in response to the CFPB's January 2018 Request for Information regarding CFPB CIDs and associated processes, "unlike federal court discovery that is limited to obtaining information that is relevant to the claims and defenses asserted in the complaint and answer, the FTC is granted broad authority to obtain information to determine whether a violation has occurred and whether an action would be in the public interest … [and] the scope of an FTC investigation is not limited in the same way as federal court discovery."  *Before the Bureau of Consumer Financial Protection*, Docket No. CFPB-2018-0001, 2018 WL 1595605, *11 (Mar. 26, 2018) (citing *FTC v. Texaco, Inc.*, 555 F.2d 862, 871–72 (D.C. Cir. 1977) (en banc).

TRANSWORLD SYSTEMS INC.'S
OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL DISCOVERY – 9

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

Moreover, merely because this Court "did not adopt" TSI's CFPB/privilege arguments when it considered *and granted* TSI's earlier Motion for Protective Order regarding Request No. 13 is of no moment. Having determined that Plaintiffs' earlier document request was improper, the Court did not need to reach (and consequently did not reach) the merits of TSI's privilege assertion at that time. Plaintiffs' inference that the Court rejected the existence or application of the CFPB's privilege under these circumstances crosses a bridge too far.

- **Requests for Production Nos. 45 and 46**

Plaintiffs' Requests for Production Nos. 45 and 46 both seek the content of communications or information TSI *provided to the CFPB* following entry of the CFPB Consent Order. Paraphrasing, Plaintiffs seek all documents and records relating to TSI's identification *to the CFPB* of Collections Lawsuits that were filed in Washington State between November 1, 2014 and September 15, 2017, that are missing chain-of-title documentation or a signed credit agreement.

Considering the unfettered scope of Plaintiffs' request for "all documents and records," TSI's original response asserted the obvious relevancy objections (namely, that the Requests were overbroad, vague, and ambiguous); and, further, because Plaintiffs sought documents *provided to the CFPB*, TSI asserted the CFPB's privilege discussed above. Subject to those objections and privileges assertions, TSI's original response advised that TSI was withholding from production information within electronic records that identify certain collections lawsuits; and its supplemental response further advised TSI is withholding from production a listing of accounts that was provided to the CFPB.

In their Motion to Compel, Plaintiffs again argue the Requests are proper because they are "limited to documents related to 'Washington State student loan borrowers.'" As discussed above, that qualifier does not cure the defect in Plaintiffs' Requests. Again, the Requests provide "no method of determining *which* of those documents are relevant or proportional to the needs of this case." *See* 7/20/21 Minute Order (Doc. 191) (emphasis in original). Plaintiffs also argue, again,

TRANSWORLD SYSTEMS INC.'S
OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL DISCOVERY – 10

that the CFPB's privilege has been rejected elsewhere and should be rejected here too, and that the Court "did not adopt" those privilege arguments when granting TSI's Motion for Protective Order (Doc. 191). For all of the same reasons explained above with regard to Request for Production 40, Plaintiffs' arguments are likewise unavailing with regard to Requests for Production Nos. 45 and 46.

Moreover, insofar as the CFPB Consent Order required TSI to identify certain lawsuits to the CFPB and to provide information about those lawsuits to the CFPB, the Requests also invade a secondary aspect of the CFPB's privilege pertaining to confidential supervisory information.

As noted above, "confidential information" includes, not only confidential <u>investigative</u> information, but also confidential <u>supervisory</u> information. Confidential supervisory information means:

> (1) Reports of examination, inspection and visitation, non-public operating, condition, and *compliance reports*, supervisory letter, or similar document, and *any information contained in, derived from, or related to* such documents;
>
> (2) Any documents, materials, or records, including reports of examination, prepared by, or on behalf of, *or for the use of the CFPB . . . in the exercise of supervisory authority* over a financial institution, and any information derived from such documents, materials, or records;
>
> (3) *Any communications between the CFPB and a supervised financial institution . . . related to the CFPB's supervision of the institution[.]*" 12 C.F.R. § 1070.2(i) (emphasis added).

This privilege includes all information derived from or related to those materials, as well as communications between the CFPB and a supervised financial institution related to the CFPB's supervisory activities. *See* CFPB Bull. No. 2015-01, Treatment of Confidential Supervisory Information (January 27, 2015), available at https://files.consumerfinance.gov/f/201501_cfpb_compliance-bulletin_treatment-of-confidential-supervisory-information.pdf (last visited March 23, 2022).

Plaintiffs' Requests for Production Nos. 45 and 46 both seek the content of documents TSI provided to the CFPB following entry of the CFPB Consent Order and pursuant to the CFPB's

TRANSWORLD SYSTEMS INC.'S
OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL DISCOVERY – 11

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

Consent Order's requirements.   For the reasons explained above, the documents consist of confidential supervisory information and are, therefore, privileged.

Further, and perhaps most importantly, TSI has already produced to Plaintiffs the non-privileged information they seek.   As explained below, Interrogatory Nos. 21 and 24 generally requested identification of lawsuits filed in Washington with missing chain-of-title documentation or a signed credit agreement.   TSI answered the interrogatories because the interrogatories were not tied to what TSI communicated to the CFPB, which is in sharp contrast to Requests for Production Nos. 45 and 46 that are objectionable.   Simply put, Plaintiffs got the information they seek by asking the question properly.

