The Hon. Thomas S. Zilly

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ESTHER HOFFMAN; SARAH DOUGLASS; ANTHONY KIM; and IL KIM and DARIA KIM, husband and wife and the marital community comprised thereof, on behalf of themselves and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRANSWORLD SYSTEMS INCORPORATED; PATENAUDE AND FELIX, A.P.C.; MATTHEW CHEUNG, and the marital community comprised of MATTHEW CHEUNG and JANE DOE CHEUNG; National Collegiate Student Loan Trust 2004-2; National Collegiate Student Loan Trust 2005-2; National Collegiate Student Loan Trust 2005-3; National Collegiate Student Loan Trust 2006-1; National Collegiate Student Loan Trust 2006-3; National Collegiate Student Loan Trust 2007-4,<br><br>Defendants. | Case No. C18-1132 TSZ<br><br>DECLARATION OF SAM LEONARD IN SUPPORT OF PLAINTIFFS' MOTION TO CONTINUE OR STAY HEARING ON PATENAUDE AND FELIX, A.P.C.'S AND MATTHEW CHEUNG'S MOTION FOR SUMMARY JUDGMENT<br><br>NOTED FOR CONSIDERATION: May 13, 2022 |

I, Sam Leonard, declare as follows:

1. I am co-counsel for the Plaintiffs in this case. I am competent to testify and have personal knowledge of the matters described herein.

DECLARATION OF SAM LEONARD - 1
(Case No. C18-1132 TSZ)

Leonard Law, PLLC
6040 California Ave., Ste. C
Seattle, Washington 98136
Phone: 206-486-1176
Fax: 206-458-6028

2. Patenaude and Felix, A.P.C. ("P&F") is the collection agent for Transworld Systems, Inc. ("TSI") for student loans alleged to be in default and alleged to be owned by the National Collegiate Student Loan Trusts that are defendants in this case ("NCSLTs").

3. In discovery, P&F disclosed that 896 accounts for 1,392 Washington individuals were placed with P&F by TSI for collection for the NCSLTs. (Answer to Interrogatory No. 4); that Washington consumers had paid it approximately $3.3 million during the time that P&F has been working for the NCSLTs (Answer to Interrogatory No. 5); and that it obtained 341 judgments in Washington on those accounts. Attached hereto as **Exhibit A** are true and correct copies of the relevant pages taken from Plaintiffs' First Interrogatories and Requests for Production to Defendant Patenaude & Felix, A.P.C. and Supplemental Responses Thereto evidencing this information.

4. Because expert witness discovery is not yet completed and because of Plaintiffs' pending discovery motions, the parties agreed to stay the dispositive motion deadline. While the parties were negotiating the language of the stipulated motion to stay the dispositive motion deadline, P&F filed its Motion for Summary Judgment. Attached hereto as **Exhibit B** are emails between my co-counsel Guy Beckett and the Defendants evidencing the parties' agreement to stay the dispositive motion deadline and the parties' efforts to find agreeable language for the stipulated motion. These are not all of the numerous emails between the parties negotiating the language of the stipulated motion. The parties' emails regarding the stipulated motion began April 15 and continued until the stipulated motion was filed.

5. Upon the Court's entry of the order on the stipulated motion to stay the dispositive motion deadline, Plaintiffs emailed P&F's counsel requesting P&F to agree to

DECLARATION OF SAM LEONARD - 2
(Case No. C18-1132 TSZ)

Leonard Law, PLLC
6040 California Ave., Ste. C
Seattle, Washington 98136
Phone: 206-486-1176
Fax: 206-458-6028

continue the hearing date on their motion until the parties' outstanding discovery issues are resolved and the remaining discovery completed. P&F's attorney did not agree to stay P&F's motion. Attached hereto as **Exhibit C** is a true and correct copy of that email chain.

6. Plaintiffs bring this motion to ensure that P&F's Motion for Summary Judgment and Plaintiffs' response to it are fully briefed and based on all of the information obtained in discovery, not just the information that has been provided and produced to date.

7. The withheld information and documents outstanding are known to exist, as described in the parties' respective briefing on Plaintiffs' Motion for Sanctions (Dkt. #271) and Plaintiffs' Motion to Compel (Dkt. #276).. As described in those motions, the Plaintiffs have been attempting to obtain the information and documents withheld by the Defendants from production for, in some cases, over a year.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Signed May 5, 2022, at Seattle, Washington.

