UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ESTHER HOFFMAN, et al.,

        Plaintiffs,

  v.

TRANSWORLD SYSTEMS INCORPORATED, et al.,

        Defendants.

C18-1132 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiffs' motion for sanctions against Defendant Transworld Systems Incorporated ("TSI"), docket no. 271, is GRANTED in part and DENIED in part.

    a. On February 8, 2022, the Court entered a minute order, docket no. 258, granting in part and denying in part Plaintiffs' motion to compel testimony and class data, docket no. 226. The Court granted Plaintiffs' motion as it related to "testimony concerning the actions [TSI] took in response to the Consumer Financial Protection Bureau ('CFPB') Consent Order." Minute Order (docket no. 258). On March 8, 2022, Plaintiffs conducted a continuation deposition of TSI's Federal Rule of Civil Procedure 30(b)(6) designee. *See generally* Luke Dep., Ex. 4 to Beckett Decl. (docket no. 272). During this deposition, the parties disputed the scope of the Court's prior minute order. Having reviewed the transcript of the March 8, 2022, deposition, *see id.*, the Court concludes that a second continuation deposition is appropriate.[1] Therefore, TSI's Rule 30(b)(6) designee shall be made available to sit for a second continuation

---

[1] Under Rule 30(c)(2), "an objection must be stated concisely in a nonargumentative and nonsuggestive manner." Further, Rule 30(c)(2) allows a person to instruct a witness not to answer "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." The Court trusts that counsel will comply with all applicable rules at the second continuation deposition.

MINUTE ORDER - 1

deposition within thirty (30) days of the date of this Minute Order, subject to the following limitations:

      i.    TSI's Rule 30(b)(6) designee shall be prepared to answer questions concerning the actions TSI took, if any, in response to the Consent Order.[2]  Contrary to TSI's contention, the scope of the inquiry is not limited only to provisions of the Consent Order that required TSI to take a specified action.  Having reviewed the transcript, the witness was unprepared to answer a number of questions within the scope of this Court's prior minute order.  *See*, *e.g.*, Luke Dep. at 23:4–24:16 & 40:20–25 (testifying that he could not recall whether any Washington accounts were subject to Paragraphs 49 and 50 of the Consent Order); *id.* at 33:22–34:22 (testifying that he could not recall whether TSI made any changes to its training or procedures to comply with Paragraph 46 of the Consent Order).

      ii.    The Court concludes that testimony concerning the investigation preceding the Consent Order is not relevant or proportional to the needs of this case.  *See* Luke Dep. at 7:6–8.  The Court similarly concludes that testimony about TSI's actions in response to the Consent Order regarding its attempted collection of debt barred by the applicable statute of limitations is not relevant and proportional to the needs of this case.  *See id.* at 42:23–24.  Plaintiffs have not alleged that lawsuits were initiated against them outside the applicable statute of limitations.  *See* 2d Am. Class Compl. (docket no. 61).  Instead, Plaintiffs' allegations concern missing documents necessary to prove ownership of their student loans.  Further, the issue of time-barred claims was not the subject of Plaintiffs' earlier motion to compel.  *See generally* Mot. to Compel (docket no. 226).  Finally, the Court concludes that testimony concerning the contents of TSI's compliance plan with the CFPB is not relevant or proportional to the needs of this case and was not the subject of Plaintiffs' earlier motion to compel.

    b.    Pursuant to Rule 37(b)(2), the Court does not find that an award of attorneys fees is just in this case given the parties competing interpretations of the Court's prior minute order.  TSI, however, shall pay for all costs associated with the March 8, 2022, deposition and the forthcoming continuation deposition of its

---

[2] As the Court recognized in its prior minute order, the attorney-client privilege extends to communications between TSI and Defendant Patenaude & Felix, A.P.C. ("P&F") to secure legal advice on matters P&F was handling for the Trust Defendants. Although the Court previously denied Plaintiffs' motion to compel TSI and P&F to disclose *all* of their communications with each other concerning the Consent Order, this does not mean that all communications between TSI and P&F concerning the Consent Order are privileged. Whether the attorney-client privilege applies to a particular communication depends on the nature of the communication at issue.

