The Hon. Thomas Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ESTHER HOFFMAN, et al.,

                Plaintiffs,

    v.

TRANSWORLD SYSTEMS
INCORPORATED, et al.,

                Defendants.

Case No.: 2:18-CV-01132 TSZ

DECLARATION OF GUY W. BECKETT IN SUPPORT OF PLAINTIFFS' MOTION TO CONTINUE DEADLINE TO CONDUCT DEPOSITIONS

NOTED ON MOTION CALENDAR:
June 24, 2022

Guy W. Beckett declares:

1.    I am one of Plaintiffs' attorneys and make this declaration from my personal knowledge.

2.    Following entry of the Court's May 20, 2022 order (Dkt. #307) on Plaintiffs' discovery motions, Dkt. #s 271 and 276, Plaintiffs served on all parties on May 27, 2022 a Notice of Deposition of the Fed. R. Civ. P. 30(b)(6) representative of Boston Portfolio Advisers, Inc. ("BPA"), which set the deposition for June 16, 2022. A copy of the Notice is attached as Exhibit 1.

Berry&Beckett
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

3.    On June 1, 2022, I served counsel for all parties with copies of Plaintiffs'

Subpoena to BPA for the June 16, 2022 deposition and notice of the intent to serve BPA with the

deposition Subpoena. True copies of the Subpoena and notice of intent to serve the Subpoena are

attached as Exhibits 2 and 3.

4.    I was aware that BPA was represented by attorney John Atkinson in Boca Raton,

Florida, where BPA's offices are also located. On May 27, 2022, I sent copies of the Notice of

Deposition and Subpoena for BPA's June 16, 2022 deposition by email to Mr. Atkinson.

5.    The Notice of Deposition, Subpoena, and required witness fee were served on

BPA's Registered Agent on June 6, 2022. A copy of the process server's Affidavit of Service is

attached as Exhibit 4.

6.    On June 9, 2022, on behalf of BPA, Mr. Atkinson emailed me and all other

counsel a copy of BPA's Objection to the BPA Subpoena. A copy of the Objection is attached as

Exhibit 5.

7.    Plaintiffs and BPA have negotiated a resolution of BPA's objections to the

Subpoena, and BPA has agreed to make its Fed. R. Civ. P. 30(b)(6) designated representative

available for Plaintiffs' deposition. Unfortunately, the witness is currently on medical leave

recuperating from a surgery. BPA's attorney has informed Plaintiffs that the witness will be

available to be deposed around "the end of July." A copy of Mr. Atkinson's email confirming

BPA's agreement to allow its designated representative to be deposed and the current medical

status of its designated representative is attached as Exhibit 6.

8.    On June 14, 2022, I emailed all Defendants' counsel and requested them to

stipulate to continue the deadline for the depositions of BPA's and Pennsylvania Higher



1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

1  Education Assistance Agency's Rule 30(b)(6) witnesses. I have received no response to that

2  request from any of Defendants' counsel.

3      I declare under penalty of perjury under the laws of the State of Washington that the

4  foregoing is true and correct.

5      SIGNED in Seattle, Washington on June 16, 2022.

6

7              _/s/ Guy Beckett_____
                Guy W. Beckett, WSBA #14939
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26





Berry&Beckett
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| | |
|---|---|
| ESTHER HOFFMAN, et al., | |
| Plaintiffs, | Case No. C18-1132 TSZ |
| v. | NOTICE OF DEPOSITION OF BOSTON PORTFOLIO ADVISERS, INC. |
| TRANSWORLD SYSTEMS INCORPORATED, et al., | |
| Defendants. | |

PLEASE TAKE NOTICE that the following deposition will be taken on oral examination at the instance and request of the Plaintiffs in the above-captioned matter at the place and time specified below, before a Notary Public:

WITNESS:   Boston Portfolio Advisers, Inc.'s Designated Fed. R. Civ. P. 30(b)(6) representative or representatives

DATE:   June 16, 2022

TIME:   9:30 a.m. PST (12:30 p.m. EST)

PLACE:   VIA ZOOM VIDEOCONFERENCE
(Link will be provided prior to deposition)

This oral examination will be recorded via Zoom and by a Certified Court Reporter, and is subject to continuance or adjournment from time to time and place to place until

NOTICE OF DEPOSITION OF
BOSTON PORTFOLIO ADVISERS, INC. - 1
(Case No. C18-1132 TSZ)

Berry&Beckett
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

1   completed.

