The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

ESTHER HOFFMAN, et al.,

    Plaintiffs,

vs.

TRANSWORLD SYSTEMS INCORPORATED; et al.,

    Defendants.

Case No. 2:18-cv-1132-TSZ

**DECLARATION OF JENS MEYER**

I, Jens Meyer, hereby affirm and declare as follows:

1. This declaration is being made pursuant to Fed. R. Evid. 803(6) and 902(11) for the purpose of authenticating certain business records of Cognition Financial Corporation, f/k/a The First Marblehead Corporation ("Cognition").

2. I am over 18 years of age, and I am currently a Senior Vice President at Cognition. I have been employed by Cognition since April 19, 2004. My responsibilities at Cognition include knowledge of Cognition's maintenance and storage of electronic data, record-keeping, document retention, and destruction policies. I am familiar with how the documents, data, and database referenced herein were created and have been maintained in the ordinary course of Cognition's business since their creation. This familiarity is based on my personal experiences at Cognition

1

as a Senior Vice President and a member of the Credit Risk department, conversations with information technology personnel at Cognition, and my own personal review and/or creation of the documents and data referenced herein. As such, I have personal knowledge of the matters set forth herein, and if called upon, I could and would testify competently thereto.

3. Cognition, then known as The First Marblehead Corporation ("FMC"), acted as the Structuring Advisor for The National Collegiate Student Loan Trust 2004-2 ("NCSLT 2004-2"), The National Collegiate Student Loan Trust 2005-2 ("NCSLT 2005-2"), The National Collegiate Student Loan Trust 2005-3 ("NCSLT 2005-3"), The National Collegiate Student Loan Trust 2006-1 ("NCSLT 2006-1"), The National Collegiate Student Loan Trust 2006-3 ("NCSLT 2006-3"), and The National Collegiate Student Loan Trust 2007-4's ("NCSLT 2007-4") (collectively the "Trusts") in the issuance of student loan asset backed notes to investors (the "Offering"). Among other things, FMC's subsidiary First Marblehead Education Resources, Inc. provided loan origination services on private student loans funded by Bank One, N.A. (n/k/a JPMorgan Chase Bank, N.A.) ("JPMorgan"), Bank of America, N.A. ("BofA"), and other banks,

and FMC entered into a servicing agreement with Pennsylvania Higher Education Assistance Agency ("PHEAA") to service the student loans before they were securitized.

4.  As part of the Offering as it relates to the student loans described below, FMC arranged for the purchase of student loans from originating banks, such as JPMorgan and BofA, in accordance with the following note purchase agreements and pool supplements:

   a. Note Purchase Agreement between BofA and FMC, dated as of April 30, 2001, and pursuant to a BofA Pool Supplement, dated September 28, 2006;

   b. Amended and Restated Note Purchase Agreement between JPMorgan and FMC, dated as of May 1, 2002, and pursuant to a JPMorgan Pool Supplement, dated as of June 9, 2005, a JPMorgan Pool Supplement, dated October 12, 2005, and a JPMorgan Pool Supplement, dated March 9, 2006;

   c. Note Purchase Agreement between BofA and FMC, dated as of June 30, 2003, and pursuant to a BofA Pool Supplement, dated as of October 28, 2004; and

   d. Note Purchase Agreement between BofA and FMC, dated as of April 1, 2006, and pursuant to a BofA Pool Supplement, dated as of September 28, 2006, and a BofA Pool Supplement, dated as of September 20, 2007.

Pursuant to each of the above-referenced Pool Supplements, the student loans were sold to The National Collegiate Funding LLC, FMC's wholly-owned subsidiary that acted as the depositor and sponsor of the Offering, which simultaneously sold the loans to the Trusts.

5.  Cognition is not an existing custodian for the Trusts, and therefore is currently under no obligation, contractual or otherwise, to maintain any documents or data on behalf of the Trusts. Nonetheless, Cognition maintains an MS Access Database it utilized while structuring

the Trusts' transactions and acting as Structuring Advisor to the Trusts. The MS Access Database holds data for each loan owned by each of the Trusts, and the data has remained unchanged from the date the data was entered into the database.

6.  The MS Access Database data reflects the loan data as of the completion of the securitization reconciliation process for each of the Trusts; and the data entered for each loan owned by each of the Trusts has remained unchanged from the completion of the securitization reconciliation process.

7.  The loan data contained in the MS Access Database is derived directly from loan tapes received in connection with the origination and initial servicing of the Trusts' loans, which Cognition received as part of the student loan securitization transactions through which student loans reflected on the loan tapes were sold to each respective Trust.

8.  I reviewed loan data from the MS Access Database for Esther R. Hoffman ("Hoffman"), Sarah K. Douglass ("Douglass"), and Anthony Kim ("Kim"), who I understand are named Plaintiffs in the above-captioned action.

9.  I searched the MS Access Database using Hoffman's, Douglass', and Kim's full social security numbers, and the MS Access Database shows that the following Trusts own Hoffman's, Douglass', and Kim's loans that are at issue in the above-captioned action, and indicates the following information regarding each loan:

a. NCSLT 2004-2 owns a loan originated by BofA and bearing guarref number[1] 02314625; the loan was made to Hoffman in the net amount of $6,000, disbursed on August 4, 2004, and initially serviced by PHEAA.

b. NCSLT 2005-2 owns two loans originated by JPMorgan and bearing guarref number 02835386 and 02863777 respectively, which were made to Kim in the net amounts of $3,500 and $9,500 and disbursed on April 8, 2005 and April 21, 2005, respectively, and

---

[1] "Guarref" is used to represent the loan's Guarantor Reference number.

initially serviced by PHEAA.

c. NCSLT 2005-3 owns a loan originated by JPMorgan and bearing guarref number 03269029; the loan was made to Kim in the net amount of $15,000, disbursed on September 6, 2005, and initially served by PHEAA.

d. NCSLT 2006-1 owns a loan originated by JPMorgan and bearing guarref number 03569695; the loan was made to Kim in the net amount of $15,000, disbursed on January 26, 2006, and initially served by PHEAA.

e. NCSLT 2006-3 owns two loans originated by BofA and bearing guarref number 03481283 and 03651399 respectively; the loans were made to Douglass in the net amounts of $2,000 and $2,500, disbursed on December 21, 2005 and April 20, 2006, respectively, and initially serviced by PHEAA. NCSLT 2006-3 also owns a loan originated by BofA and bearing guarref number 03961290; the loan was made to Kim in the net amount of $30,000, disbursed on July 18, 2006, and initially served by PHEAA.

f. NCSLT 2007-4 owns a loan originated by BofA and bearing guarref number 05548255; the loan was made to Kim in the net amount of $30,000, disbursed on August 7, 2007, and initially served by PHEAA.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this _8th_ day of September 2022

_Jens Meyer_
Jens Meyer

5