The Hon. Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESTHER HOFFMAN; SARAH DOUGLASS; ANTHONY KIM; and IL KIM and DARIA KIM, husband and wife and the marital community comprised thereof, on behalf of themselves and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRANSWORLD SYSTEMS INCORPORATED; PATENAUDE AND FELIX, A.P.C.; MATTHEW CHEUNG, and the marital community comprised of MATTHEW CHEUNG and JANE DOE CHEUNG; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-1; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-4,<br><br>Defendants. | Case No. C18-1132 TSZ<br><br>PLAINTIFFS' MOTION FOR RECONSIDERATION OF JANUARY 26, 2023 ORDER DENYING CLASS CERTIFICATION AND GRANTING IN PART MOTION FOR SUMMARY JUDGMENT<br><br>**ORAL ARGUMENT REQUESTED**<br><br>NOTED FOR CONSIDERATION: February 9, 2023 |

PLAINTIFFS' MOTION FOR
RECONSIDERATION - 1
(Case No. C18-1132 TSZ)

Leonard Law, PLLC
9030 35th Ave. SW, Ste. 100
Seattle, Washington 98126
Phone: 206-486-1176

## I. RELIEF REQUESTED

Plaintiffs move for reconsideration of portions of the Court's January 26, 2023 Order. Dkt. #403 ("Order"). Plaintiffs ask the Court to reconsider its Order granting Defendant Trusts' Motion for Summary Judgment dismissal of Plaintiffs' request for injunctive relief and denying Plaintiffs' Motion for Class Certification. Order at 13-19 and 33-36.[1] Reconsideration of the Order is warranted because there was clear legal error.

## II. ARGUMENT

### A. Legal Standard

Reconsideration under Rule 59(e) and LCR 7(h) will be granted upon a "showing of manifest error in the prior ruling." *Neil Jones Food Co. v. Factory Techs., Inc.*, No. C21-5073 MJP, 2021 U.S. Dist. LEXIS 162872, at *3 (W.D. Wash. Aug. 27, 2021). A court's failure to correctly apply law to facts is an example of manifest error. *See Grae-El v. City of Seattle*, No. C21-1678JLR, 2022 U.S. Dist. LEXIS 73913, at *4-5 (W.D. Wash. Apr. 21, 2022).

### B. The Court Erred in Dismissing Plaintiffs' Request for Injunctive Relief Against the NCSLTs

The Court should reconsider its ruling dismissing Plaintiffs' request for injunctive relief against the Trusts because it was based on a misapplication and misunderstanding of Washington law. First, the Court's Order misapplied *McDonald v. OneWest Bank, FSB*, 929 F. Supp.2d 1079 (W.D. Wash. 2013) to the Plaintiff's claims, which have nothing to do with foreclosure or Washington's Deed of Trust Act (DTA). *McDonald* concerns the right of a

---

[1] The Order resolved numerous motions by the parties including Plaintiff's Motion for Class Certification (Dkt. # 232) and Defendants' three summary judgment motions (Dkt. ## 284, 369 and 377). Plaintiffs do not concede any of the rulings adverse to their positions, but seek only reconsideration of the portions of the Order regarding the Trusts' Motion for Summary Judgment dismissing Plaintiffs' requested injunctive relief and denying Plaintiffs' Motion for Class Certification.

PLAINTIFFS' MOTION FOR
RECONSIDERATION - 2
(Case No. C18-1132 TSZ)

Leonard Law, PLLC
9030 35th Ave. SW, Ste. 100
Seattle, Washington 98126
Phone: 206-486-1176

bank to foreclose on a mortgage under the DTA. *See id.* at 1086-89. The court held that OneWest Bank violated the DTA when it sent a notice of default starting the foreclosure process when it did not hold the promissory note. *Id*. at 1087-88. In finding that "a permanent injunction [under the DTA] precluding all future foreclosure actions" was not appropriate, the court reasoned that even if the Plaintiff could prove that the note was lost, barring a non-judicial foreclosure, OneWest Bank could still foreclose through a judicial foreclosure. *Id*. at 1088.