- **Request for Production No. 50**

Request No. 50 loosely tracks an improper line of questioning Plaintiffs pursued at a recent re-deposition of TSI's Corporate Representative (as detailed in TSI's Opposition to Plaintiffs' Motion for Sanctions (Doc. 274) at pp. 17-18), and demands TSI "[p]roduce all documents and records relating to any notifications by TSI to any law firms, including without limitation P&F, to cease post-judgment enforcement activity against any Washington State student loan borrower, in compliance with Paragraph No. 50 of the Consent Order."

TSI objected to the Request (and, likewise, to Plaintiffs' deposition questions) primarily on the basis that the requested documents were subject to an attorney client privilege.   TSI's original response to the Request advised TSI "is withholding from production internet communications with counsel."   TSI's supplemental response specifically itemized the 4 responsive communications that are withheld.

Confidential communications made by a client to an attorney to obtain legal services are protected from disclosure.   *Fisher v. United States*, 425 U.S. 391, 403, 96 S.Ct. 1569, 1577 (1976); *Clarke v. American Commerce Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992); *United States v. Hirsch*, 803 F.2d 493, 496 (9th Cir. 1986).   The "essence of the attorney/client relationship is whether the attorney's *advice or assistance* is sought and received on legal matters."   *Bohn v.*

TRANSWORLD SYSTEMS INC.'S
OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL DISCOVERY – 12

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

*Cody*, 119 Wash.2d 357, 363, 832 P.2d 71 (1992) (emphasis added).  The purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients," recognizing "that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client."  *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).  Consequently, correspondence that reveals the client's motive to seek representation, litigation strategy, or the *specific* nature of services provided fall within the privilege.  *See Clarke*, 974 F.2d at 129 (emphasis in original); *see also In re Grand Jury Witness*, 695 F.2d 359, 361–362 (9th Cir. 1982).  The privilege exists when: (1) legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.  *OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*, 2015 WL 11117170, *2 (E.D. Wash. Aug. 5, 2015), citing *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011).

In their Motion to Compel, Plaintiffs contend the 4 communications at issue "do not appear to have anything to do with requests for legal advice."  But, by the very terms of the Request for "notifications by TSI . . . to cease post-judgment enforcement activity," Plaintiffs sought communications by TSI to P&F specifically regarding the strategy for further handling of active litigation P&F was then handling on behalf of the Defendant Trusts.  There is no reasonable dispute the content of those communications concern litigation strategy and the specific legal services to be provided or withdrawn.  *See Clarke*, 974 F.2d at 129; *see also Bell v. Ken Lee*, 2017 WL 1956828, *3 (N.D. Cal. May 11, 2017) (finding that invoices and agreements such as correspondence, bills, ledgers, statements, and time records which similarly reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided fall within the attorney-client privilege).

There is likewise no doubt the attorney-client privilege applies to TSI under these circumstances.  As this Court previously held in this case,

TRANSWORLD SYSTEMS INC.'S
OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL DISCOVERY – 13

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

[T]he "attorney-client privilege extends to third parties indispensable to an attorney's provision of legal services to the client . . . ." *Greenlake Condo. Assoc. v. Allstate Ins. Co.*, No. 14-CV-01860, 2015 WL 11921419, at *2 (W.D. Wash. Oct. 30, 2015) (quoting *State v. Aquino-Cervantes*, 88 Wn. App. 699, 771, 945 P.2d 767 (1997)). The Court concludes that P&F could not represent the Trusts Defendants without communicating with TSI. 2/8/22 Minute Order, (Doc. 258).

Plaintiffs' Motion to Compel attempts to invade privileged written communications between TSI and P&F regarding P&F's provision of legal services for the Defendant Trusts; therefore, the motion should be denied.

- **Interrogatory Nos. 21 and 24**

As noted above, Interrogatory No. 21 generally requested TSI identify lawsuits filed in Washington state court in which chain-of-title documentation or a signed credit agreement was missing. TSI initially objected to Interrogatory No. 21 on various grounds, but, nevertheless, answered it, as follows:

> TSI has determined that since TSI assumed its role as Special Subservicer for the 6 Defendant Trusts in November 2014, three lawsuits may have been commenced (but subsequently abandoned or dismissed) against Washington consumers in which certain assignment documentation is not within TSI's possession as Special Subservicer for the applicable Defendant Trust(s). However, in no case are the relevant loan schedules missing. Further answering, TSI identified zero lawsuits commenced against Washington consumers in which the signed credit agreement instruments by which the loans were originated were not contained among the respective Defendant Trust's records within TSI's possession as Special Subservicer at the time the lawsuits were commenced.

Following the parties' March 17, 2022 discovery conference, TSI provided a listing containing known suit information on each of the 3 lawsuits TSI identified.