/s/ Sam Leonard
Sam Leonard, WSBA #46498

DECLARATION OF SAM LEONARD - 3
(Case No. C18-1132 TSZ)

Leonard Law, PLLC
6040 California Ave., Ste. C
Seattle, Washington 98136
Phone: 206-486-1176
Fax: 206-458-6028

# EX. A

Hon. Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ESTHER HOFFMAN; *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>TRANSWORLD SYSTEMS INCORPORATED; *et al.*,<br><br>Defendants. | No. 2:18 cv 1132-TSZ<br><br>PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT PATENAUDE & FELIX, A.P.C.<br><br>AND SUPPLEMENTAL RESPONSES THERETO |

Defendant Patenaude & Felix, APC ("Patenaude") submits the following Supplemental Objections, Answers, and Supplemental Responses to Plaintiffs' First Interrogatories and Requests for Production. Discovery is continuing and Patenaude may supplement discovery responses as to these discovery requests pursuant to Fed.R.Civ.P. 26(e).

INTERROGATORY NO. 1: Identify all individuals who participated in answering these interrogatories and requests. Include the person's position, responsibilities, role, and the basis for their knowledge.

ANSWER: Objection, a party need not identify all persons who participated in preparation of answers to interrogatories, since individuals who assisted with preparation of interrogatory responses is protected work product. *See Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 232 (E.D.N.Y. 2007) ("motion to compel a response to Interrogatory No. 5 is

PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT PATENAUDE & FELIX, A.P.C. WITH SUPPLEMENTAL RESPONSES THERETO - 1
2:18 cv 1132-TSZ
6886208.doc

LEE SMART
701 Pike Street, Suite 1800
Seattle, Washington 98101
206.624.7990   www.leesmart.com

Ms. Clapper is expected to have information regarding actions she took on Plaintiffs' accounts consistent with statements in the account notes.

INTERROGATORY NO. 4: State the total number of consumers from whom you have collected debt on behalf of the NCSLTs during the relevant time period.

ANSWER: Patenaude objects to this Interrogatory where it seeks a legal conclusion as to "consumers," and then defines "consumer" in a manner that conflicts with relevant consumer statutes. Furthermore, the overbroad nature of this this discovery request seeks information that is neither relevant to the subject matter, nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, Patenaude responds as follows.

Patenaude is unable to exactly determine, without undue burden or expense, the exact location of "consumers" number of accounts, and whether any NCSLT accounts were already closed prior to the relevant time period. However, Patenaude believes no more than 896 accounts for 1,392 individuals owing money were ever placed with Patenaude by the relevant NCSLTs, though in some cases action may have occurred, or the accounts may have closed, prior to the relevant time period.

REQUEST FOR PRODUCTION NO. 2: Produce a compilation of data reflecting for each consumers from whom you have collected a debt on behalf of the NCSLTs during the relevant time period, the following information:

a. The consumers name and contact information, including their address, email address, phone number and the account number you or any other defendant has assigned the account;

b. The total debt that was assigned to you for collection;

c. The name of the current creditor;

PLAINTIFFS' FIRST INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT
PATENAUDE & FELIX, A.P.C. WITH
SUPPLEMENTAL RESPONSES THERETO - 14
2:18 cv 1132-TSZ
6886208.doc



LEE SMART
701 Pike Street, Suite 1800
Seattle, Washington 98101
206.624.7990  www.leesmart.com

d.	The name of the original creditor;

e.	The total amount you currently claim is owed on the debt;

f.	The date the account was assigned to you for collection;

g.	The total amount you have collected; and

h.	The allocation of all payments you have received between the principal balance, interest, court costs, or other charges.

RESPONSE:  This is the first of multiple attempts by Plaintiffs' in discovery requests to obtain the confidential personal information of non-party debtors/consumers. Patenaude objects to this discovery request on the ground that it requests that Patenaude violate the constitutional right to privacy of non-parties to which such individuals are entitled pursuant to WASH. CONST., Art. I, § 7; *Verizon Nw., Inc. v. Showalter*, 282 F. Supp. 2d 1187, 1192 (W.D. Wash. 2003) ("the Washington constitution contains a protected right to privacy that runs against private as well as governmental invasions"); *State v. Samalia*, 186 Wn.2d 262, 268, 375 P.3d 1082, 1085 (2016) ("Under article I, section 7—in its protection of 'private affairs' - search occurs when the government disturbs 'those privacy interests which citizens of this state have held, and should be entitled to hold, safe from government trespass absent a warrant'").