MINUTE ORDER - 2

Rule 30(b)(6) designee. The transcript demonstrates that TSI's Rule 30(b)(6) designee was unprepared to answer certain questions within the scope of this Court's prior minute order.

      c.      Except as GRANTED, all other requested relief is DENIED.

(2)      Plaintiffs' motion to compel discovery, docket no. 276, is GRANTED in part, DENIED in part, and DEFERRED in part, as follows:

      a.      The motion is GRANTED in part as to RFP Nos. 38 and 39, and TSI shall produce within twenty-one (21) days of the date of this Minute Order the following materials: all signed and dated statements from relevant TSI managers and employees acknowledging receipt of a copy of the Consent Order.

      b.      The motion is DENIED as it relates to RFP No. 40. RFP No. 40 requests the production of "all documents and records produced by TSI to the CFPB in response to the CFPB investigation of the [National Collegiate Student Loan Trusts ("NCSLTs")] and/or TSI that culminated in the Consent Order, that relate to student loan borrowers in Washington State." Ex. C to Leonard Decl. (docket no. 277 at 51). Although Plaintiffs have limited the request to student loan borrowers in Washington State, the request is still too broad to permit the Court to determine whether the requested discovery might contain documents that are relevant and proportional to the needs of this case. *See King County v. Merrill Lynch & Co.*, No. C10-1156, 2011 WL 3438491, at *3 (W.D. Wash. Aug. 5, 2011).

      c.      The motion is GRANTED as to RFP Nos. 45 and 46, and TSI shall produce the requested documents within twenty-one (21) days of the date of this Minute Order. The Court concludes that the requested documents are relevant and rejects TSI's argument that the documents are privileged because TSI previously submitted the documents to the CFPB. *See Michelo v. Nat'l Coll. Student Loan Tr. 2007-2*, Nos. 18-CV-1781, 18-CV-7692, 2022 WL 154338, at *4 (S.D.N.Y. Jan. 18, 2022) (rejecting a similar argument made by TSI).[3]

      d.      The motion is DEFERRED as to RFP No. 50. In its response to RFP No. 50, TSI identified four (4) letters that it withheld from production on the grounds that the documents constitute privileged communications between TSI

---

[3] TSI argues that it has already produced to Plaintiffs the non-privileged information they seek when it responded to Interrogatory Nos. 21 and 24, which generally requested identification of lawsuits filed in Washington with missing documentation. TSI claims that it answered Interrogatory Nos. 21 and 24 because they were not tied to information TSI communicated to the CFPB. Because TSI contends that it has already identified the accounts at issue, responding to RFP Nos. 45 and 46 will not be unduly burdensome.

MINUTE ORDER - 3

and P&F. Ex. C to Leonard Decl. (docket no. 277 at 57). TSI is DIRECTED, within seven (7) days of the date of this Minute Order, to provide the documents to the Court for *in camera* review. The materials shall be delivered to the Clerk's Office in an envelope marked "FOR JUDGE ZILLY'S *IN CAMERA* REVIEW; NOT TO BE FILED."

  e. The motion is DENIED as to Interrogatory Nos. 6, 21, and 24. The Court concludes that TSI's answers to these interrogatories are sufficient.

(3) TSI's motion to seal, docket no. 280, is DENIED. The Clerk is DIRECTED to unseal Exhibit K to the Declaration of Sam Leonard, docket no. 283. TSI has not met its burden to show that Exhibit K to the Declaration of Sam Leonard, which discloses the names of current or former TSI employees who acknowledged receipt of the Consent Order, should remain under seal.

(4) Pursuant to the Stipulation and Order, docket no. 295, the parties have five (5) days from the date of this Minute Order to meet and confer and file a Joint Status Report proposing new filing deadlines for any remaining dispositive and expert-related motions, as well as the proposed noting dates for TSI's motion for summary judgment, docket no. 161, and Plaintiffs' motion for class certification, docket no. 232.

(5) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 20th day of May, 2022.

Ravi Subramanian
Clerk

s/Gail Glass
Deputy Clerk

MINUTE ORDER - 4