2        DATED: May 27, 2022

3                                   BERRY & BECKETT, PLLP

4

5                                   */s/ Guy Beckett*
                                  Guy W. Beckett, WSBA #14939

6                                   Co-Counsel for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26



1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

**EXHIBIT 2**

# UNITED STATES DISTRICT COURT
## for the

| | |
|---|---|
| ESTHER HOFFMAN, et al., | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No.  C18-1132 TSZ |
| TRANSWORLD SYSTEMS INCORPORATED, et al., | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:      BOSTON PORTFOLIO ADVISORS, INC., 327 Plaza Real, Ste. 320, Boca Raton, FL  33432

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:      See Exhibit A.

| Place: Via Zoom video conference (link to be provided) | DATE: June 16, 2022 TIME: 9:30 a.m. PST (12:30 p.m. EST). |
|---|---|

The deposition will be recorded by this method:      Stenographer and Zoom recording

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:      See Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  June 1, 2022

| CLERK OF COURT | OR | |
|---|---|---|
| | | /s/ Guy W. Beckett, WSBA #14939 |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Plaintiffs
Esther Hoffman, Sarah Douglass, Il Kim, Daria Kim, & Anthony Kim      , who issues or requests this subpoena, are:

Guy W. Beckett, 1708 Bellevue Ave., Seattle, WA  98122; (206) 441-5444; gbeckett@beckettlaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. C18-1132 TSZ

# PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____      _____
                                                    *Server's signature*

                                                   _____
                                                     *Printed name and title*


                                                   _____
                                                       *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A
## TO SUBPOENA TO BOSTON PORTFOLIO ADVISERS, INC.

### Topics for Deposition

Pursuant to the provisions of Federal Rule of Civil Procedure 30(b)(6), Boston Portfolio Advisers, Inc. shall designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf on the following topics; and may set out the matters on which each person designated will testify:

1. The emergency audit of student loans ("Emergency Audit") serviced by the Pennsylvania Higher Education Assistance Agency ("PHEAA") via its student loan servicer, American Educational Services ("AES"), that Boston Portfolio Advisors, Inc. conducted in 2015 at the request of Odyssey Education Resources, LLC (the "Servicing Performance Review"), including the findings of the Emergency Audit and the processes and procedures of the Emergency Audit;

2. The accuracy and authenticity of the Emergency Audit and/or Servicing Performance Review of Pennsylvania Higher Education Assistance Agency dated December 30, 2015;

3. Information and data stated in the Emergency Audit and/or Servicing Performance Review of Pennsylvania Higher Education Assistance Agency dated December 30, 2015;

4. The documents reviewed during Boston Portfolio Advisors, Inc.'s Emergency Audit and/or Servicing Performance Review that led to the findings included in the Emergency Audit report;

5. All contracts and agreements relating to the Emergency Audit and/or Servicing Performance Review and/or the Emergency Audit report and/or Servicing Performance Review; and

6. All persons and entities to whom/which Boston Portfolio Advisors, Inc. sent a copy of the Emergency Audit report and/or Servicing Performance Review.

### Documents to be Produced for Deposition
(To avoid delay during the deposition, we request that any
documents responsive to this Subpoena be delivered to legal
counsel for Plaintiffs no later than seven days prior to the deposition
that is the subject of this Subpoena.)

1. The Emergency Audit report and/or Servicing Performance Review of Pennsylvania Higher Education Assistance Agency dated December 30, 2015;

2. The documents reviewed during Boston Portfolio Advisors, Inc.'s Emergency Audit and/or Servicing Performance Review that led to the findings included in the Emergency Audit report and/or Servicing Performance Review; and

3. All contracts and agreements relating to the Emergency Audit and/or Servicing Performance Review and/or the Emergency Audit report.

**EXHIBIT 3**

The Hon. Thomas Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ESTHER HOFFMAN; SARAH
DOUGLASS; ANTHONY KIM; and IL
KIM and DARIA KIM, husband and wife
and the marital community comprised
thereof, on behalf of themselves and all
others similarly situated,

Plaintiffs,

v.