Under U.C.C. Article 3, which applies to the foreclosure of real property, the holder in possession of a negotiable instrument may enforce it. *Deutsche Bank Nat. Tr. Co. v. Slotke*, 192 Wash. App. 166, 177, 367 P.3d 600, 606 (2016); RCW 62A.3-301. Thus, there was no need for OneWest Bank to prove ownership or assignment to foreclose on McDonald's home. *See Merry v. Quality Loan Serv. Corp. of Washington*, 2015 WL 5022967 * 7, 189 Wash. App. 1045 (2015) (unpublished). In contrast, the Trusts are not seeking to foreclose on a security interest and must prove assignment to collect on the Plaintiffs' student loans.  U.C.C. Article 3 does not apply to the alleged student loans here, as it did to the deed of trust in *McDonald*. The holder rule is irrelevant. The student loan contracts at issue here are not negotiable instruments, and originated with Bank of America and JP Morgan Chase, fka Bank One.

In order for the Trusts to legally collect in Washington on the debts they claim they own they must have a written assignment of the loans signed by the originating banks. RCW 4.08.080 provides:

> Any assignee or assignees of any …chose in action, for the payment of money, by assignment in writing, signed by the person authorized to make the same, may, by virtue of such assignment, sue and maintain an action or

PLAINTIFFS' MOTION FOR
RECONSIDERATION - 3
(Case No. C18-1132 TSZ)

Leonard Law, PLLC
9030 35th Ave. SW, Ste. 100
Seattle, Washington 98126
Phone: 206-486-1176

> actions in his or her name, against the obligor or obligors, debtor or debtors, named in such judgment, bond, specialty, book account, or other chose in action, notwithstanding the assignor may have an interest in the thing assigned.

An assignee of a chose in action, which each Trust claims to be, can only file suit in its own name to collect the assigned debt if it has proof of assignment in writing *signed by the assignor*. *MRC Receivables Corp. v. Zion*, 152 Wash. App. 625, 627, 218 P.3d 621, 622 (2009). The alleged assignee of a claim cannot through its own self-serving declaration prove that it was assigned a loan. *Id.* at 630.

Origination records, credit agreements, note documents and payment information is irrelevant to the proof of assignment required.[2] The only issue before the Court is whether the Trusts can authenticate the Schedules. If they cannot, they cannot collect on Plaintiffs' student loans. A future injunction against the Trusts is not "debt forgiveness." Even if the Trusts fail to prove they have the legal ability to enforce these student loans at trial and the Court enjoins them from future collection attempts, the injunction would only apply to the Trusts. The injunction requested in *McDonald* would have barred all future attempts to foreclose. Here, if the original banks can prove they own the loans, the injunction will not bar them from collecting.

Moreover, the Order dismissing Plaintiffs' requested injunction suffers from an internal contradiction. The WCPA provides: "Any person who is injured in his business or property by a violation of RCW 19.86.020. . . may bring a civil action in the superior court to enjoin further violations…." RCW 19.86.090. A plaintiff need not prove the possibility of a future injury to themselves to obtain an injunction barring a defendant from future conduct

---

[2] Even if relevant, there is no evidence the Trusts segregate by Trust account records.

PLAINTIFFS' MOTION FOR
RECONSIDERATION - 4
(Case No. C18-1132 TSZ)

Leonard Law, PLLC
9030 35th Ave. SW, Ste. 100
Seattle, Washington 98126
Phone: 206-486-1176

that violates the WCPA. *Hockley v. Hargitt*, 82 Wash.2d 337, 350, 510 P.2d 1123, 1132 (1973). Plaintiffs need only establish the possibility of future violations of the WCPA. *Id*.