Paraphrasing, Interrogatory No. 24, requested TSI identify lawsuits filed in Washington state court for which the Defendant Trusts' lawyers sought to remove, withdraw, or terminate post-judgment enforcement activities in compliance with the CFPB Consent Order. TSI initially objected to the Interrogatory based upon several grounds, but following the parties' March 17, 2022 discovery conference, TSI provided a listing containing known suit information on the 10 lawsuits TSI identified as having been removed, withdrawn, or terminated.

TRANSWORLD SYSTEMS INC.'S
OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL DISCOVERY – 14

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

1    In their Motion to Compel, Plaintiffs argue, "the list of cases TSI provided . . . contain
2    erroneous information, such as 'case numbers' that are not valid case numbers."  But, in
3    undersigned counsel's March 28, 2022 response to Plaintiffs' request for additional information
4    regarding the listed matters, TSI advised the company had provided all case docket information in
5    its possession and referred Plaintiffs' counsel to co-Defendant P&F, who was the attorney of
6    record for each listed case.  It appears Plaintiffs made no attempt to gather any further information
7    regarding the listed matters from P&F and simply filed their Motion to Compel instead.

8    • **Interrogatory No. 6 (from Plaintiffs' First Interrogatories to TSI)**

9        Plaintiffs' argument regarding Interrogatory No. 6 is nonsensical.

10       Interrogatory No. 6 requests TSI "[l]ist the name, address, and telephone number of each
11   person having any knowledge of facts regarding and/or related to Plaintiffs' claims asserted against
12   Defendants in this action."  This is a simple request for TSI to identify the individuals *TSI believes*
13   have relevant information; so in response, TSI identified 3 individuals who, to the best of *TSI's*
14   *belief*, "have knowledge" of the facts and allegations in Plaintiffs' lawsuit, and 13 individuals—
15   primarily consisting of TSI employees who signed or notarized an affidavit in connection with the
16   Defendant Trusts' collection litigation against Plaintiffs—who TSI reasonably believes "might
17   have knowledge" of Plaintiffs' claims.  No "hiding of the ball;" just a party-defendant identifying
18   who *it believes* has or may have relevant information.

19       But that's not enough for Plaintiffs because their lawyers think others may have some
20   information *Plaintiffs or their lawyers believe* is relevant.  In a bizarre argument, Plaintiffs
21   apparently contend TSI must be compelled to identify as persons with knowledge of Plaintiffs'
22   claims every TSI employee who signed an affidavit that was filed in Washington state court during
23   the class period.  Nonsense.  If Plaintiffs believe that those affiants—whom TSI identified in its
24   answer to another interrogatory—or other any individuals have what Plaintiffs or their lawyers
25   believe to be relevant information, Plaintiffs were free to depose such individuals.  Plaintiffs'
26   Motion to Compel on this basis should be denied.

27

TRANSWORLD SYSTEMS INC.'S
OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL DISCOVERY – 15

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

- **Plaintiffs Are *Not* Entitled to Attorneys' Fees**

Plaintiffs' Motion to Compel is meritless and should be denied, negating any award of attorneys' fees. But even if the Court determines TSI's discovery responses should be supplemented, the foregoing demonstrates TSI's objections, responses, and privilege assertions were reasonable and asserted in good faith, again making any attorney fee awarded unwarranted. Finally, Plaintiffs' claim for attorneys' fees on the false assertion TSI "simply refused to confer" should be rejected. As explained above, if Plaintiffs' counsel truly believed further discussion beyond the parties' March 17 discovery conference was necessary or might be fruitful, counsel could have heeded the undersigned's stated willingness to continue those discussions.

## VI.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Compel should be DENIED.

Dated: April 18, 2022          By:     */s/ Justin H. Homes*
                                       Bryan C. Shartle, *Pro Hac Vice*
                                       Justin H. Homes, *Pro Hac Vice*
                                       Bradley J. St. Angelo, *Pro Hac Vice*
                                       SESSIONS, ISRAEL & SHARTLE, LLC
                                       3850 North Causeway Blvd, Suite 200
                                       Metairie, LA 70002-7227
                                       Telephone: (504) 828-3700
                                       Facsimile: (504) 828-3737
                                       bshartle@sessions.legal
                                       jhomes@sessions.legal
                                       bstangelo@sessions.legal

                                       Ryan W. Vollans, WSBA #45302
                                       601 Union Street, Suite 4100
                                       Seattle, WA 98101-2380
                                       Phone: 206.628.6600
                                       Fax: 206.628.6611
                                       Email: rvollans@williamskastner.com

                                       *Attorneys for Defendant Transworld Systems Inc.*

TRANSWORLD SYSTEMS INC.'S
OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL DISCOVERY – 16

Sessions, Israel & Shartle, LLC
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Phone: (504) 846-7931
Fax: (504) 828-3737

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify under the penalty of perjury under the laws of the United States that on the date below I electronically filed with the Clerk of Court the foregoing Transworld Systems Inc.'s Opposition to Plaintiffs' Motion To Compel Discovery using the Court's Case Management/Electronic Case Filing System, which will send notification of such filing to all counsel of record.

Dated: April 18, 2022                    By:    */s/ Justin H. Homes*
                                                 Justin H. Homes

TRANSWORLD SYSTEMS INC.'S
OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL DISCOVERY – 17