In addition, unlike other cases that may not implicate debtor financial information or medical information, Plaintiffs have bought claims on a theory regarding debt collection, so Patenaude objects to this discovery request to the extent that it requests that Patenaude violate either HIPAA, which protects a consumers medical information, or 15 U.S.C. § 1692c(b), which prevents disclosure of a debtor's information to third persons.  Congress felt that it was necessary to protect such disclosures, and so made such disclosures unlawful.

In addition, such information is not relevant at this stage of the proceedings, prior to any class being certified.  *See Swelnis v. Universal Fidelity*, 2014 WL 1571323 (N.D. Ind. Apr. 17,

PLAINTIFFS' FIRST INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT
PATENAUDE & FELIX, A.P.C. WITH
SUPPLEMENTAL RESPONSES THERETO - 15
2:18 cv 1132-TSZ
6886208.doc


701 Pike Street, Suite 1800
Seattle, Washington 98101
206 624 7990   www.leesmart.com

2014) (holding plaintiff not entitled to names and contact information for potential class members because plaintiff needed information to show numerosity only, for which names and contact information unnecessary) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353–54, 98 S. Ct. 2380, 2391, 57 L. Ed. 2d 253 (1978)).

Without waiving these objections, Patenaude responds as follows. The case notes and files as to each Plaintiff were produced as bates numbers P&F 1-3113. See also documents produced by TSI at TSI 00001 – 23615.

**SUPPLEMENTAL ANSWER**:

In addition to documents and/or information previously provided, Patenaude provides a list of cases by jurisdiction and cause number, bates numbered P&F 3268 – P&F 3287, which Plaintiffs can use to verify the information previously provided.

**INTERROGATORY NO. 5:** State the total dollar amount of debt you have collected from consumers on behalf of the NCSLTS during the relevant time period.

**ANSWER:** Patenaude objects to this Interrogatory where it seeks a legal conclusion as to "consumers," and then defines "consumer" in a manner that conflicts with relevant consumer statutes. Furthermore, the overbroad nature of this this discovery request seeks information that is neither relevant to the subject matter, nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, Patenaude responds as follows.

Individuals that owed money on their student loan obligations to the Trusts paid approximately $3.3 million during the time Patenaude was representing the Trusts.

**INTERROGATORY NO. 6:** State the total number of consumers you have obtained a judgment against in a Washington court relating to a debt during the relevant time period.

PLAINTIFFS' FIRST INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT
PATENAUDE & FELIX, A.P.C. WITH
SUPPLEMENTAL RESPONSES THERETO - 16
2:18 cv 1132-TSZ
6886208.doc



LEE SMART
701 Pike Street, Suite 1800
Seattle, Washington 98101
206 624 7990  www.leesmart.com

ANSWER: Patenaude objects to this discovery request on the ground that the request is vague, currently irrelevant to this case prior to any class being certified, and it would be unduly burdensome to obtain the information demanded. Plaintiffs define "Consumer" to mean "any person in Washington from whom you, or anyone acting on your behalf, collected or attempted to collect any debt during the relevant time period." Such a definition seeks information of individuals who are not actually "consumers" as understood by the law, and includes individuals with matters completely unrelated to the above-captioned matter. Without waiving these objections, Patenaude responds as follows.

Patenaude believes approximately 341 judgments have been obtained among the accounts placed with Patenaude by the relevant NCSLTS during the relevant time period.

REQUEST FOR PRODUCTION NO. 3: Produce documents that evidence the truth of your answer to Interrogatory No. 6.

RESPONSE: This is the second of multiple attempts by Plaintiffs' in discovery requests to obtain the confidential personal information of non-party debtors/consumers. Patenaude objects to this discovery request on the ground that it requests violating the constitutional right to privacy of non-parties to which such individuals are entitled pursuant to WASH. CONST., Art. I, § 7; *Verizon Nw., Inc. v. Showalter*, 282 F. Supp. 2d 1187, 1192 (W.D. Wash. 2003) ("the Washington constitution contains a protected right to privacy that runs against private as well as governmental invasions"); *State v. Samalia*, 186 Wn.2d 262, 268, 375 P.3d 1082, 1085 (2016) ("Under article I, section 7—in its protection of 'private affairs' - search occurs when the government disturbs 'those privacy interests which citizens of this state have held, and should be entitled to hold, safe from government trespass absent a warrant'").