TRANSWORLD SYSTEMS
INCORPORATED; PATENAUDE AND
FELIX, A.P.C; MATTHEW CHEUNG, and
the marital community comprised of
MATTHEW CHEUNG and JANE DOE
CHEUNG; NATIONAL COLLEGIATE
STUDENT LOAN TRUST 2004-2;
NATIONAL COLLEGIATE STUDENT
LOAN TRUST 2005-2; NATIONAL
COLLEGIATE STUDENT LOAN TRUST
2005-3; NATIONAL COLLEGIATE
STUDENT LOAN TRUST 2006-1;
NATIONAL COLLEGIATE STUDENT
LOAN TRUST 2006-3; NATIONAL
COLLEGIATE STUDENT LOAN TRUST
2007-4,

Defendants.

Case No.:  2:18-1132 TSZ

NOTICE OF SUBPOENA IN
A CIVIL CASE

Berry&Beckett
PLLP

1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

1

2

PLEASE TAKE notice that a Subpoena in a Civil Case, a copy of which is attached as Exhibit 1, will be served on Boston Portfolio Advisers, Inc.

3

4

DATED: June 6, 2022.

5

6

BERRY & BECKETT, PLLP

7

   _/s/ Guy Beckett_
Guy W. Beckett, WSBA #14939
Co-Counsel for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26



1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

**EXHIBIT 1**

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the

| | |
|---|---|
| ESTHER HOFFMAN, et al., | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No.   C18-1132 TSZ |
| TRANSWORLD SYSTEMS INCORPORATED, et al., | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:    BOSTON PORTFOLIO ADVISORS, INC., 327 Plaza Real, Ste. 320, Boca Raton, FL  33432

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:    See Exhibit A.

| Place: Via Zoom video conference (link to be provided) | DATE: June 16, 2022 TIME: 9:30 a.m. PST (12:30 p.m. EST). |
|---|---|

The deposition will be recorded by this method:    Stenographer and Zoom recording

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:    See Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  June 1, 2022

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Guy W. Beckett, WSBA #14939 |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiffs Esther Hoffman, Sarah Douglass, Il Kim, Daria Kim, & Anthony Kim   , who issues or requests this subpoena, are:

Guy W. Beckett, 1708 Bellevue Ave., Seattle, WA  98122; (206) 441-5444; gbeckett@beckettlaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. C18-1132 TSZ

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

  **(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.
  **(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**
**TO SUBPOENA TO BOSTON PORTFOLIO ADVISERS, INC.**

**Topics for Deposition**

Pursuant to the provisions of Federal Rule of Civil Procedure 30(b)(6), Boston Portfolio Advisers, Inc. shall designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf on the following topics; and may set out the matters on which each person designated will testify:

1. The emergency audit of student loans ("Emergency Audit") serviced by the Pennsylvania Higher Education Assistance Agency ("PHEAA") via its student loan servicer, American Educational Services ("AES"), that Boston Portfolio Advisors, Inc. conducted in 2015 at the request of Odyssey Education Resources, LLC (the "Servicing Performance Review"), including the findings of the Emergency Audit and the processes and procedures of the Emergency Audit;

2. The accuracy and authenticity of the Emergency Audit and/or Servicing Performance Review of Pennsylvania Higher Education Assistance Agency dated December 30, 2015;

3. Information and data stated in the Emergency Audit and/or Servicing Performance Review of Pennsylvania Higher Education Assistance Agency dated December 30, 2015;

4. The documents reviewed during Boston Portfolio Advisors, Inc.'s Emergency Audit and/or Servicing Performance Review that led to the findings included in the Emergency Audit report;

5. All contracts and agreements relating to the Emergency Audit and/or Servicing Performance Review and/or the Emergency Audit report and/or Servicing Performance Review; and

6. All persons and entities to whom/which Boston Portfolio Advisors, Inc. sent a copy of the Emergency Audit report and/or Servicing Performance Review.

**Documents to be Produced for Deposition**
(To avoid delay during the deposition, we request that any
documents responsive to this Subpoena be delivered to legal
counsel for Plaintiffs no later than seven days prior to the deposition
that is the subject of this Subpoena.)

1. The Emergency Audit report and/or Servicing Performance Review of Pennsylvania Higher Education Assistance Agency dated December 30, 2015;

2. The documents reviewed during Boston Portfolio Advisors, Inc.'s Emergency Audit and/or Servicing Performance Review that led to the findings included in the Emergency Audit report and/or Servicing Performance Review; and

3. All contracts and agreements relating to the Emergency Audit and/or Servicing Performance Review and/or the Emergency Audit report.