Commission of an unfair or deceptive act or practice in the conduct of any trade or commerce is a violation of RCW 19.86.020. The Court found Plaintiffs could establish the Trusts engaged in unfair or deceptive conduct because Plaintiffs "have presented evidence from which a reasonable jury could conclude that the NCSLTs lack a complete chain of assignment demonstrating their ownership of Plaintiffs' loans." Order at 21-26. Because the Court has concluded that the Defendants' collection on Plaintiffs' loans without complete chain of assignment could be unfair or deceptive, and the WCPA permits Plaintiffs to obtain injunctive relief enjoining future unfair or deceptive conduct, the Court should not have granted the Trusts' motion to dismiss the injunctive relief Plaintiffs requested. If the Plaintiffs can show that the Trust do not have the required proof of assignment, the *possibility* the Trusts will engage in future unfair attempts to collect exists, and an injunction is appropriate. Thus, summary judgment dismissal of Plaintiffs' prayer for injunctive relief barring future violations of the WCPA, based solely on the Court's speculation (without evidence) that the Trusts in the future may be able to prove their ownership of the loans, was manifest error. Plaintiffs are entitled to the opportunity to show that the Trusts cannot prove a complete chain of assignment, as the Court has already ruled there is an issue of fact regarding whether the Plaintiffs can make such a showing.

C.   **Common Questions Regarding Assignment Make the Order Denying Certification Manifest Error**

The Order denying certification was manifest error because there are common questions that predominate and the Plaintiffs' facts are typical of those of members of the

PLAINTIFFS' MOTION FOR RECONSIDERATION - 5
(Case No. C18-1132 TSZ)

Leonard Law, PLLC
9030 35th Ave. SW, Ste. 100
Seattle, Washington 98126
Phone: 206-486-1176

proposed Class. The Order focuses generally on ownership of the loans. But Plaintiffs' claims are not general, they are very specific. Plaintiffs contend that Defendants collected on student loans without the ability to authenticate the Schedules necessary to prove assignment. This claim results in at least two common questions, the answers to which will drive the resolution of Plaintiffs' and all Class members' claims. The first, a purely legal question, is: "As a matter of law, is it unfair for the Defendants to collect on the Plaintiffs' and Class members' student loans if they cannot authenticate the Excel spreadsheets as the Schedules?" The second, a mixed question of law and fact, is: "Can the Defendants prove the Excel spreadsheets are the Schedules?" The answers to these questions resolve the WCPA claims of all putative Class members.

      The Court's decision denying certification rests on the incorrect hypothesis that "[i]ndividual inquiry is required to determine whether TSI or the NCSLTs can present sufficient documentation to support *ownership* of each class member's loan." Order at 18 (emphasis added). As the Court notes, "[a] plaintiff [bringing a WCPA claim alleging an unfair or deceptive act or practice] … 'can establish injury based on unlawful debt collection practices even where there is no dispute as to the validity of the underlying debt.'" Order at 28. Plaintiffs allege that it is unfair for the Defendants to collect on the debts Defendants allege the Trusts own because they cannot prove assignment. This question turns on whether Defendants can authenticate six Excel spreadsheets. Thus, the inquiry is only into six documents, not every individual loan. The Court's observation that "a finding that any of the six Excel spreadsheets were modified after the effective dates listed in the corresponding Pool Supplements does not mean that the NCSLTs do not own the putative class members' loans" (Order at 18), may be correct, but it is also irrelevant to whether certification should

PLAINTIFFS' MOTION FOR RECONSIDERATION - 6
(Case No. C18-1132 TSZ)

Leonard Law, PLLC
9030 35th Ave. SW, Ste. 100
Seattle, Washington 98126
Phone: 206-486-1176

be granted. The issue is whether unfair or deceptive collection conduct occurred, which turns on whether it is unfair or deceptive for the Defendants to collect on loans when they cannot authenticate the records they must possess to prove the complete chain of title.