PLAINTIFFS' FIRST INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT
PATENAUDE & FELIX, A.P.C. WITH
SUPPLEMENTAL RESPONSES THERETO - 17
2:18 cv 1132-TSZ
6886208.doc

LEE SMART
701 Pike Street, Suite 1800
Seattle, Washington 98101
206 624 7990   www.leesmart.com

# CERTIFICATE

The undersigned attorneys for plaintiff have read the foregoing Supplemental Responses to Interrogatories and Responses to Requests for Production and certify that they are in compliance with Federal Rules 26 through 37.

DATED this 13th day of October, 2021, in Seattle, WA.

LEE SMART, PS, INC.

By: /s/ Marc Rosenberg
Marc Rosenberg, WSBA No. 31034
Attorneys for Defendant
Patenaude & Felix, APC

1800 One Convention Place
701 Pike Street
Seattle, WA 98101
(206) 624-7990
mr@leesmart.com

PLAINTIFFS' FIRST INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT
PATENAUDE & FELIX, A.P.C. WITH
SUPPLEMENTAL RESPONSES THERETO - 37
2:18 cv 1132-TSZ
6886208.doc


701 Pike Street, Suite 1800
Seattle, Washington 98101
206.624.7990  www.leesmart.com

## VERIFICATION

I, Matthew Cheung, am a representative of defendant Patenaude & Felix, APC in the above action, have read the foregoing Answers to Interrogatories, know the contents thereof, and believe the same to be true and complete.

Signed in  Lynnwood , WA this  12  of October, 2021

_____
Matthew Cheung

PLAINTIFFS' FIRST INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT
PATENAUDE & FELIX, A.P.C. WITH
SUPPLEMENTAL RESPONSES THERETO - 38
2:18 cv 1132-TSZ
Hoffman - ROGs RFP Supp Answers



LEE SMART
701 Pike Street, Suite 1800
Seattle, Washington 98101
206.624.7990 · www.leesmart.com

# EX. B

**From:** Guy Beckett <gbeckett@beckettlaw.com>
**Sent:** Friday, April 22, 2022 4:04 PM
**To:** Braunstein, Andrew <Andrew.Braunstein@lockelord.com>
**Cc:** EXTERNAL - Marc Rosenberg <Mr@leesmart.com>; Christina Henry <chenry@hdm-legal.com>; amanda@nwclc.org; Goodin, Matthew <JMGoodin@lockelord.com>; DeRose, R.J <RDeRose@lockelord.com>; EXTERNAL - B Stangelo <bstangelo@sessions.legal>; EXTERNAL - Tim Filer <Tim.Filer@foster.com>; EXTERNAL - Justin Homes <jhomes@sessions.legal>; Fontenelli, Chris <Christopher.Fontenelli@lockelord.com>; Sam Leonard <sam@seattledebtdefense.com>; EXTERNAL - B Shartle <bshartle@sessions.legal>; Casamento, Greg <GCasamento@lockelord.com>
**Subject:** Re: Stipulations re Experts & Class Discovery

** External Email -- Sender: gbeckett@beckettlaw.com **

Andrew,

We have no problem with including a chart. But as we discuss the Stipulated Motion for the extension of case deadlines, we are reminded that we have been waiting to take the FRCP 30(b)(6) deposition of Boston Portfolio about the audit it conducted of the NCSLTs' loans until the issue of our request for TSI to produce the documents it submitted to the CFPB concerning Washington borrowers has been resolved. And, after much delay by Boston Portfolio, we have finally received word today from Boston Portfolio that all documents available in response to our subpoena to it have been produced. This is another reason why the deposition has not yet been scheduled. Will the Defendants agree to allow us to take the 30(b)(6) deposition of Boston Portfolio's designated representative after the Court rules on the two pending discovery motions? If the Defendants agree, we should include that in the Stipulated Motion. If not, we will do what we believe is necessary for us to take that deposition. Please confer among Defendants' counsel and let us know. Until we hear back, we'll hold off on finalizing the draft Stipulated Motion. Thanks.