**EXHIBIT 4**

**AFFIDAVIT OF SERVICE**
UNITED STATES DISTRICT COURT
Western District of Washington

Case Number: C18-1132 TSZ

Plaintiff: **ESTHER HOFFMAN, ET AL**
vs.
Defendant: **TRANSWORLD SYSTEMS
INCORPORATED, ET AL**

Service Documents:
Attorney's Letter, Subpoena to Testify at
a Deposition in a Civil Action, Exhibit "A"
and Notice Of Deposition and Witness
Fee Check ($40.00)

For:
Guy W. Beckett, Esq.
Berry & Beckett, PLLP
1708 Bellevue Ave
Seatlle, WA 98122

Received by Burke Process Service on the 2nd day of June, 2022 at 12:57 pm to be served on **BOSTON
PORTFOLIO ADVISERS INC, REGISTERED AGENT THOMAS H. GLANFIELD, 327 PLAZA REAL, SUITE
320, BOCA RATON, FL 33432**

I, Pennie Atwell Inc., being duly sworn, depose and say that on the **6th day of June, 2022** at **10:45 am, I:**

**CORPORATE:** served by delivering a true copy of the **Attorney's Letter, Subpoena to Testify at a
Deposition in a Civil Action, Exhibit "A" and Notice Of Deposition and Witness Fee Check ($40.00)**
with the date and hour of service endorsed thereon by me, to: **VERONICA CALHOUN** as
**ADMINISTRATIVE ASSISTANT, employed therein and authorized to accept service** for **BOSTON
PORTFOLIO ADVISERS INC, REGISTERED AGENT THOMAS H. GLANFIELD**, at the address of: **327
PLAZA REAL, SUITE 320, BOCA RATON, FL 33432** and informed said person of the contents therein,
in compliance with state statutes.

**Description** of Person Served: Age: 40, Sex: F, Race/Skin Color: White, Height: 5'6", Weight: 150, Hair:
Dark Brown, Glasses: N

Under penalties of perjury, I declare that I have read the foregoing Return of Service and the facts stated
are true and correct. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2). I certify that I am over
the age of 18, have no interest in the above action and am a Process Server, in good standing, in the
judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 16th day
of June, 2022 by the affiant who is personally known
to me.

NOTARY PUBLIC

**JESSICA MALDONADO**
Notary Public
State of Florida
Comm# HH171354
Expires 8/30/2025

**Pennie Atwell Inc.**
CPS # 931

**Burke Process Service
7200 W. Camino Real
Suite 102
Boca Raton, FL 33433
(954) 514-0116**

Our Job Serial Number: BII-2022007929

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2i

| DELIVERED | 6/6/2022 10:45 AM |
|-----------|-------------------|
| SERVER    | PA                |
| LICENSE   | CPS # 931         |



# Berry&Beckett
### PLLP

RESPOND TO: GUY W. BECKETT
gbeckett@beckettlaw.com

June 1, 2022

Boston Portfolio Advisers, Inc.
327 Plaza Real, Ste. 320
Boca Raton, FL 33432

> *Re:* *Esther Hoffman, et al., v. Transworld Systems Incorporated, et al.*
> *United States District Court for the Western District of Washington*
> *Case No. C18-1132 TSZ*
> *Subpoena for Deposition of Fed. R. Civ. P. 30(b)(6) Designated Representative(s)*

To Whom It May Concern,

I am co-counsel for the Plaintiffs in *Esther Hoffman, et al., v. Transworld Systems Incorporated, et al.,* United States District Court for the Western District of Washington, Case No. C18-1132 TSZ. With this letter, you have been served with the Subpoena for Deposition of Boston Portfolio Advisers, Inc., together with the Notice of Deposition and a check for the $40.00 witness fee. By the terms of the Subpoena, you are required to produce the documents identified in Exhibit A to the Subpoena, and to appear (via Zoom) for your deposition on January 16, 2022, at 12:30 p.m. EST. In order to avoid delay during the deposition, we will appreciate receiving the documents identified on Exhibit A to the Subpoena no later than two business days prior to the deposition, on or before June 14, 2022.

Please call me on my cell phone number, (206) 819-6496, to confirm your receipt of the Subpoena, and to discuss arrangements for the production of the identified documents and for your appearance at the deposition. Thank you.