Regarding the false affidavits, this also does not require an inquiry into each individual loan. The Generic Affidavits contain statements of alleged personal knowledge of documents that the affiants could only have if they received training necessary to give them that personal knowledge. Defendants claim the Affiants all received uniform training and the Generic Affidavits were created from templates. Whether the representations of personal knowledge alleged in the Generic Affidavits are true or misleading requires an inquiry into Defendants' training and the information TSI communicated to Affiants. It does not require an individual inquiry into each loan. James Cummins testified that the Affiants did not review the loan schedules prior to signing the Generic Affidavits and did not have the personal knowledge they stated they had in them. He did not testify that the lack of personal knowledge applied only to "some" loans. Dkt. #240. There is thus a common question, the answer to which resolves Plaintiffs' and the Class members' WCPA claims relative to the Affidavits: "Did TSI's training and processes provide Affiants the personal knowledge alleged in the Affidavits?" Answering this question does not require determining whether the Trusts own the loans; Defendants can violate the WCPA and the FDCPA even if they own the loans, if they use unfair or deceptive affidavits that falsely claim personal knowledge to collect on them. *See Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 56-57, 204 P.3d 885, 899 (2009); *Frias v. Asset Foreclosure Servs., Inc.*, 181 Wn.2d 412, 431, 334 P.3d 529 (2014). Owning the loans—if the Trusts do—does not give the Defendants the right to make misrepresentations to courts and consumers to collect on them. If it did, there could never be

PLAINTIFFS' MOTION FOR
RECONSIDERATION - 7
(Case No. C18-1132 TSZ)

Leonard Law, PLLC
9030 35th Ave. SW, Ste. 100
Seattle, Washington 98126
Phone: 206-486-1176

a violation of the WCPA or FDCPA in a collection action where the collecting party owns a loan. The issue in this case is not who owns the loans; it is whether the collection practices the Defendants employed to collect the loans was unfair and/or deceptive.

Regarding predominance, the common questions above predominate over any individual issues regarding the ownership of each loan. The claims Plaintiffs seek to certify will succeed or fail depending on whether Defendants can authenticate the Schedules necessary to prove assignment and TSI practices regarding affidavits.

Regarding whether the relief Plaintiffs seek primarily monetary relief, this too is irrelevant to class certification. The Plaintiffs seek an injunction, and the monetary relief is dependent on a finding that Defendants engaged in the unfair or deceptive conduct Plaintiffs seek to enjoin under the WCPA.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs request the Court to reconsider the Order to permit Plaintiffs' request for an injunction barring the Trusts from collecting on the loans they claim to own but for which they cannot prove they obtained written assignments, and to certify the proposed Class.

DATED: February 9, 2023

*We certify that this motion contains 2077 words, in compliance with the Local Civil Rules.*

***Attorneys for Plaintiffs*:**

| LEONARD LAW | BERRY & BECKETT, PLLP |
|---|---|
| __/s/ Sam Leonard_____ | __/s/ Guy Beckett_____ |
| Sam Leonard, WSBA #46498 | Guy W. Beckett, WSBA #14939 |
| 9030 35th Avenue SW, STE 100 | 1708 Bellevue Avenue |
| Seattle, Washington  98126 | Seattle, WA  98122 |
| Telephone:  (206) 486-1176 | Telephone:  (206) 441-5444 |

PLAINTIFFS' MOTION FOR RECONSIDERATION - 8
(Case No. C18-1132 TSZ)

Leonard Law, PLLC
9030 35th Ave. SW, Ste. 100
Seattle, Washington 98126
Phone: 206-486-1176

1  Facsimile:  (206) 458-6028  Facsimile:  (206) 838-6346
   E-mail:  sam@seattledebtdefense.com  E-mail:  gbeckett@beckettlaw.com

2

3  HENRY & DeGRAAFF, P.S.  NORTHWEST CONSUMER LAW CENTER

4   */s/ Christina Henry*   */s/ Amanda Martin*
   Christina L. Henry, WSBA #31273  Amanda N. Martin, WSBA #49581

5  113 Cherry St, PMB 58364  936 North 34th Street, Suite 300
   Seattle, WA  98104-2205  Seattle, WA 98103

6  Telephone:  (206) 330-0595  Telephone:  (206) 805-0989
   Facsimile:  (206) 400-7609  Facsimile:  (206) 805-1716

7  E-mail:  chenry@HDM-legal.com  E-mail:  Amanda@NWCLC.org

PLAINTIFFS' MOTION FOR
RECONSIDERATION - 9
(Case No. C18-1132 TSZ)

Leonard Law, PLLC
9030 35th Ave. SW, Ste. 100
Seattle, Washington 98126
Phone: 206-486-1176