Guy W. Beckett
BERRY & BECKETT, PLLP
1708 Bellevue Ave.
Seattle, WA  98122
W: 206.441.5444
C:  206.819.6496
F:  206.838.6346
gbeckett@beckettlaw.com


**From:** "Braunstein, Andrew" <Andrew.Braunstein@lockelord.com>
**Date:** Friday, April 22, 2022 at 10:03 AM
**To:** Guy Beckett <gbeckett@beckettlaw.com>, Christina Henry <chenry@hdm-legal.com>, "Casamento, Greg" <GCasamento@lockelord.com>, EXTERNAL - B Shartle <bshartle@sessions.legal>, Sam Leonard <sam@seattledebtdefense.com>
**Cc:** EXTERNAL - Marc Rosenberg <Mr@leesmart.com>, "amanda@nwclc.org" <amanda@nwclc.org>, "Goodin, Matthew" <JMGoodin@lockelord.com>, "DeRose, R.J" <RDeRose@lockelord.com>, EXTERNAL - B Stangelo <bstangelo@sessions.legal>, Tim Filer <Tim.Filer@foster.com>, EXTERNAL -

Justin Homes <jhomes@sessions.legal>, "Fontenelli, Chris" <Christopher.Fontenelli@lockelord.com>
**Subject:** RE: Stipulations re Experts & Class Discovery

Guy,
We'd also like to include the chart of the proposed continued dates in the Proposed Order, to make it more efficient for the Court. Please also let us know if you have any objection to doing so. Thank you,

**Andrew Braunstein**
646-217-7879 Direct
908-229-7683 Mobile
andrew.braunstein@lockelord.com

**From:** Braunstein, Andrew
**Sent:** Friday, April 22, 2022 9:45 AM
**To:** 'Guy Beckett' <gbeckett@beckettlaw.com>; Christina Henry <chenry@hdm-legal.com>; Casamento, Greg <GCasamento@lockelord.com>; EXTERNAL - B Shartle <bshartle@sessions.legal>; Sam Leonard <sam@seattledebtdefense.com>
**Cc:** EXTERNAL - Marc Rosenberg <Mr@leesmart.com>; amanda@nwclc.org; Goodin, Matthew <JMGoodin@lockelord.com>; DeRose, R.J <RDeRose@lockelord.com>; EXTERNAL - B Stangelo <bstangelo@sessions.legal>; EXTERNAL - Tim Filer <Tim.Filer@foster.com>; EXTERNAL - Justin Homes <jhomes@sessions.legal>; Fontenelli, Chris <Christopher.Fontenelli@lockelord.com>
**Subject:** RE: Stipulations re Experts & Class Discovery

Thanks, Guy. Attached is a version incorporating your revisions with a few additional edits from Defendants. Please let us know if Plaintiffs accept these and if we have your permission to file.

Thank you,

**Andrew Braunstein**
646-217-7879 Direct
908-229-7683 Mobile
andrew.braunstein@lockelord.com

**From:** Guy Beckett <gbeckett@beckettlaw.com>
**Sent:** Thursday, April 21, 2022 6:08 PM
**To:** Braunstein, Andrew <Andrew.Braunstein@lockelord.com>; Christina Henry <chenry@hdm-legal.com>; Casamento, Greg <GCasamento@lockelord.com>; EXTERNAL - B Shartle <bshartle@sessions.legal>; Sam Leonard <sam@seattledebtdefense.com>
**Cc:** EXTERNAL - Marc Rosenberg <Mr@leesmart.com>; amanda@nwclc.org; Goodin, Matthew <JMGoodin@lockelord.com>; DeRose, R.J <RDeRose@lockelord.com>; EXTERNAL - B Stangelo <bstangelo@sessions.legal>; EXTERNAL - Tim Filer <Tim.Filer@foster.com>; EXTERNAL - Justin Homes <jhomes@sessions.legal>; Fontenelli, Chris <Christopher.Fontenelli@lockelord.com>
**Subject:** Re: Stipulations re Experts & Class Discovery

**\*\* External Email -- Sender:** gbeckett@beckettlaw.com **\*\***

Andrew,

Attached are our suggested revisions and comments to the Stipulated Motion.