Sincerely,

/s/ *Guy Beckett*
Guy W. Beckett

cc:   John B. Atkinson
      Sam Leonard
      Christina Henry
      Amanda Martin

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

| | | |
|---|---|---|
| ESTHER HOFFMAN, et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  C18-1132 TSZ |
| TRANSWORLD SYSTEMS INCORPORATED, et al., | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     BOSTON PORTFOLIO ADVISORS, INC., 327 Plaza Real, Ste. 320, Boca Raton, FL  33432

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:  See Exhibit A.

| Place: Via Zoom video conference (link to be provided) | DATE: June 16, 2022 TIME: 9:30 a.m. PST (12:30 p.m. EST). |
|---|---|

The deposition will be recorded by this method:  Stenographer and Zoom recording

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  June 1, 2022

                    *CLERK OF COURT*
                                                    OR
                                                         /s/ Guy W. Beckett, WSBA #14939
     *Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Plaintiffs
Esther Hoffman, Sarah Douglass, Il Kim, Daria Kim, & Anthony Kim     , who issues or requests this subpoena, are:

Guy W. Beckett, 1708 Bellevue Ave., Seattle, WA  98122; (206) 441-5444; gbeckett@beckettlaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. C18-1132 TSZ

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A
## TO SUBPOENA TO BOSTON PORTFOLIO ADVISERS, INC.

### Topics for Deposition

Pursuant to the provisions of Federal Rule of Civil Procedure 30(b)(6), Boston Portfolio Advisers, Inc. shall designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf on the following topics; and may set out the matters on which each person designated will testify:

1. The emergency audit of student loans ("Emergency Audit") serviced by the Pennsylvania Higher Education Assistance Agency ("PHEAA") via its student loan servicer, American Educational Services ("AES"), that Boston Portfolio Advisors, Inc. conducted in 2015 at the request of Odyssey Education Resources, LLC (the "Servicing Performance Review"), including the findings of the Emergency Audit and the processes and procedures of the Emergency Audit;

2. The accuracy and authenticity of the Emergency Audit and/or Servicing Performance Review of Pennsylvania Higher Education Assistance Agency dated December 30, 2015;

3. Information and data stated in the Emergency Audit and/or Servicing Performance Review of Pennsylvania Higher Education Assistance Agency dated December 30, 2015;

4. The documents reviewed during Boston Portfolio Advisors, Inc.'s Emergency Audit and/or Servicing Performance Review that led to the findings included in the Emergency Audit report;

5. All contracts and agreements relating to the Emergency Audit and/or Servicing Performance Review and/or the Emergency Audit report and/or Servicing Performance Review; and

6. All persons and entities to whom/which Boston Portfolio Advisors, Inc. sent a copy of the Emergency Audit report and/or Servicing Performance Review.

### Documents to be Produced for Deposition
(To avoid delay during the deposition, we request that any
documents responsive to this Subpoena be delivered to legal
counsel for Plaintiffs no later than seven days prior to the deposition
that is the subject of this Subpoena.)

1. The Emergency Audit report and/or Servicing Performance Review of Pennsylvania Higher Education Assistance Agency dated December 30, 2015;

2. The documents reviewed during Boston Portfolio Advisors, Inc.'s Emergency Audit and/or Servicing Performance Review that led to the findings included in the Emergency Audit report and/or Servicing Performance Review; and

3. All contracts and agreements relating to the Emergency Audit and/or Servicing Performance Review and/or the Emergency Audit report.

The Hon. Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

ESTHER HOFFMAN, et al.,

                Plaintiffs,

     v.

TRANSWORLD SYSTEMS
INCORPORATED, et al.,

                Defendants.

Case No. C18-1132 TSZ

NOTICE OF DEPOSITION
OF BOSTON PORTFOLIO ADVISERS,
INC.

PLEASE TAKE NOTICE that the following deposition will be taken on oral

examination at the instance and request of the Plaintiffs in the above-captioned matter at the

place and time specified below, before a Notary Public:

WITNESS:     Boston Portfolio Advisers, Inc.'s Designated Fed. R. Civ. P. 30(b)(6)
                representative or representatives

DATE:          June 16, 2022

TIME:          9:30 a.m. PST (12:30 p.m. EST)

PLACE:        VIA ZOOM VIDEOCONFERENCE
                (Link will be provided prior to deposition)

This oral examination will be recorded via Zoom and by a Certified Court Reporter,

and is subject to continuance or adjournment from time to time and place to place until

Berry&Beckett
_PLLP_
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

1    completed.