Guy W. Beckett
BERRY & BECKETT, PLLP
1708 Bellevue Ave.
Seattle, WA 98122
W: 206.441.5444
C: 206.819.6496
F: 206.838.6346
gbeckett@beckettlaw.com


**From:** "Braunstein, Andrew" <Andrew.Braunstein@lockelord.com>
**Date:** Wednesday, April 20, 2022 at 5:18 PM
**To:** Christina Henry <chenry@hdm-legal.com>, "Casamento, Greg" <GCasamento@lockelord.com>, EXTERNAL - B Shartle <bshartle@sessions.legal>, Sam Leonard <sam@seattledebtdefense.com>, Guy Beckett <gbeckett@beckettlaw.com>
**Cc:** EXTERNAL - Marc Rosenberg <Mr@leesmart.com>, "amanda@nwclc.org" <amanda@nwclc.org>, "Goodin, Matthew" <JMGoodin@lockelord.com>, "DeRose, R.J" <RDeRose@lockelord.com>, EXTERNAL - B Stangelo <bstangelo@sessions.legal>, Tim Filer <Tim.Filer@foster.com>, EXTERNAL - Justin Homes <jhomes@sessions.legal>, "Fontenelli, Chris" <Christopher.Fontenelli@lockelord.com>
**Subject:** RE: Stipulations re Experts & Class Discovery

Guy, Sam, and Christina,
We've prepared the attached joint motion and proposed order continuing the trial date and all existing intervening deadlines until March 13, 2023. While we initially discussed a 120-day continuance of the trial date and all deadlines, when we started adjusting the schedule to accommodate such a continuance, it caused many of the pre-trial deadlines to fall during the holidays and New Year. To avoid any conflicts, we continued most of the more immediate deadlines (such as for dispositive motions and motions related to experts) by 120 days, and the trial day by closer to five months.

Please let us know your thoughts and if you have any proposed revisions. We'd like to get this filed by the end of the week or on Monday at the latest. We're available to confer if it would be helpful.

Thank you,

**Andrew Braunstein**
646-217-7879 Direct
908-229-7683 Mobile
andrew.braunstein@lockelord.com

**From:** Christina Henry <chenry@hdm-legal.com>
**Sent:** Friday, April 15, 2022 2:44 PM
**To:** Casamento, Greg <GCasamento@lockelord.com>; EXTERNAL - B Shartle <bshartle@sessions.legal>; Sam Leonard <sam@seattledebtdefense.com>; Guy Beckett <gbeckett@beckettlaw.com>
**Cc:** EXTERNAL - Marc Rosenberg <Mr@leesmart.com>; amanda@nwclc.org; Goodin, Matthew <JMGoodin@lockelord.com>; DeRose, R.J <RDeRose@lockelord.com>; Braunstein, Andrew <Andrew.Braunstein@lockelord.com>; EXTERNAL - B Stangelo <bstangelo@sessions.legal>; EXTERNAL -

Tim Filer <Tim.Filer@foster.com>; EXTERNAL - Justin Homes <jhomes@sessions.legal>
**Subject:** RE: Stipulations re Experts & Class Discovery

** External Email -- Sender: chenry@hdm-legal.com **

Greg,
I will check with the others, but 4pm on Monday works for me.

**Christina L. Henry,** *Attorney*
Henry & DeGraaff, P.S.
119 1st Ave S, Ste 500
Seattle, Washington 98104
Tel 206/330-0595
Fax 206-400-7609
chenry@HDM-legal.com

CONFIDENTIALITY NOTICE: This e-mail may contain information that is protected by the attorney-client and/or the attorney-work product privilege. It is intended only for the individual named above and the privileges are not waived by virtue of this having been sent by e-mail. If you are not the intended recipient ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. If you have received this communication in error, please immediately notify us by return e-mail or telephone at the e-mail address or telephone number listed above and destroy this transmission and any attachments without reading or saving in any manner. Thank you