2         DATED: May 27, 2022

3                                    BERRY & BECKETT, PLLP

4                                    /s/ Guy Beckett
5                                    Guy W. Beckett, WSBA #14939
                                     Co-Counsel for Plaintiffs
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Berry&Beckett
PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

**EXHIBIT 5**

ESTHER HOFFMAN, et al.,

      Plaintiffs,

        v.

TRANSWORLD SYSTEMS
INCORPORATED, et al.,

      Defendants.

CASE NO.:
[Related to Civil Action No. C18-1132 TSZ (WA)]

## BOSTON PORTFOLIO ADVISORS, INC.'S OBJECTIONS TO NON-PARTY SUBPOENA

COMES NOW Boston Portfolio Advisors, Inc. ("BPA"), a non-party to the above referenced litigation, through its undersigned counsel, and respectfully objects to the non-party subpoena pursuant to Federal Rule of Civil Procedure 45(d). In support of its request, BPA states as follows:

## I.      INTRODUCTION

BPA is a financial consulting firm based in Boca Raton, Florida that has been providing portfolio management, risk management, and due diligence, among other services, to the financial industry for over thirty years. BPA is not a party in the above referenced litigation but was served with a non-party Subpoena to Testify at Deposition in a Civil Action on June 6, 2022 ("Subpoena"). The Subpoena at issue inappropriately seeks production of documents which is prohibited by the Court in the underlying case. The Court has indicated in its Order that "all remaining discovery" in the underlying case was to be completed by April 18, 2022. Dkt 224. Further, the Plaintiffs in the underlying matter have misrepresented

to the Court that BPA was "slow in responding to Plaintiffs" original subpoena.[1] The current Subpoena requests three types of documents. BPA objects to these requests for the following reasons:

1. The Emergency Audit report and/or Servicing Performance Review of Pennsylvania Higher Education Assistance Agency dated December 30, 2015.

BPA objects to this request as the Court's discovery deadline has expired, unduly burdensome as this document is more easily accessible by the parties involved in this action, and irrelevant to the matters at issue in the underlying case. Without waiving said objections, BPA provided a copy of its Servicing Performance Review of Pennsylvania Higher Education Assistance Agency dated December 30, 2015 on October 27, 2021 and further supplemented with Appendix A, B and C on March 7, 2022.

2. The documents reviewed during Boston Portfolio Advisors, Inc.'s Emergency Audit and/or Servicing Performance Review that led to the findings included in the Emergency Audit report and/or Servicing Performance Review.

BPA objects to this request as the Court's discovery deadline has expired, harassing as this request seeks information reviewed by an expert which has not been retained by the party, vague and overly broad in that it is not restricted to any specific document, unduly burdensome as this request is more easily accessible by the parties involved in this action, calls for speculation as this request is not specific as to the party reviewing the "documents," confidential, proprietary, and irrelevant to the matters at issue in the underlying case.

3. All contracts and agreements relating to the Emergency Audit and/or Servicing Performance Review and/or Emergency Audit report.

---

[1] Plaintiff's original subpoena to BPA was served on October 5, 2021. BPA responded to this subpoena on October 27, 2021, after being in constant contact with counsel for the Plaintiffs. And when the Plaintiffs' counsel had a clarifying question about BPA's response on March 1, 2022, BPA responded to this question on March 7, 2022.

BPA objects to this request as the Court's discovery deadline has expired, vague, overly broad and calls for speculation as this request is not specific as to the parties involved in the "contracts" or "agreements," unduly burdensome as this request is more easily accessible by the parties involved in this action, confidential, proprietary, and irrelevant to the matters at issue in the underlying case.

Furthermore, producing these documents will require BPA to expend a significant amount of time as they are not readily available. BPA is ordinarily compensated for its time and expense at an hourly rate of $750. In this instance it should be no different. BPA is entitled to reasonable compensation for its time and expenses regarding the production of documents which extends beyond the summary contained within the Servicing Performance Review of Pennsylvania Higher Education Assistance Agency which consisted of approximately 800,000 loans.