**From:** Casamento, Greg <GCasamento@lockelord.com>
**Sent:** Friday, April 15, 2022 11:40 AM
**To:** Christina Henry <chenry@hdm-legal.com>; EXTERNAL - B Shartle <bshartle@sessions.legal>; Sam Leonard <sam@seattledebtdefense.com>; Guy Beckett <gbeckett@beckettlaw.com>
**Cc:** EXTERNAL - Marc Rosenberg <Mr@leesmart.com>; amanda@nwclc.org; Goodin, Matthew <JMGoodin@lockelord.com>; DeRose, R.J <RDeRose@lockelord.com>; Braunstein, Andrew <Andrew.Braunstein@lockelord.com>; EXTERNAL - B Stangelo <bstangelo@sessions.legal>; EXTERNAL - Tim Filer <Tim.Filer@foster.com>; EXTERNAL - Justin Homes <jhomes@sessions.legal>
**Subject:** RE: Stipulations re Experts & Class Discovery

Christina,

Guy and I just had a quick call because unfortunately next week is not going to work for the deposition of our expert. We discussed the possibility of kicking some dates out to ensure that nobody gets stuck while we work to find dates to complete the expert depositions. Since Sam is away until Monday, how about we all talk Monday afternoon to discuss this further. Please let us know if 4 pm ET works for your team. Thanks.

Best,

Greg

Gregory T. Casamento
Co-Chair Litigation Department
**Locke Lord LLP**
200 Vesey St.
Brookfield Place
New York, New York 10281-2101
212-812-8325 Direct
212-812-8385 Fax
516-909-9425 Mobile
gcasamento@lockelord.com
www.lockelord.com

Click here to view my web bio: www.lockelord.com/gcasamento/



EX. C

# Sam Leonard

| | |
|---|---|
| **From:** | Marc Rosenberg <Mr@leesmart.com> |
| **Sent:** | Monday, May 2, 2022 1:10 PM |
| **To:** | Guy Beckett; Sam Leonard; Christina Henry; amanda@nwclc.org |
| **Cc:** | Goodin, Matthew; EXTERNAL - Justin Homes; Braunstein, Andrew; EXTERNAL - B Shartle; EXTERNAL - B Stangelo; Casamento, Greg; DeRose, R.J; EXTERNAL - Tim Filer; Fontenelli, Chris; Marie Vestal Sharpe |
| **Subject:** | RE: Hoffman, et al. v. P&F and Cheung |

Guy:

We disagree with Plaintiffs' assessment and respectfully decline to continue the noting date for our clients' summary judgment motion.

**Marc Rosenberg** | Attorney at Law | VCard | Email | Bio
**Lee Smart**, P.S., Inc. | 1800 One Convention Place | 701 Pike St. | Seattle, WA 98101 | www.leesmart.com
Telephone 206.624.7990 | Toll-free 1.877.624.7990 | Fax 206.624.5944 | Direct Line 206.262.8308 | Cell 206-769-8506

CONFIDENTIALITY NOTICE: This email message may be protected by the attorney/client privilege, work product doctrine or other confidentiality protection. If you believe that it has been sent to you in error, do not read it. Please reply to the sender that you have received the message in error, then delete it. Thank you.


**From:** Guy Beckett [mailto:gbeckett@beckettlaw.com]
**Sent:** Friday, April 29, 2022 3:26 PM
**To:** Marc Rosenberg <Mr@leesmart.com>
**Cc:** Sam Leonard <sam@seattledebtdefense.com>; Christina Henry <chenry@hdm-legal.com>; Amanda@nwclc.org
**Subject:** Hoffman, et al. v. P&F and Cheung

Marc,

Plaintiffs believe that certainly the documents we have requested from TSI that are the subject of our two pending Discovery Motions, and possibly the testimony we expect to obtain from Boston Portfolio Advisers, will contain evidence that will be relevant and important to Plaintiffs' response to the motion for summary judgment you filed yesterday. Will your clients agree to continue the noting date for your motion for summary judgment until after (1) the Court has ruled on the Discovery Motions, (2) we have obtained whatever documents TSI is ordered to produce, and (3) we have taken the deposition of Boston Portfolio Advisers' FRCP 30(b)(6) designated representative? Please respond by next Tuesday so that if necessary, we'll have time to draft a motion for a FRCP 56(d) continuance.

Thank you.

Guy W. Beckett
BERRY & BECKETT, PLLP
1708 Bellevue Ave.
Seattle, WA 98122
W: 206.441.5444
C: 206.819.6496
F: 206.838.6346
gbeckett@beckettlaw.com

1