Since the Subpoena was served, BPA's counsel has attempted to confer in good faith with the attorney that issued the Subpoena in an attempt to resolve these issues. However, BPA was not able to reach a resolution with the attorney issuing the Subpoena prior to the submission of these objections.

Dated: June 9, 2022        Respectfully submitted,

                    /s/ John B. Atkinson
                    JOHN B. ATKINSON
                    Florida Bar No.  0099691
                    Atkinson, P.A.
                    1 S.E. 3rd Avenue, Suite 2100
                    Miami, Florida 33131
                    Tel. 305-376-8840
                    Fax. 305-376-8841

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing objections were propounded on the 9th day of June 2021 by electronic mail to the registered participants as identified on the Notice of Electronic Filing, including: Amanda Martin at amanda@nwclc.org as counsel for Plaintiffs; Bradley J. St. Angelo at bstangelo@sessions.legal as counsel for Transworld Systems Incorporated; Jeffrey R. Kaatz, at jrk@leesmart.com as counsel for Patenaude & Felix APC and Matthew Cheung; and Andrew Braunstein at andrew.braunstein@lockelord.com as counsel for the Trusts.

 /s/ John B. Atkinson

JOHN B. ATKINSON
Florida Bar No. 0099691

**EXHIBIT 6**

| | |
|---|---|
| **Subject:** | RE: Objections to Non-Party Subpoena - Esther Hoffman, et al., v. Transworld Systems Incorporated, et al. (201311) |
| **Date:** | Wednesday, June 15, 2022 at 8:36:47 AM Pacific Daylight Time |
| **From:** | John B. Atkinson |
| **To:** | Guy Beckett, Amanda Martin |
| **CC:** | victoria@nwclc.org, chenry@hdm-legal.com, sam@seattledebtdefense.com, Casamento, Greg, RDeRose@lockelord.com, Andrew.Braunstein@lockelord.com, JMedina@lockelord.com, JMGoodin@lockelord.com, Christopher.Fontenelli@lockelord.com, EXTERNAL - B Stangelo, epark@sessions.legal, bshartle@sessions.legal, jdauzat@sessions.legal, jschultz@sessions.legal, amcoito@sessions.legal, mwinder@sessions.legal, jhomes@sessions.legal, EXTERNAL - Jeffrey R. Kaatz, kxc@leesmart.com, Mr@leesmart.com, mvs@leesmart.com, Costanza Musetti |

**Attachments:** image001.png

Guy,

As we've discussed this past week, our offices have previously communicated with your co-counsel Amanda Martin and yourself regarding this Subpoena and its requests. Importantly, the individual which would act as the representative for Boston Portfolio Advisors, Inc. ("BPA") at the requested deposition is currently on medical leave. As such, there is not a representative from the company to testify at the deposition time which you have scheduled for tomorrow.

As a result of our discussions, we understand that you are withdrawing the Subpoena's requests for documentation to be produced at deposition. Additionally, we understand that you are willing to pay BPA's expert fee of $750/hr for the deposition. This payment will negate the need for BPA to file a Motion for Protective Order in connection with the disclosure of expert opinions or information which may be covered during the deposition.

Due to the representative's current medical absence, it is believed that he should be available for a rescheduled virtual deposition at a mutually agreeable time the end of July. Please however, note that based on his future condition, he may not be able to sit for a deposition longer than 3 hours.

If you have any additional questions regarding the rescheduling of this deposition, please let me know.

Best regards,
John

John B. Atkinson, Esq.
1 SE 3rd Ave / Ste. 2100 / Miami, Florida 33131
T: (305) 376-8785 / F: (305) 376-8841

---

**From:** Guy Beckett <gbeckett@beckettlaw.com>
**Sent:** Thursday, June 9, 2022 6:47 PM
**To:** John B. Atkinson <atkinsonjb@atkattorneys.com>; Amanda Martin <amanda@nwclc.org>
**Cc:** victoria@nwclc.org; chenry@hdm-legal.com; sam@seattledebtdefense.com; Casamento, Greg <GCasamento@lockelord.com>; RDeRose@lockelord.com; Andrew.Braunstein@lockelord.com; JMedina@lockelord.com; JMGoodin@lockelord.com; Christopher.Fontenelli@lockelord.com; EXTERNAL - B Stangelo <bstangelo@sessions.legal>; epark@sessions.legal; bshartle@sessions.legal;